JOSEPH W. COTCHETT (Cal. SBN 36324)
jcotchett@cpmlegal.com
MARK C. MOLUMPHY (Cal. SBN 168009)
mmolumphy@cpmlegal.com
NANCI E. NISHIMURA (Cal. SBN 152621)
nnishimura@cpmlegal.com
ARON K. LIANG (Cal. SBN 228936)
aliang@cpmlegal.com
MATTHEW K. EDLING (Cal. SBN: 250940)
medling@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel:   (650) 697-6000
Fax:   (650) 697-0577

Attorneys for Plaintiff Stanley Morrical,
derivatively on behalf of Hewlett-Packard
Company, in the action entitled,
*Morrical v. Margaret C. Whitman, et al.,* 12-CV-06434

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PHILIP RICCARDI,<br><br>                   Plaintiff,<br>v.<br><br>MICHAEL R. LYNCH, *et al.*,<br><br>                   Defendants,<br><br>       -and-<br><br>HEWLETT-PACKARD COMPANY,<br><br>             Nominal Defendant.<br><br>[*Caption continues on following page.*] | CASE NO. 12-CV-06003<br><br>**PLAINTIFFS STANLEY MORRICAL, AND JOSEPH TOLA'S MEMORANDUM (1) IN SUPPORT OF MOTION TO CONSOLIDATE AND APPOINT A LEAD PLAINTIFF AND COUNSEL LEADERSHIP STRUCTURE AND (2) IN OPPOSITION TO THE ROBBINS ARROYO/SAXENA WHITE MOTION**<br><br>Date:    March 1, 2013<br>Time:    10:00 a.m.<br>Ctrm:    6, 17th Floor<br>Judge:   Hon. Charles R. Breyer |

**MEMORANDUM (1) IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE AND APPOINT A LEAD PLAINTIFF AND COUNSEL LEADERSHIP STRUCTURE AND (2) IN OPPOSITION TO THE COMPETING MOTION**

| | |
|---|---|
| ENERSTO ESPINOZA,<br><br>    Plaintiff,<br>    v.<br><br>MICHAEL R. LYNCH, *et al.*,<br><br>    Defendants,<br><br>    -and-<br><br>HEWLETT-PACKARD COMPANY,<br><br>    Nominal Defendant. | **CASE NO. 12-CV-06025**<br><br>Judge:             Hon. Charles R. Breyer<br>Complaint Filed:  November 27, 2012 |
| ANDREA BASCHERI, *et al.*,<br><br>    Plaintiffs,<br>    v.<br><br>LEO APOTHEKER, *et al.*,<br><br>    Defendants,<br><br>    -and-<br><br>HEWLETT-PACKARD COMPANY,<br><br>    Nominal Defendant. | **CASE NO. 12-CV-06091**<br><br>Judge:             Hon. Charles R. Breyer<br>Complaint Filed:  November 30, 2012 |
| MARTIN BERTISCH,<br><br>    Plaintiff,<br>    v.<br><br>LEO APOTHEKER, *et al.*,<br><br>    Defendants,<br><br>    -and-<br><br>HEWLETT-PACKARD COMPANY,<br><br>    Nominal Defendant. | **CASE NO. 12-CV-06123**<br><br>Judge:             Hon. Charles R. Breyer<br>Complaint Filed:  December 3, 2012 |

**MEMORANDUM (1) IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE AND APPOINT A LEAD PLAINTIFF AND COUNSEL LEADERSHIP STRUCTURE AND (2) IN OPPOSITION TO THE COMPETING MOTION**

