1  JOSEPH W. COTCHETT (Cal. SBN 36324)
   jcotchett@cpmlegal.com
2  MARK C. MOLUMPHY (Cal. SBN 168009)
   mmolumphy@cpmlegal.com
3  NANCI E. NISHIMURA (Cal. SBN 152621)
   nnishimura@cpmlegal.com
4  ARON K. LIANG (Cal. SBN 228936)
   aliang@cpmlegal.com
5
   MATTHEW K. EDLING (Cal. SBN: 250940)
6  medling@cpmlegal.com
7  **COTCHETT, PITRE & McCARTHY, LLP**
8  840 Malcolm Road, Suite 200
   Burlingame, CA 94010
9  Tel:    (650) 697-6000
10 Fax:    (650) 697-0577

11 Attorneys for Plaintiff Stanley Morrical,
   derivatively on behalf of Hewlett-Packard
12 Company, in the action entitled,
13 *Morrical v. Margaret C. Whitman, et al.,* 12-CV-06434

14              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
15

16 | PHILIP RICCARDI,                          | **CASE NO. 12-CV-06003-CRB**
17 |                          Plaintiff,       | **REPLY MEMORANDUM IN SUPPORT**
18 |         v.                                | **OF STANLEY MORRICAL'S MOTION**
   |                                           | **FOR APPOINTMENT AS LEAD**
19 | MICHAEL R. LYNCH, *et al.,*               | **PLAINTIFF AND APPROVAL OF A**
   |                                           | **LEADERSHIP STRUCTURE FOR**
20 |                          Defendants,      | **PLAINTIFFS' COUNSEL**
21 |         -and-
22 |                                           | Date:    March 1, 2013
   | HEWLETT-PACKARD COMPANY,                  | Time:    10:00 a.m.
23 |                                           | Ctrm:    6, 17th Floor
   |                          Nominal Defendant. | Judge:   Hon. Charles R. Breyer
24 |
25 |     [*Caption continues on following page.*]
26 |
27 |
28 |

**REPLY MEMORANDUM IN SUPPORT OF STANLEY MORRICAL'S MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF A LEADERSHIP
STRUCTURE FOR PLAINTIFFS' COUNSEL**

| | |
|---|---|
| 1    ENERSTO ESPINOZA, | **CASE NO. 12-CV-06025-CRB** |
| 2                Plaintiff, | |
| 3       v. | Judge:          Hon. Charles R. Breyer<br>Complaint Filed:   November 27, 2012 |
| 4    MICHAEL R. LYNCH, *et al.*, | |
| 5                Defendants, | |
| 6       -and- | |
| 7 | |
| 8    HEWLETT-PACKARD COMPANY, | |
| 9              Nominal Defendant. | |
| 10   ANDREA BASCHERI, *et al.*, | **CASE NO. 12-CV-06091-CRB** |
| 11               Plaintiffs, | |
| 12      v. | Judge:          Hon. Charles R. Breyer<br>Complaint Filed:   November 30, 2012 |
| 13   LEO APOTHEKER, *et al.*, | |
| 14               Defendants, | |
| 15      -and- | |
| 16 | |
| 17   HEWLETT-PACKARD COMPANY, | |
| 18              Nominal Defendant. | |
| 19   MARTIN BERTISCH, | **CASE NO. 12-CV-06123-CRB** |
| 20               Plaintiff, | |
| 21      v. | Judge:          Hon. Charles R. Breyer<br>Complaint Filed:   December 3, 2012 |
| 22   LEO APOTHEKER, *et al.*, | |
| 23               Defendants, | |
| 24      -and- | |
| 25 | |
| 26   HEWLETT-PACKARD COMPANY, | |
| 27              Nominal Defendant. | |
| 28 | |

