JOSEPH W. COTCHETT (Cal. SBN 36324)
jcotchett@cpmlegal.com
MARK C. MOLUMPHY (Cal. SBN 168009)
mmolumphy@cpmlegal.com
ARON K. LIANG (Cal. SBN 228936)
aliang@cpmlegal.com
MATTHEW K. EDLING (Cal. SBN: 250940)
medling@cpmlegal.com
JENNIFER R. CRUTCHFIELD (Cal. SBN: 275343)
jcrutchfield@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*Lead Counsel for Plaintiff Stanley Morrical,*
*derivatively on behalf of Hewlett-Packard Company*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HEWLETT-PACKARD COMPANY SHAREHOLDER DERIVATIVE LITIGATION | **Master Docket** |
| | **NO. C-12-6003-CRB** |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | **ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d) AND GENERAL ORDER 62** |

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

1    Pursuant to Civil Local Rules 7-11 and 79-5(d), and in accordance with this Court's

2    General Order No. 62, effective May 10, 2010, Plaintiff Stanley Morrical, derivatively on behalf

3    of the Hewlett-Packard Company ("Plaintiff"), hereby moves the Court for leave to file portions

4    of the Consolidated Shareholder Derivative Complaint ("Complaint") that contain quotations,

5    analysis of, references to, or information taken or derived from documents that Nominal

6    Defendant Hewlett-Packard Company ("HP") has designated "Confidential."

7    This motion is supported by the Declaration of Matthew K. Edling in Support of

8    Plaintiff's Motion to Seal Documents Pursuant to Civil Local Rules 7-11 and 79-5(d) and

9    General Order No. 62.

10   Civil Local Rule 79-5 governs the filing under seal of entire documents or portions of

11   documents that contain material that is "privileged or protectable as a trade secret or otherwise

12   entitled to protection under the law."  Civ. L. R. 79-5 (a)-(c).  This Court's General Order No.

13   62, Electronic Filing of Documents Under Seal, effective May 10, 2010, sets forth procedures

14   applicable to the filing of sealed documents in civil cases.  Civil Local Rule 79-5(d) provides: "If

15   a party wishes to file a document that has been designated confidential by another party pursuant

16   to a protective order, or if a party wishes to refer in a memorandum or other filing to information

17   so designated by another party, the submitting party must file and serve an Administrative

18   Motion for a sealing order . . . ."

19   Plaintiff seeks to file the above-listed material under seal to comply with the

20   confidentiality designations of Nominal Defendant HP in this action and the applicable Local

21   Rules.  Plaintiff believes that some but not all of the material is confidential.  As the designating

22   party, HP has the burden to establish that the designated information is sealable.  Civil L. R. 79-

23   5(d).  *Positive Technologies, Inc. v. Sony Electronics, Inc,* No. 11-CV-2226-SI KAW, 2013 WL

24   431343 at 2 (N.D. Cal. Feb. 1, 2013).  Courts have repeatedly emphasized that a party must show

25   a "compelling reason" to justify sealing of records filed with a court. *Id* at 1178 -1179; s*ee Foltz*

26   *v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2002) (reversing the lower

27   court's sealing of records because there was no "compelling reason to justify sealing" under the

28   protective order).  While there is no protective order yet in place, HP required that, as a condition

⊛
LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

1   of receiving documents from HP pursuant to Cal. Corp Code §1601 and 8 Del. C §220, Morrical

2   needed to treat the documents as confidential pursuant to a private Confidentiality Agreement.

3          Accordingly, Plaintiff is requests that the highlighted paragraphs of the Complaint be

4   filed under seal in compliance with the Confidentiality Agreement and Civil Local Rule 79-5.

5   Plaintiff hereby notifies HP of its burden to establish that the designated material is sealable.  In

6   the event that HP or other Defendants are unable to establish good cause or withdraw the

7   designation of confidentiality, Plaintiff requests that the Consolidated Shareholder Derivative

8   Complaint be filed, in its entirety, in the public record.

9

10  Dated:  May 3, 2013                        Respectfully Submitted,

11                                             /s/  Matthew K. Edling
                                               MATTHEW K. EDLING
12
13                                             **COTCHETT, PITRE & McCARTHY, LLP**
                                               840 Malcolm Road, Suite 200
14                                             Burlingame, CA 94010
                                               Telephone: (650) 697-6000
15                                             Facsimile: (650) 697-0577
                                               medling@cpmlegal.com
16
17                                             *Lead Counsel for Plaintiff Stanley Morrical,*
                                               *derivatively on behalf of Hewlett-Packard Company*
18

19

20

21

22

23

24

25

26

27

28

⊗
LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP