ALLEN J. RUBY (STATE BAR NO. 47109)
Allen.Ruby@skadden.com
TIMOTHY A. MILLER (STATE BAR NO. 154744)
Timothy.Miller@skadden.com
RICHARD S. HORVATH, JR. (STATE BAR NO. 254681)
Richard.Horvath@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue, Suite 1400
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

ERIC S. WAXMAN (STATE BAR NO. 106649)
Eric.Waxman@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone:     (213) 687-5000
Facsimile:  (213) 687-5600

Attorneys for Specially Appearing Defendants
RAYMOND J. LANE, MARC L. ANDREESSEN,
SHUMEET BANERJI, RAJIV L. GUPTA,
JOHN H. HAMMERGREN, ANN M. LIVERMORE,
GARY M. REINER, PATRICIA F. RUSSO,
G. KENNEDY THOMPSON, RALPH V. WHITWORTH,
LAWRENCE T. BABBIO, JR., SARI M. BALDAUF,
and DOMINIQUE SENEQUIER

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE HEWLETT-PACKARD COMPANY SHAREHOLDER DERIVATIVE LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | MASTER DOCKET<br><br>NO. C-12-6003 CRB<br><br>**DIRECTOR DEFENDANTS' JOINDER IN NOMINAL DEFENDANT HEWLETT-PACKARD COMPANY'S MOTION TO STAY** |

**TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Specially appearing defendants Raymond J. Lane, Marc L. Andreessen, Shumeet Banerji, Rajiv L. Gupta, John H. Hammergren, Ann M. Livermore, Gary M. Reiner, Patricia F. Russo, G. Kennedy Thompson, Ralph V. Whitworth, Lawrence T. Babbio, Jr., Sari M. Baldauf, and Dominique Senequier (the "Director Defendants") hereby join in and adopt the Motion to Stay (the "Motion") filed by Nominal Defendant Hewlett-Packard Company ("HP") and all papers filed in support of the Motion and the arguments made therein.

The Director Defendants specifically join in HP's argument that a stay of this derivative action pending a decision on the forthcoming motions to dismiss in the related securities class action captioned *In re HP Securities Litigation*, No. C-12-5980 CRB (the "Securities Class Action"), is in HP's best interests because such a stay would avoid the inherent conflict between (i) the prosecution of the Securities Class Action **against HP for fraud** and (ii) the prosecution of this derivative action **on behalf of HP against its officers and directors for fraud**. Indeed, the specter of such a conflict often prompts courts to stay "claims that seek to shift losses from the corporation to the defendant fiduciaries" until related securities class action litigation or a regulatory proceeding against the corporation is resolved. *South v. Baker*, 62 A.3d 1, 23-24 n.10 (Del. Ch. 2012) (citing cases in which courts stayed derivative actions brought on behalf of companies pending the outcome of related securities class actions or regulatory proceedings against those companies).

The conflict between the prosecutions of the Securities Class Action and this derivative action is not hypothetical but has already surfaced. The Consolidated Shareholder Derivative Complaint (the "Complaint") is replete with selective and misleading excerpts of documents and information obtained by Lead Plaintiff in this derivative action from HP pursuant to a shareholder demand to inspect corporate records under Section 220 of the Delaware General Corporation Law that Lead Plaintiff attempts to use to bolster his claims for fraud against HP's officers and directors. For example, the Complaint refers to and attaches five pages from an eighty-four page document authored by KPMG, the accounting firm hired by HP to conduct due diligence on Autonomy

1

Corporation, plc ("Autonomy"), a United Kingdom publicly traded company, prior to HP's acquisition of Autonomy.  Lead Plaintiff argues from that five-page excerpt that HP's due diligence examination of Autonomy was inadequate because, as KPMG notes in the document, Autonomy declined HP's requests for certain documents during the due diligence process citing provisions of the United Kingdom City Code on Takeovers and Mergers.  But Lead Plaintiff omits portions of the same document where KPMG advises HP that the provisions of UK law cited by Autonomy frequently result in very limited information being provided by a UK target such as Autonomy during due diligence.  Lead Plaintiff also omits portions of the document where KPMG advises HP that **the data and access provided by Autonomy** during the due diligence process **was comparable with other acquisitions involving large United Kingdom publicly traded companies**.  Lead Plaintiff's misleading use of this KPMG document – which was obtained by means unavailable to the class action plaintiff -- is antithetical to the interests of HP in the Securities Class Action.[1]

Similarly, Lead Plaintiff lards his Complaint with conclusory allegations of securities fraud allegedly committed by the individual defendants (directors and officers of HP) arising from the Autonomy acquisition.  *See*, *e.g.*, Compl. ¶¶ 13, 15, 18, 19, 60, 74, 128, 149, 243, 245, 253, 266, 269, 282, 294, 297, 301, 312, 336, 340, 358, 359, 397, 400, 406, 422, 428.  Such allegations run directly counter to the defense of the Securities Class Action that HP has not committed any fraud, a defense that Lead Plaintiff as a fiduciary of HP should eagerly embrace.[2]

---

[1] Lead Plaintiff in the Securities Class Action is prohibited during the automatic stay of discovery mandated by the Private Securities Litigation Reform Act of 1995 from obtaining the KPMG document, or any other materials obtained from HP, through discovery or by means of a Section 220 shareholder demand.  *See* 15 U.S.C. § 78u-4(b)(3)(B); *see also Beiser v. PMC-Sierra, Inc.*, C. A. No. 3893-VCL, 2009 WL 483321, at *3-4 (Del. Ch. Feb. 26, 2009) (an inspection demand under Section 220 of the Delaware General Corporation Law cannot be used to circumvent the Private Securities Litigation Reform Act automatic stay; requiring a derivative plaintiff seeking documents pursuant to a Section 220 demand when a securities class action is pending to "agree[] to enter a confidentiality agreement preventing him from sharing the information obtained with the plaintiff or counsel in the federal action").

[2] It is well-settled that a derivative plaintiff serves as a fiduciary of the company on whose behalf he purports to act.  *See Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 549 (1949) (**a derivative plaintiff** "who brings suit on a cause of action derived from the corporation **assumes a position . . . of a fiduciary character**") (emphasis added); *see also South*, 62 A.3d 1 at 21 ("**A derivative plaintiff serves in a fiduciary capacity** as representative of persons whose interests are

*(cont'd)*

Accordingly, the Director Defendants join in HP's Motion to Stay this derivative action pending the Court's decision on the forthcoming motions to dismiss the Securities Class Action.

DATED:  May 21, 2013

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____/s/ Timothy A. Miller_____
TIMOTHY A. MILLER
Attorneys for Specially Appearing Defendants
RAYMOND J. LANE, MARC L. ANDREESSEN,
SHUMEET BANERJI, RAJIV L. GUPTA,
JOHN H. HAMMERGREN, ANN M. LIVERMORE,
GARY M. REINER, PATRICIA F. RUSSO,
G. KENNEDY THOMPSON, RALPH V.
WHITWORTH, LAWRENCE T. BABBIO, JR.,
SARI M. BALDAUF, and DOMINIQUE SENEQUIER

---

*(cont'd from previous page)*
in plaintiff's hands **and the redress of whose injuries is dependent upon her diligence, wisdom and integrity**.") (emphasis added and citation and internal marks omitted).