**EXHIBIT 5**

## MINUTES OF A SPECIAL MEETING
## OF THE
## BOARD OF DIRECTORS
## OF
## TAKE-TWO INTERACTIVE SOFTWARE, INC.

### MARCH 8, 2006

A special meeting of the Board of Directors (the "Board") of Take-Two Interactive Software, Inc. (the "Company"), was held on Wednesday, March 8, 2006, at approximately 12:00 P.M. (New York City Time) in person at the offices of Blank Rome LLP and via telephone conference call, by which each participant could hear the other participants.

Participating were: Paul Eibeler; Robert Flug; Todd Emmel; Oliver R. Grace, Jr.; Mark Lewis; and Michael Malone. Robert Mittman, Thomas Preston and Steven Caponi of Blank Rome LLP, counsel to the Company, George Carpinello of Boies, Schiller & Flexner LLP; Thomas Seifert, Esq.; and Barry Rutcofsky, Executive Vice President, and Karl Winters, Chief Financial Officer, of the Company, were present by invitation of the Board. Mr. Eibeler, Chief Executive Officer of the Company, acted as Chairman of the meeting and Ken Selterman acted as Secretary of the meeting.

The Chairman said that because a quorum was present the meeting was a duly constituted meeting of the Board.

The Chairman said that the purpose of the meeting was to discuss various litigations pending against and on behalf of the Company, including securities class actions and derivative suits that had been filed in the Southern District of New York and the Delaware Court of Chancery between January 30, 2006 and March 3, 2006:

> In February and March 2006, four securities class action complaints were filed against the Company, and Messrs. Paul Eibeler, Karl H. Winters, and Gary Lewis (the "Securities Class Actions"). The complaints allege that Defendants violated Sections 10(b) and 20(a) of, and Rule 10b-5 under, the Securities Exchange Act of 1934, as amended, by making untrue statements or failing to disclose that: (i) *Grand Theft Auto: San Andreas* contained "hidden" content which should have resulted in the game receiving an Adults Only ("AO") rating from the ESRB rather than a Mature ("M") rating; (ii) the Defendants attempted to bolster sales of *Grand Theft Auto: San Andreas* by concealing the "adult content" from retailers who refused to carry "Adults Only" material; (iii) the Company's management failed to keep the Board of Directors informed of important issues or failed to do so in a timely fashion; (iv) the Company was misstating capitalized software development costs and amortization expense; and (v) the Company had inadequate internal controls and procedures to ensure accuracy in its reported financial results. The Securities Class Actions allege this conduct artificially inflated the Company's stock, that Messrs. Eibeler, Winters, and Lewis were "control persons" having responsibility for the improper acts or omissions, and

Minutes of Board of Directors Meeting
March 8, 2006
Page 2

that the Company's insiders took advantage of the artificial inflation by selling shares of their personally-held Company stock.

On January 30, 2006, the St. Clair Shores General Employees Retirement System filed on behalf of all similarly situated stockholders and derivatively on behalf of the Company, a class action complaint in the Southern District of New York against the Company and Messers. Paul Eibeler, Todd Emmel, Robert Flug, Oliver R. Grace, Jr., Mark Lewis, Steven Tisch, Ryan A. Brant, Gary Lewis, Karl Winters, Jeffrey C. Lapin, and Richard Roedel (the "St. Clair Derivative and Class Action"). The factual allegations in this action are very similar to the allegations contained in the Securities Class Actions. The legal claims, however, assert that the Defendants breached their fiduciary duties as a result of the alleged conduct, and violated Section 14(a) of, and Rule 14a-9 under, the Securities Exchange Act of 1934, as amended, by failing to disclose their breaches of fiduciary duty in the 2003, 2004, and 2005 Proxy Statements soliciting approval to modify the Company's 2002 Stock Option Plan.

On February 6, 2006, Bamboo Partners, LLC, filed on behalf of all similarly situated stockholders and derivatively on behalf of the Company, a class action complaint in the Court of Chancery of the State of Delaware (the "Delaware Class Action") against the Company and Messers. Paul Eibeler, Todd Emmel, Robert Flug, Oliver R. Grace, Jr., Mark Lewis, Steven Tisch, Ryan A. Brant, Gary Lewis, Karl Winters, Jeffrey C. Lapin, and Richard Roedel. The factual allegations and claims in this action are nearly identical to the allegations and claims contained in the St. Clair Derivative and Class Action

The Chairman introduced Messrs. Mittman, Preston, and Caponi, who explained the nature of the litigations. Messrs. Mittman, Preston, and Caponi recommended that the directors appoint a special litigation committee, consisting of disinterested directors, with the authority to hire independent counsel, to investigate the merits of the claims made in any derivative claim asserted on behalf of the Company contained in the St. Clair Derivative and Class Action and the Delaware Class Action (collectively, the "Stockholder Derivative Actions"), and to determine whether prosecution of any such derivative claims is in the best interests of the Company. A discussion then ensued and Messrs. Mittman, Preston, and Caponi responded to questions of the directors. After discussion, upon motion duly made and seconded, the following resolutions were adopted by the directors present.

RESOLVED, that the Board of Directors hereby establishes a special litigation committee (the "Special Litigation Committee") of disinterested directors, to consist of Michael Malone and such other persons as the Board may determine, for the purpose of investigating the allegations made in the Stockholder Derivative Actions recently filed in the Southern District of New York and the Delaware Court of Chancery and any related stockholder derivative

Case 3:02-cv-06088-CRB    Document 1626    Filed 08/29/08    Page 4 of 4

Minutes of Board of Directors Meeting
March 8, 2006
Page 3

action that may be filed and determining what course of action should be followed by the Company in connection therewith; and further

RESOLVED, that the Special Litigation Committee is hereby delegated full authority and power to take any and all actions on behalf of the Company that it deems appropriate and in the best interests of the Company in connection with the Stockholder Derivative Actions, including, without limitation, engagement of independent counsel and accountants to assist the committee in its investigation, advise the committee on all matters related to such Stockholder Derivative Actions, and, in the case of counsel, represent the Company or the committee, as appropriate, in such actions; and further

RESOLVED, that Special Litigation Committee is authorized and directed to file a Motion to Stay Proceedings in the Stockholder Derivative Actions pending completion of the foregoing investigation and the making of a determination by the Special Litigation Committee; and further

RESOLVED, that the Special Litigation Committee is authorized and empowered to determine whether the Company should waive any conflict of interest that may be present in connection with Blank Rome LLP's representation of the individual defendants in any of the above-referenced actions and its continued representation of the Company in connection with matters unrelated to such actions.

There being no further business, upon motion duly made, seconded, and unanimously carried, the meeting was adjourned.

Ken Selterman
Secretary of the Meeting

523653.01111/11521732v.4