Ilene F. Brookler #269422
GREENFIELD & GOODMAN, LLC
250 Hudson Street, 8th Floor
New York, NY 10013
Tel: (917) 495-4446
Fax: (212) 355-9592
ibrookler@gmail.com

Rose F. Luzon #221544
SHEPHERD, FINKELMAN,
MILLER & SHAH, LLP
One California Street
San Francisco, CA 94111
Tel: (415) 429-5272
Fax: (866) 300-7367
rluzon@sfmslaw.com

*Attorneys for Plaintiff*

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA,**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE HEWLETT-PACKARD COMPANY SHAREHOLDER DERIVATIVE LITIGATION** | Master File No. 12-CV-6003 CRB <br><br> **ADMINISTRATIVE MOTION PURSUANT TO CIVIL L.R. 3-12(B)** |
| **This motion also relates to:** <br><br> A. J. COPELAND, Individually and Derivatively on behalf of HEWLETT-PACKARD COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> LEO APOTHEKER; MARGARET C. WHITMAN; RAYMOND J. LANE; MARC L. ANDREESEN; SHUMEET BANERJI; RAJIV L. GUPTA; JOHN H. HAMMERGREN; ANN M.LIVERMORE; GARY M. REINER; PATRICIA F. RUSSO; | No. C 14-00622-DMR |

G. KENNEDY THOMPSON; RAYMOND
E. OZZIE; JAMES A. SKINNER; ROBERT
R. BENNETT; RALPH V. WHITWORTH;
and MICHAEL R. LYNCH,

Defendants,

and

HEWLETT-PACKARD COMPANY,

Nominal Defendant.

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

Pursuant to Civil Local Rule 3-12(b), Plaintiff, A.J. Copeland ("Plaintiff Copeland"), respectfully submits this administrative motion to consider whether the instant case filed in this district, *A.J. Copeland v. Leo Apotheker, et al.* Case No. C 14-00622 (DMR) ("*Copeland II*"), should be related to, but not consolidated with, the action pending before the Honorable Charles R. Breyer entitled *In re Hewlett Packard Company Shareholder Derivative Litigation,* Case No. C 12-6003 (CRB) (the "*HP Derivative Litigation*").

On February 10, 2014, Plaintiff Copeland commenced this shareholder derivative action on behalf of Hewlett-Packard Company ("HP"), in which he principally asserts, *inter alia*, that HP's Board of Directors was reckless in connection with the $11.7 billion acquisition of Autonomy, plc. (the "Autonomy-related Claims"). Of note, an earlier case brought by Plaintiff Copeland, Civil Action 5:11-cv-01058-EJD (N.D. Ca.) ("*Copeland I*"), was dismissed on May 26, 2013 and is now on appeal to the Ninth Circuit. While there are certain facts and issues in *Copeland I* common to *Copeland II*, the claims made in *Copeland II* are demonstrably different in one key respect – **the Autonomy-related Claims are the main focus of the Copeland II case**.[1]

On February 11 and February 13, 2014, in recognition of this critical difference and in the interest of judicial economy, Plaintiff Copeland, through his counsel, requested the consent of counsel for HP in the *HP Derivative Litigation* case to relate *Copeland II* to that case and proposed that the non-Autonomy related claims in *Copeland II* be stayed pending the Ninth

---

[1] In addition, while there are many factual allegations in common between Plaintiff Copeland's two cases, such facts are included in *Copeland II* primarily for contextual reasons.

ADMINISTRATIVE MOTION PURSUANT TO
CIVIL L.R. 3-12(B), Master File No. 12-CV-6003 CRB

2

Circuit appeal of *Copeland I*. (Declaration of Richard D. Greenfield ("Greenfield Decl."), ¶¶ 3-4). Despite the invitation of counsel for Plaintiff Copeland to meet and confer with defense counsel on this proposal, on February 13, 2014 at 11:13 p.m., counsel for HP simply filed its own Administrative Motion to relate *Copeland II* to *Copeland I* without speaking to Plaintiff Copeland's counsel regarding the staying of all claims unrelated to the acquisition of Autonomy and its aftermath. (Greenfield Decl., ¶ 5). The clear willingness of Plaintiff Copeland to stay his non-Autonomy related claims could not have been clearer in his email to counsel for HP, where he stated:

> "I discussed with Ralph and his various partners yesterday several alternate approaches to the issues of judicial assignment and relatedness. Although we attempted to carefully craft the recently-filed Copeland Complaint so that the claims alleged are not the same ones as are presently on appeal, there is certainly some overlapping. However, most significantly, we recognize that there are common fact patterns in the Consolidated Complaint before Judge Breyer, the Second Amended Complaint in Copeland I and the Complaint in Copeland II. **In each case, the overriding common issue alleged is the HP Board's reckless acquisitions with Autonomy identified in each case as a notorious example thereof.**
>
> In order to alleviate any confusion, and particularly given the settlement discussions that are about to commence within the next few days, I suggested to Ralph yesterday **that we agree to stay all the non-Autonomy related claims in Copeland II pending a decision by the 9th Circuit in Copeland I. We believe that the new non-Autonomy related claims will be appropriately preserved and HP should be more than willing to have Copeland II be litigated before Judge Breyer.** After the 9th Circuit decides the pending appeal and/or the Autonomy-related claims are settled, we can collectively decide the appropriate course of action at that time, one alternative being severance of claims.
>
> **We continue to believe that this approach makes the most sense and minimally burdens the Court. One way or another, it seems to us, Mr. Copeland's Autonomy-related claims alleged in Copeland II will end up being before Judge Breyer. Were it not for the fact that all of the plaintiffs in the Consolidated case before Judge Breyer chose to argue that demand on HP's Board was excused and our Mr. Copeland made a pre-suit demand that was effectively rejected, diametrically conflicting legal theories, our client might well have moved to intervene in the Consolidated case.** While this could still be done, we have tried to suggest a workable approach that is both simple and burdens everyone the least. . . ." (Emphasis added).

