UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE HEWLETT-PACKARD COMPANY SHAREHOLDER DERIVATIVE LITIGATION** | Master File No. 12-CV-6003 CRB |
| | **DECLARATION OF RICHARD D. GREENFIELD IN SUPPORT OF ADMINISTRATIVE MOTION PURSUANT TO CIVIL L.R. 3-12(B)** |
| **This motion also relates to:** | No. C 14-00622-DMR |
| A. J. COPELAND, Individually and Derivatively on behalf of HEWLETT-PACKARD COMPANY, | |
| Plaintiff, | |
| v. | |
| LEO APOTHEKER; MARGARET C. WHITMAN; RAYMOND J. LANE; MARC L. ANDREESEN; SHUMEET BANERJI; RAJIV L. GUPTA; JOHN H. HAMMERGREN; ANN M. LIVERMORE; GARY M. REINER; PATRICIA F. RUSSO; G. KENNEDY THOMPSON; RAYMOND E. OZZIE; JAMES A. SKINNER; ROBERT R. BENNETT; RALPH V. WHITWORTH; and MICHAEL R. LYNCH, | |
| Defendants, | |
| and | |
| HEWLETT-PACKARD COMPANY, | |
| Nominal Defendant. | |

I, Richard D. Greenfield, under penalty of perjury, hereby declare and state:

1. I am a member in good standing of the Bar of the States of New York, Pennsylvania and Maryland and will be seeking admission, *pro hac vice*, to the United States District Court for the Northern District of California..

2. I am one of the lawyers representing Plaintiff, A.J. Copeland, in *Copeland v. Leo Apotheker et al.,* Case No. C 14-00622-DMR, and submit this Declaration in support of his administrative motion, pursuant to Civil Local Rule 3-12(B), to consider whether this case is related to other cases pending in this Court.

3. On February 11, 2014, I wrote to counsel for Hewlett-Packard Company ("HP") in the action pending before the Honorable Charles R. Breyer entitled *In re Hewlett Packard Company Shareholder Derivative Litigation,* Case No. C 12-6003 (CRB) (the "*HP Derivative Litigation*"), in an effort to request that HP stipulate to relate the instant case to the *HP Derivative Litigation* case. (*See* Exhibit "A" and "B" attached hereto). On February 13, 2014, counsel for HP rejected this request, stating that they believed the instant case belongs with an earlier case brought by Plaintiff Copeland, Civil Action 5:11-cv-01058-EJD (N.D. Ca.) ("*Copeland I*"), which was dismissed on May 26, 2013 and is now on appeal to the Ninth Circuit. (*See* Exhibit "B" attached hereto).

4. In a further attempt to confer with HP counsel, on February 13, 2014, I explained that the principal claims in the instant case and the *HP Derivative Litigation* case related to HP's reckless $11.7 billion acquisition of Autonomy, plc. In light of this, and in the interest judicial economy, I proposed that the non-Autonomy related claims in *Copeland II* be stayed pending the Ninth Circuit appeal of *Copeland I* and I invited the parties to further discuss this proposal. (*See* Exhibit "C" attached hereto).

5. Despite my invitation to meet and confer with defense counsel on this proposal, on February 13, 2014 at 11:13 p.m., counsel for HP filed an Administrative Motion to relate *Copeland II* to *Copeland I* without speaking to me. (*See* Exhibit "D" attached hereto).

6. To date, counsel for Defendants Raymond J. Lane, Gary Reiner, Leo Apotheker, Margaret C. Whitman, Shumeet Banerji, Patricia Russo, Ann M. Livermore, G. Kennedy

Thompson, Mark V. Hurd, Marc L. Andreessen, Rajiv L. Gupta, Raymond E. Ozzie; James A. Skinner; Robert R. Bennett; Ralph V. Whitworth; Michael R. Lynch, and John H. Hammergren have not entered an appearance in this action. Therefore, I was unable to obtain a stipulation from these parties.

