**Exhibit A**

STEVEN M. SCHATZ, State Bar No. 118356
sschatz@wsgr.com
KATHERINE L. HENDERSON, State Bar No. 242676
khenderson@wsgr.com
BRYAN J. KETROSER, State Bar No. 239105
bketroser@wsgr.com
BRIAN DANITZ, State Bar No. 247403
bdanitz@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

MARC J. SONNENFELD (*Pro Hac Vice*)
msonnenfeld@morganlewis.com
KAREN A. PIESLAK POHLMANN (*Pro Hac Vice*)
kpohlmann@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: (215) 963-5000
Facsimile: (215) 963-5001

Attorneys for Nominal Defendant
HEWLETT-PACKARD COMPANY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.J. COPELAND,<br><br>     Plaintiff,<br><br>     v.<br><br>RAYMOND J. LANE, GARY REINER, LÉO APOTHEKER, MEG WHITMAN, SHUMEET BANERJI, PATRICIA RUSSO, DOMINIQUE SENEQUIER, G. KENNEDY THOMPSON, MARK V. HURD, MARC L. ANDREESSEN, SARI M. BALDAUF, RAJIV L. GUPTA, LAWRENCE T. BABBIO, JR., JOHN H. HAMMERGREN, JOEL Z. HYATT, JOHN R. JOYCE, LUCILLE S. SALHANY, and ROBERT L. RYAN,<br><br>     Defendants,<br><br>     – and –<br><br>HEWLETT-PACKARD COMPANY,<br><br>Nominal Defendant. | CASE NO.: 5:11-cv-01058-EJD<br><br>**NOMINAL DEFENDANT HEWLETT-PACKARD COMPANY'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

| | | |
|---|---|---|
| **This motion also relates to:** ) | | |
| A.J. COPELAND, ) | CASE NO.: 3:14-cv-00622-DMR | |
| Plaintiff, ) | | |
| v. ) | | |
| LÉO APOTHEKER; MARGARET C. WHITMAN; RAYMOND J. LANE; MARC L. ANDREESSEN; SHUMEET BANERJI; RAJIV L. GUPTA; JOHN H. HAMMERGREN; ANN M. LIVERMORE; GARY M. REINER; PATRICIA F. RUSSO; G. KENNEDY THOMPSON; RAYMOND E. OZZIE; JAMES A. SKINNER; ROBERT R. BENNETT; RALPH V. WHITWORTH; and MICHAEL R. LYNCH, ) | | |
| Defendants, ) | | |
| – and – ) | | |
| HEWLETT-PACKARD COMPANY, ) | | |
| Nominal Defendant. ) | | |

Pursuant to Civil Local Rules 3-12 and 7-11, Nominal Defendant Hewlett-Packard Company ("HP" or the "Company") hereby moves to have *Copeland v. Apotheker, et al.*, No. 3:14-cv-00622-DMR, filed on February 10, 2014 ("*Copeland II*"), related to *Copeland v. Lane, et al.*, Case No. 5:11-cv-01058-EJD, filed on March 7, 2011 ("*Copeland I*").[1]

Civil L.R. 3-12(b) provides:

> Whenever a party knows or learns that an action, filed in or removed to this district is (or the parties believes that the action may be) related to an action which <u>is or was pending</u> in this District as defined in Civil L.R. 3-12(a), the party must promptly file in the <u>earliest-filed case</u> an Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civil L.R. 7-11.

(emphasis added).[2] In turn, Civil L.R. 3-12(a) states that relation is proper where: "(1) The actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Both prongs are more than satisfied here.

In fact, the two actions are largely identical, involving substantially the same parties, transactions and events. Both cases are derivative actions purportedly brought on behalf of nominal defendant HP against various officers and directors.[3] They are brought by the same

---

[1] Plaintiff's counsel, Richard Greenfield, has indicated his intention to move to have *Copeland II* related to *In re Hewlett-Packard Co. Shareholder Derivative Litig.*, No. C-12-6003-CRB, pending before Judge Breyer. *See* Ex. A to Declaration of Brian Danitz.

