ROBERT C. SCHUBERT (S.B.N. 62684)
WILLEM F. JONCKHEER (S.B.N. 178748)
SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, California  94111
Telephone:      (415) 788-4220
Facsimile:       (415) 788-0161
rschubert@schubertlawfirm.com
wjonckheer@schubertlawfirm.com

JEFFREY M. NORTON
ROY SHIMON
NEWMAN FERRARA LLP
1250 Broadway, 27th Floor
New York, New York 10001
Telephone:      (212) 619-5400
Facsimile:       (212) 619-3090

*Counsel for Proposed Intervenor Vincent Ho*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE HEWLETT-PACKARD COMPANY SHAREHOLDER DERIVATIVE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>    ALL ACTIONS | **Master File No. C-12-6003-CRB**<br><br>**NOTICE OF MOTION AND MOTION OF STATE COURT DERIVATIVE PLAINTIFF VINCENT HO TO INTERVENE FOR THE LIMITED PURPOSE OF AMENDING THE PROPOSED SETTLEMENT NOTICE AND FILING A MOTION FOR AN AWARD OF ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:           August 25, 2014<br>Time:          9:30 a.m.<br>Dept.:          Courtroom 6, 17th Floor<br>Judge:         Hon. Charles R. Breyer |

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 25, 2014, at 9:30 a.m., or as soon thereafter as the matter may be heard in the Courtroom of the Honorable Charles R. Breyer, interested party Vincent Ho ("Ho"), plaintiff in a pending state court shareholder derivative action on behalf of nominal defendant Hewlett-Packard Company ("HP") captioned *Ho v. Whitman, et al.*, No. 519336 (San Mateo County Superior Court) (the "San Mateo Action"), will move this Court to intervene in this action for the limited purpose of (a) amending the proposed Notice of Proposed Settlement of Shareholder Derivative Action and of Hearing prior to its dissemination to HP shareholders, and (b) filing a motion for an award of attorneys' fees in connection with final approval of the proposed settlement of this case now before the Court. This motion is made pursuant to Rule 24 of the Federal Rules of Civil Procedure, and is based on the included Memorandum of Points and Authorities, the Declaration of Willem F. Jonckheer ("Jonckheer Decl."), filed herewith, and any arguments and evidence as may be presented at the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pending before the Court is the motion of plaintiff Stanley Morrical for preliminary approval of the Stipulation of Settlement, dated June 30, 2014 (the "Stipulation"). The Stipulation seeks to resolve shareholder claims arising out of HP's acquisition of Autonomy Corporation plc ("Autonomy") in 2011, including all related claims filed in separate actions and courts. *See* Stipulation (Dkt. #149-2, ¶¶61-64, III.E.1). Among the actions the Stipulation seeks to resolve are "claims made in related litigation pending in … state court in San Mateo, California …," in which Ho is the named plaintiff. *See* Notice of Proposed Settlement of Shareholder Derivative Action and of Hearing ("Proposed Notice") (Dkt. #149-2, Ex. C, p. 4).

According to the Stipulation, the benefits provided by the settlement are (a) the adoption and consideration by HP of certain "Governance Revisions," which "confer substantial material benefits" on HP "through further enhancement of [its] merger and acquisition policies and procedures," and (2) the retention, through an engagement letter, of settling plaintiffs' counsel,

1 Cotchett, Pitre & McCarthy LLP and Robbins Geller Rudman & Dowd LLP, to assist HP in pursuing claims against certain Autonomy-related officials. Stipulation, II.F.2, III.A.4.

