WACHTELL, LIPTON, ROSEN & KATZ
MARC WOLINSKY (*pro hac vice*)
GEORGE T. CONWAY III (*pro hac vice*)
VINCENT G. LEVY (*pro hac vice*)
51 West 52nd Street
New York, NY 10019
Tel./Fax: 212.403.1000/2000
MWolinsky@wlrk.com
GTConway@wlrk.com
VGLevy@wlrk.com

FARELLA, BRAUN & MARTEL, LLP
NEIL A. GOTEINER, State Bar No. 83524
THOMAS B. MAYHEW, State Bar No. 183539
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Tel./Fax: 415.954.4400/4480
NGoteiner@fbm.com
TMayhew@fbm.com
*Attorneys for Defendant Hewlett-Packard Company*

[Additional counsel appear on signature page]

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HEWLETT-PACKARD COMPANY SHAREHOLDER DERIVATIVE LITIGATION<br><br>This Document Relates to: All Actions | Master File No. 12-CV-6003 CRB<br><br>**STIPULATION OF ALL PARTIES RE: MOTION TO INTERVENE OF VINCENT HO; [PROPOSED] ORDER**<br><br>Dept. Courtroom 6, 17th Floor<br>Judge: Honorable Charles R. Breyer |

1   WHEREAS, on June 30, 2014, lead plaintiff in the captioned case moved for preliminary approval of a settlement agreement (the "Settlement") under which, among other things, HP has agreed to implement certain governance revisions (the "Governance Revisions"). (Docket # 149, 150).

WHEREAS, proposed intervenor Vincent Ho claims that he and his attorneys made material contributions to the formulation of the Governance Revisions and that they are therefore entitled to attorneys' fees from HP under the "substantial benefit" doctrine.

WHEREAS, HP disputes Ho's allegations and disputes that Ho is entitled to attorneys' fees.

WHEREAS, on July 17, 2014, Ho filed a motion to intervene, seeking the right to apply for an award of attorneys' fees in this Court, and seeking in connection therewith certain changes to the notice that the parties propose to issue to HP's shareholders as part of the Settlement-approval process (the "Notice"). (Docket # 157).

WHEREAS, HP intends to oppose Ho's fee application, but has no objection to Ho filing his application in this Court and, to the contrary, believes that Ho meets the requirements to intervene and that it would best serve the interests of judicial efficiency for this Court to resolve the fee dispute at the hearing to determine whether to finally approve the Settlement (the "Fairness Hearing").

WHEREAS, HP has conferred with Ho about his request for certain changes to the Notice, and the parties have agreed to make changes to the Notice in order (1) to describe the Governance Reforms in more detail and (2) to disclose that Ho will be filing a motion for attorneys' fees and that HP will be opposing Ho's motion.

NOW, THEREFORE, subject to the Court's approval, IT IS HEREBY STIPULATED AND AGREED, by and among the undersigned parties as well as proposed intervenor Vincent Ho, through their undersigned counsel of record, as follows:

1.  Ho is permitted to intervene in the captioned consolidated action for the sole purpose of moving against HP for an award of attorneys' fees at the Fairness Hearing.

2.  Consistent with the form of Notice submitted to the Court by the parties contempora-

neously with this stipulation, the Notice submitted to shareholders will (a) disclose the additional information concerning the Governance Reforms specified by Ho in his motion to intervene; and (b) inform shareholders that Ho intends to file a motion for attorneys' fees in connection with the Governance Reforms and that HP intends to oppose Ho's motion.

3. Ho shall file any motion for attorneys' fees and any papers in support thereof within 35 calendar days before the Fairness Hearing.

4. HP shall file any papers opposing Ho's application for attorneys' fees within 20 calendar days before the Fairness Hearing.

5. Ho shall file any papers in reply to HP's opposition within 7 calendar days before the Fairness Hearing.

6. Within two business days of receipt, HP shall forward to Ho's counsel any objection to the Settlement served on counsel pursuant to paragraphs 12 through 14 of the Preliminary Approval Order.

7. The hearing on Ho's motion to intervene shall be taken off calendar.

8. This stipulation is without prejudice to the arguments of the parties with respect to the merits of Ho's anticipated application for attorneys' fees. HP expressly reserves all rights and arguments in connection therewith, and nothing herein shall be construed as a concession that Ho is entitled to any fees.

**IT IS SO STIPULATED.**

Dated:  July 31, 2014

WACHTELL, LIPTON, ROSEN & KATZ

By: _____
    MARC WOLINSKY

Attorneys for Defendant
HEWLETT-PACKARD COMPANY

Dated:  July 31, 2014                             COTCHETT, PITRE & MCCARTHY, LLP


                                                  By:  /s/ Mark C. Molumphy
                                                          MARK C. MOLUMPHY

                                                  Attorneys for Plaintiff
                                                  STANLEY MORRICAL


Dated:  July 31, 2014                             COOLEY LLP


                                                  By:  /s/ John C. Dwyer
                                                          JOHN C. DWYER

                                                  Attorneys for Defendant
                                                  MARGARET C. WHITMAN


Dated:  July 31, 2014                             PILLSBURY WINTHROP SHAW PITTMAN
                                                  LLP / DEBEVOISE & PLIMPTON LLP


                                                  By:  /s/ Bruce A. Ericson
                                                          BRUCE A. ERICSON

                                                  Attorneys for Defendant
                                                  LEO APOTHEKER

| | |
|---|---|
| Dated: July 31, 2014 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| | By: /s/ Timothy A. Miller |
| | TIMOTHY A. MILLER |
| | Attorneys for Defendants RAYMOND J. LANE, SHUMEET BANERJI, RAJIV L. GUPTA, JOHN H. HAMMERGREN, MARC L. ANDREESSEN, PATRICIA F. RUSSO, ANN M. LIVERMORE, GARY M. REINER, G. KENNEDY THOMPSON, RALPH V. WHITWORTH, LAWRENCE T. BABBIO, JR., SARI M. BALDAUF, and DOMINIQUE SENEQUIER |
| Dated: July 31, 2014 | O'MELVENY & MYERS LLP |
| | By: /s/ Daniel Bookin |
| | DANIEL BOOKIN |
| | Attorneys for Defendant SHANE ROBISON |
| Dated: July 31, 2014 | SHEARMAN & STERLING LLP |
| | By: /s/ Alan S. Goudiss |
| | ALAN S. GOUDISS |
| | Attorneys for Defendant PERELLA WEINBERG PARTNERS LP |

| | |
|---|---|
| Dated: July 31, 2014 | SULLIVAN & CROMWELL LLP |
| | |
| | By: /s/ Brian T. Frawley |
| | BRIAN T. FRAWLEY |
| | |
| | Attorneys for Defendant |
| | BARCLAYS CAPITAL |
| | |
| Dated: July 31, 2014 | SCHUBERT JONCKHEER & KOLBE LLP |
| | |
| | By: /s/ Robert C. Schubert |
| | ROBERT C. SCHUBERT |
| | |
| | Attorneys for Proposed Intervenor |
| | VINCENT HO |

**[PROPOSED] ORDER**

Pursuant to the foregoing stipulation, and good cause appearing,

**IT IS SO ORDERED.**

Date: _____August 1_____, 2014          _____

HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

**ECF ATTESTATION**

I, Marc Wolinsky, am the ECF User whose ID and Password are being used to file this Stipulation and [Proposed] Order.

In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories hereto have concurred in this filing.

Dated: July 31, 2014                WACHTELL, LIPTON, ROSEN & KATZ

By: _____
         Marc Wolinsky