JOSEPH W. COTCHETT (36324)
jcotchett@cpmlegal.com
MARK C. MOLUMPHY (168009)
mmolumphy@cpmlegal.com
MATTHEW K. EDLING (250940)
medling@cpmlegal.com
JENNIFER R. CRUTCHFIELD (275343)
jcrutchfield@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*Lead Counsel for Plaintiff Stanley Morrical,
derivatively on behalf of Hewlett-Packard Company*

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HEWLETT-PACKARD COMPANY SHAREHOLDER DERIVATIVE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master File NO. C-12-6003-CRB<br><br>**PLAINTIFF'S OPPOSITION TO SUSHOVAN HUSSAIN'S MOTION TO INTERVENE**<br><br>Date: August 25, 2014<br>Time: 9:30 a.m.<br>Dept.: Courtroom 6, 17th Floor<br>Hon. Charles R. Breyer |

On June 30, 2014, derivative plaintiff Stanley Morrical on behalf of Hewlett-Packard Company ("Plaintiff") filed a Motion for Preliminary Approval of Derivative Settlement, seeking preliminary approval of the Stipulation of Settlement dated June 30, 2014 ("Settlement") and filed contemporaneously therewith. Doc. 149. The deadline to oppose the motion passed on July 14, 2014, and no opposition was filed.

On July 21, 2014, Sushovan Hussain, the former Chief Financial Officer of Autonomy, filed a Motion to Intervene to Challenge Settlement ("Motion") on the basis that (a) the Settlement adversely impacts his "indemnity or contribution" rights in any future litigation, and (b) the Settlement is "collusive and unfair" because the Plaintiff and his counsel decided to join forces with HP to pursue Hussain and others for HP's losses. Doc. 160. The Motion should be denied.

First, as discussed in HP's Memorandum in Opposition to the Motion (Doc. 165), Hussain admits that he seeks to intervene merely to protect his own interests, not those of HP. However, his personal rights are *not* negatively impacted by the Settlement. To the contrary, the release in the Settlement only covers shareholder derivative claims, and carves out direct claims. Similarly, the bar order benefits Hussain by reducing his liability with a judgment credit corresponding to the percentage of responsibility for the Company's loss, as is typical for such a term. Finally, Hussain's indemnity rights against HP and Autonomy are not impacted, to the extent he even has them. To avoid any doubt, the parties submitted a revised, proposed Approval Order and Final Judgment clarifying that Hussain can bring any claim he wants against HP or Autonomy. See Wolinsky Decl., Doc. 166, Exs. 1 and 3.

Second, the Settlement is neither collusive nor unfair. Indeed, Hussain offers no support for his accusations of sinister conduct by Plaintiff and his counsel, other than the fact that, after filing an action, Plaintiff and HP decided to join forces to pursue Hussain and other Autonomy officials based on their respective investigations and a months-long mediation process overseen by the former Chief Judge of this District. While Hussain is understandably uncomfortable with the direction the case is now taking, his professed interest in protecting HP from "unfair"

settlement terms should be viewed with appropriate skepticism. In any event, there is no need for Hussain to intervene to provide "careful scrutiny," since HP shareholders already have the right to review and comment on the Settlement at the Fairness Hearing.

    For all these reasons, as well as those stated in HP's Opposition which Plaintiff joins, Hussain's Motion to Intervene should be denied.

Dated: August 4, 2014

/s/  Mark. C. Molumphy
Mark. C. Molumphy

**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
medling@cpmlegal.com

*Lead Counsel for Plaintiff Stanley Morrical, derivatively on behalf of Hewlett-Packard Company*