1  KATHLEEN A. HERKENHOFF (168562)
   THE WEISER LAW FIRM P.C.
2  12707 High Bluff Drive, Suite 200
   San Diego, CA 92130
3  Telephone: 858/794-1441
   Facsimile: 858/794-1450
4  kah@weiserlawfirm.com

5  Attorneys for Movant Rodney J. Cook

6  [Additional counsel appear on signature page.]

7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

| | |
|---|---|
| 11  IN RE HEWLETT-PACKARD SHAREHOLDER DERIVATIVE LITIGATION 12 | ) Case No. C-12-6003-CRB ) ) RODNEY J. COOK'S NOTICE OF MOTION ) AND MOTION TO INTERVENE TO ) REMOVE LEAD COUNSEL AND LEAD ) PLAINTIFF AND FOR APPOINTMENT OF ) NEW LEAD COUNSEL AND NEW LEAD ) PLAINTIFF; MEMORANDUM OF POINTS ) AND AUTHORITIES IN SUPPORT ) THEREOF |
| 13  This Document Relates To: 14       ALL ACTIONS. 15 | |

DATE:       September 26, 2014
TIME:       10:00 a.m.
CTRM:       6, 17th Floor
JUDGE:      Hon. Charles R. Breyer

Date Action Filed: 11/27/2012

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION .................................................................................1

STATEMENT OF ISSUES TO BE DECIDED ....................................................................2

MEMORANDUM OF POINTS AND AUTHORITIES .......................................................2

I.    INTRODUCTION ....................................................................................................2

II.   PROCEDURAL BACKGROUND............................................................................6

III.  LEGAL ARGUMENT...............................................................................................8

    A.   Cook Has the Right to Intervene Under Rule 24(a)(2) ...............................8

        1.   Cook's Application Is Timely.........................................................9

        2.   Cook Has a Substantial Interest In the California Action..........10

        3.   Cook's Interests Will Be Irreparably Harmed Absent Intervention .........10

        4.   Cook's Interests Are Not Adequately Represented By Morrical or His Counsel ....................................................................................11

    B.   Current Lead Counsel in the California Action Has a Fundamental, Previously Undisclosed Conflict of Interest That Precludes Its Litigation and/or Settlement of the California Action .............................................11

    C.   Cook Should Be Appointed Lead Plaintiff and The Weiser Firm Should Be Appointed Lead Counsel ..................................................................14

        1.   Cook Should Be Appointed Lead Plaintiff ................................14

        2.   The Weiser Firm Should Be Appointed Lead Counsel .............16

IV.   CONCLUSION........................................................................................................17

RODNEY J. COOK'S NOTICE OF MOTION AND MOTION TO INTERVENE TO REMOVE LEAD
COUNSEL AND LEAD PLAINTIFF AND FOR APPOINTMENT OF NEW LEAD COUNSEL AND
NEW LEAD PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF - C-12-6003-CRB

- i -

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Barrett v. S. Conn. Gas Co*.,
172 Conn. 362 (1977) ...........................................................................................14

*Beam ex rel. Martha Stewart Living Omnimedia, Inc. v. Stewart,*
845 A.2d 1040 (Del. 2004) ...................................................................................15

*Blake v. Pallan*,
554 F.2d 947 (9th Cir. 1977) ..................................................................................9

*Brickman v. Tyco,*
731 F. Supp. 101 (S.D.N.Y. 1990).................................................................12, 13

*California Dept. of Toxic Substances Control v. Commercial Realty Projects*,
309 F.3d 1113 (9th Cir. 2002) ..............................................................................10

*Cook v. Hewlett-Packard Co.,*
Civ. A. 8667-VCG, 2014 WL 311111 (Del. Ch. Jan. 30, 2014) ..............................4, 6, 14, 16

*Davis v. Comed, Inc.*,
619 F.2d 588 (6th Cir. 1980) ................................................................................12

*Del Campo v. Mealing*,
2011 U.S. Dist. LEXIS 158019 (N.D. Cal. Sept. 29, 2011) .................................14

*Dollens v. Zionts*,
No. 01 C 5931, 2001 U.S. Dist. LEXIS 19966 (N.D. Ill. Dec. 4, 2001) ...............16

*Donnelly v. Glickman*,
159 F.3d 405 (9th Cir. 1998) ................................................................................10

*Garza v. County of Los Angeles*,
918 F.2d 763 (9th Cir. 1990) ................................................................................11

*In re Bluetooth Headset Products Liab. Litig*.,
654 F.3d 935 (9th Cir. 2011) ................................................................................12

*In re Novatel Wireless Sec. Litig.*,
Civ. No. 08CV1689 AJB (RBB), 2014 WL 2858518 (S.D. Cal. June 23, 2014)...............9, 10

*In re Pfizer Inc. S'holder Derivative Litig.*,
780 F. Supp. 2d 336 (S.D.N.Y. 2011)......................................................................7

RODNEY J. COOK'S NOTICE OF MOTION AND MOTION TO INTERVENE TO REMOVE LEAD
COUNSEL AND LEAD PLAINTIFF AND FOR APPOINTMENT OF NEW LEAD COUNSEL AND
NEW LEAD PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF - C-12-6003-CRB

- ii

*League of United Latin Am. Citizens v. Wilson*,
   131 F.3d 1297 (9th Cir. 1997) .................................................................................................9

*Millman v. Brinkley*,
   No. 1:03-cv-3831-WSD, 2004 U.S. Dist. LEXIS 20113 (N.D. Ga. Oct. 1, 2004).................16

*Nw. Forest Res. Council v. Glickman*,
   82 F.3d 825 (9th Cir. 1996) .............................................................................................9, 10

*People ex rel. Dep't of Corps. v. SpeeDee Oil Change Sys., Inc.*,
   20 Cal. 4th 1135, 980 P.2d 371 (1999) ...............................................................................13

*Radcliffe v. Experian Info Solutions*,
   715 F.3d 1157 (9th Cir. 2013) .............................................................................................12

*Ryan v. Aetna Life Ins. Co.,*
   765 F. Supp. 133 (S.D.N.Y. 1991)........................................................................................12

*South v. Baker*,
   Civ. A. 7294-VCL, 2012 WL 4372538 (Del. Ch. Sept. 25, 2012) .........................................15

*St. Clair Shores Gen. Emps. Ret. Sys. v. Eibeler*,
   No. 06 Civ. 688(SWK), 2006 WL 2849783 (S.D.N.Y. Oct. 4, 2006)....................................12

*State Farm Mut. Auto. Ins. Co. v. Fed. Ins. Co*.,
   72 Cal. App. 4th 1422 (1999) ...............................................................................................12

*Sw. Ctr. for Biological Diversity v. Berg*,
   268 F.3d 810 (9th Cir. 2001) ............................................................................................8, 9

*U.S. ex rel. McGough v. Covington Techs., Co.*,
   967 F.2d 1391 (9th Cir. 1992) ...............................................................................................8

*Wall Street Sys., Inc. v. Lemence*,
   No. 04 Civ. 5299, 2005 WL 292744 (S.D.N.Y. Feb. 8, 2005) ...............................................13

*White v. Panic*,
   783 A.2d 543 (Del. 2001) .....................................................................................................15

*Zepeda v. PayPal, Inc.*,
   No. 10-cv-02500-SBA (JCS), 2014 WL 1653246 (N.D. Cal. Apr. 23, 2014)........................11

