JOSEPH W. COTCHETT (36324)
jcotchett@cpmlegal.com
MARK C. MOLUMPHY (168009)
mmolumphy@cpmlegal.com
MATTHEW K. EDLING (250940)
medling@cpmlegal.com
JENNIFER R. CRUTCHFIELD (275343)
jcrutchfield@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*Lead Counsel for Plaintiff Stanley Morrical,
derivatively on behalf of Hewlett-Packard Company*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HEWLETT-PACKARD COMPANY SHAREHOLDER DERIVATIVE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | **Master File NO. C-12-6003-CRB**<br><br>**LEAD PLAINTIFF'S RESPONSE TO RODNEY COOK'S *EX PARTE* APPLICATION TO EXPEDITE SCHEDULE ON MOTION TO INTERVENE**<br><br>Dept.: Courtroom 6, 17th Floor<br>Hon. Charles R. Breyer |

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

**Lead Plaintiff's Response to Rodney Cook's Ex Parte Application to Expedite Schedule on Motion to Intervene;
Master File No. C-12-6003-CRB**

On Thursday, August 14, 2014, Rodney Cook and his counsel, The Weiser Law Firm (Weiser), filed an *ex parte* application asking this Court to hear his Motion to Intervene to Remove Lead Counsel (Doc. 172) on August 25, 2014, at the same time as Lead Plaintiff's Motion for Preliminary Approval of Derivative Settlement relating to Hewlett-Packard Company's (HP) acquisition of Autonomy (Doc. 149).

As brief background, rather than participate in these federal proceedings, Cook filed a separate derivative action in Delaware state court. On July 22, 2014, the Delaware Chancery Court **denied** Cook's motion to expedite proceedings in the Delaware case. Addressing Cook's argument that the proposed Settlement would unfairly terminate claims, the Chancery Court held it would not act as Cook's "stalking horse" (the Court's words) and held that Cook needed to make any objections to the proposed Settlement, whatever they may be, as an objector to the Settlement in this Court.

On August 7, in contravention of the rules of this Court, Cook sent a letter to the Court stating that he intended to move to intervene in this federal action. He then waited nearly a full week, until August 13, to file his intervention motion. Nearly two years after the derivative cases were first filed, and just weeks after his Delaware action was stayed, Cook evidently had an epiphany that Lead Plaintiff Stanley Morrical and Cotchett, Pitre & McCarthy (Cotchett) needed to be replaced because (1) Cook "alone" made a pre-suit "books and records" request to HP and was able to assert stronger claims, and (2) Cotchett has a conflict because it also represents a class of consumers who purchased inkjet printer cartridges from HP and negotiated a settlement *four years ago*.

Both claims border on frivolous and will be shown to be without merit. More to the point, Lead Plaintiff agrees that these issues should be resolved immediately. Thus, putting aside the procedural defects of Cook's *ex parte* application (which Cook's counsel admits was filed without even trying to contact Cotchett to stipulate to the proposed relief, in violation of this Court's Standing Orders; *see* Herkenhoff Decl., ¶4), **Lead Plaintiff does not object to having Cook's Motion to Intervene heard on August 25, 2014**.

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

**Lead Plaintiff's Response to Rodney Cook's Ex Parte Application to Expedite Schedule on Motion to Intervene; Master File No. C-12-6003-CRB**

Today, having heard nothing from the Weiser firm, Cotchett contacted their office and proposed a stipulation to submit to the Court. Specifically, since the primary attorney at Cotchett preparing a response to Cook's 17-page Motion to Intervene was out of the office on a pre-arranged vacation trip through Wednesday, August 20, 2014, Cotchett proposed that responses be filed by Friday, August 22, 2014 – a week from today. Weiser rejected the proposal and insisted that any briefing schedule allowed for a reply brief, notwithstanding the fact that his client's ex parte application was the one seeking the "expedited" schedule and he took a week to put together his Motion to Intervene.

Accordingly, Lead Plaintiff Stanley Morrical and Cotchett respectfully request, and separately submit a Proposed Order providing that, (1) the Motion to Intervene be set for hearing on August 25, 2014 and (2) that parties have until August 22, 2014 to file any opposition, without any reply. Lead Plaintiff also fully appreciates the additional burden on the Court and its staff in having to consider Cook's Motion on shortened time, and will endeavor to file the opposition as early as possible.

Dated: July 16, 2014        /s/ Mark. C. Molumphy
                            Mark. C. Molumphy

                            **COTCHETT, PITRE & McCARTHY, LLP**
                            840 Malcolm Road, Suite 200
                            Burlingame, CA 94010
                            Telephone: (650) 697-6000
                            Facsimile: (650) 697-0577
                            medling@cpmlegal.com

                            *Lead Counsel for Plaintiff Stanley Morrical,*
                            *derivatively on behalf of Hewlett-Packard Company*

---

**Lead Plaintiff's Response to Rodney Cook's Ex Parte Application to Expedite Schedule on Motion to Intervene; Master File No. C-12-6003-CRB**