**EXHIBIT A**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HEWLETT-PACKARD COMPANY SHAREHOLDER DERIVATIVE LITIGATION | Case No. C-12-6003-CRB |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT, DIRECTING NOTICE TO SECURITIES HOLDERS, AND SETTING HEARING FOR FINAL APPROVAL OF SETTLEMENT**

WHEREAS, the Federal Plaintiff in this action, as well as State Plaintiffs in the State Actions, nominal defendant Hewlett-Packard Company ("HP" or the "Company"), and the defendants named in the consolidated amended complaint filed in this action have entered into an Amended and Restated Stipulation of Settlement that would settle all claims that were or could have been asserted in this Federal Action (and, through principles of res judicata and release, in other related actions including the parallel State Actions) against any Releasee, as defined in the Amended and Restated Stipulation of Settlement; and

WHEREAS, the Federal Plaintiff filed an application for preliminary approval of the proposed settlement

WHEREAS, on September __, 2014, the parties submitted an Amended and Restated Stipulation of Settlement, executed on September 3, 2014, along with Exhibits,

which consist of (*i*) a proposed Order preliminarily approving the proposed Settlement, directing notice of the proposed Settlement to Securities Holders and setting a hearing for final approval of the proposed Settlement (Exhibit A), (*ii*) a proposed notice to be published regarding the proposed settlement (Exhibit B), (*iii*) a proposed Order granting final approval of the settlement (Exhibit C), and (*iv*) a proposed Final Judgment (Exhibit D) (the Amended and Restated Stipulation of Settlement and Exhibits shall collectively be referred to as the "Agreement");

IT IS HEREBY ORDERED, as follows:

1. *Definitions* – To the extent not defined in this Order, this Court adopts and incorporates the definitions in the Agreement for purposes of this Order.

2. *Preliminary Findings Regarding Proposed Settlement* – The Court finds that the proposed Settlement as evidenced by the Agreement is sufficiently fair, reasonable and adequate to warrant providing notice of the proposed Agreement to HP Securities Holders and holding a Fairness Hearing on the Agreement. In making this finding, the Court preliminarily concludes that the proposed settlement appears to have resulted from extensive negotiations conducted at arm's length by the Settling Parties and their counsel, under the auspices of an experienced mediator (a retired United States District Judge), and that the terms and conditions of the Agreement do not have any obvious deficiencies.

3. *Scheduling of Fairness Hearing* – A hearing (the "Fairness Hearing") will be held on _____, 2014, at _____, _.m. PDT, before Judge Charles R. Breyer, United States District Judge, at the United States District Court for the

Northern District of California, Phillip Burton Federal Building and United States Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, to, among other things:

    a. determine finally whether the proposed Settlement, the terms and conditions of which are set out in the Agreement, are fair, reasonable, adequate and in the best interests of the Company and its shareholders and should be approved by the Court;

    b. determine finally whether the form and method of notice to Securities Holders that will be implemented pursuant to the Agreement and this Order (*i*) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law, (*ii*) sufficiently informed all relevant persons and entities about the Agreement, the Fairness Hearing and their ability to object to the Settlement and (*iii*) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to notice;

    c. determine finally whether the Federal Plaintiff fairly and adequately represented the Securities Holders and the Company's interests;

    d. determine whether the proposed Order Approving Settlement (the "Approval Order") and the proposed Final Judgment (forms of

        which are attached in their entirety as Exhibits C and D to the Agreement) should be entered in this Federal Action pursuant to the proposed Agreement;

    e.    determine whether the claims asserted against the Settling Individual Defendants and the Settling Professional Advisor Defendants in the Federal Action (the "Settling Defendants") should be dismissed with prejudice pursuant to the terms of the Agreement and whether the claims against Releasees should be fully and finally released;

    f.    determine whether an injunction consistent with the preliminary injunction that is set out in paragraph 10 of this Order should be permanently entered by the Court (as set out in the form of Approval Order at paragraph 12);

    g.    determine whether the proposed Complete Bar Order, as set out in the Approval Order at paragraph 13, should be entered; and

    h.    determine any other matters relating to the approval and implementation of the Agreement.

