**GREENFIELD & GOODMAN LLC**
Richard D. Greenfield (admitted *pro hac vice*)
Marguerite R. Goodman
Ilene F. Brookler (SBN 269422)
250 Hudson Street, 8th Floor
New York, NY 10013
Tel: (917) 495-4446
Fax: (212) 355-9592
whitehatrdg@earthlink.net
twowhitehats@earthlink.net
ibrookler@gmail.com

Attorneys for Proposed Intervenor
A.J. Copeland

[Additional Counsel Appeal on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE HEWLETT-PACKARD COMPANY SHAREHOLDER DERIVATIVE LITIGATION**<br><br>**This Document Relates To:**<br><br>**ALL ACTIONS.** | **Master File No. C-12-6003-CRB**<br><br>**A.J. COPELAND'S NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: September 26, 2014<br>Time: 10:00 a.m.<br>Dept.: Courtroom 6, 17th Floor<br>Judge: Hon. Charles R. Breyer |

Case3:12-cv-06003-CRB Document212 Filed09/08/14 Page2 of 17

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii

STATEMENT OF ISSUES ........ 1

MEMORANDUM OF POINTS AND AUTHORITIES ........ 1

I. SUMMARY OF ARGUMENT ........ 1

II. PROCEDURAL BACKGROUND ........ 4

A. The *Copeland* Actions ........ 4

B. The Federal And Related State Court Actions ........ 5

III. THE PROPOSED SETTLEMENT OF THIS ACTION ........ 5

IV. ARGUMENT ........ 6

A. Legal Standard ........ 6

B. Mr. Copeland Should Be Permitted To Intervene As Of Right ........ 7

1. This Motion To Intervene Is Timely ........ 9

2. Mr. Copeland's Interests Will Be Irreparably Harmed Absent Intervention ........ 10

3. Neither HP's Nor Mr. Copeland's Interests Are Adequately Represented ........ 10

C. Alternatively, Mr. Copeland Should Be Granted Permissive Intervention ........ 11

V. CONCLUSION ........ 11

i

A.J. COPELAND'S NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
No. C-12-6003-CRB

Case3:12-cv-06003-CRB Document212 Filed09/08/14 Page3 of 17

**TABLE OF AUTHORITIES**

***Cases***

*Accord In Re Synthroid Marketing Litig.*, 264 F.3d 712 (7th Cir. 2001) .......... 7, 8, 9

*Blake v. Pallan,* 554 F. 2d 947 (9th Cir. 1977) .......... 7

*California Dept. of Toxic Substances Control v. Commercial Realty Projects*, 309 F.3d 1113 (9th Cir. 2002) .......... 9

*Crawford v. Equifax Payment Services, Inc.*, 201 F.3d 877 (7th Cir. 2000) .......... 7, 8, 9

*Defenders of Wildlife v. Johanns*, 2005 U.S. Dist. LEXIS 34455 (N.D. Cal., December 1, 2005) .......... 7

*Donnelly v. Glickman*, 159 F.3d 405 (9th Cir. 1998) .......... 10

*Garza v. County of Los Angeles*, 918 F.2d 763 (9th Cir. 1990) .......... 7, 11

*In re Novatel Wireless Sec. Litig.*, 2014 WL 2858518 (S.D. Cal. June 23, 2014) .......... 9, 10

*League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297 (9th Cir. 1997) .......... 9

*Legal Aid Soc'y v. Dunlop*, 618 F. 2d 48 (9th Cir. 1980) .......... 9

*Nw. Forest Res. Council v. Glickman*, 82 F.3d 825 (9th Cir. 1996) .......... 9, 10

*Officers for Justice v. Civil Serv. Comm'n of the City and County of San Francisco,* 934 F.2d 1092 (9th Cir. 1991) .......... 9

*Prete v. Bradbury,* 438 F.3d 949 (9th Cir. 2006) .......... 6

ii

A.J. COPELAND'S NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
No. C-12-6003-CRB

