WACHTELL, LIPTON, ROSEN & KATZ
MARC WOLINSKY (*pro hac vice*)
GEORGE T. CONWAY III (*pro hac vice*)
VINCENT G. LEVY (*pro hac vice*)
51 West 52nd Street
New York, NY  10019
Tel./Fax:  212.403.1000/2000
MWolinsky@wlrk.com
GTConway@wlrk.com
VGLevy@wlrk.com

FARELLA, BRAUN & MARTEL, LLP
NEIL A. GOTEINER, State Bar No. 83524
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Tel./Fax:  415.954.4400/4480
NGoteiner@fbm.com

Attorneys for Defendant
HEWLETT-PACKARD COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| IN RE HEWLETT-PACKARD COMPANY SHAREHOLDER DERIVATIVE LITIGATION<br><br>This Document Relates to:  All Actions | Master File No. 12-CV-6003 CRB<br><br>**HEWLETT-PACKARD'S MEMORANDUM IN RESPONSE TO STEINBERG'S ADMINISTRATIVE MOTION TO SEAL DOCUMENTS**<br><br>Dept.:  Courtroom 6, 17th Floor<br>Judge:  Hon. Charles R. Breyer |
|---|---|

HP MEM. RE STEINBERG ADMIN. MOT. TO SEAL
CASE NO. 12-CV-06003-CRB

Pursuant to Civil Local Rule 7-11(b), Hewlett-Packard Company ("HP") respectfully submits this memorandum in response to Harriet Steinberg and Edward Vogel's administrative motion to file portions of their brief regarding the proposed settlement, and the corresponding unredacted pages of the Demand Review Committee's resolution, under seal. (Docket #216.)

HP provided Steinberg an unredacted copy of the DRC resolution under a confidentiality agreement in response to the demand that she made to the company under 8 DEL. C. § 220. That statute gives shareholders of Delaware corporations (like HP) the right to access corporate books and records, including, if circumstances warrant it, privileged information. *Wal-Mart Stores, Inc.* v. *Ind. Elec. Workers Pension Trust Fund IBEW*, 95 A.3d 1264, 1278 (Del. 2014); *Grimes* v. *DSC Commc'ns Corp.*, 724 A.2d 561, 568 (Del. Ch. 1998). The DRC resolution includes privileged information that reflects HP's future litigation strategy and its counsel's assessment of its potential damage claims against Michael Lynch and Sushovan Hussain and therefore are protected by the attorney work product and attorney-client privileges.

The production to Steinberg did not operate as a waiver of the attorney-client or attorney work product privileges. *See Wal-Mart Stores*, 95 A.3d at 1276, 1278 (expressly recognizing that shareholders fall within "a fiduciary exception to the attorney-client privilege"); *Grimes*, 724 A.2d at 568 (noting that "'an oft-invoked exception [to a corporation's attorney-client privilege] applies in suits by minority shareholders'"); *Garner* v. *Wolfinbarger*, 430 F.2d 1093, 1102-03 (5th Cir. 1970) (analogizing the fiduciary exception applicable to shareholders to situations where "the same attorney acts for two or more parties having a common interest"); *Saito* v. *McKesson HBOC, Inc.*, No. 18553, 2002 WL 31657622, at *4 (Del. Ch. Nov. 13, 2002) (attorney work product privilege is not waived "when the disclosing party and its recipient share some common interest").

As a result, the redacted portions of Steinberg's brief, and the corresponding pages of the unredacted DRC resolution, should remain under seal. Some of the information that Steinberg cites from privileged portions of Section XIV of the DRC resolution can be found in Section XVII.C.2(h), which is not privileged and therefore is not redacted. *See* Steinberg Br. i, 3-4, 15 (Docket #217). Steinberg already cites to Section XVII.C.2 in another portion of her brief. HP would have no objec-

1 tion if Steinberg chooses to amend her brief to delete the privileged information drawn from Section
2 XIV and rely instead entirely on Section XVII.C.2.

Dated:  September 22, 2014

WACHTELL, LIPTON, ROSEN & KATZ

By: _____
Marc Wolinsky
George T. Conway III
Vincent G. Levy
51 West 52nd Street
New York, NY  10019
Telephone:  (212) 403-1000
Facsimile:  (212) 403-2000

FARELLA BRAUN & MARTEL, LLP
Neil A. Goteiner
235 Montgomery Street
San Francisco, CA  94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480

*Attorneys for Defendant Hewlett-Packard Company*