**GREENFIELD & GOODMAN LLC**
Richard D. Greenfield (admitted *pro hac vice*)
Marguerite R. Goodman
Ilene F. Brookler (SBN 269422)
250 Hudson Street, 8th Floor
New York, NY 10013
Tel: (917) 495-4446
Fax: (212) 355-9592
ibrookler@gmail.com

Attorneys for Proposed Intervenor
A.J. Copeland

[Additional Counsel Appeal on Signature Page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE HEWLETT-PACKARD COMPANY SHAREHOLDER DERIVATIVE LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Master File No. C-12-6003-CRB<br><br>**MOTION AND RENEWED MOTION TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:      February 20, 2015<br>Time:     10:00 a.m.<br>Dept.     Courtroom 6, 17th Floor<br>Judge:    Hon. Charles R. Breyer |

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

STATEMENT OF ISSUES (Civil L.R. 7-4(a)(3)) ................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES .......................................................................1

    I.    INTRODUCTION ...................................................................................................................1

    II.    PROCEDURAL BACKGROUND ........................................................................................3

        A.  The *Copeland* Actions ...............................................................................................3

        B.  The Federal and Related State Court Actions ............................................................5

    III.   THE SETTLEMENT OF THIS ACTION
           BEING NEGOTIATED ANEW ............................................................................................5

    IV.   ARGUMENT .........................................................................................................................6

        A.  Legal Standard ............................................................................................................6

        B.  Mr. Copeland Should Be Permitted To Intervene As Of Right ................................7

            1.  This Motion To Intervene Is Timely ...............................................................9

            2.  Mr. Copeland Has A Substantial Interest In This Action ..............................10

            3.  Mr. Copeland's Interests Will Be Irreparably Harmed
                Absent Intervention ........................................................................................10

            4.  Mr. Copeland's Interests Are Not Adequately Represented
                By Lead Plaintiff Morrical or Lead Counsel ................................................10

        C.  Alternatively, Mr. Copeland Should Be Granted Permissive
            Intervention ..............................................................................................................11

V.  CONCLUSION .............................................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Accord In Re Synthroid Marketing Litig.*,
  264 F.3d 712 (7th Cir. 2001) ..................................................................................................8

*Blake v. Pallan*,
  554 F. 2d 947 (9th Cir. 1977) .................................................................................................7

*California Dept. of Toxic Substances Control v. Commercial Realty Projects*,
  309 F.3d 1113 (9th Cir. 2002) ................................................................................................9

*Crawford v. Equifax Payment Services, Inc.*,
  201 F.3d 877 (7th Cir. 2000) ...............................................................................................7, 8

*Defenders of Wildlife v. Johanns*,
  2005 U.S. Dist. LEXIS 34455 (N.D. Cal., Dec. 1, 2005) ........................................................7

*Donnelly v. Glickman*,
  159 F.3d 405 (9th Cir. 1998) ................................................................................................10

*Garza v. County of Los Angeles*,
  918 F. 2d 763, (9th Cir. 1990) ..........................................................................................7, 11

*In re Novatel Wireless Sec. Litig.*,
  2014 WL 2858518 (S.D. Cal. June 23, 2014) ...................................................................9, 10

*League of United Latin Am. Citizens v. Wilson*,
  131 F.3d 1297 (9th Cir. 1997) ................................................................................................9

*Legal Aid Soc'y v. Dunlop*,
  618 F. 2d 48 (9th Cir. 1980) ...................................................................................................9

*Nw. Forest Res. Council v. Glickman*,
  82 F.3d 825 (9th Cir. 1996) ...............................................................................................9, 10

*Officers for Justice v. Civil Serv. Comm'n of the City and County of San Francisco*,
  934 F.2d 1092 (9th Cir. 1991) ................................................................................................9

*Prete v. Bradbury*,
  438 F.3d 949 (9th Cir. 2006) ..................................................................................................7

*Sw. Ctr. For Biological Diversity v. Berg*,
  268 F.3d 810 (9th Cir. 2001) ..................................................................................................7

