Ian D. Berg (Bar No. 263586)
**ABRAHAM, FRUCHTER**
 **& TWERSKY, LLP**
12526 High Bluff Drive, Suite 300
San Diego, California 92130
Tel:    (858) 792-3448
Fax:    (858) 792-3449
*iberg@aftlaw.com*

*Counsel for Plaintiffs Harriet Steinberg and Edward Vogel*

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HEWLETT-PACKARD COMPANY SHAREHOLDER DERIVATIVE LITIGATION | MASTER DOCKET<br>No. C-12-6003 CRB |
| THIS DOCUMENT RELATES TO:<br><br>HARRIET STEINBERG, et al.,<br>                    Plaintiff,<br>     v.<br>LEO APOTHEKER, et al.,<br>                    Defendants,<br>     and<br>HEWLETT-PACKARD COMPANY, a Delaware corporation,<br>                    Nominal Defendant. | Case No. 3:14-cv-02287-CRB<br><br>**THE DEMAND REFUSED PLAINTIFFS' RENEWED MOTION FOR RELIEF FROM THE CONSOLIDATION ORDER OR, ALTERNATIVELY, TO SEVER THE DEMAND REFUSED ACTION FROM THE CONSOLIDATED DEMAND FUTILITY ACTION**<br><br>**DATE: February 27, 2015**<br>**TIME: 10:00 a.m.**<br>**JUDGE:  Hon. Charles R. Breyer** |

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that Harriet Steinberg and Edward Vogel (collectively referred to herein as the "Demand Refused Plaintiffs" or the "Steinberg Plaintiffs"), by their undersigned attorneys, will and hereby do renew their motion before the Court and the Honorable Charles R. Breyer, United States District Court Judge, United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom 6 - 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, for an Order relieving the Demand Refused Plaintiffs from the consolidation order entered in related actions or, alternatively, to sever the demand refused complaint from the consolidated demand futility complaint.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Jeffrey S. Abraham ("Abraham Decl.") and accompanying exhibits, all prior pleadings and proceedings in this action and any other written or oral submissions the Court may require.

## STATEMENT OF ISSUES (Civil L.R. 7-4(a)(3))

Whether the complaint filed by the Demand Refused Plaintiffs[1] should be severed from this action in which plaintiff Stanley Morrical, as lead plaintiff, is pursuing derivative claims on behalf of Hewlett-Packard Company ("Hewlett-Packard" or the "Company") premised on a theory of demand futility.

## MEMORANDUM OF POINTS AND AUTHORITIES

On February 21, 2013, this Court entered a consolidation order (the "Consolidation Order") in this action which, *inter alia*, provided for the consolidation of all subsequently filed shareholder derivative actions arising out of facts relating to the acquisition of Autonomy PLC ("Autonomy") by nominal defendant Hewlett-Packard. *See* Dkt. No. 61.

At the time this Court entered the Consolidation Order all the shareholder derivative complaints asserted that the named plaintiffs had standing to sue based upon the alleged futility of demand on Hewlett-Packard's board of directors (the "Board"), pursuant to Fed. R. Civ. P. 23.1(b)(3)(B).

---

[1] *Steinberg, et al. v. Apotheker, et al.*, No. 3:14-cv-02287 (N.D. Cal.).

1     The Steinberg Plaintiffs chose a different path by making a written demand (the "Demand") on the Board to, among other things, pursue claims arising out of the damage caused to Hewlett-Packard from the Autonomy acquisition.

    On May 16, 2014, the Demand Refused Plaintiffs filed their shareholder derivative complaint which was followed by a corrected complaint filed on June 3, 2014. The Steinberg Plaintiffs' complaint alleged that they had standing to sue derivatively on behalf of Hewlett-Packard pursuant to Fed. R. Civ. P. 23.1(b)(3)(A) based upon the Board's refusal of the Demand.

    On May 23, 2014, Hewlett-Packard filed a Notice of Consolidation pursuant to the Consolidation Order. *See* Dkt. No. 142.

    On June 6, 2014, the Demand Refused Plaintiffs filed a motion for relief from the Consolidation Order or, in the alternative, to sever their action from the consolidated action. *See* Dkt. No. 143.

    On June 20, 2014, Hewlett-Packard opposed the Demand Refused Plaintiffs' motion arguing that even if the proposed settlement were not approved, the issue of whether the special litigation committee ("SLC") had properly refused the Demand would necessarily arise in the *Morrical* litigation (*i.e.*, this case) after a decision on the motion to dismiss. *See* Dkt. No. 147.

    On June 30, 2014, Hewlett-Packard and the *Morrical* plaintiffs (also referred to herein as the "Demand Futile Plaintiffs") presented a proposed settlement for preliminary approval by the Court (the "Proposed Settlement"). *See* Dkt. No. 149.

    On August 25, 2014, the Court declined to grant preliminary approval of the Proposed Settlement. *See* Dkt. No. 199.

    On September 3, 2014, the Demand Futile Plaintiffs and Hewlett-Packard filed an amended settlement agreement. *See* Dkt. No. 201.

