JOSEPH W. COTCHETT (36324)
jcotchett@cpmlegal.com
MARK C. MOLUMPHY (168009)
mmolumphy@cpmlegal.com
NANCY L. FINEMAN (Cal. SBN: 124870)
nfineman@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*Lead Counsel for Plaintiff Stanley Morrical,
derivatively on behalf of Hewlett-Packard Company*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE HEWLETT-PACKARD COMPANY SHAREHOLDER DERIVATIVE LITIGATION | **Master File NO. C-12-6003-CRB** |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | **LEAD PLAINTIFF'S MEMORANDUM IN <u>OPPOSITION</u> TO MORRIS AKERMAN'S MOTION TO (1) VACATE ORDER APPOINTING DERIVATIVE LEAD PLAINTIFF AND LEAD COUNSEL AND (2) SET BRIEFING SCHEDULE FOR NEW MOTIONS TO APPOINT DERIVATIVE LEAD PLAINTIFF AND LEAD COUNSEL**<br><br>Date:  February 13, 2015<br>Time:  10:00 a.m.<br>Courtroom 6, 17th Floor<br>Hon. Charles R. Breyer |

**Lead Plaintiff's Memorandum In Opposition to Akerman Motion to (1) Vacate Order Appointing Derivative Lead Plaintiff and Counsel and (2) Set Briefing Schedule for New Motions; Master File No. C-12-6003-CRB**

## I. INTRODUCTION

Without any legal authority supporting his position, HP shareholder Morris Akerman moves the Court to vacate its prior order appointing lead plaintiff, Stanley Morrical, and lead counsel, Cotchett, Pitre & McCarthy ("Cotchett"), and to re-open the lead process in this derivative action. However, Akerman fails to provide any grounds for such drastic relief.

Akerman asserts that Cotchett – a firm he concedes is "unquestionably otherwise qualified" to lead this "complex" case – should nonetheless be replaced "based upon the history of this litigation." Motion at 1. The only "history" cited by Akerman is Cotchett's efforts to negotiate a settlement and address this Court's concerns regarding certain of its terms. Motion at 4. However, while Akerman may take issue with efforts made by Cotchett to address the Court's concerns, that does not somehow mean that Cotchett should be replaced. Indeed, Akerman cites no legal authority in his motion, let alone authority supporting the novel argument that a court should remove lead plaintiff or lead counsel merely because another shareholder disagrees with the prosecution of the case or the settlement that they have negotiated.

Alternatively, Akerman claims that the Cotchett firm should be replaced because Mr. Cotchett made "significant concessions about the strength of this case" at an August 2014 hearing and demonstrated that he no longer "believes" in the case. Motion at 4. Putting aside Akerman's unexplained delay in raising this "concession" until now, six months later, his argument borders on frivolous. The alleged "concession" is a single snippet of a response selected from a 74-page transcript, where Mr. Cotchett was merely addressing challenges under Delaware law that he took into account in evaluating settlement. One cannot seriously contend that a statement relating to the litigation risks taken into account in the consideration of settlement, in the context of a hearing on a proposed settlement, constitutes a "concession" warranting removal. It certainly does not mean that Mr. Cotchett or his firm no longer "believe" in the case.

The Motion should be denied.

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

**Lead Plaintiff's Memorandum In Opposition to Akerman Motion to (1) Vacate Order Appointing Derivative Lead Plaintiff and Counsel and (2) Set Briefing Schedule for New Motions; Master File No. C-12-6003-CRB**

1

## II. ARGUMENT

### A. The "History" of this Litigation Does not Warrant Replacing Lead Plaintiff and Lead Counsel

Akerman admits that this derivative action is a "complex" case with "a number of uncertainties and risks." Motion at 5. Akerman further concedes that hurdles presented by defendants "make this case difficult to prosecute." *Id.* Nonetheless, Akerman asserts that Cotchett – a firm he calls "unquestionably otherwise qualified" to lead this case – should be replaced by other counsel "based upon the history of this litigation." The "history" described in the Motion consists of Cotchett's efforts to negotiate a settlement in this action, which Akerman describes as "patently defective," and the Court's denial of preliminary approval of the proposed settlement. *Id.* at 4. The argument fails for a number of reasons.

*First*, the mere fact that Akerman disagrees with the settlement terms or with Cotchett's efforts to address the Court's concerns does not mean that Cotchett should be replaced. No court has ever recognized such grounds to replace lead counsel, and Akerman fails to cite a single case supporting this argument.

*Second*, in its prior hearings and orders addressing the settlements proposed in this case, the Court has never indicated that Cotchett should be replaced or no longer "qualified" going forward. It has certainly suggested that certain terms in the proposed settlements, including the scope of the release, required modification, and Cotchett has worked in good faith to address these very concerns consistent with its duties to HP and its shareholders.

