WACHTELL, LIPTON, ROSEN & KATZ
MARC WOLINSKY (*pro hac vice*)
GEORGE T. CONWAY III (*pro hac vice*)
VINCENT G. LEVY (*pro hac vice*)
51 West 52nd Street
New York, NY  10019
Tel./Fax:  212.403.1000/2000
MWolinsky@wlrk.com
GTConway@wlrk.com
VGLevy@wlrk.com

FARELLA, BRAUN & MARTEL, LLP
NEIL A. GOTEINER, State Bar No. 83524
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Tel./Fax:  415.954.4400/4480
NGoteiner@fbm.com

Attorneys for Defendant
HEWLETT-PACKARD COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HP SHAREHOLDER DERIVATIVE LITIGATION<br><br>This Document Relates to:  All Actions | Master File No. C-12-6003 CRB<br><br>**HP'S OPPOSITION TO COPELAND'S MOTION AND RENEWED MOTION TO INTERVENE**<br><br>Dept.:   Courtroom 6, 17th Floor<br>Judge:  Hon. Charles R. Breyer |

Hewlett-Packard Company respectfully submits this memorandum in opposition to A.J. Copeland's "motion and renewed motion to intervene" (Docket #269). The motion should be denied. If Copeland has an objection to the revised settlement (Docket #277), he is free to make it — either now, as an "interested part[y]" with "views" about the settlement (Docket #278), or later, as an objector if the settlement is approved. There is no need or reason for him to intervene.

**BACKGROUND**

After sending multiple pre-suit demands to the HP board, Copeland commenced derivative litigation alleging a host of meritless claims unrelated to Autonomy. Judge Davila dismissed Copeland's first and second amended complaints for failure to state a claim. *Copeland* v. *Lane*, 2013 WL 1899741 (N.D. Cal. May 6, 2013). Judge Davila then denied Copeland leave to amend his complaint a third time when he sought "to add, *inter alia*, allegations related to actions HP took regarding its acquisition of Autonomy Corporation." *Id.* at *4.

Undeterred by Judge Davila's ruling, Copeland restyled the amended complaint that Judge Davila refused to permit him to file in *Copeland I* as a new action (*Copeland II*), and sought to evade Judge Davila and his ruling by having that new case related to this action. The Court denied Copeland's request to have *Copeland II* related to this case. (Docket #133).

Copeland again sought to appear in this Court after the parties presented a proposed settlement for preliminary approval. This time, he filed two motions to intervene, asserting that the proposed settlement released the claims advanced in *Copeland I* — even though these were expressly carved out of the release. (Docket #212, 213). On December 19, the Court denied plaintiff's motion for preliminary approval and denied Copeland's motions to intervene as moot. (Docket #265).

The very next day, Copeland renewed his effort to launch Autonomy-related litigation in this Court, this time asking for HP's consent to sever Copeland's Autonomy-related claims in *Copeland II* and to transfer those claims here. HP's counsel informed Copeland's counsel that HP would not consent because the parties were negotiating a revised settlement agreement and because the Court had already denied Copeland's motion to relate *Copeland II* to this case. Copeland then filed the instant motion to intervene, arguing that "*there appear to be* ongoing

settlement negotiations," and objecting that the "claims [purportedly] asserted on HP's behalf in *Copeland I* and *Copeland II may* again be released." Copeland Br. 3 (emphasis added).

**ARGUMENT**

The parties have now filed a revised settlement (Docket # 277). The revised settlement is fair, reasonable, and adequate. The parties have struck the portion of the release that the Court disapproved. The revised settlement proposes to release all Autonomy-Related Claims and no other claims. Therefore, in the words of the Court, it "represents a fair and reasonable resolution of derivative litigation related to the Autonomy acquisition …." (Docket #265 at 1).

If Copeland nonetheless has concerns about the revised settlement, he may simply express his views as an "interested part[y]" consistent with the schedule set by the Court. Docket #278. Indeed, he may continue to object even if the settlement is preliminarily approved — as an objector. Either way, the law is clear that "'there is no need for [any] stockholder to intervene formally … or to be a party to it' in order to preserve his or her rights as an objector.'" *In re Bank of Am. Corp. Sec., Deriv. & ERISA Litig.*, 2012 WL 1674299, at *3 (S.D.N.Y. May 14, 2012) (quoting *Kaplan* v. *Rand*, 192 F.3d 60, 67 (2d Cir. 1999)).[1]

Citing a line of decisions from the Seventh Circuit, Copeland asserts that intervention should be "'freely allow[ed]'" to objecting shareholders who "'want an option to appeal an adverse decision.'" Copeland Br. 7-8. But as HP has explained,[2] in the Ninth Circuit a shareholder need not intervene to challenge a settlement, whether in this Court or on appeal. *Churchill Village, L.L.C.* v. *Gen. Elec.*, 361 F.3d 566, 572-73 (9th Cir. 2004). Filing an objection suffices — so there is no basis for him to intervene.