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

| | |
|---|---|
| THE CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM,<br><br>          Plaintiff,<br>     v.<br><br>LEO APOTHEKER, *et al.*,<br><br>          Defendants,<br><br>     -and-<br><br>HEWLETT-PACKARD COMPANY,<br><br>          Nominal Defendant. | CASE NO. 12-CV-06416<br><br>Judge:             Hon. Charles R. Breyer<br>Complaint Filed:  December 18, 2012 |
| JOSEPH TOLA,<br><br>          Plaintiff,<br>     v.<br><br>MICHAEL R. LYNCH, *et al.*,<br><br>          Defendants,<br><br>     -and-<br><br>HEWLETT-PACKARD COMPANY,<br><br>          Nominal Defendant. | CASE NO. 12-CV-06423<br><br>Judge:             Hon. Charles R. Breyer<br>Complaint Filed:  December 18, 2012 |
| STANLEY MORRICAL,<br><br>          Plaintiff,<br>     v.<br><br>MARGARET C. WHITMAN, *et al.*,<br><br>          Defendants,<br><br>     -and-<br><br>HEWLETT-PACKARD COMPANY,<br>          Nominal Defendant. | CASE NO. 12-CV-06434<br><br>Judge:             Hon. Charles R. Breyer<br>Complaint Filed:  December 19, 2012 |

**MEMORANDUM (1) IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE AND APPOINT A LEAD PLAINTIFF AND COUNSEL LEADERSHIP STRUCTURE AND (2) IN OPPOSITION TO THE COMPETING MOTION**

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

# TABLE OF CONTENTS

Page

I.     **INTRODUCTION**......................................................................................................... 1

II.    **ARGUMENT**............................................................................................................... 2

    A.    All Parties Agree That Consolidation Is Appropriate............................................ 2

    B.    Morrical Should Be Appointed To Serve As Lead Plaintiff.................................. 3

    C.    CPM Should Be Appointed to Serve as Lead Counsel and Executive Chair......... 4

        1.    A Comparison of the Complaints filed by CPM with the Complaints filed by Robbins Arroyo Demonstrates CPM's Superior Ability to Represent HP Shareholders. ....................................................................................................... 4

        2.    CPM Is Uniquely Qualified To Serve As Lead Counsel ................................. 7

III.   **CONCLUSION** ......................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Biondi v. Scrushy*
   820 A.2d 1148 (Del. Ch. 2003) .................................................................................................. 6

*Cohen v. Beneficial Indus. Loan Corp.*
   337 U.S. 541 (1949) .................................................................................................................. 3

*Egelhof v. Szulik*
   2008 N.C. App. LEXIS 2026 (N.C. Ct. App. Nov. 18, 2008) .................................................. 6

*Egelhof v. Szulik*
   2008 NCBC 2 (N.C. Super. Ct. 2008) ...................................................................................... 6

*In re Red Hat, Inc. Sec. Litig.*
   No. 5:04-CV-473-BR, 2011 WL 4434053 (E.D.N.C. Sept. 22, 2011) ..................................... 8

*In re: Bank of Am. Corp. Sec., Derivative & Emp. Ret. Income Sec. Act (ERISA) Litig.*
   No. 09 MD 2058 (PKC), Doc. No. 791 (S.D.N.Y. Jan. 4, 2013) ............................................. 8

*Millman ex. rel. Friedman's Ins. v. Brinkley*
   No. 1:03-CV-3831-WSD, 2004 WL 2284505 (N.D. Ga. Oct. 1, 2004) ................................... 7

**Rules**

Fed. R. Civ. P. 42(a) ........................................................................................................................ 2

I.   **INTRODUCTION**

Seven shareholder derivative actions have been filed on behalf of nominal defendant Hewlett Packard Company ("HP") related to alleged failures to uncover and disclose material facts about Autonomy Corporation plc ("Autonomy"). All actions have been deemed related and are pending before this Court.

Now before the Court are two motions seeking, (1) consolidation of all related derivative actions filed in this Court and (2) appointment of a lead plaintiff and imposition of a leadership structure. First, all parties – plaintiffs and defendants – appear to agree that consolidation is appropriate and expect to submit a stipulation before the hearing date on this motion. In addition, the two motions seek appointment of the following lead plaintiffs and lead counsel structure:

1. Plaintiffs Stanley Morrical, Andrea Bascheri, Jim Chung, and Joseph Tola, seek to appoint Stanley Morrical as lead plaintiff and Cotchett Pitre and McCarthy, LLP as Lead Counsel and Executive Chair (the "Morrical Motion").