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

**REPLY MEMORANDUM IN SUPPORT OF STANLEY MORRICAL'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF A LEADERSHIP STRUCTURE FOR PLAINTIFFS' COUNSEL**

| | |
|---|---|
| 1   THE CITY OF BIRMINGHAM | **CASE NO. 12-CV-06416-CRB** |
| 2   RETIREMENT AND RELIEF SYSTEM, | |
| | Judge:          Hon. Charles R. Breyer |
| 3                    Plaintiff, | Complaint Filed:   December 18, 2012 |
|          v. | |
| 4 | |
| 5   LEO APOTHEKER, *et al.*, | |
| 6                    Defendants, | |
| 7          -and- | |
| 8   HEWLETT-PACKARD COMPANY, | |
| 9                Nominal Defendant. | |
| 10 | |
| 11  JOSEPH TOLA, | **CASE NO. 12-CV-06423-CRB** |
| 12                   Plaintiff, | Judge:          Hon. Charles R. Breyer |
|          v. | Complaint Filed:   December 18, 2012 |
| 13 | |
| 14  MICHAEL R. LYNCH, *et al.*, | |
| 15                  Defendants, | |
| 16         -and- | |
| 17  HEWLETT-PACKARD COMPANY, | |
| 18               Nominal Defendant. | |
| 19 | |
| 20  STANLEY MORRICAL, | **CASE NO. 12-CV-06434-CRB** |
| 21                   Plaintiff, | Judge:          Hon. Charles R. Breyer |
|          v. | Complaint Filed:   December 19, 2012 |
| 22 | |
| 23  MARGARET C. WHITMAN, *et al.*, | |
| 24                  Defendants, | |
| 25         -and- | |
| 26  HEWLETT-PACKARD COMPANY, | |
| 27             Nominal Defendant. | |

28

✪
LAW OFFICES
Cotchett, Pitre
& McCarthy, LLP

**REPLY MEMORANDUM IN SUPPORT OF STANLEY MORRICAL'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF A LEADERSHIP STRUCTURE FOR PLAINTIFFS' COUNSEL**

**TABLE OF CONTENTS**

**Page**

I.    **SUMMARY OF ARGUMENT** ................................................................................. 1

II.   **ARGUMENT** ........................................................................................................... 2

      A.    Morrical Should Be Appointed Lead Plaintiff ............................................. 2

      B.    CPM Is Uniquely Qualified To Serve As Lead Counsel ............................. 4

            1.   CPM Has Methodically and Vigorously Prosecuted This Litigation .............. 5

            2.   Robbins Arroyo and Saxena White's Litigation Tactics Have Been
               Wasteful and Unproductive ............................................................................ 6

            3.   Courts Favor Coordination Efforts to Organize the Leadership Structure
               and Regularly Appoint Executive Committees. ............................................. 7

III.  **CONCLUSION** ....................................................................................................... 9

---

**NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED CASES AND**   i
**TO APPOINT LEAD PLAINTIFF AND LEAD COUNSEL**

⊛
LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Biondi v. Scrushy*
  820 A.2d 1148 (Del. Ch. 2003)............................................................................... 6

*Carden v. Arkoma Assocs.*
  494 U.S. 185 (1990) ............................................................................................... 3

*Cohen v. Beneficial Indus. Loan Corp.*
  337 U.S. 541 (1949)............................................................................................... 1

*Dollens v. Zionts*
  LEXIS 19966 (N.D. Ill. Dec. 4, 2001) .................................................................. 7

*Dutiel v. Tween Brands, Inc.*
  2009 WL 3208287 (Del. Ch. Oct. 2, 2009) ........................................................... 7

*Hirt v. U.S. Timberlands Serv. Co.*
  2002 WL 1558342 (Del. Ch. July 3, 2002)............................................................ 8

*In re Citigroup Inc. S'holder Derivative Litig.*
  Lead Case No. 12-cv-3114 JPO, Doc. No. 18 (S.D.N.Y. Aug. 2, 2012).................... 8

*In re Del Monte Foods Co. S'holders Litig.*
  2010 WL 5550677 (Del. Ch. Dec. 30, 2010)................................................... 3, 7

*In re Johnson & Johnson Derivative Litig.*
  10-cv-2033 FLW (DEA), Doc. No. 65 (D.N.J. Aug. 17, 2010) ................................ 9

*Johnson v. Columbia Props. Anchorage, LP*
  437 F.3d 894 (9th Cir. 2006) ................................................................................. 3