(Greenfield Decl., ¶ 5).

Instead of working cooperatively to litigate all Autonomy-related cases together before one judge and discussing how to best deal with those facts and issues that overlap with those in *Copeland I,* HP's counsel jumped the gun and filed a motion to attempt to have *Copeland II* related to *Copeland I* and assigned to Judge Davila, who has no case before him.

In light of *Copeland II*'s focus on Autonomy-related Claims and Plaintiff Copeland's proposal to stay all non-Autonomy related claims in his case pending a decision in his appeal before the Ninth Circuit, *Copeland II* is most clearly related to *HP Derivative Litigation*, not *Copeland I*. On November 26, 2012, Plaintiff, Philip Ricciardi, filed a shareholder complaint derivatively on behalf of HP in this District entitled *Ricciardi v. Lynch, et al.,* Case No. 3:12-cv-06003-CRB ("*Ricciardi*"). Over the next several weeks, six similar actions were filed: *Espinoza v. Lynch, et al.,* Case No. 3:12-cv-06025-CRB on November 27, 2012; *Bascheri v. Apotheker, et al.,* Case No. 3:12-cv-06091-CRB on November 30, 2012; *Bertisch v. Apotheker, et al.,* Case No. 3:12-cv-06123-CRB on December 3, 2012; *The City of Birmingham Retirement and Relief System v. Apotheker, et al.,* Case No. 3:12-cv-06416-CRB on December 18, 2012; *Tola v. Lynch, et al.,* Case No. 3:12-cv-06423-CRB on December 18, 2012; and *Morrical v. Apotheker, et al.,* Case No. 3:12-cv-06434-CRB on December 19, 2012. By Stipulation and Order dated February 19, 2013, Judge Breyer determined that, pursuant to Fed. R. Civ. P. 42(a), all such "demand futile" cases should be consolidated. (*HP Derivative Litigation* Docket No. 61).[2]

Plaintiff Copeland bases his claims in *Copeland II* on many of the same underlying facts as the *HP Derivative Litigation*, as well as additional events and legal theories. Plaintiff Copeland, however, unlike any of the plaintiffs in the *HP Derivative Litigation* case, made pre-suit demands under and pursuant to Fed. R. Civ. P. 23.1. The *HP Derivative Litigation* and this litigation have as their primary focus the fact that the Board of Directors of HP was reckless in connection with the $11.7 billion acquisition of Autonomy, plc. Although the allegations in *Copeland II* are broader in scope than those in the *HP Derivative Litigation*, the different claims alleged in the former case pale in comparison to the Autonomy-related Claims that are common

---

[2] None of the plaintiffs in such cases made pre-suit demands on HP's Board, as Mr. Copeland did before he commenced *Copeland II*.

– and central – to both cases. Both cases involve overlapping defendants and overlapping factual allegations and may call for the determination of the same or substantially related questions of law and fact. Further, it appears likely that there could be duplication of labor and expense and the possibility of conflicting results if the cases are heard by the different judges. Accordingly, assignment of the *Copeland II* case to Judge Breyer, who is presiding over the earlier-filed *HP Derivative Litigation*, is likely to conserve judicial resources and promote the efficient determination of the actions while avoiding potentially conflicting results.

Accordingly, Plaintiff Copeland respectfully requests that this Court order the *Copeland II* case related to the earlier-filed *HP Derivative Litigation*, and transfer the *Copeland II* case to Judge Breyer to be coordinated with (but not consolidated into) the *HP Derivative Litigation* currently pending before him.

Dated: February 14, 2014

/s/ Ilene F. Brookler
Ilene F. Brookler, #269422
Richard D. Greenfield
Marguerite R. Goodman
GREENFIELD & GOODMAN, LLC
250 Hudson Street, 8th Floor
New York, NY 10013
Tel: (917) 495-4446
Fax: (212) 355-9592
ibrookler@gmail.com
whitehatrdg@earthlink.net
twowhitehats@earthlink.net

Rose F. Luzon #221544
SHEPHERD, FINKELMAN,
MILLER & SHAH, LLP
One California Street
San Francisco, CA 94111
Tel: (415) 429-5272
Fax: (866) 300-7367
rluzon@sfmslaw.com

Scott R. Shepherd
SHEPHERD, FINKELMAN
MILLER& SHAH, LLP
35 E. State Street
Media, PA  19063
Tel: (610) 891-9880
Fax: (866) 300-7367
sshepherd@sfmslaw.com

**Counsel for Plaintiff**