Dated: February 14, 2014 /s/ Richard D. Greenfield

# Exhibit A

**Subject:** FW: HP Copeland V Apotheker

-----Original Message-----
From: Richard Greenfield [mailto:whitehatrdg@earthlink.net]
Sent: Tuesday, February 11, 2014 2:56 PM
To: Ralph Ferrara
Cc: Shepherd Scott; Rose Luzon; Nathan Zipperian
Subject: HP Copeland V Apotheker

Ralph:

As you can see from the Complaint filed yesterday, there are substantial overlapping of issues (principally Autonomy-related) and defendants between the above case and the consolidated Autonomy case before Judge Breyer. Please let us know whether HP will object to having Copeland II designated as a related case to the consolidated case. If necessary, our client will file a motion for an administrative order to that effect. However, a stipulated order will be preferable.

Please let us know HP's position by tomorrow.

Richard

1

# Exhibit B

**Subject:** FW: HP Copeland v. Apotheker et al.

**From:** "Richman, Jonathan E." <jerichman@proskauer.com>
**Date:** February 13, 2014 7:13:32 PM EST
**To:** Richard Greenfield <whitehatrdg@earthlink.net>
**Cc:** "'Schatz, Steven' (SSchatz@wsgr.com)" <SSchatz@wsgr.com>, "Ferrara, Ralph C." <rferrara@proskauer.com>
**Subject: RE: HP Copeland v. Apotheker et al.**

Dear Richard,

We were just about to respond to you when we received the email below.

We have considered your request to join in an Administrative Motion to relate Copeland II to Judge Breyer's Autonomy cases. Unfortunately, we cannot concur with your request.

Local Rule 3-12 says that, when a party learns of an action that is "related to an action which is or was pending," that party "must promptly file" an Administrative Motion "in the earliest-filed case." Copeland I is clearly the earliest-filed case that relates to allegations in Copeland II. The possibility that Copeland I might not currently be pending (in light of your appeal) is irrelevant, inasmuch as Local Rule 3-12 applies to non-pending as well as to pending cases. We therefore believe that Copeland II belongs with Copeland I.

We have spoken to Steve Schatz, at Wilson Sonsini, about our conclusion. You will need to talk to him about this matter.

Best regards,

Ralph and Jonathan


----- Original Message -----
From: Richard Greenfield [mailto:whitehatrdg@earthlink.net]
Sent: Tuesday, February 11, 2014 02:15 PM
To: Sonnenfeld, Marc J.
Cc: Shepherd Scott <sshepherd@sfmslaw.com>
Subject: HP Copeland v. Apotheker et al.

Marc:

We will be filing an administrative motion to have this new action, the primary focus of which is the Board's acquisition practices including Autonomy, treated as a related case to the presently pending derivative suit focusing on the Autonomy acquisition.

Will HP consent to our motion? Please let me know ASAP.

Richard

1

DISCLAIMER

This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product.

If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

To ensure compliance with requirements imposed by U.S.
Treasury Regulations, Proskauer Rose LLP informs you that
any U.S. tax advice contained in this communication
(including any attachments) was not intended or written to
be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any
transaction or matter addressed herein.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message and its attachments are sent from a law firm
and may contain information that is confidential and
protected by privilege from disclosure. If you are not the
intended recipient, you are prohibited from printing,
copying, forwarding or saving them. Please delete the
message and attachments without printing, copying,
forwarding or saving them, and notify the sender
immediately.