[2] Relation is proper notwithstanding the fact that *Copeland I* presently is on appeal to the Ninth Circuit, this Court having dismissed plaintiff's Second Amended Complaint, because Civil L.R. 3-12(b) provides for relation where an action pending in this District is related to another action which "is or was pending" in this District.

In any event, the Ninth Circuit repeatedly has held that a case on appeal remains "pending" in the district court. *See, e.g.*, *Beverly Cmty. Hosp. Ass'n v. Belshe*, 132 F.3d 1259, 1264 (9th Cir. 1997) (federal statute enacted while case on appeal applied because case still "pending"); *Karn v. United States*, 158 F.2d 568, 573 (9th Cir. 1946) (federal rules of criminal procedure applicable only to "pending cases" and enacted while case was on appeal would apply to remanded case because case on appeal is still "pending"). In fact, Judge Alsup recently ordered cases related where, as here, the earlier-filed action was on appeal to the Ninth Circuit. *See* Notice of Related Case, *Chu v. Tribal Techs., Inc.*, No. 4:12-cv-5306-KAW (N.D. Cal. Nov. 8, 2012), ECF No. 4; Related Case Order, *Chu v. Tribal Techs., Inc.*, No. 4:12-cv-5306-KAW (N.D. Cal. Nov. 21, 2012), ECF No. 19.

[3] *Copeland II* names nine of the same individual defendants as *Copeland I* (Raymond J. Lane, Léo Apotheker, Meg Whitman, Shumeet Banerji, Patricia Russo, G. Kennedy Thompson, Marc. L. Andreessen, Rajiv L. Gupta, and John H. Hammergren). *Copeland II* also drops nine of the individuals named in *Copeland I* (Gary Reiner, Dominique Senequier, Mark V. Hurd, Sari M.

(continued...)

shareholder, A.J. Copeland. In both actions, Mr. Copeland alleges that his demands against HP's Board of Directors were wrongfully refused. Both actions cite demands made by Mr. Copeland dating back to August 23, 2010, requesting that HP's Board bring the very claims alleged in both actions. Whether or not Mr. Copeland's demands were wrongfully refused (the initial standing question that must be addressed in *Copeland II*) was already addressed by this Court in *Copeland I*, which found that Copeland had not adequately alleged such wrongful refusal.

With respect to "transaction[s] or event[s]," as shown in the attached chart, the vast majority of allegations in *Copeland II* are essentially a rehash of the allegations made in *Copeland I*. *See* Ex. B to Declaration of Brian Danitz.[4] For example both actions allege:

- A "Hurd-Fisher Scandal" involving claims of sexual harassment against HP's former CEO Mark Hurd (*compare Copeland I* ¶¶ 119-127, *with Copeland II* ¶¶ 50, 52, 84, 86, 154, 162).

- HP's supposed lack of a CEO succession plan (*compare Copeland I* ¶¶ 102, 105, 238, *with Copeland II* ¶¶ 44, 227).

- "Reckless" corporate acquisitions including 3Par (*compare Copeland I* ¶¶ 17-18, 96, 141-150, *with Copeland II* ¶¶ 78-87).

- "Bribery, Kickbacks and Illegal Rebates" (*compare Copeland I* ¶¶ 128-140, *with Copeland II* ¶¶ 121-125).

- HP's Proxy Statements since 2010 have been false and misleading for, *inter alia*:

    o Omission of pending and previous litigation involving director nominees (*compare Copeland I* ¶¶ 46, 51, *with Copeland II* ¶ 131);

    o Omission of information regarding nominees' competence, accountability, and effectiveness (*compare Copeland I* ¶¶ 48-49, *with Copeland II* ¶¶ 134, 140); and

    o Omission of HP's supposedly-deficient internal controls that "should have been obvious" to E&Y and the Board's Audit Committee, and E&Y's supposed failure to perform its audits of the Company in conformity with

---

(...continued from previous page)
Baldauf, Lawrence T. Babbio, Jr., Joel Z. Hyatt, John R. Joyce, Lucille S. Salhany, and Robert L. Ryan), and adds seven new individuals (Ann M. Livermore, Gary M. Reiner, Raymond E. Ozzie, James A. Skinner, Robert R. Bennett, Ralph V. Whitworth, Michael R. Lynch).