Ho's counsel participated in the mediation process that ultimately led to the settlement, and, in particular, contributed to the creation of the Governance Revisions. These Governance Revisions form part of the basis for the settling plaintiffs' counsel's attorneys' fees described in the Stipulation. *See* Declaration of Retired United States District Judge Vaughn R. Walker in Connection with Proposed Settlement of Action ("Walker Decl."), ¶14 ("The model [for attorneys' fees] that the parties discussed was (and is) intended to compensate [settling plaintiffs' counsel] both for their contributions to the governance revisions that HP has adopted and will consider in the future" and for their "expected role" in the assertion of future claims) (Dkt. #149-1); *see* Jonckheer Decl. ¶¶11-17. Accordingly, Ho intends to move for an award of attorneys' fees in connection with final approval of the settlement for *his* counsel's role in achieving the Governance Revisions under the "substantial benefit" doctrine. *See, e.g., In re Rambus Inc. Derivative Litig.*, 2009 WL 166689, at *3 (N.D. Cal. Jan. 20, 2009).

Consistent with due process and Federal Rule of Civil Procedure 23.1, the Proposed Notice must be revised to apprise HP shareholders of Ho's intended fee application, and to more thoroughly describe the Governance Revisions upon which Ho's request for an award of attorneys' fees will be based. Thus, under Federal Rule of Civil Procedure 24, Ho seeks to intervene in this action for the limited purpose of revising the Proposed Notice, and to file a duly noticed motion for an award of attorneys' fees in connection with final approval of the settlement. *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 472 (9th Cir. 1992) (a non-party seeking to intervene need not intervene as full party to the litigation, but may intervene for a limited purpose).

## I. Relevant Summary of the San Mateo Action and Settlement Efforts.

Like this action, the San Mateo Action is brought derivatively on behalf of HP against certain of its current and former officers and directors concerning the Autonomy acquisition. *See* Jonckheer Decl., Ex. A. Ho filed his action in January 2013, and agreed to stay it in April 2013 in deference to this action, in exchange for, among other things, HP's agreement to provide certain

Notice of Motion and Motion of State Court Derivative Plaintiff Vincent Ho to Intervene for the Limited Purpose of Amending the Proposed Settlement Notice and Filing a Motion for an Award of Attorneys' Fees; Memorandum of Points and Authorities in Support Thereof
Master File No. C-12-6003-CRB

2

information and documents regarding the claims, and its best efforts to include Ho in any mediation concerning derivative claims related to those asserted by Ho. *Id*. ¶¶3-5 & Ex. B.

In June 2013, Ho's counsel met with counsel for HP's Independent Committee of the Board (the "Committee") in New York, where the Committee's mission and plans with respect to Autonomy-related claims were discussed. *Id.* ¶6. Then, in late January 2014, Ho's counsel was invited to participate in mediation in San Francisco with Judge Walker. *Id. ¶*7. On February 21, 2014, Ho's counsel met with Committee counsel and counsel for plaintiffs in certain related shareholder derivative actions pending in Santa Clara County (the "Santa Clara Actions") for a detailed presentation concerning the Committee's findings and recommendations. *Id.* ¶8 Subsequently, on February 24th and 25th, Ho's counsel participated in mediation sessions to discuss settlement. *Id.* ¶9; Walker Decl. ¶11. Ho's counsel participated in additional mediation sessions on March 11th and 12th. Jonckheer Decl. ¶10; Walker Decl. ¶11. To Ho's counsel's knowledge, the Governance Revisions (of which Ho's counsel is in possession) were finalized at the March 12th mediation session, in which Ho's counsel participated.

Ho's counsel was not a party to subsequent mediation sessions that resulted in the engagement letter with settling plaintiffs' counsel described in the Stipulation. *See* Walker Decl. ¶¶14-15. However, in recognition of Ho's counsel's contribution to the Governance Revisions, HP agreed to a separate mediation with Ho's counsel concerning their attorneys' fees. Jonckheer Decl. ¶18. That mediation occurred on June 13, 2014 with Judge Walker in San Francisco, but no agreement could be reached. *Id.* The parties to that mediation understood that, in the absence of the consensual resolution of the amount of Ho's counsel's attorneys' fees, Ho's counsel would make their own, separate application in this Court for an award of attorneys' fees. *Id.*