**STATUTES, RULES AND REGULATIONS**

8 Del. C.
   §220.................................................................................................................................. *passim*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Federal Rules of Civil Procedure
    Rule 23.1 ...................................................................................................................13
    Rule 23(a) .................................................................................................................13
    Rule 24 ......................................................................................................................1
    Rule 24(a) ..................................................................................................................9
    Rule 24(a)(2) .............................................................................................5, 8, 9, 100
    Rule 24(b) ................................................................................................................11

RODNEY J. COOK'S NOTICE OF MOTION AND MOTION TO INTERVENE TO REMOVE LEAD
COUNSEL AND LEAD PLAINTIFF AND FOR APPOINTMENT OF NEW LEAD COUNSEL AND
NEW LEAD PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF - C-12-6003-CRB

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on September 26, 2014 at 10:00 a.m., or as soon thereafter as the matter may be heard, Rodney J. Cook ("Cook") will, and hereby does, move the Honorable Charles R. Breyer, located in the San Francisco Courthouse, Courtroom 6 – 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, for an order: (1) removing current Court appointed Lead Plaintiff and Lead Counsel from those roles in the above-captioned shareholder derivative action (the "California Action"); and (2) appointing Cook and his chosen counsel, The Weiser Law Firm, P.C. (the "Weiser Firm") as Lead Plaintiff and Lead Counsel, respectively (the "Intervention Motion").[1] Current Lead Counsel in the California Action, from the very start of their involvement in this case, suffered from (and continues to suffer from) a conflict of interest that raises serious doubt as to whether they were and are capable of acting in the best interests of the Company. Moreover, unlike the current Lead Plaintiff, Cook conducted a pre-suit investigation under Delaware law, in which he obtained corporate books and records that have allowed him to exclusively set forth stronger allegations and claims than those the current Lead Plaintiff has raised (and is now attempting to settle).[2]

This Intervention Motion is made pursuant to Rule 24 of the Federal Rules of Civil Procedure. The Intervention Motion is based upon the accompanying Memorandum of Points and Authorities, the Declaration of Robert B. Weiser in Support of the Motion to Intervene to Remove

---

[1]     Cook currently serves as plaintiff in the action captioned *Cook v. Whitman, et al.*, Civil Action No. 9458-VCG pending in the Delaware Court of Chancery (the "Delaware Action") brought on behalf of Hewlett-Packard Company ("HP" or the "Company"). "Defendants" to the Delaware Action include the following: Margaret C. Whitman, Leo Apotheker, Raymond J. Lane, Catherine A. Lesjak ("Lesjak"), Marc L. Andreessen, Shumeet Banerji, Rajiv L. Gupta, John H. Hammergren, Ann M. Livermore, Gary M. Reiner, Patricia F. Russo, G. Kennedy Thompson, Ralph V. Whitworth, Lawrence T. Babbio, Jr., Sari M. Baldauf, Dominique Senequier, Shane V. Robison, Michael R. Lynch, Sushovan T. Hussain, Deloitte LLP, KPMG LLP, Perella Weinberg Partners UK LLP, and Barclays Capital Securities LTD.

[2]     In view of the upcoming August 25, 2014 hearing in the California Action, Cook intends to seek *ex parte* relief to expedite the hearing on this Intervention Motion or, in the alternative, to seek to continue the August 25, 2014 hearing until a date after the Court issues a ruling in connection with this Intervention Motion.

RODNEY J. COOK'S NOTICE OF MOTION AND MOTION TO INTERVENE TO REMOVE LEAD COUNSEL AND LEAD PLAINTIFF AND FOR APPOINTMENT OF NEW LEAD COUNSEL AND NEW LEAD PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - C-12-6003-CRB

Lead Counsel and Lead Plaintiff and for Appointment of New Lead Counsel and New Lead Plaintiff (the "Weiser Dec."), the Declaration of Rodney J. Cook in Support of the Motion to Intervene to Remove Lead Counsel and Lead Plaintiff and for Appointment of New Lead Counsel and New Lead Plaintiff, and such additional evidence or argument as may be required or permitted by the Court.

## STATEMENT OF ISSUES TO BE DECIDED

1.      Whether current Lead Plaintiff, Stanley Morrical ("Morrical"), and current Lead Counsel, Cotchett, Pitre & McCarthy LLP (the "Cotchett Firm") should be removed from their respective positions because of the Cotchett Firm's fundamental conflict of interest.

2.      Whether Cook and the Weiser Firm should be appointed as Lead Plaintiff and Lead Counsel of the California Action, respectively.

## MEMORANDUM OF POINTS AND AUTHORITIES

Cook submits this Memorandum in support of his Intervention Motion for: (1) removal of Morrical as Lead Plaintiff and removal of the Cotchett Firm as Lead Counsel; and (2) appointment of Cook as Lead Plaintiff and the Weiser Firm as Lead Counsel.

## I.      INTRODUCTION

Lead Counsel's involvement in the California Action *must end now*.  As this Court is aware, the Cotchett Firm, which is counsel to Lead Plaintiff Morrical, has served as Lead Plaintiffs' counsel in the California Derivative Action since February 21, 2013.[3]  The Weiser Firm on behalf of Mr. Cook recently informed this Court via letter, dated August 7, 2014, that while the Cotchett Firm has been serving as plaintiffs' Lead Counsel in the California Action, purportedly acting on HP's behalf and in its best interests in a fiduciary capacity at all times, it has simultaneously been serving as lead counsel for plaintiffs in a class action asserted *against* HP in this Court captioned *In re HP Inkjet Printer Litigation,* Case No. C-05-3580-JF (the "Class Action").  The Cotchett Firm's conflict of interest was recently revealed by numerous media reports,[4] and is now the subject of a pending

---

[3]      Morrical's initial derivative complaint on behalf of HP was filed by the Cotchett Firm on December 19, 2012.

[4]      *See, e.g.*, http://www.businessinsider.com/lawyer-unhappy-with-hp-settlement-2014-8; http://www.therecorder.com/home/id=1202665798999/Proposed-HP-Class-Action-Settlement-

RODNEY J. COOK'S NOTICE OF MOTION AND MOTION TO INTERVENE TO REMOVE LEAD COUNSEL AND LEAD PLAINTIFF AND FOR APPOINTMENT OF NEW LEAD COUNSEL AND NEW LEAD PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - C-12-6003-CRB                                                                                   - 2

1    motion to disqualify the Cotchett Firm from continuing to serve as lead counsel in the Class Action.[5]

2    Egregiously, throughout the initiation and (virtually non-existent) litigation and in connection with

3    the proposed settlement of the California Action (the "Settlement"), the Cotchett Firm did not

4    disclose this fundamental conflict of interest.  Accordingly, Cook respectfully submits that the

5    Cotchett Firm has always suffered from a fundamental conflict of interest that precludes and

6    disqualifies the Cotchett Firm from serving as Lead Counsel on HP's behalf in the California Action.