4.    *Review of the Agreement* – The Court may approve the Agreement (with or without any modifications executed by the Settling Parties) and enter the proposed Approval Order at or after the Fairness Hearing or any adjournment of the Fairness Hearing and dismiss the claims asserted against the Settling Defendants named in the

Complaint on the merits and with prejudice with or without further notice to any persons or entities other than the Settling Parties.

5. *Notice* – No later than _____, 2014, the Settling Parties shall cause notice of the terms of the proposed Settlement and the Fairness Hearing substantially in the form filed with the Court as Exhibit B to the Agreement (the "Notice") to be published in *The Wall Street Journal*, *The New York Times*, *The San Francisco Chronicle* and *Investor's Business Daily*. HP also shall cause the Notice to be filed with the United States Securities and Exchange Commission as an attachment to a Form 8-K and shall cause the Notice and the Agreement to be published through a link located on the Investor Relations page of its website.

6. *Notice and Administrative Costs* – HP will pay or cause to be paid all costs associated with providing the Notice described in paragraph 5 of this Order.

7. *Notice Findings* – The Court preliminarily finds that the form and method of notice specified in the Agreement and set out in paragraph 5 of this Order (*i*) satisfy the requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law, (*ii*) sufficiently inform all relevant persons and entities about the Agreement, the pendency of the Federal Action and related litigation (including the State Actions), the Fairness Hearing and their ability to object to the Settlement and (*iii*) are reasonable and constitute due, adequate and sufficient notice to all persons entitled to notice

8. *Proof of Notice* – HP, at or before the Fairness Hearing, shall cause proof of notice to be filed as set out in paragraph 5 of this Order.

9. ***Company Communications with Securities Holders*** – The Company is authorized to communicate with and respond to inquiries by Securities Holders with respect to matters unrelated to this Agreement.  It also may undertake such efforts to communicate with Securities Holders regarding the Settlement as it deems necessary or appropriate, including telephone communications, and to engage in any other communications with Securities Holders within the normal course of the Company's business.

10. ***Preliminary Injunction*** – Pending final determination by the Court whether the Agreement should be approved, this Court preliminarily bars and enjoins all Securities Holders, any of their respective representatives, trustees, successors, heirs, agents, and assigns, and anyone else purporting to act on behalf of or derivatively for the Company, from filing, commencing, prosecuting, intervening in, participating in or receiving any benefits or other relief from any other lawsuit, arbitration or administrative, regulatory or other proceeding (as well as filing a complaint in intervention in such proceedings in which the person or entity filing such complaint in intervention purports to be acting on behalf of or derivatively for any of the above) or order in any jurisdiction or forum based on or relating to (*i*) the claims and causes of action, or the related facts and circumstances, asserted in this Federal Action or the State Actions, (*ii*) any other claims that will be released or barred by the Agreement and the Approval Order if the Court approves the proposed Settlement and/or (*iii*) any of the Non-Released Preserved Claims to the extent such Claims relate to the facts or circumstances that gave rise to the Settled Actions; *provided however*, that nothing in the preliminary injunction granted by

the Court shall bar (*i*) the Company or Autonomy (but not a Securities Holder acting on behalf of the Company) from asserting Non-Released Preserved Claims in any pending or future judicial, administrative, regulatory, arbitration or other proceeding, or (*ii*) any appropriate shareholder or the Company from asserting any Non-Released Pending Claims, in any pending judicial proceeding, or (*iii*) any Securities Holder from asserting Claims that are solely direct Claims (including claims made in the Securities Class Action and/or the ERISA Class Action), and not Claims made on behalf of the Company, in any pending or future judicial, administrative, regulatory, arbitration or other proceeding; *provided further*, that no part of this preliminary injunction shall bar the Company or any defendant from seeking to stay or dismiss any other proceedings.