*Sw. Ctr. For Biological Diversity v. Berg*, 268 F.3d 810 (9th Cir. 2001) ....................6, 7

*Trust v. Crowley*, 687 F.3d 314 (7th Cir. 2012) ....................8

*United Airlines v. McDonald,* 432 U.S. 385 (1977)....................9

*United States v. Alisal Water Sorp.,* 370 F.3d 915 (9th Cir. 2004) ....................6

*W. Watersheds Projects v. U.S. Forest Serv.,* 2008 U.S. Dist. LEXIS 60529 (N.D. Cal. July 30, 2008)....................7

*Zepeda v. PayPal, Inc.,* 2014 WL 1653246 (N.D. Cal. Apr. 23, 2014) ....................11

***Rules***

Fed. R. Civ. P. 23.1....................8

Fed. R. Civ. P. 24....................1, 6

Fed. R. Civ. P. 24(a) ....................8

Fed. R. Civ. P. 24(a)(2)....................1, 3, 6, 11

Fed. R. Civ. P. 24(b) ....................8, 11

Fed. R. Civ. P. 24(b)(1)(B) ....................1, 7

Fed. R. Civ.P. 24(b)(3) ....................7

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on September 26, 2014 at 10:00 a.m., or as soon thereafter as counsel may be heard, Proposed Intervenor A.J. Copeland ("Mr. Copeland") will move to intervene in *In re Hewlett-Packard Company Shareholder Derivative Litigation*, Master File No. C-12-06003-CRB, as a matter of right under Federal Rule of Civil Procedure 24(a)(2), or, in the alternative, by the Court's permission under Federal Rule of Civil Procedure 24(b)(1)(B).

Mr. Copeland files this motion based on the grounds set forth herein, the pleadings and papers on file in this matter, and upon such matters as may be presented to the Court at the time of hearing.

**STATEMENT OF ISSUES (Civil L.R. 7-4(a)(3))**

Whether Mr. Copeland should be granted intervention pursuant to Fed. R. Civ. P. 24, either as of right or permissively, for purposes of, *inter alia*, opposing preliminary approval of the proposed settlement, opposing the form and manner of notice, conducting discovery, and challenging the proposed settlement in order to protect his interests and those of the other shareholders of Nominal Defendant, Hewlett-Packard Company ("HP"), particularly the release of claims asserted against certain of HP's current and former officers and directors arising out of the acquisition of Autonomy Corporation plc ("the Autonomy Debacle").

Mr. Copeland is filing a related motion objecting to preliminary approval of the proposed settlement due to, *inter alia*, material defects in the proposed notice to the shareholders of HP and to the settling parties' stated justifications for the proposed settlement.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. SUMMARY OF ARGUMENT

As this Court is aware, the parties to this action have submitted a now-amended proposed settlement for preliminary approval. The litigation arises out of the acquisition of Autonomy Corporation plc ("Autonomy") by Nominal Defendant, Hewlett-Packard Company ("HP") (the

"Acquisition"). The proposed settlement does not include any monetary contribution to HP by or on behalf of HP's directors and officers who were named as individual defendants in this and other related shareholder litigation, and would include, *inter alia*, the retention of current Lead Counsel, to assist other counsel for HP in connection with "the pursuit of affirmative claims against those who caused HP's losses related to the Autonomy Acquisition – including certain legacy Autonomy officers and directors, and potentially, other non-released persons and entities under the terms of an engagement letter which will become effective upon Court approval of the settlement." Although there are some badly-needed corporate governance enhancements included in the proposed settlement, as the Court observed at the hearing on August 25, 2014, it is not unlikely that many of the "negotiated" improvements in HP's management were already underway or planned in response to the Acquisition without any encouragement by Lead Counsel. Moreover, the breadth of the release of claims and persons incorporated in the proposed settlement is unconscionably broad and reaches well beyond the acquisition of Autonomy with no consideration given to HP for the release of such enormously valuable claims. The Amended and Restated Stipulation of Settlement ("Stipulation") describes the claims and persons to be released in convoluted and incredibly obtuse language that leaves, at a minimum, affected HP shareholders (including HP shareholder, Mr. Copeland) "in the dark" as to what the parties truly intend, all of which opaqueness is magnified in the proposed notice to HP's shareholders that fails as a matter of due process.[1]