*Trust v. Crowley*,
   687 F.3d 314 (7th Cir. 2012) ............................................................................................... 8

*United States v. Alisal Water Sorp.*,
   370 F.3d 915 (9th Cir. 2004) ............................................................................................... 7

*W. Watersheds Projects v. U.S. Forest Serv.*,
   2008 U.S. Dist. LEXIS 60529 (N.D. Cal. July 30, 2008) .................................................... 7

*Zepeda v. PayPal, Inc.*,
   2014 WL 1653246 (N.D. Cal. Apr. 23, 2014) ................................................................... 11

**Rules**

Fed. R. Civ. P. 23.1 ....................................................................................................................... 2, 8

Fed. R. Civ. P. 24 .............................................................................................................................. 1

Fed. R. Civ. P. 24(a) ......................................................................................................................... 8

Fed. R. Civ. P. 24(a)(2) ....................................................................................................... 3, 6, 7, 11

Fed. R. Civ. P. 24(b) ..................................................................................................................... 8, 11

Fed. R. Civ. P. 24(b)(1)(B) ............................................................................................................ 1, 7

Fed. R. Civ. P. 24(b)(3) ..................................................................................................................... 7

MOTION AND RENEWED MOTION
TO INTERVENE; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on February 20, 2015 at 10:00 a.m., or as soon thereafter as counsel may be heard, Proposed Intervenor A.J. Copeland ("Mr. Copeland") will renew his motion to intervene in *In re Hewlett-Packard Company Shareholder Derivative Litigation*, Master File No. C-12-06003-CRB, as a matter of right under Federal Rule of Civil Procedure 24(a) (2), or, in the alternative, by the Court's permission under Federal Rule of Civil Procedure 24(b)(1)(B).

Mr. Copeland files this motion based on the grounds set forth with particularity in his initial motion to intervene filed September 8, 2014, Doc. 212 (and papers filed in support thereof) as well as the accompanying Memorandum of Points and Authorities in Support of Renewed Motion to Intervene, the pleadings and papers on file in this matter, and upon such matters as may be presented to the Court at the time of hearing.

**STATEMENT OF ISSUES (Civil L.R. 7-4(a)(3))**

Whether Mr. Copeland should be granted intervention pursuant to Fed. R. Civ. P. 24, either as of right or permissively, for purposes of, *inter alia,* seeking to be appointed as a Lead Plaintiff in order to protect his interests, and those of the other shareholders of Hewlett-Packard Company ("HP" or the "Company"), particularly in connection with an attempted negotiation of the release of claims asserted against, *inter alia*, certain of its current and former officers and directors arising out of the acquisition of Autonomy Corporation plc ("Autonomy" and "the Autonomy Debacle") and any other claims that may come before the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Mr. Copeland submits this Memorandum in support of his renewed motion to intervene.

**I.   INTRODUCTION**

As this Court is aware, the parties to this action have submitted three proposed settlements for preliminary approval. Each of these proposed settlements, ultimately rejected by the Court, failed to include any monetary contribution to HP by or on behalf of HP's directors and officers that were named as individual defendants in this and other shareholder litigation.

1

MOTION AND RENEWED MOTION
TO INTERVENE; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT

Concurrently, these now-rejected settlement proposals provided for releases that were unconscionably broad and reached well beyond the acquisition of Autonomy with no consideration given to HP for the release of such enormously valuable claims. Moreover, the proponents of the settlement have proposed notice to HP's shareholders that fails as a matter of due process.

While there was no shortage of potential objectors, Mr. Copeland, a long-time HP shareholder who made pre-suit demands upon HP's Board as required by Fed. R. Civ. P. 23.1, , in his papers filed with the Court and at two oral arguments on August 26 and September 26, 2014, vociferously objected to preliminary approval of the thrice-proposed settlements.[1] Mr. Copeland's principal arguments regarding, *inter alia*, the breadth of the releases integral to the latter two settlement proposals as well as material due process shortcomings in the proposed notice to HP shareholders were accepted by the Court in denying preliminary approval. In doing so by Order of December 19, 2014, the Court denied as moot the motions to intervene of Mr. Copeland and other HP shareholders.