    On September 4, 2014, Hewlett-Packard opposed the Demand Refused Plaintiffs' motion to sever based upon the pendency of the Proposed Settlement. *See* Dkt. No. 210.

    On December 19, 2014, after extensive briefing, and after Hewlett-Packard and the Demand Futile Plaintiffs had filed two amendments to the Proposed Settlement (Dkt. Nos. 201 and 242), the Court issued an Order in which it refused to grant preliminary approval to the

Proposed Settlement. Dkt. No. 265. In the same Order, the Court denied as moot the motions to intervene which were based upon the pendency of the Proposed Settlement. Dkt. No. 265 at 9.

The Demand Refused Plaintiffs' motion to sever is not dependent upon the pendency of the Proposed Settlement and was, therefore, not a subject of the December 19, 2014 Order. In addition, a review of the docket in this case reveals that the Court has not taken any official action with respect to the Demand Refused Plaintiffs' motion to sever. *See* Dkt. Entry No. 265 (referencing motions which were decided as moot (Dkt. Nos. 160, 172, 212 and 213) but not referencing the docket entry for the Steinberg Plaintiffs' motion to sever (Dkt. No. 143)).

When the Court declined to approve the Proposed Settlement, it mooted the underpinning for Hewlett-Packard's argument that severance was not appropriate because of the pendency of the Proposed Settlement. Hewlett-Packard's remaining argument, that the reasonableness of the SLC's actions will be addressed in the context of the Demand Futile action after a decision on the motion to dismiss similarly lacks merit because: (a) given the effects of the Consolidation Order, if *Morrical* is dismissed, for failure to make a demand on the Board, the Court will never encounter the issue of whether the SLC's actions were reasonable (*see* Dkt. No. 143 at 7); (b) there are inherent conflicts between the litigation positions of the Demand Refused Plaintiffs and the Demand Futile plaintiffs (*see* Dkt. No. 148 at 3); and (c) having separate actions and counsel for the Demand Futile plaintiffs and the Demand Refused Plaintiffs is consistent with the procedural structure routinely followed by Courts when confronted with similar circumstances. *See* Dkt. No. 143 at 7.

In addition, the Court's refusal to preliminarily approve the Proposed Settlement, raises material issues concerning the adequacy of Stanley Morrical, the lead plaintiff in the Demand Futile actions to adequately represent the interests of other absent Hewlett-Packard shareholders or the Company in this derivative action. Mr. Morrical was seeking a payment of $25,000 upon approval of the Proposed Settlement (Dkt. No. 242 at 38 (§IV.C)) while at the same time failing to demonstrate that he had obtained anything of value for the Company through the Proposed Settlement.

On January 7, 2015, Demand Refused Counsel wrote to counsel for Hewlett-Packard seeking, among other things, the Company's consent to the Steinberg Plaintiffs action being severed from the Demand Futile action.  A true and correct copy of that letter (with certain redactions) is attached to the Abraham Decl. as Exhibit A.  Hewlett-Packard, to date, has not responded to the January 7, 2015 letter.

The Steinberg Plaintiffs wish to proceed with the prosecution of their action unrestrained by the additional and substantial procedural problems which the Demand Futile Plaintiffs face and without being subject to the control of Stanley Morrical, a lead plaintiff who has attempted to settle the shareholder derivative litigation for inadequate consideration.

## CONCLUSION

Therefore, for the reasons set forth above, the Demand Refused Plaintiffs respectfully request that the Court establish a structure that recognizes the equal status of the demand refused and demand futility actions and directs derivative plaintiffs to litigate the derivative claims, on behalf of nominal defendant Hewlett-Packard, in a cooperative and efficient manner without consolidation.  A proposed form of Order is provided for the Court's consideration.

Dated:  January 16, 2015

**ABRAHAM, FRUCHTER & TWERSKY, LLP**
Ian D. Berg   (Bar No. 263586)
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:    (858) 792-3448
Fax:    (858) 792-3449
*iberg@aftlaw.com*

**ABRAHAM, FRUCHTER & TWERSKY, LLP**

By:    /s/ Jeffrey S. Abraham
         Jeffrey S. Abraham, *pro hac vice*
Lawrence D. Levit
Philip T. Taylor
One Penn Plaza; Suite 2805
New York, New York 10119
Tel:    (212) 279-5050
Fax:    (212) 279-3655
*jabraham@aftlaw.com*
*llevit@aftlaw.com*
*ptaylor@aftlaw.com*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

    **KANTROWITZ, GOLDHAMER**
     **& GRAIFMAN, P.C.**
Gary S. Graifman
Michael L. Braunstein
210 Summit Avenue
Montvale, New Jersey 07645
Tel:    (201) 391-7000
Fax:   (201) 307-1088
*ggraifman@kgglaw.com*

**GREEN & ASSOCIATES, LLC**
Michael S. Green
522 Route 18, Suite 5
East Brunswick, New Jersey 08816
Telephone (732) 390-5900

*Counsel for the Demand Refused Plaintiffs*

PLAINTIFFS' RENEWED MOTION FOR RELIEF FROM CONSOLIDATION OR TO SEVER    - 5 -