*Third*, Cotchett recently negotiated a Third Amended Settlement agreement that attempts to addresses the Court's stated concerns. This amended agreement provides for an even broader implementation of corporate reforms at HP and a far narrower release that is limited to Autonomy-related claims. See Third Amended Settlement, Doc. 277. Lead Plaintiff set a hearing on a motion for preliminary approval of the Third Amended Settlement for April 3, 2015, and the Court recently directed interested parties to file any views they may have by February 6, 2015. See Order, Doc. 278. Thus, to the extent Akerman continues to harbor any criticism of the settlement terms, he can object in the normal course.

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

**Lead Plaintiff's Memorandum In Opposition to Akerman Motion to (1) Vacate Order Appointing Derivative Lead Plaintiff and Counsel and (2) Set Briefing Schedule for New Motions; Master File No. C-12-6003-CRB**

2

### B. Mr. Cotchett Did *Not* "Concede" That He Did Not Believe in the Case, And the Cotchett Firm's Work Demonstrates its Vigorous Representation of HP and its Shareholders

As described in detail in Lead Plaintiff Morrical's recent motion seeking preliminary approval of the Third Amended Settlement, Morrical and his counsel, Cotchett, have vigorously litigated this case for over two years for the benefit of HP and its shareholders. See Motion, Dkt. 277. Morrical respectfully incorporates that discussion herein, which indisputably demonstrates that Cotchett, in its capacity as Lead Counsel, has always been fully committed to this case and remains so today.

Nonetheless, citing a single sentence found in a 74-page transcript of a hearing in 2014, Akerman now claims that Mr. Cotchett "conceded" that he no longer believes in the case and, on this basis alone, needs to be replaced. Motion at 4. The argument is absurd and mischaracterizes the record.

As an initial matter, Akerman does not assert (nor could he) that any statement made by Mr. Cotchett regarding the risks and benefits he considered before entering into a proposed settlement are somehow binding in the event settlement is not approved and the case moved forward. Indeed, as commonly the case, the settlement agreement itself precludes use of any such statements and restores the parties to their original positions as if no settlement was reached. See Third Amended Settlement at § VIII.B ("In no event shall this Agreement, any of its provisions, or any negotiations, statements or court proceedings relating to its provisions in any way be construed as, offered as, received as, used as or deemed to be evidence of any kind in the Actions, any other action, or any other judicial, administrative, regulatory or other proceeding, except a proceeding to enforce this Agreement."); see also § IX.F.2.

More to the point, Mr. Cotchett's cited statement – a single sentence discussing the unique challenges posed by Delaware law, in the context of a hearing on preliminary approval of a proposed settlement – was certainly not a "concession" that he did not believe in the case, nor a "concession" that the case could not be successfully prosecuted if a settlement was not reached. Rather, the statement reflected the unremarkable fact that Delaware law poses significant

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

**Lead Plaintiff's Memorandum In Opposition to Akerman Motion to (1) Vacate Order Appointing Derivative Lead Plaintiff and Counsel and (2) Set Briefing Schedule for New Motions; Master File No. C-12-6003-CRB**

3

challenges to shareholders suing in a derivative capacity, including Delaware's strict application of the demand requirement and the impact and conclusions of HP's Demand Review Committee.

Further, as noted in prior briefs, the Cotchett firm is very familiar with the Demand Review Committee's evaluation process, including the materials it reviewed, the witnesses it interviewed, and the conclusions it reached. However, that does not mean that Cotchett took the Committee's work and conclusions at face value. To the contrary, Cotchett applied professional skepticism and independently analyzed the relevant evidence and legal claims. Over several months, Cotchett exhaustively evaluated the Autonomy acquisition from both sides of the transaction. Cotchett obtained and reviewed due diligence materials, Board and Board Committee presentations, and relevant Autonomy records contemporaneously provided to HP. Cotchett also interviewed numerous witnesses, including primary HP deal participants who led the due diligence process and negotiated with Autonomy. Cotchett also engaged the Committee and its advisors in frank discussions about the basis for their conclusions.

Thus, rather than reflecting a "concession" about the strength of the derivative claims, meriting the replacement of lead counsel, Mr. Cotchett's statement meant to convey that, before negotiating a settlement, he and his firm had done everything possible to become fully informed of the relevant facts in order to assess the risks and benefits of settlement, consistent with their fiduciary duties to HP and its shareholders.

## III. CONCLUSION

For all the foregoing reasons, Morris Akerman's Motion should be denied.

Dated: January 23, 2015

*/s/ Mark C. Molumphy*
Mark C. Molumphy
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*Lead Counsel for Plaintiff Stanley Morrical, derivatively on behalf of Hewlett-Packard Company*

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

**Lead Plaintiff's Memorandum In Opposition to Akerman Motion to (1) Vacate Order Appointing Derivative Lead Plaintiff and Counsel and (2) Set Briefing Schedule for New Motions; Master File No. C-12-6003-CRB**
4