There is also no merit to Copeland's assertion that he should be permitted leave to intervene in order to launch Autonomy-related litigation. *E.g.*, Copeland Br. 11. If the settlement

---

[1] *See also e.g., Athale* v. *Sinotech Energy Ltd.*, 2013 WL 2145588, at *2-3 (S.D.N.Y. May 16, 2013) (denying intervention); *Davis* v. *J.P. Morgan Chase & Co.*, 775 F. Supp. 2d 601, 605 (W.D.N.Y. 2011) (same); *In re Motor Fuel Temperature Sales Practices Litig.*, 2011 WL 5331678, at *2 (D. Kan. Nov. 4, 2011) (same); *UAW* v. *Gen. Motors Corp.*, 2006 WL 334283, at *5 (E.D. Mich. Feb. 13, 2006) (same).

[2] *See* HP Reply Mem. (Docket #224) at 1-4 & n.6.

1 is approved, there will be no litigation to bring. Beyond that, Copeland's assertion flies in the
2 face of the multiple judicial orders that have denied him precisely the relief he now seeks. As
3 explained above, he and his lawyers filed the *Copeland II* complaint to circumvent Judge Davila's
4 order denying him leave to amend *Copeland I* to add Autonomy-related allegations. And
5 notwithstanding the Court's refusal to relate *Copeland II* to this action (Docket #133), Copeland
6 and his lawyers have nonetheless sought to intervene here multiple times. The "renewed" motion
7 to intervene is no more proper than the original motions to intervene.

8 Finally, Copeland's motion should also be denied because it rests in large part on the
9 baseless claim that Cotchett Pitre and Robbins Geller joined Wachtell Lipton, Proskauer Rose,
10 Judge Walker, and countless others in a conspiracy to "whitewash" the investigation into the
11 Autonomy acquisition. *Compare* Copeland Br. 6 *with* Docket #247-1 at 9, 21-26. There is still
12 not a shred of evidence to back up that charge. To the extent Copeland wishes to challenge the
13 DRC's investigation, Copeland has the burden to adduce evidence, without discovery, showing
14 that the DRC's investigation was done in bad faith. *Spiegel* v. *Buntrock*, 571 A.2d 767, 774, 771
15 (Del. 1990); *Scattered Corp.* v. *Chicago Stock Exch., Inc.*, 701 A.2d 70, 77 (Del. 1997). He has
16 not even tried to carry this burden.

17 There is also no merit to Copeland's rehash of the frivolous claim that HP's counsel at
18 Wachtell Lipton is improperly representing the individual defendants. *Compare* Copeland Br. 2-
19 3, *with* Docket #247-1 at 26-30 ("The Conflicts of Interest of Wachtell and the Board"), *and*
20 Docket #232 at 11-14 (same). As HP has explained on multiple occasions, the claim is baseless.
21 Wachtell Lipton has at all times acted under the direction of HP and its DRC or its board of
22 directors. The board of directors itself has approved the settlement currently before the Court and
23 concluded that the settlement is in the best interests of HP and its shareholders. The individual
24 defendants have their own lawyers. The fact that both HP and the individual defendants support
25 the settlement of this litigation, litigation that the DRC concluded was without merit and should
26 not be pursued, does not mean that there is a conflict. If that were the case, company counsel

27
28

could never seek to dismiss a derivative case or act to negotiate the settlement of a derivative case that included a release of director defendants.[3]

Moreover, Copeland still has not explained "how the [purported] conflict of interest (if there is one) resulted in a settlement that was unfair, unreasonable, or inadequate," which is the only relevant question. *Clark* v. *Lomas & Nettleton Fin. Corp.*, 79 F.R.D. 658, 661 (N.D. Tex. 1978) (approving settlement over objection of alleged conflict); *see also In re Atmel Corp. Deriv. Litig.*, 2010 WL 9525643 (N.D. Cal. Mar. 31, 2010) (approving settlement over objection that company counsel was conflicted because it also represented individual defendants). Indeed, Copeland filed his motion to intervene before there even was a revised settlement.

*   *   *

For all these reasons, Copeland's renewed motion to intervene should be denied.

Dated: January 26, 2015

WACHTELL, LIPTON, ROSEN & KATZ

By: _____
    Marc Wolinsky
    George T. Conway III
    Vincent G. Levy
    51 West 52nd Street
    New York, NY  10019
    Tel./Fax:  212.403.1000/2000

FARELLA BRAUN & MARTEL, LLP
Neil A. Goteiner
235 Montgomery Street
San Francisco, CA  94104
Tel./Fax:  415.954.4400/4480

*Attorneys for Defendant Hewlett-Packard Company*

---

[3] *E.g.*, *Respler* v. *Evans*, 2014 WL 631668, at *2 (D. Del. Feb. 18, 2014) ("in derivative actions, there exists no conflict of interest between a corporation and individual director defendants at the motion to dismiss stage, therefore, a law firm may represent all defendants without impropriety"); *Scattered Corp.* v. *Chicago Stock Exch., Inc.*, 1997 WL 187316, at *8 (Del. Ch. Apr. 7, 1997) ("The Exchange's Executive Committee had concluded that the allegations of the demand were not substantiated and that it was not in the Exchange's interests to pursue the claims asserted in the demand. Therefore, at the dismissal stage, the Exchange's interest was identical to that of the individual defendants — to seek the dismissal of the complaint.").