2. Plaintiffs Philip Ricciardi, Ernesto Espinoza, and the City of Birmingham Retirement and Relief System seek to appoint the City of Birmingham Retirement and Relief System as lead plaintiff and Robbins Arroyo LLP and Saxena White PA as lead counsel (the "Birmingham Motion").

Based on the arguments presented, Plaintiff Morrical and his counsel should be selected to lead the prosecution of these derivative cases. Morrical, an Accredited Investment Fiduciary, participant in the Silicon Valley Chapter of the National Association of Corporate Governance, financial advisor, Silicon Valley resident, and HP shareholder is the best equipped and most committed to representing HP's interests. Similarly, Cotchett, Pitre & McCarthy, LLP ("CPM") is a California law firm based in this District, with extensive experience litigating California state law and federal law claims throughout the State of California. Moreover, HP is one of the founding companies of Silicon Valley with its headquarters in Palo Alto, California. Morrical and CPM are based in the Silicon Valley, have deep roots in the community and a strong vested interest in the success of Silicon Valley companies. CPM has served as or is serving as lead

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

MEMORANDUM (1) IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE AND APPOINT A LEAD PLAINTIFF AND COUNSEL LEADERSHIP STRUCTURE AND (2) IN OPPOSITION TO THE COMPETING MOTION                              1

counsel in successful derivative lawsuits against other Silicon Valley mainstays such as Apple, Inc. (based in Cupertino) and Oracle Corporation (based in Redwood City). CPM has also taken a very careful, thoughtful and deliberative approach in this action, consistent with the nature and goals of a derivative action. Accordingly, CPM is uniquely qualified to represent the derivative plaintiffs and serve as Lead Counsel and Executive Chair, which is reflected in the support it has received from three of the law firms that filed complaints in this action.

## II. ARGUMENT

### A. All Parties Agree That Consolidation Is Appropriate

There are presently seven related derivative actions filed on behalf of HP related to the Autonomy acquisition.

| Abbreviated Case Name | Case No. | Attorneys |
|---|---|---|
| *Philip Riccardi v. Michael R. Lynch et al.* | 12-cv-06003-CRB | Robbins Arroyo |
| *Ernesto Espinoza v. Michael R. Lynch et al.* | 12-cv-06025-CRB | Robbins Arroyo |
| *Andrea Bascheri et al. v. Leo Apotheker et al.* | 12-cv-06091-CRB | Bottini & Bottini |
| *Martin Bertisch v. Leo Apotheker et al.* | 12-cv-06123-CRB | Johnson & Weaver |
| *The City of Birmingham Retirement and Relief System v. Leo Apotheker et al.* | 12-cv-06416-CRB | Robbins Arroyo, Saxena White |
| *Joseph Tola v. Michael R. Lynch et al.* | 12-cv-06423-CRB | Cafferty, Clobes |
| *Stanley Morrical v. Margaret C. Whitman et al.* | 12-cv-06434-CRB | CPM |

As all seven of these actions arise out of the same or substantially similar issues of law and facts, there is no dispute that they should be consolidated for all purposes. Fed. R. Civ. P. 42(a). To that end, CPM prepared and distributed a proposed stipulation and order consolidating the shareholder derivative actions. While Morrical does not yet have all of the required signatures, he anticipates filing the stipulation prior to the hearing. In the event it cannot be filed by then, Morrical respectfully requests that all of the identified derivative actions be consolidated for all purposes.