*Kubiak v. Barbas*
  WL 2443715 (S.D. Ohio June 14, 2011) ............................................................... 2

*Lew v. Moss*
  797 F.2d 747 (9th Cir. 1986) ................................................................................. 3

*Moradi v. Adelson*
  WL 5025155 (D. Nev. Oct. 20, 2011) .................................................................... 6

*Nguyen v. BrooksAmerica*
  2009 WL 3162435 (C.D. Cal. Sept. 29, 2009) ...................................................... 3

*Reisman v. KPMG Peat Marwick LLP*
  965 F. Supp. 165 (D. Mass. 1997) ......................................................................... 3

**NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED CASES AND   ii
TO APPOINT LEAD PLAINTIFF AND LEAD COUNSEL**

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

*Wiehl v. Eon Labs*
   2005 WL 696764 (Del. Ch. Mar. 22, 2005)........................................................................ 2, 3,7

**Statutes**

California Corporations Code § 1601 ..................................................................................... 5

**NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED CASES AND TO APPOINT LEAD PLAINTIFF AND LEAD COUNSEL**     iii

⊛
LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

## I.   SUMMARY OF ARGUMENT

Before the Court are two competing motions to consolidate shareholder derivative actions filed on behalf of Hewlett Packard Company ("HP") and to appoint lead plaintiff and lead counsel.  Since all the parties agree that consolidation is appropriate, the only disputed issues are which plaintiff and which counsel are the most qualified to prosecute this action going forward. The two motions reveal significant differences between the proposed groups and demonstrate that Stanley Morrical and his counsel, Cotchett, Pitre & McCarthy LLP, are the most capable of serving as lead plaintiff and lead counsel.

A lead plaintiff must not only fairly and adequately represent the interests of the shareholders in enforcing the right of the corporation but also occupy a position "of a fiduciary character," in which "the interests of all in the redress of the wrongs are taken into his hands, dependent upon his diligence, wisdom, and integrity."  *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 549 (1949).  Stanley Morrical: (1) has board of director experience; (2) has served as a fiduciary to his clients for over 20 years; (3) is an Accredited Investment Fiduciary; (4) is a participant at the Stanford University Rock Center for Corporate Governance; and (5) has a substantial economic interest in this litigation.  *See* Morrical Decl. ¶ 1 (Case No. 12-cv-06434-CRB, Doc. No. 17-2).  Morrical's background, experience, economic interest, and dedication to ensuring that HP adheres to the highest corporate governance standards set him apart from the other movant.

Similarly, CPM is the best law firm to serve as lead counsel in this action.  In addition to its forty-five years of experience litigating shareholder derivative and securities litigation in this District, CPM has the resources, commitment, experience and ability to serve as lead counsel. Most importantly, CPM recognizes that the efforts here by all counsel should be in the interests of the same ultimate client, HP and its shareholders.  Unlike the two-headed structure proposed by Robbins Arroyo and Saxena White ("Robbins/Saxena"), each of which has sought to exclude all other counsel, CPM has consistently advocated an inclusive approach to all counsel in this case.  Robbins/Saxena's approach stems from a fundamental misconception that they are in opposition to other shareholders of HP and the lawyers who represent them.  In a derivative case,

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

1  all of the plaintiff lawyers represent HP and share a common objective.  This case only requires

2  one lead counsel, but CPM recognizes that the appointment of an inclusive Executive Committee

3  seeking to represent the interests of HP achieves that common objective and is the appropriate

4  leadership structure to prosecute this action.

5  **II.   ARGUMENT**

6          **A.   Morrical Should Be Appointed Lead Plaintiff**

7         As demonstrated in the preceding papers and joinder, Morrical is the most capable

8  shareholder to lead this litigation.  He has also retained competent counsel, experienced in this

9  field and uniquely qualified to represent the interests of HP.

10         Both movants are HP shareholders and have an economic stake in this litigation.

11  Morrical, however, is the only movant who has actually demonstrated a strong commitment to

12  pursuing this case through the exercise of his shareholder rights.  In combination with his well-

13  developed understanding of the fiduciary, corporate governance, and financial issues relevant to

14  prosecuting this case, he is the most qualified movant to lead this action.  As a sizable investor

15  and California resident, he is the best-suited representative to pursue the derivative claims on

16  behalf of HP.