# Exhibit C

**Subject:**   FW: HP Copeland v. Apotheker et al. and related cases

-----Original Message-----
From: Richard Greenfield [mailto:whitehatrdg@earthlink.net]
Sent: Thursday, February 13, 2014 9:03 PM
To: Schatz, Steven
Cc: Marc J. Sonnenfeld (msonnenfeld@morganlewis.com); Ralph C Ferrara (rferrara@proskauer.com); Jonathan E. Richman; Katherine Henderson; Shepherd Scott; Rose Luzon; Nathan Zipperian; Ilene Brookler
Subject: HP Copeland v. Apotheker et al. and related cases

Steve:

I discussed with Ralph and his various partners yesterday several alternate approaches to the issues of judicial assignment and relatedness. Although we attempted to carefully craft the recently-filed Copeland Complaint so that the claims alleged are not the same ones as are presently on appeal, there is certainly some overlapping. However, most significantly, we recognize that there are common fact patterns in the Consolidated Complaint before Judge Breyer, the Second Amended Complaint in Copeland I and the Complaint in Copeland II. In each case, the overriding common issue alleged is the HP Board's reckless acquisitions with Autonomy identified in each case as a notorious example thereof.

In order to alleviate any confusion, and particularly given the settlement discussions that are about to commence within the next few days, I suggested to Ralph yesterday that we agree to stay all the non-Autonomy related claims in Copeland II pending a decision by the 9th Circuit in Copeland I. We believe that the new non-Autonomy related claims will be appropriately preserved and HP should be more than willing to have Copeland II be litigated before Judge Breyer. After the 9th Circuit decides the pending appeal and/or the Autonomy-related claims are settled, we can collectively decide the appropriate course of action at that time, one alternative being severance of claims.

We continue to believe that this approach makes the most sense and minimally burdens the Court. One way or another, it seems to us, Mr. Copeland's Autonomy-related claims alleged in Copeland II will end up being before Judge Breyer. Were it not for the fact that all of the plaintiffs in the Consolidated case before Judge Breyer chose to argue that demand on HP's Board was excused and our Mr. Copeland made a pre-suit demand that was effectively rejected, diametrically conflicting legal theories, our client might well have moved to intervene in the Consolidated case. While this could still be done, we have tried to suggest a workable approach that is both simple and burdens everyone the least.

Since Ralph has referred me to you, I am addressing this email to you, whether or not you appear as counsel for HP in Copeland II.

Please get back to me ASAP. Obviously, if you and/or Ralph want to discuss this further, you know how to reach me.

Richard


On Feb 13, 2014, at 7:29 PM, Schatz, Steven wrote:

> Richard,
>

1

> Marc Sonnenfeld forwarded your email to me. We also understand, per the below, that you made a similar request to the Proskauer firm. Given the overwhelming overlap of issues, HP believes the latest complaint you have filed in the Copeland matter is clearly related to the previous complaints you have filed on behalf of Mr. Copeland. As such, we believe the case should be before Judge Davila. Based upon your email below, we presume you will not stipulate to such a motion. Please let me know promptly if that is not the case. Thank you.
>
> Steve
>
>
> -----Original Message-----
> From: Richman, Jonathan E. [mailto:jerichman@proskauer.com]
> Sent: Thursday, February 13, 2014 4:14 PM
> To: Richard Greenfield
> Cc: Schatz, Steven; Ferrara, Ralph C.
> Subject: RE: HP Copeland v. Apotheker et al.
>
> Dear Richard,
>
> We were just about to respond to you when we received the email below.
>
> We have considered your request to join in an Administrative Motion to relate Copeland II to Judge Breyer's Autonomy cases. Unfortunately, we cannot concur with your request.
>
> Local Rule 3-12 says that, when a party learns of an action that is "related to an action which is or was pending," that party "must promptly file" an Administrative Motion "in the earliest-filed case." Copeland I is clearly the earliest-filed case that relates to allegations in Copeland II. The possibility that Copeland I might not currently be pending (in light of your appeal) is irrelevant, inasmuch as Local Rule 3-12 applies to non-pending as well as to pending cases. We therefore believe that Copeland II belongs with Copeland I.
>
> We have spoken to Steve Schatz, at Wilson Sonsini, about our conclusion. You will need to talk to him about this matter.
>
> Best regards,
>
> Ralph and Jonathan
>
>
> ----- Original Message -----
> From: Richard Greenfield [mailto:whitehatrdg@earthlink.net]
> Sent: Tuesday, February 11, 2014 02:15 PM
> To: Sonnenfeld, Marc J.
> Cc: Shepherd Scott <sshepherd@sfmslaw.com>
> Subject: HP Copeland v. Apotheker et al.
>
> Marc:
>
> We will be filing an administrative motion to have this new action, the primary focus of which is the Board's acquisition practices including Autonomy, treated as a related case to the presently pending derivative suit focusing on the Autonomy acquisition.
>
> Will HP consent to our motion? Please let me know ASAP.
>