[4] *Copeland II* asserts in a footnote that "To the extent that facts are alleged herein which overlap with those alleged in *Copeland I*, the reason therefor is to supply appropriate context for wrongdoing. The claims alleged herein are not duplicative of those alleged in *Copeland I*." *Copeland II* ¶ 10 n.1. Yet *Copeland II* makes no serious effort to differentiate those recycled allegations which supposedly are provided as mere "context" from those which purportedly support non-"duplicative" claims.

ADMIN. MOT. TO CONSIDER WHETHER TO RELATE CASE NOS. 5:11-CV-01058-EJD AND 3:14-CV-00622-DMR

2

Generally Accepted Accounting Standards ("GAAS") (*compare Copeland I* ¶¶ 54-55, 64, 67, *with Copeland II* ¶¶ 145, 149-150, 158).[5]

Even the counts in the two actions are virtually identical:

- A direct Section 14(a) claim (*Copeland I* Count I; *Copeland II* Count I);

- A derivative Section 14(a) claim (*Copeland I* Count II; *Copeland II* Count II);

- A derivative "Breach of Fiduciary Duty and Waste of Corporate Assets" claim (*Copeland I* Count III; *Copeland II* Count IV);

- A derivative unjust enrichment claim (*Copeland I* Count IV; *Copeland II* Count V); and

- A derivative "Breach of the Duty of Candor" claim (*Copeland I* Count V; *Copeland II* Count VI).[6]

The only genuine substantive difference between the allegations in *Copeland I* and *Copeland II* is that the latter includes allegations pertaining to the Company's acquisition of Autonomy and subsequent writedown. *Copeland II* ¶¶ 88-120. When plaintiff previously tried to add these Autonomy-related allegations to *Copeland I*, he asserted that they were "within the scope of the conduct already included within Plaintiff's [August 2010] demands." *Copeland I* TAC ¶¶ 196, 225. This Court properly denied plaintiff's request (ECF No. 129 at 9-10), but that decision is one of the issues currently on appeal. Furthermore, this Court's Order was entered in May 2013; rather than promptly commence further proceedings, plaintiff chose to wait more than nine months before filing this duplicative action which would – if plaintiff gets his way – require Judge Breyer to adjudicate the entire gamut of issues already decided by this Court. Obviously, this would run the risk of inconsistent determinations, and would be extremely burdensome, as it would require a second judge in this District to rule on the same complex issues. Plaintiff's bald attempt to get a second bite at the apple should not be countenanced.

Because *Copeland I* and *Copeland II* arise from substantially the same alleged facts and circumstances and will involve the same issues of standing, it is likely that there will be both an

---

[5] *Copeland II* alleges that "HP's 2013 and 2014 Proxy Statements" – the two proxies filed since plaintiff filed his Second Amended Complaint in *Copeland I* – "read like every previous proxy statement." *Copeland II* ¶ 135.

[6] *Copeland II* adds a single derivative claim alleging a violation of Section 10(b) (*Copeland II* Count III).

unduly burdensome duplication of labor and expense and a danger of conflicting results if these cases are conducted before different judges. Assignment of the case to the same judge that decided *Copeland I*, who is already familiar with plaintiff's allegations and the procedural status of *Copeland I*, is likely to conserve judicial resources.

Accordingly, HP respectfully requests that the Court relate *Copeland II* to *Copeland I*.

Dated: February 13, 2014

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
PROFESSIONAL CORPORATION
STEVEN M. SCHATZ
KATHERINE L. HENDERSON
BRYAN KETROSER
BRIAN DANITZ

By: _____/s/_____
STEVEN M. SCHATZ

650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

*Attorneys for Nominal Defendant
Hewlett-Packard Company*