## II. Ho is Entitled to Intervene as a Matter of Right.

Pursuant to Federal Rule of Civil Procedure 24(a)(2), Ho moves to intervene in this action as a matter of right for the limited purpose of amending the Proposed Notice and filing a motion for attorneys' fees. Rule 24(a)(2) is construed "broadly" and "liberally" in favor of intervening applicants. *U.S. ex rel. McGough v. Covington Technologies, Co.*, 967 F.2d 1394 (9th Cir. 1992);

Notice of Motion and Motion of State Court Derivative Plaintiff Vincent Ho to Intervene for the Limited Purpose of Amending the Proposed Settlement Notice and Filing a Motion for an Award of Attorneys' Fees; Memorandum of Points and Authorities in Support Thereof
Master File No. C-12-6003-CRB

3

*Scotts Valley Band of Pomo Indians v. United States*, 921 F.2d 924, 926 (9th Cir. 1990); *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001). In addition to mandating such broad construction, courts evaluating a proposed intervention are "guided primarily by practical considerations, not technical distinctions." *Sw. Ctr. for Biological Diversity*, 268 F.3d at 818 (internal citation omitted). Thus, absent sham, frivolity, or other objections, courts are to take all well-pleaded, non-conclusory allegations in the intervention motion as true. *Id.* at 820.

The Ninth Circuit has long applied a four-part test to determine whether an applicant may intervene as a matter of right under Rule 24(a)(2):

(a) the application is timely;

(b) the proposed intervenor has a "significantly protectable" interest relating to the property or transaction that is the subject of the action;

(c) the proposed intervenor is so situated that the disposition of the action may, as a practical matter, impair or impede the intervenor's ability to protect that interest; and

(d) the existing parties inadequately represent the proposed intervenor's interest.

*Id.* at 817. Ho easily meets the four requirements of this test.

a. <u>Ho's Intervention is Timely.</u>

Timeliness is "the threshold question" in a motion for intervention. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (citations omitted). However, "[t]imeliness is a flexible concept; its determination is left to the district court's discretion." *In re Novatel Wireless Sec. Litig.*, 2014 WL 2858518, at *3 (S.D. Cal. June 23, 2014). Three criteria are traditionally considered in determining whether a motion is timely: (i) the stage of proceedings; (ii) whether the parties would be prejudiced; and (iii) the reason for any delay in moving to intervene. *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836-37 (9th Cir. 1996).

Where, as here, a proposed intervenor seeks intervention regarding a proposed settlement, "timeliness generally is measured from the date the proposed intervenor received notice that the proposed settlement was contrary to its interest." *In re Novatel Wireless Sec. Litig.*, 2014 WL 2858518, at *3 (citing *Glass v. UBS Fin. Serv., Inc.,* 2007 WL 474936, at *3 (N.D. Cal. Jan. 17,

Notice of Motion and Motion of State Court Derivative Plaintiff Vincent Ho to Intervene for the Limited Purpose of Amending the Proposed Settlement Notice and Filing a Motion for an Award of Attorneys' Fees; Memorandum of Points and Authorities in Support Thereof
Master File No. C-12-6003-CRB

4

2007)); *United States v. Carpenter*, 298 F.3d 1122, 1125 (9th Cir. 2002) (finding motion to intervene timely where proposed intervenors "acted as soon as they had notice that the proposed settlement was contrary to their interests").