7            Significantly, the parties to the California Action submitted a proposed Settlement to this

8    Court for preliminary approval.  According to the proposed notice of settlement (the "Proposed

9    Notice") submitted by the Cotchett Firm and others, the purported settlement relief (which does not

10   include any monetary contribution to HP by or on behalf of HP's directors and officers that were

11   named as individual defendants) would include, *inter alia,* the retention of the Cotchett Firm as

12   counsel to HP in connection with "the pursuit of affirmative claims against those who caused HP's

13   losses related to the Autonomy Acquisition – including certain legacy Autonomy officers and

14   directors, and potentially, other non-released persons and entities under the terms of an engagement

15   letter which will become effective upon Court approval of the settlement."  The Proposed Notice

16   ***omits any reference to the Cotchett Firm's involvement in the Class Action brought against HP,***

17   ***and the conflict of interest presented thereby***.  This critical omission is all the more egregious in

18   light of the nature of the proposed Settlement.  In what is undoubtedly an unusual circumstance, the

19   Cotchett Firm and another firm are being retained by HP to assist in the prosecution of claims on

20   HP's behalf, and together stand to earn a staggering ***$48 million*** in attorneys' fees, while the

21   Settlement includes no monetary component that benefits HP.  In such a unique circumstance, there

22

23

24   Challenged--Again?mcode=1202617072607&curindex=0&slreturn=20140711103154;
     http://www.law360.com/articles/564207/class-firm-s-hp-side-deal-dooms-inkjet-accord-objectors-
25   say.

26   [5]      A copy of the Motion for Decertification of Class, or, in the Alternative, Disqualification of
     Cotchett, Pitre & McCarthy, LLP filed in the Class Action (the "DQ Motion") is attached as Exhibit
     2 to the Weiser Dec.  A hearing on the DQ Motion is currently scheduled to take place in the Class
27   Action on September 5, 2014.

28   RODNEY J. COOK'S NOTICE OF MOTION AND MOTION TO INTERVENE TO REMOVE LEAD
     COUNSEL AND LEAD PLAINTIFF AND FOR APPOINTMENT OF NEW LEAD COUNSEL AND
     NEW LEAD PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
     THEREOF - C-12-6003-CRB                                                          - 3 -

1   should be full and complete disclosure of all relationships between the Cotchett Firm, HP, and

2   counsel for HP's so-called "Independent Committee."[6]

3         Given the Cotchett Firm's fundamental (and entirely undisclosed) conflict of interest, they

4   and their client must be removed as Lead Counsel and Lead Plaintiff.  Cook respectfully submits that

5   he and his chosen counsel (the Weiser Firm) should be appointed as the new Lead Plaintiff and Lead

6   Counsel because, *inter alia*: (1) they suffer from no conflicts of interest; (2) they properly took the

7   time to avail themselves of and utilize the "tools at hand" available pursuant to 8 Del. C. §220

8   ("Section 220"); and (3) they filed a vastly superior complaint to Morrical's operative complaint (the

9   "Morrical Complaint") in the Delaware Action, which includes the proper parties as defendants and

10  which raises significantly stronger factual allegations, claims for relief, and theories of liability.

11        Specifically, unlike Morrical and the Cotchett Firm, who eschewed the tools at hand

12  available under Section 220 in favor of a hastily-filed "placeholder complaint," Cook conducted a

13  pre-suit books and records investigation pursuant to Section 220.  Indeed, not only did Cook issue a

14  pre-suit Section 220 inspection demand (the "Inspection Demand") and conduct an investigation

15  based on the documents HP willingly produced; Cook subsequently initiated and litigated an action

16  in the Delaware Court of Chancery (the "Delaware Court") pursuant to Section 220 through trial in

17  an effort to obtain additional corporate books and records that HP declined to produce.  *See Cook v.*

18  *Hewlett-Packard Co.,* Civ. A. 8667-VCG, 2014 WL 311111 (Del. Ch. Jan. 30, 2014) (the "Section

19  220 Action").

20        Morrical and the Cotchett Firm, on the other hand, have engaged in no meaningful litigation

21  activity at all.  While Cook's efforts to obtain additional books and records from HP by litigating a

22  Section 220 proceeding through trial were ultimately unsuccessful, Cook's Section 220 investigation

23  nonetheless permitted Cook to plead unique factual allegations and a novel theory regarding

24  Defendants' breaches of fiduciary duty in connection with the HP's acquisition of Autonomy

25

26  ────────────────
    [6]     Similarly, the engagement letter submitted to this Court by the Cotchett Firm and others as an
27  exhibit to the Stipulation of Settlement (the "Stipulation") omits any reference to the Cotchett Firm's
    involvement in the Class Action brought against HP, and the conflict of interest presented thereby.

28  RODNEY J. COOK'S NOTICE OF MOTION AND MOTION TO INTERVENE TO REMOVE LEAD
    COUNSEL AND LEAD PLAINTIFF AND FOR APPOINTMENT OF NEW LEAD COUNSEL AND
    NEW LEAD PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
    THEREOF - C-12-6003-CRB                                                                    - 4 -

1    Corporation (the "Autonomy Acquisition") that are conspicuously absent from the Morrical

2    Complaint.[7]

3         Specifically, Cook has raised unique allegations based on the documents produced by HP in

4    connection with the Inspection Demand that strongly support Cook's theories of liability and pre-suit

5    demand excusal, and which are not present in the California Action.  For example, many of these

6    allegations directly relate to the central fact (as reported in January 2013 by the *Wall Street Journal*

7    (the "*WSJ*")) that on August 17, 2011, one day before the Autonomy Acquisition was approved by

8    HP's Board of Directors (the "Board") and made public, HP's Chief Financial Officer ("CFO"),

9    defendant Lesjak, directly warned the full Board that HP could not afford the Autonomy

10   Acquisition.  It should go without saying that the direct advisement by HP's CFO to the Board that

11   HP could not afford the $10.2 billion Autonomy Acquisition, on the eve of the Board's vote to

12   approve or disapprove the Autonomy Acquisition, is of paramount importance, and Cook has raised

13   strong, exclusive allegations regarding these and other highly significant events.

14        Finally, Cook has the right to intervene under Fed. R. Civ. P. 24(a)(2) because he undeniably

15   has an "interest relating to the property or transaction that is the subject of the action, and is so

16   situated that disposing of the action may as a practical matter impair or impede the movant's ability

17   to protect its interest."  Stated simply, the California Action has been "litigated" and is now being

18   settled – via a Settlement which purports to release all of Cook's claims on behalf of HP, and which

19   would release all of HP's directors and officers for no monetary contribution from those individuals

20   – by Lead Counsel that, incredibly, has all along served as lead counsel in an action ***against*** HP.

21   This Intervention Motion must be granted to protect the best interests of HP and its shareholders.

22

23

24

25   ───────────────
     [7]      Cook's complaint is based upon confidential information obtained through his Section 220
26   investigation and, thus, cannot be disclosed in this public filing.  Attached as Exhibit 3 to the Weiser
     Dec. is a copy of Cook's Verified Shareholder Derivative Complaint filed in the Delaware Action on
27   March 18, 2014 (the "Cook Complaint").  Exhibit 3 is currently subject to a motion to seal.