11.     ***Reservation of Certain Rights*** – Notwithstanding the preliminary injunction set out in paragraph 10:

a.      Neither the Company nor Autonomy shall be barred or enjoined from asserting any Non-Released Preserved Claims, and neither the Releasees nor the Company shall be barred or enjoined from asserting any defense, against any non-Releasee (including but not limited to Autonomy, Legacy Autonomy Officials, Autonomy Pre-Acquisition Advisors, or Autonomy Business Partners) in any pending or future judicial, administrative, regulatory, arbitration or other proceeding;

b.      Neither the Company nor any appropriate shareholder shall be barred or enjoined from asserting any Non-Released Pending Claims in any pending judicial proceeding;

  c. No Securities Holder shall be barred or enjoined from asserting Claims that are solely direct Claims (including claims made in the Securities Class Action and/or the ERISA Class Action) and not Claims made on behalf of the Company, in any pending or future judicial, administrative, regulatory, arbitration or other proceeding; and

  d. The following Claims shall not be barred or enjoined:

   (1) by any of the Settling Parties, Settling Plaintiffs' Counsel, or Defendants' Settlement Counsel to enforce the terms of the Agreement, the Approval Order or the Judgment;

   (2) by the Company to seek reimbursement for advanced attorneys' fees or expenses from any Releasee who has been determined, or may be determined, to be unindemnifiable with respect to any Released Securities Holder/Company Claims; *provided* that this paragraph 11.d.(2) shall not apply to any Releasee whom the Board (based on the review conducted by the Independent Committee) has found adequately fulfilled his or her fiduciary duties and otherwise acted in the best interests of the Company and its shareholders with respect to Released Securities Holder/Company Claims;

   (3) by Defendants or Defendants' Settlement Counsel seeking reimbursement for fees and expenses incurred in representing any of the Company, Settling Individual Defendants, Settling Professional Advisors or any other Releasee;

   (4) belonging to the Company or any insured Releasee against any of the Company's insurers arising out of or relating to any potentially applicable insurance

contracts or other agreements; *provided* that any such Claim must be asserted directly by the Company or the insured Releasee in its, his or her own right; and

      (5)    by any Releasee who is or was employed or associated with the Company, with respect to the rights of any such individual or entity under or to (i) pension plans, 401(k) plans, separation agreements, employment agreements, stock options, salary benefits or any other benefit plan, including health plans, in which such Releasee participates as a result of his or her current or former employment or association with the Company or (ii) indemnification, advancement or insurance coverage with respect to any claim made as to a Releasee that arises (*x*) by reason of the fact that he or she is or was a director, officer or employee of the Company or (*y*) under a written agreement between the Releasee and the Company or its Affiliates providing for indemnification, advancement, or insurance coverage.

    12.    *Objections* –

      a.    Securities Holders who wish to review the Governance Revisions for the purpose of evaluating and potentially objecting to the fairness, reasonableness or adequacy of the Agreement or to any to any term(s) of the Agreement must submit a request to counsel for HP no later than _____, 2014 (twenty (20) days before the Fairness Hearing as scheduled in this Order).  A request to review the Governance Revisions must include the following information about the Securities Holder or (if represented by counsel) about the attorney:  (*i*) name, (*ii*) address, (*iii*) telephone number, (*iv*) e-mail address, if available, and (*v*) evidence that the individual or entity on whose behalf the request is being made is a Securities Holder of the Company.  Further, the

requesting Securities Holder must agree to be bound by the confidentiality agreement set forth in Appendix A hereto, restricting the disclosure of the information and restricting the use of the information to evaluate whether to lodge an objection to the fairness, reasonableness or adequacy of the Agreement.  Provided that the Securities Holder satisfies these conditions and agrees to abide by the aforementioned confidentiality agreement, HP shall provide such Securities Holder with a copy of the Governance Revisions with five (5) business days.  Any breach of the confidentiality agreement set forth in Appendix A shall be deemed a breach of a court order.

    b. Securities Holders who wish to object to the fairness, reasonableness or adequacy of the Agreement or to any term(s) of the Agreement must both serve on counsel and file with the Court a statement of objection, which must be received by no later than _____, 2014 (twenty (20) days before the Fairness Hearing as scheduled in this Order).  The Securities Holder may object on his, her or its own, or through counsel hired at his, her or its own expense.  The Securities Holder's statement of objection should set out the specific reasons, if any, for each objection, including any legal support the Securities Holder wishes to bring to the Court's attention and any evidence the Securities Holder wishes to introduce in support of such objections.  The statement of objection must also include the following information about the Securities Holder or (if represented by counsel) about the attorney:  ($i$) name, ($ii$) address, ($iii$) telephone number, ($iv$) e-mail address, if available, and ($v$) evidence that the individual or entity on whose behalf the objection has been made is and has been a Securities Holder of the Company at all relevant times.