While there is no shortage of potential objectors, Mr. Copeland is especially well-suited to be an objector to preliminary approval as well as the final settlement. Being simply an objector subsequent to preliminary approval would deprive Mr. Copeland of the ability, in practical terms, to attempt to stop this settlement before it proceeds on its own momentum to a final approval hearing. Although plaintiff was and is represented by well-respected and highly

[1] These issues will be addressed in a contemporaneously-filed Motion in Opposition to Preliminary Approval of the Proposed Settlement and brief in support thereof.

competent Lead Counsel and the settlement was mediated by the Hon. Vaughn Walker (ret.), it is regrettable that the proposed settlement was negotiated by HP's counsel, not for the benefit of the Company, but for its officers, directors and others who will get undeserved and broad releases. It is beyond peradventure, as demonstrated by the settlement that was negotiated, that HP's counsel will be shown to have sacrificed the Company's interests in favor of his *de facto* clients' interests. Thus, it is vitally necessary that there be complete and full discovery of the negotiations leading to the proposed settlement, the investigation, findings and recommendations of HP's purportedly independent "Demand Review Committee" ("DRC"), as well as any potential conflicts of interest and all relationships between and among HP and its counsel, HP's DRC and its counsel.[2] Mr. Copeland, who made several pre-suit demands upon HP's Board of Directors and is the plaintiff in two shareholder derivative actions pending against HP, is uniquely well-suited to intervene here to ensure that any settlement adequately compensates HP with respect to the claims asserted and the parties being released or be rejected outright.

Mr. Copeland has a right to intervene under Fed. R. Civ. P. 24(a)(2) because he undeniably has an "interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede his ability to protect its interests." This action has been litigated, and is now proposed to be settled, by way of a proposed settlement that would release many of the most valuable of Mr. Copeland's claims asserted on behalf of HP, and release all of the HP's directors and officers who stand accused of wide-ranging wrongdoing that has caused billions of dollars in damage to the Company, for no monetary contribution from these individuals.

---

[2] Informal settlement negotiations were well-underway long before the DRC had even completed its report in January 2014. Mr. Copeland believes that credible evidence exists which will show that HP's counsel knew, well in advance of the DRC report that it would amount to a "whitewash" of the Company's officers and directors, and used this fact as a negotiating tactic to obtain broad releases of HP's claims against them.

## II. PROCEDURAL BACKGROUND[3]

### A. The *Copeland* Actions

Mr. Copeland is the plaintiff in two separate shareholder derivative actions commenced in this Court and assigned to the Hon. Edward J. Davila. The first action, *Copeland v. Lane, et al*., Case No. 5:11-cv-01058 (EJD) was commenced March 7, 2011 following pre-suit demands and a Second Amended Complaint ("SAC") was filed on November 1, 2012. (Doc. 1 and 114, respectively, and attached as Exhibit "A" hereto) ("*Copeland I*). *Copeland I* attacks, *inter alia*, HP's series of costly and ill-considered acquisitions including the Autonomy transaction and also asserted claims for violation of Section 14(a) of the Exchange Act in connection with HP's 2010 and 2011 Proxy Statements, breach of fiduciary duty and waste of corporate assets.[4] It was dismissed by Memorandum and Order entered May 6, 2013 (Doc. 162, 163). On May 31, 2013, Mr. Copeland filed a timely appeal to the Ninth Circuit (Case No. 13-16251) (*Copeland I Appeal*), which appeal is fully briefed and remains pending. (Doc. 164).