The settling parties, through their counsel, are, presumably, in the process of attempting to negotiate another iteration of a settlement. However, for the reasons set forth in Mr. Copeland's previous submissions to the Court, counsel for HP, Wachtell Lipton Rosen & Katz ("Wachtell"), has negotiated principally on behalf of the individual defendants and others whose claims would be released. It is expected that, once again, another iteration of the settlement may be forthcoming shortly negotiated by the same conflicted counsel for HP, Wachtell, and by Court-appointed Lead Counsel for the plaintiffs.

On January 9, 2015, shareholder Ackerman filed a motion to vacate the Court's appointment of Lead Plaintiff and Lead Counsel (Docket #267), with which motion Mr.

---

[1] Lead Plaintiff did not make a pre-suit demand on HP's Board and, instead, argued demand futility. As such, his claims are much more vulnerable to dismissal than those alleged by Mr. Copeland, which may explain why the various settlements that were proposed provided no material benefit for HP.

2

MOTION AND RENEWED MOTION
TO INTERVENE; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT

Copeland wholeheartedly agrees. He further anticipates filing a motion addressing the propriety of Wachtell continuing to represent HP in this litigation.  Being simply a non-party shareholder would deprive Mr. Copeland of the ability, in practical terms, of filing the foregoing motion as well as seeking to be a Lead Plaintiff and his counsel being appointed a Lead Counsel should the Court grant Mr. Akerman's motion. Mr. Copeland, who made several pre-suit demands upon HP's Board of Directors and is the plaintiff in two shareholder derivative actions pending against HP each of which implicates the Autonomy Debacle, is uniquely well-suited to intervene here to ensure that any settlement adequately compensates HP with respect to the claims asserted and the parties being released or, alternately, if a favorable settlement cannot be negotiated, to prosecute the litigation.  Moreover, should the case proceed to be litigated substantively, unlike the Lead Plaintiff who argued demand futility, Mr. Copeland made pre-suit demands on HP's Board of Directors and, as such, is well-positioned to defend against a likely motion to dismiss.

Mr. Copeland has a right to intervene under Fed. R. Civ. P. 24(a)(2) because he undeniably has an "interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede his ability to protect its interests."  This action is, once again, about to be settled, by way of a fourth proposal that would release many of the most valuable of Mr. Copeland's claims asserted on behalf of HP, and release all of the HP's directors and officers who stand accused of wide-ranging wrongdoing that has caused billions of dollars in damage to the Company, for no monetary contribution from these individuals.

## II.   PROCEDURAL BACKGROUND[2]

### A.  The *Copeland* Actions

Mr. Copeland is the plaintiff in two separate shareholder derivative actions commenced in this Court and assigned to the Hon. Edward J. Davila.  The first action, *Copeland v. Lane, et al.*, Case No. 5:11-cv-01058 (EJD) was commenced March 7, 2011 following pre-suit demands

---

[2] Because this Court is fully aware of the facts surrounding this Action, and in the interests of brevity, Mr. Copeland has omitted a detailed recitation of the substantive claims asserted.

3

MOTION AND RENEWED MOTION
TO INTERVENE; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT

and a Second Amended Complaint ("SAC") was filed on November 1, 2012. (Doc. 1 and 114, respectively ("*Copeland I*"). *Copeland I* attacks, *inter alia*, HP's series of costly and ill-considered acquisitions including the Autonomy transaction and also asserted claims for violation of Section 14(a) of the Exchange Act in connection with HP's 2010 and 2011 Proxy Statements, breach of fiduciary duty and waste of corporate assets.[3] It was dismissed by Memorandum and Order entered May 6, 2013 (Doc. 162, 163). On May 31, 2013, Mr. Copeland filed a timely appeal to the Ninth Circuit (Case No. 13-16251) (*Copeland I Appeal*), which appeal is fully briefed and remains pending. (Doc. 164).