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

MEMORANDUM (1) IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE AND APPOINT A LEAD PLAINTIFF AND COUNSEL LEADERSHIP STRUCTURE AND (2) IN OPPOSITION TO THE COMPETING MOTION

2

### B. Morrical Should Be Appointed To Serve As Lead Plaintiff

As noted in Morrical's moving papers, the Court has the power to appoint a party to serve as lead plaintiff in the consolidated derivative actions. A lead plaintiff must not only fairly and adequately represent the interests of the shareholders in enforcing the right of the corporation but also occupy a position "of a fiduciary character," in which "the interests of all in the redress of the wrongs are taken into his hands, dependent upon his diligence, wisdom, and integrity." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 549 (1949). Stanley Morrical is uniquely qualified and best suited to lead this case.

Morrical – like the other movants – is an HP shareholder and fully capable of serving as lead plaintiff.[1] However, Morrical – unlike the other movants – has demonstrated a unique commitment to serving HP's interests (and preserving its resources) and has a well-developed understanding of the fiduciary, corporate governance, and financial issues relevant to prosecuting this case. Morrical also fully understands the role of a fiduciary since, as a financial advisor for over 20 years, he is a fiduciary for his own clients. (Case No. 12-cv-06434-CRB, Dkt. No.17-2 "Morrical Decl.", ¶ 1). Morrical has also spent 20 years advising 401(k) plan sponsors about their fiduciary duties. *Id.* Morrical has personally served as a Board member himself and is devoted to ensuring that California corporations, especially bellweather companies like HP, are managed in the best interests of the shareholders. (Morrical Decl., 1). Unlike an out-of-state pension fund, Morrical is personally invested in ensuring that California companies such as HP adhere to the highest corporate governance standards.

---

[1] The other proposed lead plaintiff is the City of Birmingham Retirement and Relief System ("Birmingham"), which is described as an institutional investor. To the extent this reference is meant to imply that Birmingham – which is neither a resident of this District nor this State– is presumptively more adequate than Morrical based on the size of its holdings, Birmingham is mistaken. Unlike a securities class action, where the PSLRA provides that the shareholder with the largest losses (versus holdings) is presumed to be the most adequate plaintiff, there is no similar presumption in derivative cases. Rather, because the shareholder is representing the Company (not a Class), it is the Company's damages that are at issue and relevant. Morrical stands alone as the plaintiff with most fiduciary experience.

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

MEMORANDUM (1) IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE AND APPOINT A LEAD PLAINTIFF AND COUNSEL LEADERSHIP STRUCTURE AND (2) IN OPPOSITION TO THE COMPETING MOTION             3

### C. CPM Should Be Appointed to Serve as Lead Counsel and Executive Chair

#### 1. A Comparison of the Complaints filed by CPM with the Complaints filed by Robbins Arroyo Demonstrates CPM's Superior Ability to Represent HP Shareholders.

After HP's November 20, 2012 announcement that it was writing down $8.8 billion of the $11.1 billion that it paid for Autonomy, CPM did not race to the courthouse. Instead, it conducted an extensive investigation of the Autonomy acquisition that included a demand to inspect HP's books and records (which was rejected by HP's outside counsel), *see* Morrical Complaint, Case No. 12-cv-6434 (filed Dec. 19, 2012), Doc. No. 1, ¶ 10, and an analysis of industry reports of HP's internal corporate structure and corporate history as well as publicly available data concerning the events at issue. *See* Morrical Complaint, *generally*. Robbins Arroyo, by contrast, appears to have filed a complaint based on limited public data available in the six days following the November 20, 2012 announcement, *see* Ricciardi Complaint, Case No. 12-cv-6003 (filed Nov. 26, 2012), Doc. No. 1, and then filed two virtually identical complaints on behalf of two other shareholders. *See* Espinoza Complaint, Case No. 12-cv-6025, Doc. No. 1 (filed Nov. 27, 2012); City of Birmingham Complaint, Case No. 12-6416, Doc. No. 1 (filed Dec. 18, 2012).