17         Moreover, if the Court were to compare the relative economic stakes in this litigation,

18  Morrical has just as much incentive – if not more – to vigorously litigate this action.  The City of

19  Birmingham Retirement and Relief System's ("Birmingham") economic interest is *de minimis,*

20  constituting less than one thousandth of one percent (0.001%) of its assets under management.

21  Morrical, in contrast, holds 1,700 shares with a market value of $20,000, and this represents far

22  more than one thousandth of one percent of his personal assets.  *See Kubiak v. Barbas*, No. 3:11-

23  cv-141, 2011 WL 2443715, at *2 (S.D. Ohio June 14, 2011) ("Courts do not mechanically look

24  to the plaintiff with the largest number of shares; instead, the test is the relative size of the

25  shares."); *Wiehl v. Eon Labs*, No. Civ. A. 1116-N, 2005 WL 696764, at *3 (Del. Ch. Mar. 22,

26  2005) ("If every difference in economic stakes were given great weight, the court could simply

27  add up the number of shares and select the law firm with the largest absolute representation.

28

**REPLY MEMORANDUM IN SUPPORT OF STANLEY MORRICAL'S MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF A LEADERSHIP
STRUCTURE FOR PLAINTIFFS' COUNSEL**

1  This is not Delaware law."); *see also In re Del Monte Foods Co. S'holders Litig.*, C.A. No.

2  6027–VCL, 2010 WL 5550677, at *5 (Del. Ch. Dec. 30, 2010) (noting that it is "wise to be

3  cautious about adopting a bright-line rule turning solely on the proposed plaintiff's equity

4  stake"). When analyzed relative to HP's approximately 1.95 billion outstanding shares, neither

5  Birmingham nor Morrical can claim more than a "miniscule" ownership – Morrical owns

6  0.000000615% of HP's shares and Birmingham owns 0.000036% of HP's shares. Accordingly,

7  Birmingham's stake in HP is "simply not large enough to demonstrate a substantial relative

8  difference that would require the court to give this factor great weight." *Wiehl*, 2005 WL

9  696764, at *3.

10     The Court should reject Birmingham's contention that it has superior standing because it

11  "possesses complete diversity of citizenship." *See* Robbins/Saxena Opp. Br., at p. 5 (Case No.

12  12-cv-06434-CRB, Doc. No. 29). At the outset, this Court has subject-matter jurisdiction

13  because Morrical and Birmingham allege claims under the federal securities laws. Moreover,

14  two of the defendants named in Birmingham's complaint are limited liability partnerships. *See*

15  *Birmingham* Compl. ¶ 35 (Deloitte LLP), ¶ 36 (Perella Weinberg) (Case No. 12-cv-06416-CRB,

16  Doc. No. 8-1). For purposes of diversity jurisdiction, a limited liability partnership is a citizen of

17  all of the states of which its partners are citizens. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-

18  96 (1990); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006);

19  *Reisman v. KPMG Peat Marwick LLP*, 965 F. Supp. 165, 176-77 (D. Mass. 1997). Therefore,

20  Birmingham has not met its burden of demonstrating the citizenship of each of Deloitte's and

21  Perella Weinberg's partners.[1] *See Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) ("[T]he party

22  asserting diversity jurisdiction bears the burden of proof."); *Nguyen v. BrooksAmerica*, No. CV

23  09-7054-JFW (VBKx), 2009 WL 3162435, at *1 (C.D. Cal. Sept. 29, 2009) (dismissing for lack

24  of subject matter jurisdiction where, among other things, plaintiffs "failed to allege the

25

26  [1]  Instead, Birmingham merely alleges that Deloitte and Perella Weinberg are citizens of the
United Kingdom because both of their principal executive offices are located in London, United

27  Kingdom. *Birmingham* Compl. ¶¶ 35-36.

28

**REPLY MEMORANDUM IN SUPPORT OF STANLEY MORRICAL'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF A LEADERSHIP STRUCTURE FOR PLAINTIFFS' COUNSEL**                    3