2

\> Richard
\>
\> DISCLAIMER
\> This e-mail message is intended only for the personal use of the recipient(s) named above.  This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product.
\> If you are not an intended recipient, you may not review, copy or distribute this message.  If you have received this communication in error, please notify us immediately by e-mail and delete the original message.
\> This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient.  Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited.  If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.
\>
\>
\>
\>
\> *********************************************************
\> To ensure compliance with requirements imposed by U.S.
\> Treasury Regulations, Proskauer Rose LLP informs you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
\>
\> *********************************************************

\> This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.
\>

# Exhibit D

**Subject:**                    FW: HP Copeland v. Apotheker et al. and related cases

-----Original Message-----
From: Richard Greenfield [mailto:whitehatrdg@earthlink.net]
Sent: Friday, February 14, 2014 4:46 AM
To: Schatz, Steven
Cc: Marc J. Sonnenfeld (msonnenfeld@morganlewis.com); Ralph C Ferrara (rferrara@proskauer.com); Jonathan E. Richman; Henderson, Katherine; Shepherd Scott; Rose Luzon; Nathan Zipperian; Ilene Brookler
Subject: Re: HP Copeland v. Apotheker et al. and related cases

Steve

I was surprised that you chose to file your motion without talking to me first.

We have several items to discuss including judicial assignment, a tolling agreement with your firm and whether issues need to be raised regarding the circumstances surrounding the retention of Andy Levander. I suggest that you call me as soon as you are able at 917-495-4446.

Richard


On Feb 14, 2014, at 12:14 AM, Schatz, Steven wrote:

> Richard
> You may call me at work as I am still here for a few minutes or subsequently at your convenience.. We believe that the case should be related to the earlier Copeland matters. That does not preclude us from discussing other issues that you mention. As I mentioned , we are filing a motion to that effect.
> Steve
>
> -----Original Message-----
> From: Richard Greenfield [mailto:whitehatrdg@earthlink.net]
> Sent: Thursday, February 13, 2014 9:03 PM
> To: Schatz, Steven
> Cc: Marc J. Sonnenfeld (msonnenfeld@morganlewis.com); Ralph C Ferrara (rferrara@proskauer.com); Jonathan E. Richman; Henderson, Katherine; Shepherd Scott; Rose Luzon; Nathan Zipperian; Ilene Brookler
> Subject: HP Copeland v. Apotheker et al. and related cases
>
> Steve:
>
> I discussed with Ralph and his various partners yesterday several alternate approaches to the issues of judicial assignment and relatedness. Although we attempted to carefully craft the recently-filed Copeland Complaint so that the claims alleged are not the same ones as are presently on appeal, there is certainly some overlapping. However, most significantly, we recognize that there are common fact patterns in the Consolidated Complaint before Judge Breyer, the Second Amended Complaint in Copeland I and the Complaint in Copeland II. In each case, the overriding common issue alleged is the HP Board's reckless acquisitions with Autonomy identified in each case as a notorious example thereof.
>