Ho's intervention motion is unquestionably timely under these standards, as he sought to intervene and revise the Proposed Notice prior to the Court's ruling on preliminary approval of the settlement. Indeed, the earliest Ho could have learned that the Proposed Notice was inadequate was June 30, 2014, when the preliminary approval motion was filed with this Court. Ho has acted promptly in moving to intervene, without delay. *See California Dept. of Toxic Substances Control v. Commercial Realty Projects*, 309 F.3d 1113, 1120 (9th Cir. 2002) (a party seeking to intervene "must act as soon as he knows or has reason to know that his interests might be adversely affected by the outcome of the litigation"). That the parties to this action have reached a proposed settlement does not detract from the timeliness of this motion. *See In re Novatel Wireless Sec. Litig.*, 2014 WL 2858518, at *3 (finding it "understandable" that proposed intervenor who objected to a proposed settlement had not sought intervention until a late stage of the proceedings); *Carpenter*, 298 F.3d at 1125 (a proposed intervenor is not untimely merely because the parties expended a significant amount of time accomplishing the settlement).

Lastly, intervention and the limited relief Ho requests – amending the Proposed Notice and the filing of his own motion for attorneys' fees – will not prejudice the parties. *See In re Novatel Wireless Sec. Litig.*, 2014 WL 2858518, at *4 ("merely allowing Movant to voice his concerns and objections to the Settlement on the record would not necessarily prejudice the current Parties"); *United States v. Union Elec. Co.*, 64 F.3d 1152, 1159 (8th Cir. 1995) (the question is whether the existing parties may be prejudiced by the delay in moving to intervene, "not whether the intervention itself will cause the nature, duration or disposition of the lawsuit to change").

Ho had no reason to intervene prior to the filing of the motion for preliminary approval, and Ho promptly moved to intervene within a short time thereafter. Furthermore, because Ho's motion to intervene is set to be heard by this Court along with the pending motion for preliminary approval, Ho's intervention will not delay or disrupt the proceedings. Regardless, consistent with

Notice of Motion and Motion of State Court Derivative Plaintiff Vincent Ho to Intervene for the Limited Purpose of Amending the Proposed Settlement Notice and Filing a Motion for an Award of Attorneys' Fees; Memorandum of Points and Authorities in Support Thereof
Master File No. C-12-6003-CRB                                                                                                              5

Federal Rule of Civil Procedure 23.1(c) and due process, it is in the interests of HP and its shareholders that the Proposed Notice disclose Ho's counsel's intended fee application and more thoroughly discuss the Governance Revisions upon which Ho's fee application will be based.

b. <u>Ho Has a Cognizable Interest in This Action.</u>

To merit intervention, a movant must demonstrate a "significantly protectable interest" in the lawsuit. *Nw. Forest Res. Council*, 82 F.3d at 837. Where an intervenor can demonstrate an interest that is protected by law and there is a relationship between such interest and the claims at issue, this factor is satisfied. *Id.*; *In re Novatel Wireless Sec. Litig.*, 2014 WL 2858518, at *5. The relationship requirement is satisfied where the resolution of the claims affects the proposed intervenor. *Donnelly v. Glickman*, 159 F.3d 405, 410 (9th Cir. 1998).

Here, Ho asserts a direct, substantial, and legally protectable interest. *See* Fed. R. Civ. Proc. 23.1. The property and transaction at issue in this matter is HP's right to recover from defendants for their breaches of fiduciary duties, and the consideration offered in settlement. As the proposed Stipulation purports to release and resolve all of Ho's asserted claims against the defendants on behalf of HP, currently stayed in the San Mateo Court, Ho undoubtedly maintains a "significantly protectable interest" in this action and the proposed settlement. *See In re Novatel Wireless Sec. Litig.*, 2014 WL 2858518, at *5; *S.E.C. v. Navin*, 166 F.R.D. 435 (N.D. Cal. 1995).