28   RODNEY J. COOK'S NOTICE OF MOTION AND MOTION TO INTERVENE TO REMOVE LEAD
     COUNSEL AND LEAD PLAINTIFF AND FOR APPOINTMENT OF NEW LEAD COUNSEL AND
     NEW LEAD PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
     THEREOF - C-12-6003-CRB                                                              - 5 -

## II.       PROCEDURAL BACKGROUND[8]

Cook and his counsel initiated the sequence of events which eventually led to the filing of the Delaware Action through the issuance of the Inspection Demand on December 17, 2012.  On March 15, 2013, Cook's counsel received a letter from counsel for HP, which stated that HP would be willing to produce some of the documents Cook requested, but not all.  Subsequently, on May 13, 2013, HP produced to Cook's counsel over 500 pages of documents, which Cook's counsel promptly reviewed.  That document review revealed that HP's production was largely unresponsive to the requests in the Inspection Demand, and thus Cook's counsel sent a subsequent letter dated May 23, 2013 which gave HP until May 29, 2013 to produce the remaining responsive documents.  On May 29, 2013, Cook's counsel received a letter from counsel for HP, which indicated that HP would produce certain additional documents, but would not produce all documents responsive to the Inspection Demand.  Accordingly, because HP did not produce all of the documents demanded in the Inspection Demand, Cook through his counsel initiated the Section 220 Action in the Delaware Court on June 20, 2013 in an effort to obtain the documents that HP declined to produce.  *See Cook*, 2014 WL 311111.  During the next approximately six months, Cook and/or his counsel did the following: (1) Cook traveled to Delaware and was deposed by HP's counsel; (2) Cook's counsel deposed Joshua Drew of HP; (3) Cook's counsel prepared for and litigated a trial; (4) Cook returned to Delaware and testified at trial; and (5) Cook's counsel submitted detailed pre- and post- trial briefing.  Ultimately, on January 24, 2014, the Delaware Court ruled that Cook was not entitled to any further documents.  *Id.*

Nonetheless, the documents procured and reviewed by Cook's counsel as a result of Cook's Section 220 investigation permitted Cook to file a vastly superior pleading that set forth unique, strong allegations against HP's directors and officers, among other defendants.  The Delaware Action was initiated by the filing of the Cook Complaint on March 18, 2014.  *See* Weiser Dec., Ex.

---

[8]       In the interests of brevity and presuming the Court is fully aware of the facts surrounding the California Action, Cook has omitted a substantive discussion of the facts at issue in the California Action.  Cook respectfully refers the Court to the Cook Complaint for a more fulsome discussion.  *See* Exhibit 3 to Weiser Dec.

3.   On May 15, 2014, HP filed a Motion to Dismiss or Stay the Delaware Action (the "Stay Motion").  HP sought to stay the Delaware Action in favor of the earlier-filed California Action.

While briefing on the Stay Motion was ongoing in the Delaware Action, the parties to the California Action announced a proposed Settlement of the California Action and this Court scheduled a preliminary approval hearing for the Settlement to take place on August 21, 2014.[9] Significantly, as this Court is aware, the Settlement provides for purportedly valuable – yet secret – corporate governance reforms.  In exchange for this undisclosed governance relief, the Cotchett Firm (and other counsel) stands to be paid ***at least $18 million***[10] and as much as ***$48 million*** in attorneys' fees – even though HP's current and former officers are directors are contributing nothing to the Settlement.[11]   Additionally, the Settlement provides broad releases to HP's current and former directors and officers, such that Cook's strong and unique Delaware state law claims will be released if the Settlement is approved.

Accordingly, because the Settlement seeks to release Cook's strong claims in exchange for governance reforms that remain a mystery and attorneys' fees of up to ***$48 million***, Cook's counsel informed the Delaware Court via a letter dated July 16, 2014 of the proposed Settlement and requested that a hearing on the Stay Motion occur prior to August 21, 2014.  The Delaware Court

---

[9]     This Court has since rescheduled the preliminary approval hearing for August 25, 2014.

[10]     This is perhaps one of the largest counsel fees ever sought in the context of corporate litigation where not a single shot has been fired.  *Compare* HP to *In re Pfizer Inc. S'holder Derivative Litig.*, 780 F. Supp. 2d 336, 343 (S.D.N.Y. 2011) (approving fee award of $22 million for settlement of derivative action which resulted in a $75 million benefit for the corporation and a comprehensive set of public governance reforms, where plaintiffs' counsel litigated for almost 39,000 hours).

[11]     Based on the terms of the Stipulation, it is unclear whether HP is receiving any consideration whatsoever in exchange for the release of HP's directors and officers from any wrongdoing and payment of attorneys' fees of at least ***$18 million***.  In particular, pursuant to the terms of the Stipulation, "[s]ubject to HP management's review of and recommendations regarding the Governance Revisions, HP shall implement the Governance revisions…"  Stipulation at 35.  Thus, pursuant to the terms of the Stipulation, the governance component of the settlement remains subject to HP management's review.  Further, Cook respectfully submits that the fact that there are purported "governance revisions" in itself calls into question the Independent Committee's conclusions that no wrongdoing occurred at HP.

RODNEY J. COOK'S NOTICE OF MOTION AND MOTION TO INTERVENE TO REMOVE LEAD COUNSEL AND LEAD PLAINTIFF AND FOR APPOINTMENT OF NEW LEAD COUNSEL AND NEW LEAD PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - C-12-6003-CRB                                                        - 7 -

1   subsequently held a teleconference to discuss that request on July 17, 2014.[12]   During the

2   teleconference, HP's counsel invited Cook to intervene in this Court.  *See* Weiser Dec., Ex. 4, p.9

3   ("If they think the settlement is not in the best interests of the company and the stockholders, they

4   certainly have the opportunity to go out there and file their objections and litigate them there or ***try to***

5   ***intervene in the California action and take over as the lead plaintiff***.").  On July 22, 2014, Vice

6   Chancellor Sam Glasscock III denied Cook's request for an expedited hearing on the Stay Motion.[13]

7        Shortly after the Delaware Court's ruling, on August 5, 2014, as discussed above, certain

8   media outlets began to report that although the Cotchett Firm and other counsel stood to earn

9   potentially ***$48 million*** in attorneys' fees, and to be engaged by HP to prosecute claims against

10  certain former Autonomy executives, the Cotchett Firm simultaneously (and throughout the entirety

11  of the California Action) served as lead counsel in the Class Action ***against*** HP.  Notably, upon

12  information and belief, at no point during the initiation, prosecution, or Settlement (including in the

13  Proposed Notice of Settlement) of the California Action has the Cotchett Firm disclosed this

14  fundamental conflict of interest, which at minimum raises doubt as to whether the Cotchett Firm has

15  acted at all times or could act going forward in HP's best interests, or whether the Cotchett Firm is

16  precluded from representing HP.

17  **III.   LEGAL ARGUMENT**

18      **A.   Cook Has the Right to Intervene Under Rule 24(a)(2)**

19        Fed. R. Civ. P. 24(a)(2) states that a court must permit a movant to intervene who "claims an

20  interest relating to the property or transaction that is the subject of the action, and is so situated that

21  disposing of the action may as a practical matter impair or impede the movant's ability to protect its

22  interest . . ."  Rule 24(a)(2) is construed "broadly" and "liberally" in favor of intervention.  *U.S. ex*

23  *rel. McGough v. Covington Techs., Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992); *Sw. Ctr. for Biological*

24  *Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001).  In addition to mandating such broad

25

26  [12]      Exhibit 4 to the Weiser Dec. is a copy of the Transcript of the July 17, 2014 teleconference.

27  [13]      Exhibit 5 to the Weiser Dec. is a copy of the Delaware Court's July 22, 2014 Order.

28  RODNEY J. COOK'S NOTICE OF MOTION AND MOTION TO INTERVENE TO REMOVE LEAD
    COUNSEL AND LEAD PLAINTIFF AND FOR APPOINTMENT OF NEW LEAD COUNSEL AND
    NEW LEAD PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
    THEREOF - C-12-6003-CRB                                                              - 8 -

construction, courts evaluating a proposed intervention are "guided primarily by practical considerations, not technical distinctions." *Sw. Ctr. for Biological Diversity*, 268 F.3d at 818.  The criteria for intervention under Rule 24(a) are set forth succinctly in *Blake v. Pallan*, 554 F.2d 947, 951 (9th Cir. 1977):

> "Upon (one) timely application, anyone shall be permitted to intervene in an action . . . (two) when the applicant claims an interest relating to the property or transaction which is the subject of the action and (three) he is so situated that the disposition of the action (without his intervention) may as a practical matter impair or impede his ability to protect that interest, (and four) unless the applicant's interest is adequately represented by existing parties." Rule 24(a)(2) of the FRCP.