13. Any attorney hired by a Securities Holder for the purpose of objecting pursuant to paragraph 12 must both serve on counsel and file with the Court a notice of appearance, which must be received by no later than _____, 2014 (twenty (20) days before the Fairness Hearing as scheduled in this Order).

14. Attendance at the Fairness Hearing is not necessary. However, any Securities Holder who files and serves a timely written objection pursuant to paragraph 12 – and only such Securities Holders – may appear at the Fairness Hearing either in person or through personal counsel retained at his, her or its own expense. Such Securities Holders or their counsel who intend to make an appearance at the Fairness Hearing must serve on counsel and file with the Court a notice of intention to appear, which must be received by no later than _____, 2014 (twenty (20) days before the Fairness Hearing as scheduled in this Order).

15. Any Securities Holder that fails to comply with the requirements of paragraphs 12 through 14 of this Order shall waive and forfeit any and all rights he, she or it may have to object and/or to appear separately at the Fairness Hearing, as well as any right to review the Governance Revisions in connection therewith. Securities Holders do not need to appear at the hearing or take any other action to indicate their approval of the Agreement.

16. Any Securities Holder who submits an objection to the Agreement shall be deemed to consent to the exclusive jurisdiction of this Court with respect to such objection and all issues that arise or relate to such objection, including any order issued or findings made by the Court regarding the objection.

11

17. ***Filing and Service of Submissions*** – Any Securities Holder wishing to make a submission pursuant to paragraphs 12 through 14 of this Order must serve such submission on the counsel and file it with the Court as follows:

    a. the submission must be filed with the Clerk of Court for the United States District Court for the Northern District of California, Phillip Burton Federal Building and United States Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, and

    b. the submission must be served by facsimile, e-mail, and/or next-day (excluding Saturday or Sunday) express delivery service upon each of the following counsel:

> *Counsel for Plaintiff Morrical:*
>
> > Joseph W. Cotchett
> > jcotchett@cpmlegal.com
> > Mark C. Molumphy
> > mmolumphy@cpmlegal.com
> > Cotchett, Pitre & McCarthy, LLP
> > 840 Malcolm Road, Suite 200
> > Burlingame, California 94010
> > Telephone: (650) 697-6000
> > Facsimile: (650) 697-0577
>
> *Counsel for State Plaintiffs Noel and Gould*:
>
> > Darren J. Robbins
> > DarrenR@rgrdlaw.com
> > Benny C. Goodman III
> > BennyG@rgrdlaw.com
> > Robbins Geller Rudman & Dowd LLP
> > 655 West Broadway, Suite 1900
> > San Diego, California 92101
> > Telephone: (619) 231-1058
> > Facsimile: (619) 231-7423

>*Counsel for HP:*
>
>>Marc Wolinsky
>>mwolinsky@wlrk.com
>>Wachtell, Lipton, Rosen & Katz
>>51 West 52nd Street
>>New York, New York 10019
>>Telephone:  (212) 403-1226
>>Facsimile:  (212)  403-2226

18. Counsel for the Settling Parties are directed promptly to inform each other of any submission served on them (or that otherwise comes into their possession) pursuant to paragraphs 12 through 14 of this Order.  Without limiting the foregoing, counsel for HP shall forward any submission served on counsel pursuant to paragraphs 12 through 14 of this Order to the following counsel:

>*Counsel for Settling Individual Defendant Whitman:*
>
>>John C. Dwyer
>>dwyerjc@cooley.com
>>Cooley LLP
>>3175 Hanover Street
>>Palo Alto, California 94304
>>Telephone:  (650) 843-5228
>>Facsimile:  (650) 849-7400
>
>*Counsel for Settling Individual Defendant Apotheker:*
>
>>Bruce E. Yannett
>>beyannett@debevoise.com
>>Colby A. Smith
>>casmith@debevoise.com
>>Debevoise & Plimpton LLP
>>919 Third Avenue
>>New York, New York 10022
>>Telephone:  (212) 909-6495
>>Facsimile:  (212) 521-7495