Thereafter, after further pre-suit demands by him by letters of July 12, 2013 and January 6, 2014 (attached hereto as Exhibits "B" and "C"), on February 10, 2014, Mr. Copeland filed a second shareholder derivative complaint, *Copeland v. Apotheker, et al.,* Case No. 5:14-cv-0622 (EJD) ("*Copeland II*) (Doc. 1, attached hereto as Exhibit "D"), asserting claims for violation of Section 14(a) and 10(b) of the Exchange Act in connection with the 2013 and 2014 Proxy Statements and the failed acquisition of Autonomy, respectively, as well as breach of fiduciary duty, corporate waste and unjust enrichment. While the *Copeland II* Complaint includes allegations of wrongdoing in connection with the Autonomy Acquisition that is the subject of this action, it is far broader in scope, asserting claims for securities fraud and other wrongdoing by current and former officers and directors of HP including, *inter alia,* allegations of serious

---

[3] Because this Court is fully aware of the facts surrounding this action, and in the interests of brevity, Mr. Copeland has omitted a detailed recitation of the substantive claims asserted.

[4] The Autonomy debacle had just been exposed as the SAC was being filed. It was cited therein in Footnote 6 thereof as one more example of the HP Board's pattern of reckless acquisitions.

violations of the Foreign Corrupt Practices Act and the cover-up of such conduct, false and misleading proxy statements and breaches of HP's own corporate policies and procedures. On February 25, 2014, the Court issued an Order relating *Copeland II* and *Copeland I*. (Doc. 8). Thereafter, pursuant to a stipulation of the parties, the Court stayed *Copeland II* pending the outcome of the appeal in *Copeland I*. (Doc. 13).

### B. The Federal And Related State Court Actions

In addition to *Copeland II*, between November, 2012 and December 2012, several other shareholder derivative actions were filed in this Court in connection with the Autonomy Acquisition and related events. On February 21, 2013, this Court consolidated all of the then-pending federal shareholder derivative suits before it.[5]

## III. THE PROPOSED SETTLEMENT OF THIS ACTION

The parties to this action began formally negotiating a settlement in or around February 2014, although it appears that informal negotiations had begun many months beforehand. They reached an agreement in principle to settle by mid-March, 2014. (Doc. 149, p. 7). On June 30, 2014, Lead Plaintiff filed a motion for preliminary approval and this Court scheduled a preliminary approval hearing, which took place on August 25, 2014. (Doc. 190). The then-proposed settlement was not preliminary approved.

Significantly, as this Court is aware, the settlement provides for purportedly valuable corporate governance reforms, which remain subject to HP management's review and approval, many of which enhancements may well have been underway long before the parties began their negotiations. In exchange for such governance improvements, the Stipulation provides broad releases to HP's current and former directors and officers, which releases extend well-beyond the claims arising from the Autonomy debacle. In the process, many of Mr. Copeland's (and those

[5] In addition to the federal actions, derivative complaints were filed in California and Delaware state courts.

of other HP shareholders) additional pending, and as yet unresolved and very valuable claims, will be released without any consideration whatsoever if the settlement is approved. *Id.*

The purported justification for the proposed settlement is the litigation risk to plaintiffs (who failed to make pre-suit demands upon HP's Board as they were required to do under the prevailing circumstances) as a result of a highly suspect "report" by the DRC and its counsel which, incredibly, found no actionable wrongdoing on the part of any of HP's senior officers, directors or professional advisors and sought to lay all responsibility for the debacle on Autonomy's CEO, CFO and auditors.[6] Such "whitewash reports" have, regrettably, become all too common and, to say the least, frequently cannot pass an objective "smell test."[7]

## IV. ARGUMENT

### A. Legal Standard

Federal Rule of Civil Procedure 24 allows non-parties to intervene in pending litigation in order to protect themselves from judgments that might adversely affect their interests. Fed. R. Civ. P. 24(a)(2) provides for intervention as of right as follows:

On timely motion, the court must permit anyone to intervene who:

> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Rule 24(a)(2) is construed "broadly" and "liberally" in favor of intervention. *Prete v. Bradbury,* 438 F.3d 949, 954 (9th Cir. 2006), quoting *United States v. Alisal Water Sorp.,* 370 F.3d 915, 919 (9th Cir. 2004); *Sw. Ctr. For Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th

---

[6] The DRC's members are hardly independent, as will be shown subsequently.