Thereafter, after further pre-suit demands by him by letters of July 12, 2013 and January 6, 2014 (attached hereto as Exhibits A and B), on February 10, 2014, Mr. Copeland filed a second shareholder derivative complaint, *Copeland v. Apotheker, et al.,* Case No. 5:14-cv-0622 (EJD) ("*Copeland II*") (Doc. 1, attached hereto as Exhibit C), asserting claims for violation of Section 14(a) and 10(b) of the Exchange Act in connection with the 2013 and 2014 Proxy Statements and the failed acquisition of Autonomy, respectively, as well as breach of fiduciary duty, corporate waste and unjust enrichment. While the *Copeland II* Complaint includes allegations of wrongdoing in connection with the Autonomy Debacle that is the subject of this action, it is far broader in scope, asserting claims for securities fraud and other wrongdoing by current and former officers and directors of HP including, *inter alia,* allegations of serious violations of the Foreign Corrupt Practices Act and the cover-up of such conduct (for which HP has now paid $108 million to resolve), false and misleading proxy statements and breaches of HP's own corporate policies and procedures. On February 25, 2014, the Court issued and Order relating *Copeland II* and *Copeland I*. (Doc. 8). Thereafter, pursuant to a stipulation of the parties, the Court stayed *Copeland II* pending the outcome of the appeal in *Copeland I*. (Doc. 13).

---

[3] The Autonomy Debacle had just been exposed as the SAC was being filed. It was cited therein as one more example of the HP Board's pattern of reckless acquisitions.

**B. The Federal and Related State Court Actions**

In addition to *Copeland II*, between November and December, 2012, several other shareholder derivative actions were filed in this Court in connection with the Autonomy acquisition and related events. On February 21, 2013, this Court consolidated all of the then-pending federal shareholder derivative actions under *In re Hewlett-Packard Company Shareholder Derivative Litigation*, 3:12-cv-06003-CRB. In addition to the federal actions, derivative complaints were filed in California and Delaware state courts.

**III.    THE SETTLEMENT OF THIS ACTION BEING NEGOTIATED ANEW**

The parties to this action began negotiating a settlement in or around February 2014 and reached an agreement in principle to settle this matter by mid-March, 2014. (Doc. 149, p. 7). On June 30, 2014, Lead Plaintiff filed a motion for preliminary approval and this Court scheduled a preliminary approval hearing, which took place on August 25, 2014.  (Doc. 190).

Significantly, as this Court is aware, the initial settlement proposal provided for purportedly valuable corporate governance reforms, which then remained subject to HP management's review and approval, many of which enhancements may well have been underway long before the parties began their negotiations.  Stipulation of Settlement, Doc. 149-2.  In exchange for such governance improvements, the first settlement (as well as each if the two subsequent ones) provided broad releases to HP's current and former directors and officers, which releases extended well-beyond the claims arising from the Autonomy Debacle. In the process, Mr. Copeland's additional pending, and as yet unresolved and very valuable claims, would have been released without any consideration whatsoever if the settlement had been approved.  *Id.*

Mr. Copeland actively opposed the following two settlement proposals for a number of reasons including, *inter alia*, the scope of the proposed releases and material due process shortcomings.

The purported justifications the three previous settlement attempts and the one presently being discussed by HP's counsel and Lead counsel for plaintiffs are: (a) the litigation risk to

5

MOTION AND RENEWED MOTION
TO INTERVENE; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT

plaintiffs, who failed to make pre-suit demands upon HP's Board as they were required to do under the prevailing circumstances; and (b) the highly suspect "report" by the "Demand Review Committee" (the "Committee") of HP's Board and its counsel. Incredibly, the Committee found no actionable wrongdoing on the part of any of HP's senior officers, directors or professional advisors and sought to lay all responsibility for the debacle on Autonomy's CEO, CFO and auditors. It is now apparent that, contrary to the Committee's biased conclusions, there was overwhelming culpability on the part of HP's Board and others in connection with their decision to proceed with the Autonomy acquisition as more fully reflected in documents filed of record by Lead Counsel for the plaintiffs. Such "whitewash reports" as the Committee generated in connection with the Autonomy Debacle, have, regrettably, become all too common and, to say the least, frequently cannot pass an objective "smell test."[4] If permitted to intervene, Mr. Copeland anticipates exposing the Committee's report for what it is, a foundation for justifying near worthless settlement proposals and unjustifiably broad releases therein.