Unlike Robbins Arroyo and Saxena White, CPM has honed in on the real issue – the absence of technology diligence that would have revealed the grossly inflated $11.7 billion acquisition price. The HP Individual Defendants touted the acquisition as giving HP the ability to launch "IDOL 10, HP's Next Generation Information Platform." Morrical Complaint ¶¶ 2-3.[2] Autonomy's purportedly "revolutionary" technology was without competition and was heralded as justifying the exorbitant acquisition price. *Id*. ¶ 3. In fact, Autonomy had failed to meaningfully update this "revolutionary" technology in the five years leading up to the acquisition. *Id*. ¶ 9. Due diligence would have revealed this fact, but neither the HP Individual

---

[2] IDOL 10 purports to be an amalgamation of Autonomy and Vertica (another HP acquisition) products (*id*. ¶2) and a unique data processing platform that combines Autonomy's unstructured data search product with Vertica's structured data search technology. *Id*. ¶ 4.

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

MEMORANDUM (1) IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE AND APPOINT A LEAD PLAINTIFF AND COUNSEL LEADERSHIP STRUCTURE AND (2) IN OPPOSITION TO THE COMPETING MOTION    4

Defendants nor their financial advisors conducted any such "technology" diligence. *Id.* ¶¶ 65, 112. And to this day, HP does not have this "revolutionary" technology. *Id.* ¶¶ 3, 6, 195-96. This fraud is not an "accounting fraud," but rather is a "fundamental and foundational fraud." *Id.* ¶ 3. But to shift focus from this fundamental fraud, and divert blame for their own lack of diligence, the HP Individual Defendants have attempted to blame the $8.8 billion write-down on accounting improprieties at the hands of Autonomy's prior management. *Id.* ¶¶ 7, 10, 14, 15, 18. CPM hones in on this fundamental issue:

> If the write-down can be blamed on accounting issues, HP can still claim that it possesses technology that will turn around the fortunes of HP, even if such a claim would be false. The fact that HP does not have a groundbreaking integrated next generation information platform that will change the industry puts the blame on HP for failing to conduct due diligence and demonstrates a fundamental flaw with HP's management and directors. Given these options, HP chose the lesser of two evils and blamed the write-down on accounting improprieties at Autonomy … .

*Id.* ¶18.

In sharp contrast, the Robbins Arroyo complaints, do not meaningfully address the absence of either next-generation technology or technology diligence. Instead, Robbins Arroyo focuses exclusively on accounting and financial issues, in line with the HP Individual Defendants' misstatements. Put simply, on <u>November 20, 2012</u>, HP announced that it was taking an $8.8 billion writedown from the Autonomy acquisition because of purported accounting improprieties at Autonomy. Six days later, on <u>November 26, 2012</u>, the Robbins Firm filed a derivative lawsuit, without requesting books and records from HP, without conducting an adequate investigation, and without waiting to hear the story from others. This is the type of approach to derivative litigation that courts have been moving away from.

The Birmingham motion states that the "First-Filed Factor" weighs in favor of appointing Robbins Arroyo and Saxena White as Co-Lead Counsel. They should know that there is no such first-filed factor in derivative cases. In 2008, Robbins Arroyo f/k/a Robbins Umeda & Fink, LLP brought a shareholder derivative action on behalf of nominal defendant Red Hat Inc. styled *Egelhof v. Szulik, et al.*, Case No. 04-CVS-11746 in Wake County North Carolina. The trial

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

MEMORANDUM (1) IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE AND APPOINT A LEAD PLAINTIFF AND COUNSEL LEADERSHIP STRUCTURE AND (2) IN OPPOSITION TO THE COMPETING MOTION

5

court in that case found that the Robbins Firm needlessly rushed to file a complaint, filed defective pleadings, failed to obtain books and records prior to filing a complaint in contrast to the relevant state law requirement, and then filed a complaint grounded only on media reports and analyst opinions instead of investigation and fact. *Egelhof v. Szulik*, 2008 NCBC 2 (N.C. Super. Ct. 2008), *aff'd in part, rev'd in part*, *Egelhof v. Szulik*, 2008 N.C. App. LEXIS 2026 (N.C. Ct. App. Nov. 18, 2008). The trial court also found that the Robbins Firm acted improperly in their management of a derivative lawsuit (like this one) for, among other things, failing to communicate with their client and soliciting an unqualified plaintiff to fulfill the duties of a plaintiff in a shareholder derivative action. As a result, the court sanctioned the Robbins Firm. *Id.* While the appellate court held that sanctions could only be based on the face of the pleading itself and reversed some of the sanctions, the appellate court accepted the factual findings of the trial court.