1  citizenship [of] each member of the LLC defendant").  Accordingly, the Court should reject

2  Birmingham's reliance on "complete diversity." [2]

3  **B.     CPM Is Uniquely Qualified To Serve As Lead Counsel**

4  In selecting lead counsel the Court should consider several factors, including each firm's

5  experience, commitment and ability to best serve the interests of the plaintiffs.  While each firm

6  seeking appointment in this action has shareholder derivative and securities litigation experience,

7  no other movant has been doing it as long and as effectively as CPM.[3]

8  Because of its experience and success litigating complex cases, including numerous

9  shareholder derivative suits, CPM has the support of more firms than Robbins/Saxena.  While

10  CPM has been successfully prosecuting shareholder derivative and securities cases for four

11  decades, including cases involving top Silicon Valley companies such as HP, CPM does not

12  believe that no other law firm or lawyer can contribute to the successful prosecution of a case

13  against HP.  Bottini and Bottini, Inc., Cafferty Clobes Meriwether & Sprengel LLP and

14  Finkelstein Thompson LLP, all of which are well-respected shareholder derivative and securities

15  class action law firms, have joined CPM's motion as well as filing joinders and declarations in

16  support.  Their support strengthens CPM's ability to lead the prosecution of the consolidated

17  action and is also indicative of CPM's capabilities, experience, and ability to work with others to

18  successfully prosecute this action.

19

20

21  [2]  Furthermore, Deloitte LLP (U.S.) *does* have an office and partners in Alabama.  *See* Deloitte
Office Locator, http://www.deloitte.com/view/en_US/us/officelocator?key_OfficeCountry=US
22  (last visited Feb. 14, 2013).  To the extent the U.S. entity would become necessary as a
Defendant later on, its joinder would clearly destroy any diversity alleged by Birmingham.
23

24  [3]  CPM has a multi-faceted practice.  CPM's success in cases outside of the shareholder
derivative area is not a knock against CPM but a compliment to its lawyers' ability to litigate
25  complex cases.  Regardless, CPM has been successfully litigating shareholder derivative cases in
this District for decades, and well before either Robbins Arroyo f/k/a Robbins Umeda or Saxena
26  White were even formed.  Just this week, CPM was one of only ten firms to be named in the
National Law Journal's Litigation Boutique Hot List, based on its class and derivative work.
27  *Edling Decl.*, ¶ 2, Exh. A.

28

**REPLY MEMORANDUM IN SUPPORT OF STANLEY MORRICAL'S MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF A LEADERSHIP
STRUCTURE FOR PLAINTIFFS' COUNSEL**

4

### 1.      CPM Has Methodically and Vigorously Prosecuted This Litigation

Instead of rushing to file a complaint just days after HP announced the write down of $8.8 billion, CPM and its client conducted a careful and thorough investigation of **facts**. Additionally, **prior to filing a complaint**, CPM's client exercised his shareholder rights under California law and requested the books and records related to Autonomy pursuant to California Corporations Code § 1601.

It is well settled in California that corporate accounting records "shall be open to inspection upon the written demand on the corporation of any shareholder . . . at any reasonable time during usual business hours, for a purpose reasonably related to such holder's interests as a shareholder." Cal. Corp. Code § 1601(a).  Here, Morrical exercised those rights prior to filing this lawsuit.  The Robbins/Saxena opposition fails to cite even a single decision in which a court frowns upon a California resident exercising his shareholder rights prior to filing a shareholder derivative suit.  The reason is quite simple: California law allows it, and Delaware law is irrelevant to a shareholder's rights under the California statute.  Even if Delaware law were applicable to Morrical's inspection demand, which it is not, the Delaware cases cited by Robbins/Saxena **all** involve the **simultaneous** filing of a shareholder derivative complaint and a books-and-records request under the Delaware inspection demand statute (Delaware General Corporate Law code section 220).  *See* Robbins/Saxena Opp. Br. at p. 8-9 (Case No. 12-cv-06434-CRB, Doc. 29).  Here, Morrical demanded inspection **before** filing a shareholder derivative suit.  After HP placed preconditions on its statutory obligation to search for and permit inspection of documents, Morrical filed his verified petition for writ of mandate for the inspection of corporate books and records in Santa Clara County.  Edling Decl., ¶ 3, Exh. B. Moreover, CPM, on behalf of its client, has now entered into a confidentiality agreement, which will allow for any lead plaintiff, lead counsel or executive committee member and their clients to review the books and records that Morrical obtains through his request for records in this litigation.  *Id.* at ¶ 4.