> In order to alleviate any confusion, and particularly given the settlement discussions that are about to commence within the next few days, I suggested to Ralph yesterday that we agree to stay all the non-Autonomy related claims in Copeland II pending a decision by the 9th Circuit in Copeland I. We believe that the new non-Autonomy related claims will be appropriately preserved and HP should be more than willing to have Copeland II be litigated before Judge Breyer. After the 9th Circuit decides the pending appeal and/or the Autonomy-related claims are settled, we can collectively decide the appropriate course of action at that time, one alternative being severance of claims.
>
> We continue to believe that this approach makes the most sense and minimally burdens the Court. One way or another, it seems to us, Mr. Copeland's Autonomy-related claims alleged in Copeland II will end up being before Judge Breyer. Were it not for the fact that all of the plaintiffs in the Consolidated case before Judge Breyer chose to argue that demand on HP's Board was excused and our Mr. Copeland made a pre-suit demand that was effectively rejected, diametrically conflicting legal theories, our client might well have moved to intervene in the Consolidated case. While this could still be done, we have tried to suggest a workable approach that is both simple and burdens everyone the least.
>
> Since Ralph has referred me to you, I am addressing this email to you, whether or not you appear as counsel for HP in Copeland II.
>
> Please get back to me ASAP. Obviously, if you and/or Ralph want to discuss this further, you know how to reach me.
>
> Richard
>
>
> On Feb 13, 2014, at 7:29 PM, Schatz, Steven wrote:
>
>> Richard,
>>
>> Marc Sonnenfeld forwarded your email to me. We also understand, per the below, that you made a similar request to the Proskauer firm. Given the overwhelming overlap of issues, HP believes the latest complaint you have filed in the Copeland matter is clearly related to the previous complaints you have filed on behalf of Mr. Copeland. As such, we believe the case should be before Judge Davila. Based upon your email below, we presume you will not stipulate to such a motion. Please let me know promptly if that is not the case. Thank you.
>>
>> Steve
>>
>>
>> -----Original Message-----
>> From: Richman, Jonathan E. [mailto:jerichman@proskauer.com]
>> Sent: Thursday, February 13, 2014 4:14 PM
>> To: Richard Greenfield
>> Cc: Schatz, Steven; Ferrara, Ralph C.
>> Subject: RE: HP Copeland v. Apotheker et al.
>>
>> Dear Richard,
>>
>> We were just about to respond to you when we received the email below.
>>
>> We have considered your request to join in an Administrative Motion to relate Copeland II to Judge Breyer's Autonomy cases. Unfortunately, we cannot concur with your request.
>>
>> Local Rule 3-12 says that, when a party learns of an action that is "related to an action which is or was pending," that party "must promptly file" an Administrative Motion "in the earliest-filed case." Copeland I is clearly the earliest-filed

2

case that relates to allegations in Copeland II.  The possibility that Copeland I might not currently be pending (in light of your appeal) is irrelevant, inasmuch as Local Rule 3-12 applies to non-pending as well as to pending cases.  We therefore believe that Copeland II belongs with Copeland I.
>>
>> We have spoken to Steve Schatz, at Wilson Sonsini, about our conclusion.  You will need to talk to him about this matter.
>>
>> Best regards,
>>
>> Ralph and Jonathan
>>
>>
>> ----- Original Message -----
>> From: Richard Greenfield [mailto:whitehatrdg@earthlink.net]
>> Sent: Tuesday, February 11, 2014 02:15 PM
>> To: Sonnenfeld, Marc J.
>> Cc: Shepherd Scott <sshepherd@sfmslaw.com>
>> Subject: HP Copeland v. Apotheker et al.
>>
>> Marc:
>>
>> We will be filing an administrative motion to have this new action, the primary focus of which is the Board's acquisition practices including Autonomy, treated as a related case to the presently pending derivative suit focusing on the Autonomy acquisition.
>>
>> Will HP consent to our motion? Please let me know ASAP.
>>
>> Richard
>>
>> DISCLAIMER
>> This e-mail message is intended only for the personal use of the recipient(s) named above.  This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product.
>> If you are not an intended recipient, you may not review, copy or distribute this message.  If you have received this communication in error, please notify us immediately by e-mail and delete the original message.
>> This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient.  Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited.  If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.
>>
>>
>>
>>
>> **********************************************************
>> To ensure compliance with requirements imposed by U.S.
>> Treasury Regulations, Proskauer Rose LLP informs you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
>>
>> **********************************************************
>> This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying,

3

forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.
>>
>

4