Additionally, because the Proposed Notice does not disclose Ho's counsel's intended fee application for contributing to the Governance Revisions, it is inadequate under Federal Rule of Civil Procedure 23.1(c) and due process. Thus, approving the current Proposed Notice will result in unnecessary and wasteful expenses to HP, which bears all notice costs and on whose behalf Ho's pending derivative action is filed. Stipulation, III.C.1.

c. <u>Disposition of This Action Will Impair Ho's Ability to Protect His Interests.</u>

As the proposed settlement seeks to extinguish all of Ho's claims raised in the San Mateo Action, it is equally unquestionable that Ho "is so situated that the disposition of the action" will "impair…[his] ability to protect" his interests. Fed. R. Civ. Proc. 24(a)(2); *See* Stipulation ¶¶61-64, III.E.1; Proposed Notice, p. 4. Indeed, barring intervention in this action to amend the Proposed

Notice of Motion and Motion of State Court Derivative Plaintiff Vincent Ho to Intervene for the Limited Purpose of Amending the Proposed Settlement Notice and Filing a Motion for an Award of Attorneys' Fees; Memorandum of Points and Authorities in Support Thereof
Master File No. C-12-6003-CRB

6

Notice to reflect matters relating to Ho's counsel's forthcoming fee application, Ho may have no further recourse. Therefore, Ho satisfies this requirement. *See, e.g., Sw. Ctr. for Biological Diversity*, 268 F.3d at 820 (quoting Fed. R. Civ. Proc. 24 advisory committee's notes).

    d. <u>Ho's Interests are Not Adequately Represented by the Federal Plaintiff and HP.</u>

None of the existing parties adequately represent Ho's interests. The Ninth Circuit considers three factors in determining adequacy of representation: (i) whether the interest of a present party is such that the party will undoubtedly raise the same arguments as the intervenor; (ii) whether the present parties are capable and willing to make such arguments; and (iii) whether the intervenor would offer any necessary elements to the proceedings that the existing parties would neglect. *People of State of California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986). The proposed intervenor need only make a "minimal showing" that representation of its interests by the current parties may be inadequate. *Id.*

Here, none of the existing parties to this action have requested the limited relief which Ho seeks to accomplish – an amended Proposed Notice disclosing to HP's shareholders Ho's counsel's intended fee application and a more descriptive statement of the Governance Revisions – nor have they indicated a willingness to modify the Proposed Notice. Additionally, the revisions Ho proposes to the Proposed Notice, described below, benefit the settlement proceedings by ensuring that notice complies with Federal Rule of Civil Procedure 23.1(c) and due process. Thus, Ho satisfies this "minimal showing" threshold.

### III.    <u>Alternatively, Intervention is Proper under Federal Rule of Civil Procedure 24(b).</u>

Permissive intervention under Federal Rule of Civil Procedure 24(b) is appropriate upon "timely motion" where the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact."[1] Like Rule 24(a)(2), Rule 24(b) is also construed

---

[1]  *See Beckman Indus., Inc.*, 966 F.2d at 473 (excusing requirement of "an independent ground for jurisdiction" where, as here, proposed intervenors did not seek to litigate a claim on the merits). In any event, pursuant to 28 U.S.C. § 1332(a)(1), Ho's satisfies the independent jurisdictional basis element.

Notice of Motion and Motion of State Court Derivative Plaintiff Vincent Ho to Intervene for the Limited Purpose of Amending the Proposed Settlement Notice and Filing a Motion for an Award of Attorneys' Fees; Memorandum of Points and Authorities in Support Thereof
Master File No. C-12-6003-CRB   7

liberally in favor of intervention. *See Zepeda v. PayPal, Inc.*, 2014 WL 1653246, at *3 (N.D. Cal. Apr. 23, 2014). "The decision to grant or deny this type of intervention is discretionary, subject to considerations of equity and judicial economy." *Garza v. County of Los Angeles*, 918 F.2d 763, 777 (9th Cir. 1990).

As demonstrated above, Ho's motion to intervene is undoubtedly timely. Additionally, it cannot be disputed that Ho, as the named plaintiff in the San Mateo Action, which is brought derivatively on behalf of HP and against certain of its current and former officers and directors, shares with this action "a common question of law or fact" under Federal Rule of Civil Procedure 24(b). *See* Jonckheer Decl., Ex. B (Stipulation and Order Staying Proceedings in the San Mateo Action, entered 4/22/13, reciting that the San Mateo Action "concerns the same parties, claims, and subject matter as the earlier-filed Federal Derivative Action…").