### 1.    Cook's Application Is Timely

Timeliness is "the threshold question" in a motion for intervention.  *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997).  However, "[t]imeliness is a flexible concept; its determination is left to the district court's discretion."  *In re Novatel Wireless Sec. Litig.*, Civ. No. 08CV1689 AJB (RBB), 2014 WL 2858518, at *3 (S.D. Cal. June 23, 2014).  Three criteria are traditionally considered in determining whether a motion is timely: (i) the stage of proceedings; (ii) whether the parties would be prejudiced; and (iii) the reason for any delay in moving to intervene.  *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836-37 (9th Cir. 1996).

Here, Cook's Intervention Motion is undoubtedly timely.  First, Cook's request that the hearing on the Stay Motion in the Delaware Action be heard before this Court holds a hearing on the preliminary approval motion of the Settlement was very recently denied on July 22, 2014.  *See* Weiser Dec., Ex. 5.  During the teleconference with the Delaware Court regarding that request, HP's counsel specifically advised Cook's counsel to do exactly what Cook is now trying to do – intervene. *See* Weiser Decl, Ex. 4, p.9 ("If they think the settlement is not in the best interests of the company and the stockholders, they certainly have the opportunity to go out there and file their objections and litigate them there or ***try to intervene in the California action and take over as the lead plaintiff.***").[14]  Additionally, because the Cotchett Firm failed to disclose its role as lead counsel in

---

[14]      Significantly, another HP shareholder, Vincent Ho ("Ho"), also recently moved to intervene in the California Action in order to amend the Proposed Notice to reflect that his counsel intended to move for a counsel fee.  In response to his intervention motion, Ho and HP subsequently stipulated to permit Ho's intervention.  In that stipulation, HP represented that "that Ho meets the requirements

RODNEY J. COOK'S NOTICE OF MOTION AND MOTION TO INTERVENE TO REMOVE LEAD
COUNSEL AND LEAD PLAINTIFF AND FOR APPOINTMENT OF NEW LEAD COUNSEL AND
NEW LEAD PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF - C-12-6003-CRB                                                                                    - 9

1   the pending Class Action *against* HP, that news was not revealed in the press until on or about

2   August 5, 2014.  Thus, Cook and his counsel only very recently became aware of the fact that

3   notwithstanding that the Cotchett Firm now seeks to represent HP as part of the Settlement and (with

4   another firm) earn up to *$48 million* in attorneys' fees, the Cotchett Firm has a previously-

5   undisclosed conflict of interest that calls into question the integrity of the Settlement itself, which

6   purports to release Cook's valuable claims.  Accordingly, Cook is undeniably timely in his filing of

7   the Intervention Motion.  *See California Dept. of Toxic Substances Control v. Commercial Realty*

8   *Projects*, 309 F.3d 1113, 1120 (9th Cir. 2002) (a party seeking to intervene "must act as soon as he

9   knows or has reason to know that his interests might be adversely affected by the outcome of the

10  litigation").  Accordingly, this factor undoubtedly weighs in favor of intervention.

11  **2.      Cook Has a Substantial Interest In the California Action**

12  To merit intervention, a movant must demonstrate a "significantly protectable interest" in the

13  lawsuit.  *Nw. Forest Res. Council*, 82 F.3d at 837.  Where an intervenor can demonstrate an interest

14  that is protected by law and there is a relationship between such interest and the claims at issue, this

15  factor is satisfied. *Id.*; *Novatel*, 2014 WL 2858518, at *5.  The relationship requirement is satisfied

16  where the resolution of the claims affects the proposed intervenor.  *Donnelly v. Glickman*, 159 F.3d

17  405, 410 (9th Cir. 1998).  Here, the Settlement seeks to release Cook's valuable claims despite

18  providing for no monetary contributions from actual wrongdoers, provides for attorneys' fees up to

19  *$48 million*, and was negotiated by a law firm with a fundamental conflict of interest.  Suffice to say,

20  Cook has more than a "substantial interest" in the California Action.

21  **3.      Cook's Interests Will Be Irreparably Harmed Absent**
            **Intervention**
22

23  Absent intervention, Cook's novel and valuable claims asserted on HP's behalf in the

24  Delaware Action will be released if the Settlement is finally approved.  Thus, absent intervention,

25  Cook potentially loses the ability to litigate his claims in both this Court and the Delaware Court.

26

27  to intervene and that it would best serve the interests of judicial efficiency…"  Cook respectfully
    submits that the same should be true with respect to this Intervention Motion.

28  RODNEY J. COOK'S NOTICE OF MOTION AND MOTION TO INTERVENE TO REMOVE LEAD
    COUNSEL AND LEAD PLAINTIFF AND FOR APPOINTMENT OF NEW LEAD COUNSEL AND
    NEW LEAD PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
    THEREOF - C-12-6003-CRB                                                    - 10 -

4.      **Cook's Interests Are Not Adequately Represented By Morrical or His Counsel**

Under no set of circumstances could Cook's interests possibly be adequately represented (or even represented in the slightest) by Morrical or, especially, his counsel – the Cotchett Firm.  The Settlement seeks to release Cook's novel and valuable claims asserted on behalf of HP in the Delaware Action and the only consideration received for this release is: (1) a set of undisclosed governance reforms; and (2) the engagement of the Cotchett Firm, which has a fundamental conflict of interest, to assist in the prosecution of HP's claims against certain Autonomy executives.  Clearly, Morrical and his counsel have only one set of interests in mind – their own.[15]  Accordingly, for the reasons discussed herein, Cook's Intervention Motion should be granted.

B.      **Current Lead Counsel in the California Action Has a Fundamental, Previously Undisclosed Conflict of Interest That Precludes Its Litigation and/or Settlement of the California Action**

As discussed herein, the litigation and/or Settlement of the California Action must come to a halt immediately.  The Cotchett Firm had a conflict of interest from the inception of its involvement in the California Action, throughout its entire pendency, and to this day.  Notably, while the Cotchett Firm has served as plaintiffs' Lead Counsel in the California Action, purportedly acting on HP's behalf in a fiduciary capacity at all times, it has simultaneously served as lead counsel for plaintiffs in the Class Action asserted against HP in this very Court.

The parties to the California Action have submitted a proposed Settlement to this Court for preliminary approval.  According to the Proposed Notice, the purported settlement relief (which, again, does not include any monetary contribution to HP by or on behalf of HP's directors and officers that were named as individual defendants) would include, *inter alia,* the retention of the

---

[15]      Alternatively, although Cook clearly has a right to intervene in the California Action, he likewise should be granted the right to permissively intervene for essentially the same reasons. Permissive intervention under Fed. R. Civ. P. 24(b) is appropriate upon "timely motion" where the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact." Like Rule 24(a)(2), Rule 24(b) is also construed liberally in favor of intervention.  *See Zepeda v. PayPal, Inc.*, No. 10-cv-02500-SBA (JCS), 2014 WL 1653246, at *3 (N.D. Cal. Apr. 23, 2014).   "The decision to grant or deny this type of intervention is discretionary, subject to considerations of equity and judicial economy."  *Garza v. County of Los Angeles*, 918 F.2d 763, 777 (9th Cir. 1990).