*Counsel for Settling Individual Defendants Lane, Andreessen, Banerji, Thompson, Gupta, Hammergren, Livermore, Reiner, Russo, Whitworth, Babbio, Baldauf and Senequier:*

> Eric S. Waxman
> eric.waxman@skadden.com
> Timothy A. Miller
> timothy.miller@skadden.com
> Skadden, Arps, Slate, Meagher & Flom LLP
> 525 University Avenue
> Palo Alto, California 94301
> Telephone: (650) 470-4620
> Facsimile: (650) 798-6536

*Counsel for Settling Individual Defendant Robison:*

> Daniel Bookin
> dbookin@omm.com
> Matthew Close
> mclose@omm.com
> O'Melveny & Myers LLP
> Two Embarcadero Center, 28th Floor
> San Francisco, California 94111
> Telephone: (415) 984-8786
> Facsimile: (415)984-8701

*Counsel for Settling Professional Advisor Defendant Barclays Capital:*

> Brian T. Frawley
> frawleyb@sullcrom.com
> Brendan P. Cullen
> cullenb@sullcrom.com
> Victoria A. Coyle
> coylev@sullcrom.com
> Sullivan & Cromwell
> 125 Broad Street
> New York, New York 10004
> Telephone: (212) 558-4000
> Facsimile: (212) 291-9437

*Counsel for Settling Professional Advisor Defendant Perella Weinberg Partners:*

Alan S. Goudiss
agoudiss@shearman.com
Shearman & Sterling LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4906
Facsimile: (646) 848-4906

Patrick D. Robbins
probbins@shearman.com
Shearman & Sterling LLP
Four Embarcadero Center, Suite 3800
San Francisco, California 94111
Telephone: (415) 616-1100
Facsimile: (415) 616-1199

19. **Papers Submitted by Settling Parties Regarding the Settlement** – The Settling Parties shall file with the Court (and serve on each other) any papers they wish to submit in support of the proposed settlement by no later than _____, 2014. The Settling Parties shall file with the Court (and serve on each other as well as any Securities Holder that has made a submission pursuant to paragraphs 12 through 14 of this Order) any papers they wish to submit in opposition to any such submission filed by Securities Holders by no later than _____, 2014.

20. **Termination of Agreement** – This Order shall become null and void, and shall be without prejudice to the rights of the parties in this Federal Action or any other action (including the State Actions), all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (*i*) the Agreement is not finally approved by the Court or does not become Final, or (*ii*) the Agreement is

terminated or does not become effective for any reason. In such event, (*i*) all provisions of the Agreement other than its termination provisions shall become null and void and be of no further force or effect, (*ii*) neither the Agreement (other than its termination provisions) nor any Court order regarding the Agreement, including this Order, shall be used or referred to for any purpose whatsoever and (*iii*) none of the Agreement, this Order, the negotiation of the Agreement, or the statements or court proceedings relating to the Agreement shall in any way be construed as, offered as, received as, used as or deemed to be evidence of any kind in this Federal Action, the State Actions, or any other judicial, administrative, regulatory or other proceeding or action, except in a proceeding to enforce this provision of this Order. Without limiting the foregoing, neither the Agreement nor any related negotiations, statements, or court proceedings shall be construed as, offered as, received as, used as or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity including, but not limited to, the Releasees, as a waiver by the Releasees of any applicable defense, or as a waiver by the Federal Plaintiff, the State Plaintiffs, or the Releasees of any claims, causes of action or remedies, including claims as to non-Releasees.

21. ***Retention of Jurisdiction*** – Subject to the dispute-resolution provisions found at Subsection III.D of the Agreement, this Court retains exclusive jurisdiction over the Federal Action to consider all further matters arising out of or connected with the Agreement, including a determination whether the proposed Settlement should be

approved as fair, reasonable and adequate and in the best interest of the Company and its shareholders, and to enter an Order so finding.

22. *Adjournment of Fairness Hearing* – The Court reserves the right to continue the Fairness Hearing without further written notice to Securities Holders or anyone else other than the Settling Parties.