[7] Mr. Copeland and his counsel, who were denied access to the report itself, have been provided with certain material facts by counsel to the DRC but are bound by a confidential agreement not to disclose what they learned about the DRC's investigation and conclusions. Notwithstanding such agreement, Mr. Copeland will seek access to the report and other related documents.

Cir. 2001). In addition to mandating such broad construction, courts evaluating a proposed intervention are "guided primarily by practical considerations, not technical distinctions." *Sw. Ctr. for Biological Diversity*, 268 F.3d at 818.

Fed. R. Civ. P. 24(b)(1)(B) provides for permissive intervention as follows:

> (1) In General.
> On timely motion, the court may permit anyone to intervene who:
> (B) has a claim or defense that shares with the main action a common question of law or fact.

The decision whether to allow permissive intervention is committed to the sound discretion of the District Court, which discretion is very broad. *See, e.g., W. Watersheds Projects v. U.S. Forest Serv.,* 2008 U.S. Dist. LEXIS 60529, *16 (N.D. Cal. July 30, 2008); *Defenders of Wildlife v. Johanns*, 2005 U.S. Dist. LEXIS 34455, *26-27 (N.D. Cal., December 1, 2005). "In exercising its discretion the Court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." F.R.Civ.P. 24(b)(3): *Garza v. County of Los Angeles*, 918 F. 2d 763, 777 (9th Cir. 1990).

**B. Mr. Copeland Should Be Permitted To Intervene As Of Right**

District courts in the Ninth Circuit grant intervention as of right when (1) the motion is timely; (2) the applicant asserts and interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interests; (4) the applicant's interest is not adequately represented by the other parties. *See, e.g. Blake v. Pallan,* 554 F. 2d 947, 951 (9th Cir. 1977).

In *Crawford v. Equifax Payment Services, Inc.*, 201 F.3d 877, 881 (7th Cir. 2000), the court held that "it is vital that district courts freely allow intervention of class members who object to proposed settlements and want an option to appeal an adverse decision." *Accord In Re Synthroid Marketing Litig.*, 264 F.3d 712, 715 (7th Cir. 2001). Where class members seek leave to intervene in order to object to a settlement or to appeal approval of a settlement "it does not

matter whether intervention would come under Fed. R. Civ. P. 24(a) or (b) … ." *Crawford*, 201 F.3d at 881. *Accord Synthroid Marketing,* 264 F.3d at 715 (holding that "it is irrelevant whether the class members come in [to object to settlement or appeal approval of a settlement] under Rule 24(a) (intervention as of right) or 24(b) (permissive intervention)." These principles are equally applicable in the context of shareholder derivative actions such as this one. *See Trust v. Crowley*, 687 F.3d 314, 318 (7th Cir. 2012) (recognizing that *Crawford's* instruction to district courts to grant intervention freely to persons who want to contest a settlement in class actions is no less true of derivative actions under Rule 23.1).

Mr. Copeland readily satisfies all the requirements for intervention as right. Among other reasons, (1) this motion is being filed timely, after a renewed motion for preliminary approval has been filed but before any further substantive proceedings related to it; (2) as an HP shareholder and the plaintiff in two pending shareholder derivative actions (one on appeal), Mr. Copeland has a direct and indirect (i.e. derivative) interest in the transactions and activities that are the subject of this litigation and the proposed settlement which, if approved, will adversely affect his interests and rights; (3) without intervention, Mr. Copeland will not be in a position to fully protect his rights and interests as well as those of other HP shareholders, including being in a position to protect his due process rights and those of other shareholders vis-à-vis settlement notice. While he can merely be an objector to the proposed settlement, that status will not afford him with the fully panoply of rights of a party including, *inter alia*, the scope of discovery that he may be permitted by the Court to undertake, the ability to ask the Court to substitute him as a representative of the Company's shareholders in lieu of current Lead Plaintiff, to take positions as to the content and nature of the settlement notice to be provided to HP's shareholders, and to conduct appropriate motion and discovery practice; (4) the interests of Mr. Copeland, other HP shareholders and HP itself are not being adequately represented at present, as evidenced by undisclosed conflicts of interest and a clearly inadequate proposed settlement that has, in its earlier iteration, before notice, already been partially rejected by this Court on August 25, 2014.