IV. ARGUMENT

    **A. Legal Standard**

Federal Rule of Civil Procedure 24 allows non-parties to intervene in pending litigation in order to protect themselves from judgments that might adversely affect their interests. F.R. Civ. P. 24(a)(2) provides for intervention as of right as follows:

> On timely motion, the court must permit anyone to intervene who:
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

---

[4] Mr. Copeland and his counsel, who were denied access to the report itself, have been provided with certain material facts by counsel to the Committee but are bound by a confidentiality agreement not to disclose what they learned about the Committee's investigation and conclusions.

6

MOTION AND RENEWED MOTION
TO INTERVENE; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT

Rule 24(a)(2) is construed "broadly" and "liberally" in favor of intervention. *Prete v. Bradbury,* 438 F.3d 949, 954 (9th Cir. 2006), quoting *United States v. Alisal Water Sorp.,* 370 F.3d 915, 919 (9th Cir. 2004); *Sw. Ctr. For Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001). In addition to mandating such broad construction, court evaluating a proposed intervention are "guided primarily by practical considerations, not technical distinctions." *Sw. Ctr. for Biological Diversity*, 268 F.3d at 818.

Fed. R. Civ. P. 24(b)(1)(B) provides for permissive intervention as follows:

(1) In General.

On timely motion, the court may permit anyone to intervene who:
(B) has a claim or defense that shares with the main action a common question of law or fact.

The decision whether to allow permissive intervention is committed to the sound discretion of the District Court, which discretion is very broad. *See, e.g., W. Watersheds Projects v. U.S. Forest Serv.,* 2008 U.S. Dist. LEXIS 60529, *16 (N.D. Cal. July 30, 2008); *Defenders of Wildlife v. Johanns*, 2005 U.S. Dist. LEXIS 34455, *26-27 (N.D. Cal., December 1, 2005). "In exercising its discretion the Court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." F.R.Civ.P. 24(b)(3): *Garza v. County of Los Angeles*, 918 F. 2d 763, 777 (9th Cir. 1990).

**B.  Mr. Copeland Should Be Permitted To Intervene As Of Right**

District courts in the Ninth Circuit grant intervention as of right when (1) the motion is timely; (2) the applicant asserts and interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interests; (4) the applicant's interest is not adequately represented by the other parties. *See, e.g. Blake v. Pallan,* 554 F. 2d 947, 951 (9th Cir. 1977).

In *Crawford v. Equifax Payment Services, Inc*., 201 F.3d 877, 881 (7th Cir. 2000), the court held that "it is vital that district courts freely allow intervention of class members who

7

object to proposed settlements and want an option to appeal an adverse decision." *Accord In Re Synthroid Marketing Litig.*, 264 F.3d 712, 715 (7th Cir. 2001). Where class members seek leave to intervene in order to object to a settlement or to appeal approval of a settlement "it does not matter whether intervention would come under Fed. R. Civ. P. 24(a) or (b) …" *Crawford*, 201 F.3d at 881. *Accord Synthroid Marketing,* 264 F.3d at 715 (holding that "it is irrelevant whether the class members come in [to object to settlement or appeal approval of a settlement] under Rule 24(a) (intervention as of right) or 24(b) (permissive intervention)." These principles are equally applicable in the context of shareholder derivative actions such as this one. *See Trust v. Crowley*, 687 F.3d 314, 318 (7th Cir. 2012)(recognizing that *Crawford's* instruction to district courts to grant intervention freely to persons who want to contest a settlement in class actions is no less true of derivative actions under Rule 23.1).