The Delaware Chancery Court, where many derivative cases are filed, has also, in recent years, criticized law firms that have rushed to judgment, filing derivative lawsuits without adequate investigation in order to claim that they were the "first filed." *Biondi v. Scrushy*, 820 A.2d 1148, 1159 (Del. Ch. 2003). The "first filed factor" does not measure the skill of counsel or the devotion of the proposed lead plaintiff, but merely the speed with which one can cut and paste news articles from the Internet and a willingness to sue first and ask questions later. The lone case the Birmingham movants rely upon -- *Biondi v. Scrushy* -- illustrates this very concern stating " [t]he mere fact that a lawyer filed first for a representative client is scant evidence of his adequacy and may, in fact, support the contrary inference." 820 A.2d 1148, 1159 (Del. Ch. 2003).

CPM, because of its knowledge and experience litigating derivative cases in Silicon Valley and in Santa Clara County (HP is located within the jurisdiction of Santa Clara Superior Court) and beyond, and its connections in the local community, went far beyond simple Internet searches in determining the real truth behind the Autonomy acquisition and the history of HP's corporate malfeasance. CPM's investigation uncovered the identities of key players inside HP responsible for the Autonomy acquisition and the subsequent marketing of that acquisition. That

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

MEMORANDUM (1) IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE AND APPOINT A LEAD PLAINTIFF AND COUNSEL LEADERSHIP STRUCTURE AND (2) IN OPPOSITION TO THE COMPETING MOTION

6

investigation demonstrates why CPM's experience and local presence make it the best choice to serve as Lead Counsel in the consolidated HP derivative actions.

In conclusion, the Morrical Complaint, filed by CPM, demonstrates a far more detailed factual investigation, a superior understanding of the real reasons behind the $8.8 billion write-down and ongoing fraud by the HP Individual Defendants, and thus a superior ability to vigorously prosecute claims on behalf of HP's shareholders who have suffered tremendously as a result of this misconduct.

### 2.     CPM Is Uniquely Qualified To Serve As Lead Counsel

CPM is uniquely qualified to serve as lead counsel here.  First, CPM is not only very experienced in securities and shareholder derivative litigation, but has particular expertise litigating shareholder derivative suits brought under California state law.  CPM's experience in this District, as well as in California Superior Courts located within this District, are detailed in the moving papers.  Because HP is headquartered in California, the subject claims will be brought under California law, including claims based on California common law and violations of the California Corporations Code.  This is especially important as some of the plaintiffs in these related actions have alleged violations of California's state securities laws.  As a California firm that has practiced for over forty-five years in California state and federal courts, CPM's attorneys are trained, certified to practice, and experienced in the application of the relevant California statutes and cases that will govern many substantive issues in this case.

In selecting lead counsel, the "guiding principle" is who will "best serve the interest of the plaintiffs." *Millman ex. rel. Friedman's Ins. v. Brinkley*, No. 1:03-CV-3831-WSD, 2004 WL 2284505, at *3 (N.D. Ga. Oct. 1, 2004) (internal citations and quotation marks omitted).  "The criteria for selecting counsel when appointing a leadership structure include factors such as 'experience and prior success record, the number, size, and extent of involvement of represented litigants, the advanced stage of proceedings in a particular suit, and the nature of the causes of action alleged.'" *Id.* (citation omitted).