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

**REPLY MEMORANDUM IN SUPPORT OF STANLEY MORRICAL'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF A LEADERSHIP STRUCTURE FOR PLAINTIFFS' COUNSEL**

5

### 2.   Robbins Arroyo and Saxena White's Litigation Tactics Have Been Wasteful and Unproductive

Rather than explain why it filed complaints just days after HP's write down or why it filed three separate complaints on behalf of three separate plaintiffs, all purportedly on behalf of HP, Robbins/Saxena argue that Morrical's decision to conduct a substantial pre-suit investigation should count against his motion for lead plaintiff and CPM's appointment as lead counsel.  The opposite is true.  The very cases that Robbins/Saxena cite in support of their "sue first and ask questions later" litigation approach state the opposite.  *See Biondi v. Scrushy,* 820 A.2d 1148, 1159 (Del. Ch. 2003) ("The mere fact that a lawyer filed first for a representative client is scant evidence of his adequacy and may, in fact, support the contrary inference.").[4]

As this case demonstrates, the longer a plaintiff takes to investigate and file a case is typically indicative of greater adequacy.  Although Morrical filed his complaint a few weeks after Robbins Arroyo's first two complaints, his complaint is far more detailed, including numerous allegations not found in any of the three complaints Robbins Arroyo filed, including the Birmingham complaint, which was also filed prior to Morrical's complaint.  *See, e.g.,* allegations that Defendants concealed from the public that the purported revolutionary product HP gained through its acquisition of Autonomy – the integrated Next Generation Information Platform Idol 10 – never existed (Complaint, ¶¶ 2-15; 78, 95-98;); public material misstatements that such a product existed and was available for sale (Complaint, ¶¶ 133-173; 195-198); the connection between this absent technology and HP's write-down (Complaint, ¶¶ 174-177); as well as detailed "demand futility" allegations (Complaint, ¶¶ 211-248).

In fact, Birmingham had to file an errata sheet attaching a "corrected complaint" just weeks after its filing.  *See* Case No. 12-cv-06416-CRB, Doc. No. 8.  Curiously, the need for errata and amendment is never mentioned in either of Robbins/Saxena's papers.  Of course, the

---

[4]  *Moradi v. Adelson*, No. 1–cv–00490–GMN–RJJ, 2011 WL 5025155, at *3 (D. Nev. Oct. 20, 2011), cites only *Biondi* for the application of the first-filed factor, which, as stated above, is inconsistent with Robbins/Saxena's approach to this litigation.

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

REPLY MEMORANDUM IN SUPPORT OF STANLEY MORRICAL'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF A LEADERSHIP STRUCTURE FOR PLAINTIFFS' COUNSEL          6

1  difference in the quality of the complaints is a factor the Court can consider here.  *Dollens v.*

2  *Zionts*. Nos. 01 C 5931, 01 C 2826, 2001 U.S. Dist. LEXIS 19966, at *13-14, (N.D. Ill. Dec. 4,

3  2001).

4       Robbins Arroyo filed its first shareholder derivative complaint on <u>November 26, 2012</u>.

5  The complaint for Birmingham, which Robbins/Saxena trumpet as their star client, was filed on

6  <u>December 18, 2012</u> and is virtually identical to the <u>November 26, 2012</u> complaint.  It would

7  appear that during that three week interval, Robbins/Saxena conducted no additional

8  investigation to ensure that their later-filed complaint kept up to date with all of the latest

9  developments in the HP-Autonomy scandal, an oversight that is telling, especially in a situation

10  such as this where new facts and new information were being uncovered on a daily basis.