Lastly, also demonstrated above, the current parties to this action cannot claim any prejudice from permitting Ho's limited intervention to amend the Proposed Notice and file an attorneys' fees motion, and certainly cannot demonstrate that they would be "unduly prejudiced." *See* Fed. R. Civ. Proc. 24(b)(3); *No Casino in Plymouth v. U.S. Dep't of Interior*, 2013 WL 5159011, at *2 (E.D. Cal. Sept. 12, 2013). Accordingly, even if Ho were not entitled to intervene as a matter of right, Ho should be permitted to permissively intervene under Rule 24(b), as his intervention "will contribute to a full, just, and equitable adjudication" of all settlement issues. *Bouchard v. Winstar Mortg. Partners, Inc.*, 2010 WL 3168414, at *4 (S.D. Cal. Aug. 10, 2010).

### IV. To Comply with Federal Rule of Civil Procedure 23.1 and Due Process, the Proposed Notice Must Be Amended.

Under the circumstances of this case, the current Proposed Notice is inadequate. Fed. R. Civ. Proc. 23.1(c); *Miller v. Republic Nat. Life Ins. Co.*, 559 F.2d 426, 429 (5th Cir. 1977). A shareholder derivative settlement notice, like a class action settlement notice, "must present a fair recital of the subject matter and of the proposed terms." *Ravens v. Iftikar*, 174 F.R.D. 651, 655 (N.D. Cal. 1997) (citing *Miller*). The rationale behind robust disclosure is simple, as "[s]uch detailed notice is necessary to provide the shareholders with sufficient information for them to

Notice of Motion and Motion of State Court Derivative Plaintiff Vincent Ho to Intervene for the Limited Purpose of Amending the Proposed Settlement Notice and Filing a Motion for an Award of Attorneys' Fees; Memorandum of Points and Authorities in Support Thereof
Master File No. C-12-6003-CRB      8

1 make a rational decision whether they should intervene in the settlement approval procedure."
2 *Ravens*, 174 F.R.D. at 655 (citations omitted); *see also Maher v. Zapata Corp.*, 714 F.2d 436, 450-
3 53 (5th Cir. 1983); *Bell Atl. Corp. v. Bolger*, 2 F.3d 1304, 1317-18 (3d Cir. 1993) ("To satisfy due
4 process, the notice must be sufficiently informative").

5 Thus, in evaluating the settlement, HP's shareholders must be afforded suitable notice of Ho's attorneys' anticipated fee application under the "substantial benefit" doctrine for contributing to the Governance Revisions, as well as an opportunity to voice any objections to such requested amounts before the Court rules on Ho's counsel's fee application. *See, e.g., Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993). Furthermore, the Governance Revisions must be adequately described in the Proposed Notice because they will comprise the primary basis of Ho's attorneys' fees application. *See Bacas v. Way*, 2008 WL 746825, at *1 (S.D. Tex. Mar. 20, 2008) (finding that settlement notice in derivative action was "sufficient" where shareholders received detailed information about the claims alleged, the parties' litigation and mediation efforts, the corporate governance reforms obtained as relief, the proposed release of claims, instructions on how to object to the settlement, information about plaintiffs' counsel's requested attorneys' fees, information about the final hearing, and instructions on how to obtain a copy of case documents).

Ho's counsel understands that the Governance Revisions have been provided to the Court with a request that they be kept under seal due to their competitively sensitive nature. *See* Dkt. #150. In light of these concerns, rather than full disclosure of the Governance Revisions, Ho proposes that the notice generally describe the reforms by including settling plaintiffs' counsel own public description of the reforms, as set forth in their preliminary approval motion.