RODNEY J. COOK'S NOTICE OF MOTION AND MOTION TO INTERVENE TO REMOVE LEAD COUNSEL AND LEAD PLAINTIFF AND FOR APPOINTMENT OF NEW LEAD COUNSEL AND NEW LEAD PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - C-12-6003-CRB

- 11 -

1   Cotchett Firm as counsel to HP in connection with "the pursuit of affirmative claims against those

2   who caused HP's losses related to the Autonomy Acquisition – including certain legacy Autonomy

3   officers and directors, and potentially, other non-released persons and entities under the terms of an

4   engagement letter which will become effective upon Court approval of the settlement."   The

5   Proposed Notice omits any reference to the Cotchett Firm's involvement in the Class Action brought

6   against HP, and the conflict of interest presented thereby.   Similarly, the engagement letter submitted

7   to this Court by the Cotchett Firm and others as an exhibit to the Stipulation omits any reference to

8   the Cotchett Firm's involvement in the Class Action brought against HP, and the conflict of interest

9   presented thereby.

10        It is a basic black-letter law principle that an attorney's duty of loyalty prohibits him from

11   representing parties on both sides of litigation.  Cal. R. Prof. Conduct 3-310; *see, e.g.*, *State Farm*

12   *Mut. Auto. Ins. Co. v. Fed. Ins. Co.*, 72 Cal. App. 4th 1422 (1999); *Radcliffe v. Experian Info*

13   *Solutions*, 715 F.3d 1157, 1168 (9th Cir. 2013) ("We must be vigilant in guarding against conflicts

14   of interest in class-action settlements because of the 'unique due process concerns for absent class

15   members' who are bound by the court's judgments.") (quoting *In re Bluetooth Headset Products*

16   *Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011).   Because firms that pursue direct and derivative

17   actions   against/on   behalf   of   the   same   corporate   entity   encounter   conflicting   fiduciary

18   responsibilities, courts often apply a strict standard in scrutinizing simultaneous direct and derivative

19   actions for signs of conflict of interest.  *See Davis v. Comed, Inc.*, 619 F.2d 588, 597 (6th Cir. 1980)

20   (finding derivative plaintiff inadequate because, *inter alia,* he raised direct claims against the subject

21   company in other litigation, and thus "virtually admit[ted] this conflict between the derivative action

22   and his other litigation"); *Ryan v. Aetna Life Ins. Co.,* 765 F. Supp. 133, 135 (S.D.N.Y. 1991); *see*

23   *also St. Clair Shores Gen. Emps. Ret. Sys. v. Eibeler*, No. 06 Civ. 688(SWK), 2006 WL 2849783, at

24   *7 (S.D.N.Y. Oct. 4, 2006) ("plaintiffs attempting to advance derivative and direct claims in the

25   same action face an impermissible conflict of interest.").

26        Particularly instructive is the Southern District of New York's ruling in *Brickman v. Tyco,*

27   731 F. Supp. 101, 109 (S.D.N.Y. 1990).  In *Brickman*, the defendants argued that the plaintiff could

28   RODNEY J. COOK'S NOTICE OF MOTION AND MOTION TO INTERVENE TO REMOVE LEAD
COUNSEL AND LEAD PLAINTIFF AND FOR APPOINTMENT OF NEW LEAD COUNSEL AND
NEW LEAD PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF - C-12-6003-CRB                                                                          - 12 -

1    not sue derivatively on behalf of Tyco and also bring a class action against Tyco.  *Id.* at 108.  The

2    court agreed with the defendants that the plaintiff's concurrent prosecution of a derivative suit on

3    behalf of Tyco and a class action against Tyco would violate the adequacy prong of Rule 23(a),

4    which requires that a class plaintiff possess no interests antagonistic to that of the class.  *Id.*  A nearly

5    identical conclusion was reached in *Wall Street Sys., Inc. v. Lemence,* No. 04 Civ. 5299, 2005 WL

6    292744 (S.D.N.Y. Feb. 8, 2005).  In *Wall Street*, a plaintiff simultaneously brought a direct and a

7    derivative action.  *Id.* at *3.  The court therefore found that the plaintiff could not fairly and

8    adequately represent the shareholders' interests (in effect, the company's best interests) as required

9    under Rule 23.1, the federal rule that governs shareholder derivative actions.  *Id.*  The court reasoned

10   that when a plaintiff brings direct claims against a corporation and derivative claims on behalf of a

11   corporation, there is a conflict of interest that prevents the adequate representation required pursuant

12   to Rule 23.1.  *Id.*

13            As discussed above, the Cotchett Firm unquestionably has had and continues to have a

14   conflict of interest based on its simultaneous prosecution of the California Action purportedly on

15   behalf of HP, on the one hand, and the Class Action against HP, on the other hand.  Further, if the

16   Settlement is finally approved, this conflict of interest will become even more problematic, as the

17   Settlement calls for HP to directly engage the Cotchett Firm to represent HP and assist in the

18   prosecution of HP's claims against Autonomy and certain of its former officers.  Thus, if the

19   Settlement is finally approved, the Cotchett Firm will be simultaneously suing HP on behalf of a

20   class and directly representing HP.  Additionally, the Cotchett Firm's failure to disclose this conflict

21   throughout the prosecution of the California Action (including in the Proposed Notice or engagement

22   letter) has infected the entire settlement process.  Stated simply, the Cotchett Firm's audacious and

23   unprecedented actions should not be tolerated by this Court, and require a *per se* disqualification

24   under California law.  *People ex rel. Dep't of Corps. v. SpeeDee Oil Change Sys., Inc.*, 20 Cal. 4th

25

26

27

28   RODNEY J. COOK'S NOTICE OF MOTION AND MOTION TO INTERVENE TO REMOVE LEAD
     COUNSEL AND LEAD PLAINTIFF AND FOR APPOINTMENT OF NEW LEAD COUNSEL AND
     NEW LEAD PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
     THEREOF - C-12-6003-CRB                                                              - 13 -

1135, 1146, 980 P.2d 371 (1999); *Del Campo v. Mealing*, 2011 U.S. Dist. LEXIS 158019, at *16-*17 (N.D. Cal. Sept. 29, 2011).  Accordingly, the Intervention Motion should be granted.[16]

### C.   Cook Should Be Appointed Lead Plaintiff and The Weiser Firm Should Be Appointed Lead Counsel

Cook respectfully requests that because the Cotchett Firm and its client have at all times been and remain inadequate to lead the prosecution and/or Settlement of the California Action on HP's behalf, he and his counsel, the Weiser Firm, should be appointed Lead Plaintiff and Lead Counsel.

### 1.   Cook Should Be Appointed Lead Plaintiff

Given that the Cotchett Firm must be disqualified due to its previously undisclosed conflict of interest, Cook respectfully submits that he and his counsel are the most suitable choices to lead the California Action.  This is so because Cook is the only HP shareholder that followed the proper Delaware procedure by exhausting all of his rights to conduct a pre-suit investigation pursuant to Section 220, which in turn permitted him to file the strongest pleading on HP's behalf, containing exclusive allegations against HP's directors and officers.[17]

Indeed, as part of following the proper Delaware procedure and exercising all of his rights as an HP shareholder to investigate wrongdoing, Cook litigated his Section 220 Action through trial.  While Cook was ultimately unsuccessful in that effort, he nonetheless obtained documents from HP through his Inspection Demand, and based on the review thereof, pled a novel theory based on distinct factual allegations regarding, *inter alia,* (a) Lesjak's direct warning to the Board on August 17, 2011 that HP could not afford the Autonomy Acquisition (as reported by the *WSJ*); (b) the so-called "review" of the Autonomy Acquisition by the Board's Finance and Investment Committee (again, as reported by the *WSJ*); and (c) the Board's approval of the Autonomy Acquisition despite

---

[16]      Courts also strongly disfavor pre-existing adversarial relationships with the nominal defendant in derivative cases.  *Barrett v. S. Conn. Gas Co*., 172 Conn. 362, 376-377 (1977) (finding high likelihood of abuse existed in connection with plaintiff's shareholder derivative action because plaintiff and the corporation had a prior adverse relationship).  Here, the Class Action was pending long before the initiation of the California Action.