So ordered this \_\_\_\_ day of _____, 2014.

_____
THE HONORABLE CHARLES R. BREYER

Appendix A

# **CONFIDENTIALITY AGREEMENT**

This Confidentiality Agreement (the "Confidentiality Agreement") is entered between nominal defendant Hewlett-Packard Company ("HP") and _____ ("Shareholder"), in connection with the action entitled *In re Hewlett-Packard Company Shareholder Derivative Litigation*, Master File No. 12 CV 6003 CRB (N.D. Cal.) (the "Action").

1. **Scope**. This Confidentiality Agreement shall govern the corporate governance enhancements that are being made under the Amended and Restated Stipulation of Settlement in the Action (and defined therein as the "Governance Revisions") and all information derived therefrom (collectively, the "Confidential Information"). This Confidentiality Agreement shall not apply to (a) information that is lawfully in the public domain; and (b) information known to Shareholder from a source who obtained the information lawfully and under no obligation of confidentiality to HP.

2. **Permissible Uses**. Shareholder may use Confidential Information solely (1) to evaluate whether to make an objection to the fairness, reasonableness, or adequacy of the Amended and Restated Stipulation of Settlement, or (2) to make an objection to the fairness, reasonableness, or adequacy of the Amended and Restated Stipulation of Settlement (the "Permissible Uses").

3. **Permissible Disclosure**. Shareholder may disclose Confidential Information solely to the officers, directors, employees, attorneys, or experts of Shareholder to whom disclosure is reasonably necessary for one of the Permissible Uses. Before sharing Confidential Information under paragraph 3, Shareholder shall obtain the written agreement of such persons to be bound by this Confidentiality Agreement.

4. **Objections; Court Filings**. To the extent Shareholder wishes to rely on Confidential Information in a court filing, including a statement of objections to the Amended and Restated Stipulation of Settlement, material reflecting Confidential Information shall be filed under seal.

Appendix A

5. **Compelled Disclosure**.  If Shareholder is served with a request, subpoena or court order that compels disclosure of any Confidential Information, Shareholder must promptly notify HP in writing, and in any event within two (2) business days, and provide with a copy of the subpoena or court order.  Shareholder shall cooperate with HP with respect to all reasonable procedures sought to be pursued to prevent disclosure of Confidential Information.

6. **Unauthorized Disclosure**.  If Shareholder learns that, by inadvertence or otherwise, it or any of its officers, directors, employees or representatives has violated this Confidentiality Agreement, Shareholder must immediately (a) notify HP of the breach, (b) use its best efforts to retrieve all unauthorized copies of Confidential Information, (c) inform the person to whom unauthorized disclosure was made of the terms of this Confidentiality Agreement and (d) request such person to agree to be bound by this Confidentiality Agreement.

7. **Disposal**.  Within 60 days after the Settlement is Final or terminated, Shareholder must return or destroy all Confidential Information, and certify to HP that Shareholder has done so.

8. **Representations**.  Shareholder represents that it is a shareholder of HP and that it seeks to review the Governance Revisions only for one or more of the Permissible Uses.

9. **Remedies**.  Shareholder agrees that money damages would not be an adequate remedy for breach of this Confidentiality Agreement, that HP may obtain specific performance of this Confidentiality Agreement and that any violation of this Confidentiality Agreement shall entitle HP to injunctive or other equitable relief as a remedy without proof of actual damages and without limiting any other remedies that HP might have.  Shareholder waives any requirement for the securing or posting of any bond in connection with any such remedy.

10. **Notice**.  Any notice required to be made to HP under this Confidentiality Agreement shall be made to counsel for HP identified in the Preliminary Approval Order.

11. **Entire Agreement; Choice of Law; Jurisdiction**.  This Confidentiality Agreement constitutes the entire agreement between the parties.  It shall be governed by and construed in accordance with the laws of the State of California.  In agreeing to be subject to the

terms of this Confidentiality Agreement, Shareholder agrees to submit to the jurisdiction of the Court in which this Action is pending for all matters concerning the enforcement of the terms of this Confidentiality Agreement. Breach of this agreement shall be a breach of a court order.

Dated: _____, 2014

_____    _____