**1. This Motion To Intervene Is Timely**

Timeliness is "the threshold question" in a motion for intervention. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997). However, "[t]imeliness is a flexible concept; its determination is left to the district court's discretion." *In re Novatel Wireless Sec. Litig*., Civ. No. 08CV1689 AJB (RBB), 2014 WL 2858518, at *3 (S.D. Cal. June 23, 2014). Three criteria are traditionally considered in determining whether a motion is timely: (i) the stage of proceedings; (ii) whether the parties would be prejudiced; and (iii) the reason for any delay in moving to intervene. *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836-37 (9th Cir. 1996). However, timeliness is not measured from actual or constructive knowledge of the underlying litigation wherein intervention is sought. Rather, the "focus is on the date the person attempting to intervene should have been aware his 'interest[s] would not longer be protected adequately by the parties.' Rather than the date the person learned of the litigation." *Officers for Justice v. Civil Serv. Comm'n of the City and County of San Francisco,* 934 F.2d 1092, 1095 9th Cir. 1991), quoting *Legal Aid Soc'y v. Dunlop*, 618 F. 2d 48, 50 (9th Cir. 1980). *See also Crawford*, *supra*, 201 F.3d at 880, citing *United Airlines v. McDonald,* 432, U.S. 385, 394, 97 S. Ct. 2464, 53 L. Ed 2d 423 (1977)(in class actions the time for members of a putative class to intervene does not begin from the time they know of their interest in the case. Rather "only where class members suspect that the representative is not acting in their best interests is there a need to intervene. This means that delay must be measured from the time the would-be-intervenor learned (or should have known) of the representative's shortcomings.").

Here, Mr. Copeland's motion is undoubtedly timely following the September 3, 2014 filing of the Stipulation and renewed motion seeking preliminary approval. Accordingly, Mr. Copeland's motion is clearly timely. *See California Dept. of Toxic Substances Control v. Commercial Realty Projects*, 309 F.3d 1113, 1120 (9th Cir. 2002) (a party seeking to intervene "must act as soon as he knows or has reason to know that his interests might be adversely affected by the outcome of the litigation").

Case3:12-cv-06003-CRB Document212 Filed09/08/14 Page14 of 17

**2. Mr. Copeland Has A Substantial Interest In This Action**

To merit intervention, a movant must demonstrate a "significantly protectable interest" in the lawsuit. *Nw. Forest Res. Council*, 82 F.3d at 837. Where an intervenor can demonstrate an interest that is protected by law and there is a relationship between such interest and the claims at issue, this factor is satisfied. *Id.*; *Novatel*, 2014 WL 2858518, at *5. The relationship requirement is satisfied where the resolution of the claims affects the proposed intervenor. *Donnelly v. Glickman*, 159 F.3d 405, 410 (9th Cir. 1998). Here, the Settlement seeks to release Mr. Copeland's valuable claims, which he has been litigating for over three years, despite providing for no monetary contributions from actual wrongdoers and was negotiated by HP's counsel with fundamental and unwaivable conflicts of interest. Suffice it to say, Mr. Copeland has more than a "substantial interest" in this Action.