Although his previous motion to intervene was denied as moot once the Court rejected the third of the proposed settlements, Mr. Copeland readily satisfies all the requirements for intervention as right. Among other reasons, (1) this motion is being filed timely, particular in the wake of Mr. Akerman's motion to set asi vacate the Court's March 4, 2013 Order appointing a Lead Plaintiff and Lead Counsel; (2) as an HP shareholder and the plaintiff in two pending shareholder derivative actions, Mr. Copeland has a direct and indirect (i.e. derivative) interest in the transactions and activities that are the subject of this litigation and any newly proposed settlement which, if approved, will adversely affect his interests and rights; (3) without intervention, Mr. Copeland will not be in a position to fully protect his rights and interests as well as those of other HP shareholders. While he can merely be an objector to any newly proposed settlement, that status will not afford him with the fully panoply of rights of a party including, *inter alia*, the scope of discovery that he may be permitted by the Court to undertake, the ability to ask the Court to designate him as a Lead Plaintiff and his counsel as a Lead Counsel of the Company's shareholders and to conduct appropriate motion and discovery practice; and (4) the interests of Mr. Copeland and the other HP shareholders are not being

8

adequately represented at present, as evidenced by, *inter alia*, clearly inadequate settlement proposals that have already been rejected by this Court three times.

### 1. This Motion To Intervene Is Timely

Timeliness is "the threshold question" in a motion for intervention. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997). However, "[t]imeliness is a flexible concept; its determination is left to the district court's discretion." *In re Novatel Wireless Sec. Litig.*, Civ. No. 08CV1689 AJB (RBB), 2014 WL 2858518, at *3 (S.D. Cal. June 23, 2014). Three criteria are traditionally considered in determining whether a motion is timely: (i) the stage of proceedings; (ii) whether the parties would be prejudiced; and (iii) the reason for any delay in moving to intervene. *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836-37 (9th Cir. 1996). However, timeliness is not measured from actual or constructive knowledge of the underlying litigation wherein intervention is sought. Rather, the "focus is on the date the person attempting to intervene should have been aware his 'interest[s] would not longer be protected adequately by the parties.' Rather than the date the person learned of the litigation." *Officers for Justice v. Civil Serv. Comm'n of the City and County of San Francisco,* 934 F.2d 1092, 1095 (9th Cir. 1991), quoting *Legal Aid Soc'y v. Dunlop*, 618 F. 2d 48, 50 (9th Cir. 1980).

Here, Mr. Copeland's motion is undoubtedly timely following the Court's third rejection of proposed settlements and the ongoing attempts by the same counsel to negotiate another version of it. In the course of the briefing in connection with that proposed settlement, it became apparent that the merits of the underlying case were much stronger than even Mr. Copeland's counsel had previously believed them to be and that, notwithstanding the strength of the plaintiffs' case, their Lead Counsel was not willing to pursue it aggressively. Accordingly, Mr. Copeland's motion is clearly timely. *See California Dept. of Toxic Substances Control v. Commercial Realty Projects*, 309 F.3d 1113, 1120 (9th Cir. 2002) (a party seeking to intervene "must act as soon as he knows or has reason to know that his interests might be adversely affected by the outcome of the litigation"). Moreover, another motion by an HP shareholder to

MOTION AND RENEWED MOTION
TO INTERVENE; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT

intervene was filed and the Company consented to the intervention. [5]

### 2. Mr. Copeland Has A Substantial Interest In This Action

To merit intervention, a movant must demonstrate a "significantly protectable interest" in the lawsuit. *Nw. Forest Res. Council*, 82 F.3d at 837. Where an intervenor can demonstrate an interest that is protected by law and there is a relationship between such interest and the claims at issue, this factor is satisfied. *Id.*; *Novatel*, 2014 WL 2858518, at *5. The relationship requirement is satisfied where the resolution of the claims affects the proposed intervenor. *Donnelly v. Glickman*, 159 F.3d 405, 410 (9th Cir. 1998). Here, where there appear to be ongoing settlement negotiations once again, Mr. Copeland's valuable claims, which he has been litigating for over three years, are likely to be sacrificed again in favor of the individual defendants and others whom they would like to protect from liability. Suffice it to say, Mr. Copeland has more than a "substantial interest" in this Action.