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

MEMORANDUM (1) IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE AND APPOINT A LEAD PLAINTIFF AND COUNSEL LEADERSHIP STRUCTURE AND (2) IN OPPOSITION TO THE COMPETING MOTION

7

Just recently, in denying for the most part Saxena White's request to share in attorney's fees allowed by the court in conjunction with the final approval of a settlement in a securities fraud class action, Magistrate Judge Daniel "strongly disagree[d]" with Saxena White's assertion that its work on behalf of the class was compensable:

> In summary, Saxena White's services, for the most part, bore no fruit for the class. This was a contingency fee case where, as Movants recognized in their motion, the attorneys had a substantial risk of loss. While Saxena White was at the helm, the potential for this case to proceed as a class action, for all intents and purposes, was lost. After class certification was initially denied, the Court proceeded to evaluate whether any plaintiff intended to individually pursue the case, but was ultimately persuaded by Robbins Geller to appoint a new lead plaintiff to pursue class certification a second time. As noted above, much of the work performed by Saxena White, *e.g.*, discovery and class certification, had to be repeated by Robbins Geller, who ultimately achieved class certification and settled the case. It would be patently unfair for Movants to share in a fee award for work related to issues that had to be relitigated by Robbins Geller.

*In re Red Hat, Inc. Sec. Litig.*, No. 5:04-CV-473-BR, 2011 WL 4434053, at **10-12 (E.D.N.C. Sept. 22, 2011) (internal citations omitted). Indeed, the Magistrate Judge echoed Judge Britt's earlier conclusion in the case that due to Saxena White's failure to proffer proposed representatives who were "sufficiently involved in, or informed about, the proceedings so as to protect the interests of absent class members," "the case appears to have become exactly what Congress sought to prevent by enacting the PSLRA—lawyer-driven." *Id.* at *10 (citation omitted); *see also id.* at *11 ("Saxena White's work related to the class certification motion provided no apparent benefit to the class and served only to delay the case by advocating the appointment of wholly inadequate class representatives.").

Most recently, Judge Castel voiced clear reservations about a $20 million settlement negotiated by, among others, Saxena White, concluding that the $13 million in attorneys' fees requested by co-lead counsel would consume "some, most or all" of the money recovered. *In re: Bank of Am. Corp. Sec., Derivative & Emp. Ret. Income Sec. Act (ERISA) Litig.*, No. 09 MD 2058 (PKC), Doc. No. 791 (S.D.N.Y. Jan. 4, 2013) (Order).

Second, since CPM is physically located on the Bay Area Peninsula and in the Silicon Valley, literally living side by side with HP and the individuals involved in this action, it is well-

LAW OFFICES COTCHETT, PITRE & MCCARTHY, LLP

MEMORANDUM (1) IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE AND APPOINT A LEAD PLAINTIFF AND COUNSEL LEADERSHIP STRUCTURE AND (2) IN OPPOSITION TO THE COMPETING MOTION

8

versed in the relevant facts in this case and took a thorough and thoughtful approach to pleading Morrical's complaint. As noted above, the Morrical action was not filed until well after a lengthy investigation, and as a result, allowed the filing of a highly detailed complaint that did not need to be amended. CPM, as an experienced firm in derivative actions, is well aware that the ultimate beneficiary of the action is HP, and that a Company takes on certain obligations once an action is filed. That is why it filed one action, on behalf of one client, requiring only one response from HP.

Third, CPM has vigorously prosecuted this action to date. In addition to filing a more focused and detailed Complaint, CPM's client (a California resident) exercised his shareholder rights prior to filing the complaint, including sending a demand letter to HP to inspect and copy HP's books and records related to Autonomy pursuant to California Corporations Code § 1601. Thereafter, CPM, on its client's behalf, filed a verified petition for writ of mandate for inspection of corporate books and records in Santa Clara County. CPM has undertaken substantial effort to investigate the role and involvement of each of the HP officers and directors in the alleged wrongdoing that forms the basis of this lawsuit, including the technology that HP claimed was the reason for its acquisition of Autonomy. It is evident that CPM's allegations, claims and theories of the case are well developed, demonstrating its strong commitment to prosecute this action in a thoughtful and responsible manner.