11       Robbins/Saxena claim to have done more than CPM to advance the litigation.  Yet, other

12  than filing the first complaint, Robbins/Saxena fail to distinguish themselves.  Moreover, the

13  failure of Robbins/Saxena to keep abreast of the HP-Autonomy scandal as new facts emerged in

14  the weeks after the original <u>November 20, 2012</u> announcement of the Autonomy write down

15  belies the assertion that Robbins/Saxena have advanced this litigation.  They claim to have led

16  the effort to "coordinate and organize the related actions."  The opposite is true.  As detailed in

17  the declarations of Francis A Bottini and Bryan L. Clobes filed concurrently herewith, CPM is

18  the only movant to have advocated a collegial and inclusive approach which it has maintained

19  throughout this litigation.

### 3.     Courts Favor Coordination Efforts to Organize the Leadership Structure and Regularly Appoint Executive Committees

20
21

22       Courts have generally agreed that where more than one similar case is filed, cooperation

23  among counsel will lead to more efficient prosecution.  *See Dutiel v. Tween Brands, Inc.*, Civil

24  Action Nos. 4743-CC, 4845-CC, 2009 WL 3208287, at *2 (Del. Ch. Oct. 2, 2009) ("This Court

25  always prefers that plaintiffs' counsels work out an appropriate consolidation compromise.");

26  *Wiehl*, 2005 WL 696764, at *3 ("This court has frequently stated its position that the plaintiffs'

27  lawyers should work out the lead counsel or other leadership structure among themselves. . . .

28  But the process for choosing lead counsel must be fair and include all firms."); *Hirt v. U.S.*

⊛
LAW OFFICES
Cotchett, Pitre
& McCarthy, LLP

**REPLY MEMORANDUM IN SUPPORT OF STANLEY MORRICAL'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF A LEADERSHIP STRUCTURE FOR PLAINTIFFS' COUNSEL**

7

1  *Timberlands Serv. Co.*, No. CIV.A. 19575, 2002 WL 1558342, at *2 (Del. Ch. July 3, 2002)

2  ("[T]he court recognizes that it is customary and desirable, where multiple lawsuits are filed

3  relating to the same transaction or set of facts, for the plaintiffs' lawyers involved to meet and

4  vote on an organizational structure for the prosecution of the litigation.  While such a decision is

5  not binding on the court, it will be accorded weight when the outcome is challenged by one or

6  more of the litigants or their counsel, unless it appears to have been improperly obtained.").

7         In the present case, counsel for Morrical attempted to coordinate the efforts of all the

8  lawyers in these related actions to meet and agree on an organizational structure for the

9  prosecution of the litigation.  *See* Declaration of Mark C. Molumphy In Support of Plaintiffs'

10  Motion, ¶ 14 ("Molumphy Decl.") (Case No. 12-cv-06434, Doc. No. 17-1); Bottini Decl., ¶¶ 9-

11  11; Clobes Decl., ¶¶ 5-8.  Counsel for Bascheri, Chung and Tola supported those efforts.

12  Counsel for Birmingham, however, did not, indicating that the only organizational structure that

13  it would accept was it being appointed as sole lead counsel, with no other law firm's

14  participation.  *See id.*  In the absence of Saxena White's and Robbins Arroyo's participation, the

15  remaining lawyers agreed that CPM should serve as Lead Counsel, with the remaining firms

16  (including Saxena White and Robbins Arroyo, if they would still be willing to participate)

17  serving on the Executive Committee.  *id.*

18         Moreover, contrary to Birmingham's assertion, courts regularly appoint an executive

19  committee to help prosecute large shareholder derivative cases.  Such a structure is particularly

20  appropriate in this case.  Aside from the individual HP officers and directors, the suits name two

21  large accounting firms and two large financial advisory firms as defendants, which will require

22  additional discovery and briefing resources.  Indeed, both Saxena White and Robbins Arroyo

23  have previously requested and endorsed the use of an executive committee in derivative cases.

24  *See, e.g.*, *In re Citigroup Inc. S'holder Derivative Litig.*, Lead Case No. 12-cv-3114 JPO, Doc.