Accordingly, Ho proposes that the Proposed Notice be revised to include the following statements regarding the Governance Revisions, and Ho counsel's attorneys' fees application:

- <u>Under the terms of the Settlement, HP is in the process of implementing certain enhancements to its policies and procedures for evaluating potential mergers and acquisitions. These enhancements provide for greater involvement in the M&A process by the Finance and Investment Committee as well as the Technology Committee of the Board. The due diligence process would be enhanced, with additional training for persons taking part in the company's due-</u>

Notice of Motion and Motion of State Court Derivative Plaintiff Vincent Ho to Intervene for the Limited Purpose of Amending the Proposed Settlement Notice and Filing a Motion for an Award of Attorneys' Fees; Memorandum of Points and Authorities in Support Thereof
Master File No. C-12-6003-CRB                                                                                                   9

diligence efforts and due-diligence plans subject to greater oversight. There would be additional and enhanced oversight for larger transactions by key members of management who will form a newly chartered Risk Management Committee. And there would be periodic board- and management-level review of the company's processes for evaluating, reviewing, and approving mergers and acquisitions, including the criteria for considering potential M&A partners.

(to be inserted under the "THE SETTLEMENT TERMS" heading)[2]

- Counsel for derivative plaintiff in the related shareholder derivative action pending in San Mateo Superior Court (captioned *Ho v. Whitman, et al.*, Case No. 519336) will seek an award of attorneys' fees and expenses not to exceed $1,750,000, to be paid by HP, for their contributions in obtaining the Governance Revisions for the benefit of HP.

(to be inserted under the "ATTORNEYS' FEES AND EXPENSES; SERVICE AWARD" heading)

Ho additionally requests that his attorneys be added to the list of counsel in the Proposed Notice to whom settlement objections shall be directed (under the "YOUR RIGHT TO OBJECT AND APPEAR" heading). An amended Proposed Notice reflecting these revisions is attached as Exhibit A to the proposed order (a redline version thereof is included as Jonckheer Decl. Ex. C).

## V.     Conclusion.

For all of the foregoing reasons, proposed intervenor Ho respectfully requests that the Court permit Ho to intervene in this action for the relief requested.

Dated: July 17, 2014          By:      /s/
                              ROBERT C. SCHUBERT (S.B.N. 62684)
                              WILLEM F. JONCKHEER (S.B.N. 178748)
                              SCHUBERT JONCKHEER & KOLBE LLP
                              Three Embarcadero Center, Suite 1650
                              San Francisco, California  94111
                              Telephone:     (415) 788-4220
                              Facsimile:     (415) 788-0161
                              rschubert@schubertlawfirm.com
                              wjonckheer@schubertlawfirm.com

---

[2]     *Compare with* plaintiff's preliminary approval motion (Dkt. #149, p. 8).

Notice of Motion and Motion of State Court Derivative Plaintiff Vincent Ho to Intervene for the Limited Purpose of Amending the Proposed Settlement Notice and Filing a Motion for an Award of Attorneys' Fees; Memorandum of Points and Authorities in Support Thereof
Master File No. C-12-6003-CRB                                                                                     10

| | |
|---|---|
| 1 | |
| 2 | JEFFREY M. NORTON |
|   | ROY SHIMON |
| 3 | NEWMAN FERRARA LLP |
|   | 1250 Broadway, 27th Floor |
| 4 | New York, New York 10001 |
|   | Telephone:   (212) 619-5400 |
|   | Facsimile:   (212) 619-3090 |

*Counsel for Proposed Intervenor Vincent Ho*

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

Notice of Motion and Motion of State Court Derivative Plaintiff Vincent Ho to Intervene for the Limited Purpose of Amending the Proposed Settlement Notice and Filing a Motion for an Award of Attorneys' Fees; Memorandum of Points and Authorities in Support Thereof
Master File No. C-12-6003-CRB        11