[17]      Cook respectfully refers the Court to the Declaration of Rodney J. Cook in Support of Motion to Intervene to Remove Lead Counsel and Lead Plaintiff and for Appointment of New Lead Counsel and New Lead Plaintiff attached as Exhibit 6 to the Weiser Dec.

1   the fact that HP's directors were not well-informed through due diligence about what HP was truly

2   buying.[18]   No other HP shareholder in any forum has raised the allegations Cook raised, and Cook

3   has also raised unique claims and allegations against certain key defendants that are not named

4   defendants in the California Action.

5            Indeed, Cook followed the proper procedure by pursuing a Section 220 inspection demand

6   and litigating a Section 220 proceeding to its conclusion rather than "rushing off to the courthouse"

7   to file a derivative action like the Cotchett Firm did.  *See, e.g.*, *South v. Baker*, Civ. A. 7294-VCL,

8   2012 WL 4372538, at *14 (Del. Ch. Sept. 25, 2012) ("[w]holly missing was any explanation as to

9   why the [plaintiffs] did not use Section 220 before filing suit, as the Delaware Supreme Court has

10  recommended repeatedly"); *Beam ex rel. Martha Stewart Living Omnimedia, Inc. v. Stewart,* 845

11  A.2d 1040, 1056 (Del. 2004) ("Both this Court and the Court of Chancery have continually advised

12  plaintiffs who seek to plead facts establishing demand futility that the plaintiffs might successfully

13  have used a Section 220 books and records inspection to uncover such facts."); *White v. Panic*, 783

14  A.2d 543, 556-57 (Del. 2001) ("[T]his case demonstrates the salutary effects of a rule encouraging

15  plaintiffs to conduct a thorough investigation, using the 'tools at hand' including the use of actions

16  under *8 Del. C. §220* for books and records, before filing a complaint . . . .  [F]urther pre-suit

17  investigation in this case may have yielded the particularized facts required to show that demand is

18  excused or it may have revealed that the board acted in the best interests of the corporation.").

19           Accordingly, because Cook followed the proper Delaware procedure by initiating the

20  Delaware Action only after exhausting his rights as a shareholder to pursue the inspection of

21  corporate books and records pursuant to Section 220, which ultimately resulted in Cook's ability to

22  plead unique and distinct allegations and claims on behalf of HP, he is clearly the most adequate

23  choice to replace Morrical as Lead Plaintiff.  Thus, Cook respectfully requests that the Intervention

24  Motion be granted in its entirety.

25

26  _____

27  [18]      Cook again respectfully refers this Court to the sealed version of the Cook Complaint in the
    Delaware Action for a more fulsome description of Cook's allegations.  *See* Weiser Decl., Ex. 3.

28  RODNEY J. COOK'S NOTICE OF MOTION AND MOTION TO INTERVENE TO REMOVE LEAD
    COUNSEL AND LEAD PLAINTIFF AND FOR APPOINTMENT OF NEW LEAD COUNSEL AND
    NEW LEAD PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
    THEREOF - C-12-6003-CRB                                                                            - 15 -

1

2. **The Weiser Firm Should Be Appointed Lead Counsel**

2        Cook's counsel, the Weiser Firm, is the most adequate choice to replace the Cotchett Firm as

3   Lead Counsel.  In selecting Lead Counsel, the "guiding principle" is who will "best serve the interest

4   of the plaintiffs." *Millman v. Brinkley*, No. 1:03-cv-3831-WSD, 2004 U.S. Dist. LEXIS 20113, at *9

5   (N.D. Ga. Oct. 1, 2004).  The criteria for selecting Lead Counsel include its experience and prior

6   success record, the number, size, and extent of involvement of represented litigants, the stage of the

7   proceedings in a particular suit, and the nature of the causes of action alleged. *Id.* (citations omitted).

8   In making a selection, some courts have also considered the quality of the pleadings that have been

9   filed as a factor to be weighed. *See, e.g.*, *Dollens v. Zionts*, No. 01 C 5931, 2001 U.S. Dist. LEXIS

10  19966, at *6 (N.D. Ill. Dec. 4, 2001).  In light of the Cotchett Firm's fatal infirmity, each factor

11  weighs strongly in favor of appointing the Weiser Firm as Lead Counsel.

12        The Weiser Firm has an excellent reputation in the field of shareholder litigation, and its

13  managing principal has been involved in some of the most successful shareholder derivative actions

14  in the United States, including cases (like the California Action) involving situations where a

15  company's board of directors and executive officers breached their fiduciary duties to the company

16  and its shareholders. *See* Weiser Dec., Ex. 1.  The Weiser Firm is clearly capable and well-suited to

17  serve as Lead Counsel in this complex derivative action.

18        Moreover, the Weiser Firm has most vigorously advanced the Company's derivative claims

19  to date.  As discussed above, the Weiser Firm followed the Delaware procedure by issuing the

20  Inspection Demand on Cook's behalf and subsequently litigating the Section 220 Action through

21  trial prior to filing Cook's superior Complaint, thus demonstrating the Weiser Firm's commitment

22  and vigor to representing HP and its shareholders' best interests.  The Cotchett Firm, on the other

23  hand, rushed to the courthouse to file a placeholder complaint in December 2012, subsequently

24  engaged in no meaningful litigation activity, and is now seeking to settle the California Action in

25  spite of their fundamental conflict of interest.  Accordingly, this factor weighs heavily in favor of

26  appointing the Weiser Firm as Lead Counsel.  In sum, the Weiser Firm has served, and will continue

27

28  RODNEY J. COOK'S NOTICE OF MOTION AND MOTION TO INTERVENE TO REMOVE LEAD
    COUNSEL AND LEAD PLAINTIFF AND FOR APPOINTMENT OF NEW LEAD COUNSEL AND
    NEW LEAD PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
    THEREOF - C-12-6003-CRB                                                    - 16 -

1  to serve, the best interests of all derivative plaintiffs and the Company and should be appointed Lead

2  Counsel.

3  **IV.      CONCLUSION**

4          For the reasons stated herein, Cook respectfully requests that his Intervention Motion be

5  granted in its entirety.