**3. Mr. Copeland's Interests Will Be Irreparably Harmed Absent Intervention**

Absent intervention, Mr. Copeland's many of the much broader and valuable claims asserted on HP's behalf in *Copeland I* and *Copeland II* will be released if the Settlement is finally approved.[8] Thus, absent intervention, Mr. Copeland will potentially lose the ability to litigate his claims, which he has been pursuing for over three years, all without any monetary compensation.

**4. Neither HP's Nor Mr. Copeland's Interests Are Adequately Represented**

Neither HP's nor Mr. Copeland's interests were clearly not adequately represented (or even represented in the slightest) in the Settlement. The Settlement seeks to release all of his claims, which are broader in scope than the claims asserted in this action, for a set of governance reforms that may or may not be approved. This Court's unequivocal rejection of the attorney

[8] As noted above, neither the Stipulation nor the proposed Notice is clear insofar as the scope of the releases can be determined.

10

A.J. COPELAND'S NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
No. C-12-6003-CRB

retention portion of the originally proposed settlement as unreasonable and of no added value is clear evidence that HP's interests, as well as those of Mr. Copeland, have not been adequately represented.

**C. Alternatively, Mr. Copeland Should Be Granted Permissive Intervention**

Alternatively, although Mr. Copeland clearly has a right to intervene, he likewise should be granted the right to intervene permissively for essentially the same reasons. Permissive intervention under Fed. R. Civ. P. 24(b) is appropriate upon "timely motion" where the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact." Like Rule 24(a)(2), Rule 24(b) is also construed liberally in favor of intervention*. See Zepeda v. PayPal, Inc.,* No. 10-cv-02500-SBA (JCS), 2014 WL 1653246, at *3 (N.D. Cal. Apr. 23, 2014). "The decision to grant or deny this type of intervention is discretionary, subject to considerations of equity and judicial economy." *Garza v. County of Los Angeles*, 918 F.2d 763, 777 (9th Cir. 1990).

Even if this Court were to somehow conclude that despite the obvious conflicts of interest of HP's counsel and the infirmities and deficiencies of the proposed settlement, the interests of the Company and Mr. Copeland were nevertheless adequately represented, permissive intervention would nevertheless be appropriate. Lack of adequate representation need not be shown for permissive intervention. Rather, permissive intervention requires *only* a timely motion and "a single common question of law or fact … and should be liberally granted." There is no dispute that Mr. Copeland's claims share *many* common questions of law or fact with this action. As such, permissive intervention should be granted.

## V. CONCLUSION

For the foregoing reasons, and based on the authority cited, proposed intervenor Mr. Copeland, requests that his motion to intervene be granted. In the alternative, should the Court deny this motion, he asks that he be given leave as an objector to serve discovery on the settling parties, the DRC, and their counsel relative to the proposed settlement.

Case3:12-cv-06003-CRB Document212 Filed09/08/14 Page16 of 17

Dated: September 8, 2014

/s/ Richard D. Greenfield
**GREENFIELD & GOODMAN LLC**
Richard D. Greenfield (admitted *pro hac vice*)
Marguerite R. Goodman
Ilene F. Brookler (SBN 269422)
250 Hudson Street, 8th Floor
New York, NY 10013
Tel: (917) 495-4446
Fax: (212) 355-9592
whitehatrdg@earthlink.net
twowhitehats@earthlink.net
ibrookler@gmail.com

Scott R. Shepherd
SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
35 E. State Street
Media, PA 19063
Tel: (610) 891-9880
Fax: (866) 300-7367
sshepherd@sfmslaw.com

Rose F. Luzon (Bar #221544)
SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
401 West A Street, Suite 2350
San Diego, CA 92101
Tel.: (619) 235-2416
Fax: (866) 300-7367
rluzon@sfmslaw.com

Attorneys for Proposed Intervenor A.J. Copeland

12

A.J. COPELAND'S NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
No. C-12-6003-CRB

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of September, 2014, I caused the foregoing document and accompanying exhibits to be filed and served via the Court's ECF system on all counsel of record.

/s/ *Richard D. Greenfield*
Richard D. Greenfield