### 3. Mr. Copeland's Interests Will Be Irreparably Harmed Absent Intervention

Absent intervention, Mr. Copeland's much broader and valuable claims asserted on HP's behalf in *Copeland I* and *Copeland II* may again be released if a new settlement proposal negotiated by conflicted counsel. Although the Court has been vigilant in striking down the three previous settlement proposals, in practical terms, if a new one should be negotiated, it may be quite difficult to undo it.

### 4. Mr. Copeland's Interests Are Not Adequately Represented By Lead Plaintiff Morrical or Lead Counsel

Mr. Copeland's interests are clearly not adequately represented (or even represented in the slightest) by Morrical or his counsel, the Cotchett Firm. The previous settlement proposals sought, variously, to release Mr. Copeland's most valuable claims, which are broader in scope than the claims asserted in this action, for a set of governance reforms that have already been

---

[5] HP shareholder, Vincent Ho, previously moved to intervene. After he did so, Ho and HP stipulated to permit Ho's intervention. In that stipulation, HP represented that "Ho meets the requirements to intervene and that it would best serve the interest of judicial efficiency …" Mr. Copeland respectfully submits that the same is true with respect to his intervention.

approved and adopted by HP. Mr. Copeland's interests and those of the Company have not been adequately represented. Clearly, plaintiff Morrical and his counsel have been less than adequate representatives of Mr. Copeland and HP's other shareholders.

### C.  Alternatively, Mr. Copeland Should Be Granted Permissive Intervention

Alternatively, although Mr. Copeland clearly has a right to intervene, he likewise is entitled to permissively intervene for essentially the same reasons. Permissive intervention under Fed. R. Civ. P. 24(b) is appropriate upon "timely motion" where the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact." Like Rule 24(a)(2), Rule 24(b) is also construed liberally in favor of intervention. *See Zepeda v. PayPal, Inc.,* No. 10-cv-02500-SBA (JCS), 2014 WL 1653246, at *3 (N.D. Cal. Apr. 23, 2014). "The decision to grant or deny this type of intervention is discretionary, subject to considerations of equity and judicial economy." *Garza v. County of Los Angeles*, 918 F.2d 763, 777 (9th Cir. 1990).

Even if this Court were to somehow conclude that despite the obvious lack of a vigorous prosecution of this litigation by Lead Counsel and the infirmities and deficiencies of the various proposed settlements, Mr. Copeland's interests were nevertheless adequately represented, permissive intervention would nevertheless be appropriate. Lack of adequate representation need not be shown for permissive intervention. Rather, permissive intervention requires *only* a timely motion and "a single common question of law or fact … and should be liberally granted." There is no dispute that Mr. Copeland's claims share *many* common questions of law or fact with this action. As such, permissive intervention should be granted.

### V.  CONCLUSION

For the foregoing reasons and based on the authority cited, proposed intervenor A. J. Copeland, requests that his renewed motion to intervene be granted.

Dated: January 12, 2015                    /s/ Richard D. Greenfield
                                                                           Ilene F. Brookler (SBN 269422)
                                                                           Richard D. Greenfield (*Admitted pro hac vice*)

Marguerite R. Goodman
GREENFIELD & GOODMAN, LLC
250 Hudson Street, 8th Floor
New York, NY 10013
Tel: 917-495-4446
ibrookler@gmail.com
whitehatrdg@earthlink.net
twowhitehats@earthlink.net

Scott R. Shepherd
SHEPHERD, FINKELMAN, MILLER
& SHAH, LLP
35 E. State Street
Media, PA 19063
Tel: 610-891-9880
sshepherd@sfmslaw.com

Rose F. Luzon (SBN 221544)
SHEPHERD, FINKELMAN, MILLER
& SHAH, LLP
401 West A Street, Suite 2350
San Diego, CA 92101
Tel.: 619-235-2416
rluzon@sfmslaw.com

*Attorneys for Proposed Intervenor*
*A.J. Copeland*

12

MOTION AND RENEWED MOTION
TO INTERVENE; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of January, 2015, I caused this document to be filed and served via the Court's ECF system on all counsel of record.

/s/Richard D. Greenfield
Richard D. Greenfield