Finally, if selected to serve as Lead Counsel and Executive Chair, CPM is committed to working together with the other plaintiffs and plaintiffs' firms to successfully prosecute this action. The Morrical motion has already garnered the support of other plaintiffs who filed derivative actions, including:

- Andrea Bascheri and Jim Chung in *Andrea Bascheri et al. v. Leo Apotheker et al.*, Case No. 12-cv-06091-CRB, represented by Bottini & Bottini, Inc.
- Plaintiff Joseph Tola in *Joseph Tola v. Michael R. Lynch et al.*, Case No. 12-cv-06423-CRB, represented by Finklestein Thompson LLP and Cafferty Clobes Meriwether & Sprengel LLP.

LAW OFFICES COTCHETT, PITRE & MCCARTHY, LLP

MEMORANDUM (1) IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE AND APPOINT A LEAD PLAINTIFF AND COUNSEL LEADERSHIP STRUCTURE AND (2) IN OPPOSITION TO THE COMPETING MOTION    9

Of course, as noted in its moving papers, CPM is fully prepared and committed to coordinating with the other firms as Lead Counsel and Chair of an Executive Committee with the support of Bottini & Bottini and Cafferty Clobes as Committee members. CPM continues to propose an <u>inclusive</u> structure, with representatives of <u>each</u> firm eligible to participate in the case. The goal of CPM, Bottini & Bottini and Cafferty Clobes is not self-aggrandizement but to achieve the best possible results for HP shareholders and to obtain meaningful corporate governance reform at HP, an extremely important asset to this community and to this District.

## III. CONCLUSION

For the reasons set forth above and their moving papers, Plaintiffs Morrical and Tola respectfully request that the Court (1) consolidate the related HP derivative actions; (2) appoint Morrical to serve as Lead Plaintiff; and (3) appoint CPM to serve as Lead Counsel and Chair of an Executive Committee comprised of Bottini & Bottini and Cafferty Clobes, and all other firms in these related cases.

DATED: February 8, 2013

**COTCHETT, PITRE & McCARTHY, LLP**

By:   /s/
      MATTHEW K. EDLING
JOSEPH W. COTCHETT (Cal. SBN 36324)
MARK C. MOLUMPHY (Cal. SBN 168009)
NANCI E. NISHIMURA (Cal. SBN 152621)
ARON K. LIANG (Cal. SBN 228936)
MATTHEW K. EDLING (Cal. SBN: 250940)

San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel:   (650) 697-6000
Fax:   (650) 697-0577
jcotchett@cpmlegal.com
mmolumphy@cpmlegal.com
nnishimura@cpmlegal.com
aliang@cpmlegal.com
medling@cpmlegal.com

*Attorneys for Plaintiff Stanley Morrical*

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

MEMORANDUM (1) IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE AND APPOINT A LEAD PLAINTIFF AND COUNSEL LEADERSHIP STRUCTURE AND (2) IN OPPOSITION TO THE COMPETING MOTION    10

DATED: February 8, 2013

FINKELSTEIN THOMPSON LLP

By: /s/
    ROSEMARY M. RIVAS
505 Montgomery Street, Suite 300
San Francisco, CA 94111
Tel:    (415) 398-8700
Fax:    (415) 398-8704
rrivas@finkelsteinthompson.com

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
Bryan L. Clobes
1101 Market Street, Suite 2650
Philadelphia, PA 19107
Tel:    (215) 864-2800
Fax:    (215) 864-2810
bclobes@caffertyclobes.com

Anthony F. Fata
30 N. LaSalle Street, Suite 3200
Chicago, Illinois 60606
Tel: 312.782.4880
Fax: 312.782.4485
afata@caffertyclobes.com

*Attorneys for Plaintiff Joseph Tola*

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

**MEMORANDUM (1) IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE AND APPOINT A LEAD PLAINTIFF AND COUNSEL LEADERSHIP STRUCTURE AND (2) IN OPPOSITION TO THE COMPETING MOTION**    11