25  No. 18, ¶¶ 2, 5 (S.D.N.Y. Aug. 2, 2012) (appointing Robbins Umeda and another firm as Co-

26  Chairs of the Executive Committee and appointing another firm as Liaison Counsel); *In re*

27  *Johnson & Johnson Derivative Litig.*, 10-cv-2033 FLW (DEA), Doc. No. 65, ¶¶ 4, 6 (D.N.J.

28  Aug. 17, 2010) (granting the motion filed by Saxena White and six other firms, and appointing

⊗
LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

**REPLY MEMORANDUM IN SUPPORT OF STANLEY MORRICAL'S MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF A LEADERSHIP
STRUCTURE FOR PLAINTIFFS' COUNSEL**

8

1    four firms as Co-Lead Counsel, with the responsibility to form an Executive Committee, and

2    another two firms to co-chair the Discovery Management and Merits Analysis Committee).

3    These authorities support appointing CPM as Lead Counsel in this action with the support of an

4    Executive Committee.

5    **III.    CONCLUSION**

6         For the reasons set forth above and in the preceding filings, Plaintiffs Morrical, Bascheri,

7    Chung and Tola respectfully request that the Court (1) consolidate the related HP derivative

8    actions; (2) appoint Morrical to serve as Lead Plaintiff; and (3) appoint CPM to serve as Lead

9    Counsel and Chair of an Executive Committee.

10   DATED:  February 15, 2013          **COTCHETT, PITRE & McCARTHY, LLP**

11

12                                       By:    /s/
                                                MATTHEW K. EDLING
13                                       JOSEPH W. COTCHETT (Cal. SBN 36324)
                                         MARK C. MOLUMPHY (Cal. SBN 168009)
14                                       NANCI E. NISHIMURA (Cal. SBN 152621)
                                         ARON K. LIANG (Cal. SBN 228936)
15                                       MATTHEW K. EDLING (Cal. SBN: 250940)

16
                                         San Francisco Airport Office Center
17                                       840 Malcolm Road, Suite 200
                                         Burlingame, CA 94010
18                                       Tel:    (650) 697-6000
                                         Fax:    (650) 697-0577
19
                                         jcotchett@cpmlegal.com
20                                       mmolumphy@cpmlegal.com
                                         nnishimura@cpmlegal.com
21                                       aliang@cpmlegal.com
                                         medling@cpmlegal.com
22

23                                       *Attorneys for Plaintiff Stanley Morrical*

24

25   DATED:  February 15, 2013          **FINKELSTEIN THOMPSON LLP**

26
                                         By:    /s/
27                                              ROSEMARY M. RIVAS
                                         505 Montgomery Street, Suite 300
28

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

San Francisco, CA 94111

Tel:    (415) 398-8700

Fax:    (415) 398-8704

rrivas@finkelsteinthompson.com

**CAFFERTY CLOBES MERIWETHER &
SPRENGEL LLP**

Bryan L. Clobes

1101 Market Street, Suite 2650

Philadelphia, PA 19107

Tel:    (215) 864-2800

Fax:    (215) 864-2810

bclobes@caffertyclobes.com

Anthony F. Fata

30 N. LaSalle Street, Suite 3200

Chicago, Illinois 60606

Tel: 312.782.4880

Fax: 312.782.4485

afata@caffertyclobes.com

*Attorneys for Plaintiff Joseph Tola*

DATED:  February 15, 2013          **BOTTINI & BOTTINI, INC.**

By:    /s/
        FRANCIS A. BOTTINI

Francis A. Bottini, Jr.

Yury A. Kolesnikov

7817 Ivanhoe Avenue, Suite 102

La Jolla, California 92037

Telephone:  (858) 914-2001

Facsimile:  (858) 914-2002

*Attorneys for Plaintiffs Andrea Bascheri and Jim Chung*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

**REPLY MEMORANDUM IN SUPPORT OF STANLEY MORRICAL'S MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF A LEADERSHIP
STRUCTURE FOR PLAINTIFFS' COUNSEL**

10