6  DATED:  August 13, 2014                    Respectfully submitted,

7                                             KATHLEEN A. HERKENHOFF (168562)
                                               THE WEISER LAW FIRM P.C.
8

9                                                       /S/ Kathleen A. Herkenhoff
10                                             KATHLEEN A. HERKENHOFF

11                                             12707 High Bluff Drive, Suite 200
                                               San Diego, CA 92130
12                                             Telephone: 858/794-1441
                                               Facsimile: 858/794-1450
13                                             kah@weiserlawfirm.com

14                                             THE WEISER LAW FIRM, P.C.
                                               ROBERT B. WEISER
15                                             BRETT D. STECKER
                                               JEFFREY J. CIARLANTO
16                                             JOSEPH M. PROFY
                                               22 Cassatt Avenue, First Floor
17                                             Berwyn, PA 19312
                                               Telephone:  (610) 225-2677
18                                             Facsimile:  (610) 408-8062

19                                             RYAN & MANISKAS, LLP
                                               RICHARD A. MANISKAS
20                                             PA Bar No. 85942
                                               995 Old Eagle School Road, Suite 311
21                                             Wayne, PA  19087
                                               Telephone:  484/588-5516
22                                             484/450-2582 (fax)
                                               rmaniskas@rmclasslaw.com
23
                                               Counsel for Rodney J. Cook
24

25

26

27

28  RODNEY J. COOK'S NOTICE OF MOTION AND MOTION TO INTERVENE TO REMOVE LEAD
    COUNSEL AND LEAD PLAINTIFF AND FOR APPOINTMENT OF NEW LEAD COUNSEL AND
    NEW LEAD PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
    THEREOF - C-12-6003-CRB                                                          - 17 -

1

<u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on August 13, 2014, I authorized the electronic filing of the foregoing

3

with the Clerk of the Court using the CM/ECF system which will send notification of such filing to

4

the e-mail addresses denoted on the attached Electronic Mail Notice List.

5

I certify under penalty of perjury under the laws of the United States of America that the

6

foregoing is true and correct.  Executed on August 13, 2014.

7

 s/ KATHLEEN A. HERKENHOFF
KATHLEEN A. HERKENHOFF

8

9

THE WEISER LAW FIRM, P.C.
12707 High Bluff Drive, Suite 200
San Diego, CA 92130
Telephone: 858/794-1441
Facsimile: 858/794-1450

10

11

Email: kah@weiserlawfirm.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RODNEY J. COOK'S NOTICE OF MOTION AND MOTION TO INTERVENE TO REMOVE LEAD
COUNSEL AND LEAD PLAINTIFF AND FOR APPOINTMENT OF NEW LEAD COUNSEL AND
NEW LEAD PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF - C-12-6003-CRB                                                                                              - 18 -

**Mailing Information for a Case 3:12-cv-06003-CRB Riccardi v. Lynch et al**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Felipe Javier Arroyo**
  farroyo@robbinsarroyo.com,notice@robbinsarroyo.com

- **Andrea Bascheri**
  sammirati@bottinilaw.com

- **Daniel Lawrence Baxter**
  dbaxter@wilkefleury.com,vgarner@wilkefleury.com

- **Ian David Berg**
  iberg@aftlaw.com,tkellar@aftlaw.com

- **Daniel H. Bookin**
  dbookin@omm.com,LitigationCalendar@omm.com,rgonzalez@omm.com

- **Francis A. Bottini , Jr**
  fbottini@bottinilaw.com,sammirati@bottinilaw.com

- **Lisa Chen**
  lisachen@omm.com,kquintanilla@omm.com

- **Matthew William Close**
  mclose@omm.com

- **George Thomas Conway , III**
  gtconway@wlrk.com,calert@wlrk.com

- **Victoria A. Coyle**
  coylev@sullcrom.com

- **Brendan P. Cullen**
  cullenb@sullcrom.com,s&cmanagingclerk@sullcrom.com,carrejoa@sullcrom.com

- **Brook Dooley**
  bxd@kvn.com,rthomas@kvn.com,efiling@kvn.com

- **John C. Dwyer**
  dwyerjc@cooley.com,giovannonib@cooley.com

- **Matthew Kendall Edling**
  medling@cpmlegal.com,jhamilton@cpmlegal.com,obacigalupi@cpmlegal.com,pmenzel@cpmlegal.com

- **Bruce A. Ericson**
  bruce.ericson@pillsburylaw.com,docket@pillsburylaw.com

- **Steven M. Farina**
  sfarina@wc.com

- **Brian T. Frawley**
  frawleyb@sullcrom.com

- **Neil A. Goteiner**
  ngoteiner@fbm.com,calendar@fbm.com,karentsen@fbm.com

- **Gary S. Graifman**
  ggraifman@kgglaw.com

- **Vincent Ho**
  wjonckheer@schubertlawfirm.com

- **Richard Stephen Horvath , Jr**
  richard.horvath@skadden.com

- **Laura Christine Hurtado**
  laura.hurtado@pillsburylaw.com,docket@pillsburylaw.com

- **Willem F. Jonckheer**
  wjonckheer@schubertlawfirm.com,kmessinger@schubertlawfirm.com,jzaneri@schubertlawfirm.com

- **Jeffrey Michael Kaban**
  kabanjm@cooley.com,jdwyer@cooley.com,lalmanza@cooley.com

- **John Watkins Keker**
  jwk@kvn.com,efiling@kvn.com

- **Vincent G Levy**
  vglevy@wlrk.com,calert@wlrk.com

- **Aron K. Liang**
  aliang@cpmlegal.com

- **Jan Nielsen Little**
  jnl@kvn.com,srg@kvn.com,efiling@kvn.com,kbringola@kvn.com,bhaugeberg@kvn.com

- **Sarah Lynn Lochner**
  slochner@wc.com

- **Rosemary Farrales Luzon**
  rluzon@sflrslaw.com,pleadings@sflrslaw.com

- **Nicholas David Marais**
  NMarais@kvn.com,apicar@kvn.com

- **Thomas B. Mayhew**
  tmayhew@fbm.com,tbuchanan@fbm.com,calendar@fbm.com

- **Timothy Alan Miller**
  Timothy.Miller@skadden.com,jan.schilling@skadden.com,wayne.campbell@skadden.com,sandra.kodani@skadden.com,Rita.Meadows@skadden.com,richard.horvath@skadden.com

- **Mark Cotton Molumphy**
  mmolumphy@cpmlegal.com,rbarghi@cpmlegal.com,obacigalupi@cpmlegal.com,jacosta@cpmlegal.com

- **Stephen Cassidy Neal**
  nealsc@cooley.com,wilsonla@cooley.com

- **Matthew Wells Powell**
  mpowell@wilkefleury.com,calendar@wilkefleury.com,ayu@wilkefleury.com,dbaxter@wilkefleury.com

- **Brian J. Robbins**
  notice@robbinsarroyo.com

- **Patrick David Robbins**
  probbins@shearman.com,rcheatham@shearman.com

- **Diana Catherine Rogosa**
  drogosa@omm.com,lschmalz@omm.com,monelson@omm.com,Lisachen@omm.com

- **Allen Ruby**
  Allen.Ruby@Skadden.com,jordan.zim@skadden.com,marilyn.garibaldi@skadden.com,rosanna.keenan@skadden.com

- **Shane Palmesano Sanders**
  ssanders@robbinsarroyo.com

- **Rachelle Silverberg**
  rsilverberg@wlrk.com,calert@wlrk.com

- **Colby A. Smith**
  casmith@debevoise.com,mao-ecf@debevoise.com

- **Jeffrey Michael Walker**
  jwalker@cooley.com,foxl@cooley.com

- **Eric Steven Waxman**
  ewaxman@skadden.com,btravagl@skadden.com

- **Christopher C. Wheeler , Esq**
  cwheeler@fbm.com,laflamme@fbm.com

- **Marc Wolinsky**
  mwolinsky@wlrk.com,calert@wlrk.com

- **Bruce E. Yannett**
  beyannet@debevoise.com,mao-ecf@debevoise.com

- **Shimon Yiftach**
  shimon@yiftachlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)