THE WEISER LAW FIRM, P.C.
ROBERT B. WEISER
BRETT D. STECKER
JAMES M. FICARO
22 Cassatt Avenue, First Floor
Berwyn, PA 19312
Telephone: (610) 225-2677
Facsimile:  (610) 408-8062

Attorneys for Rodney J. Cook

[Additional counsel appear on signature page.]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE HEWLETT-PACKARD SHAREHOLDER DERIVATIVE LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Case No. C-12-6003-CRB<br><br>RODNEY J. COOK'S STATEMENT IN RESPONSE TO THE COURT'S JANUARY 23, 2015 ORDER<br><br>Date Action Filed:  11/27/2012 |

"**Three Strikes and You're Out**." – *origin unknown*

Rodney J. Cook ("Cook") submits this statement in response to the Court's January 23, 2015 Order, which directed interested parties to submit "any views they wish to raise as to the Third Amended and Restated Stipulation of Settlement (Dkt. 277)." In the interests of brevity, Cook hereby relies upon and incorporates by reference the memoranda previously submitted to this Court in support of Cook's Motion to Intervene to Remove Lead Counsel and Lead Plaintiff and for Appointment of New Lead Counsel and New Lead Plaintiff (Dkt. 172) (the "Intervention Motion"),[1] as well as Cook's Statement in Response to the Court's October 17, 2014 Order (Dkt. 258) (the "Cook October 2014 Statement"), and respectfully submits that for all of the reasons set forth therein and in this new statement, the settling parties' (the "Settling Parties") *fourth* and latest attempt to settle the above-captioned shareholder derivative action (the "Action"), purportedly brought on behalf of the Hewlett Packard Company ("HP" or the "Company"), remains the product of a hopelessly tainted and fundamentally flawed settlement process and is woefully inadequate. Cook additionally submits that his Intervention Motion is ripe and should be granted in its entirety.

In the December 19, 2014 Order, this Court denied preliminary approval of the Second Amended Settlement in no uncertain terms -- citing, *inter alia,* the Settling Parties' "**abdication of their responsibility**" -- and the result should be no different this time around. In submitting the Third Amended Settlement, the Settling Parties have done *nothing* to cure (and in fact, cannot cure)

---

[1] On December 19, 2014, this Court entered an Order Denying Motion for Preliminary Approval of Second Amended Settlement (Dkt. 265) (the "December 19, 2014 Order"). In addition to denying preliminary approval to the Second Amended Settlement, the December 19, 2014 Order stated that "[a]ll pending motions whose relevance depended on preliminary approval of the proposed settlement are hereby denied as moot." Cook's Intervention Motion, filed on August 13, 2014, seeks entry of an Order: (a) removing the current Court-appointed Lead Plaintiff and Lead Counsel, Stanley Morrical ("Morrical") and Cotchett Pitre & McCarthy LLP (the "Cotchett Firm"), respectively; and (b) appointing Cook and his chosen counsel, The Weiser Law Firm, P.C., to serve as the new Lead Plaintiff and Lead Counsel, respectively. Cook respectfully submits that the Intervention Motion was not (and is not) dependent on preliminary approval of the proposed settlement, and therefore remains pending. To the extent, however, that the Court's intent in issuing the December 19, 2014 Order was to deny the Intervention Motion as moot, Cook hereby seeks to reinstate the Intervention Motion at this time and submits that the issues raised in the Intervention Motion are ripe for adjudication.

1
RODNEY J. COOK'S STATEMENT IN RESPONSE TO THE COURT'S JANUARY 23, 2015 ORDER
- C-12-6003-CRB

the fundamental and fatal deficiencies identified previously by Cook in the Intervention Motion, the Cook Reply, the Cook October 2014 Statement, and in multiple hearings before this Court. Morrical and his counsel, the Cotchett Firm, have swung and missed (badly and publicly) not once, and not twice, but ***three times*** in their ill-advised attempts to obtain preliminary approval of a defective and inadequate Settlement.  Morrical and his counsel should finally be benched so that HP's best interests and the best interests of HP shareholders may finally be served by a shareholder and counsel that have never been found to have abdicated their fiduciary duties.

The Third Amended Settlement does ***nothing whatsoever*** to cure the following serious deficiencies previously identified by Cook:

• The question of whether the Cotchett Firm would have accepted the governance relief now before the Court if it did not stand to earn as much as $48 million in fees relating to its planned, subsequent prosecution of Autonomy's former officers remains unanswered, many months after Cook and his counsel first asked it aloud.[2]  Indeed, as the fourth and latest iteration of the Settlement still provides for no monetary relief to HP, this mystery remains the central issue regarding the merits of the Settlement, and the Settling Parties' transparent attempt to avoid having to ever answer that question in and of itself precludes Settlement approval.[3]

• The Cotchett Firm's fundamental conflict of interest from the inception of this Action infected its role as Lead Counsel from start to finish and raises substantial doubt as to the entire Settlement process, which now includes ***three*** failed attempts to resolve the Action and the Court concluding that the Cotchett Firm abdicated its duties.[4]  This infection cannot and will not be

---

[2] *See* Cook Reply at 3; Cook October 2014 Statement at 3; September 26, 2014 Hearing Transcript at 37-40 (Dkt. 238).

[3] HP and the other Settling Parties, in their vast and countless submissions to this Court, have not once so much as attempted to dispute Cook's repeated contention (*see* Cook Reply at 2; October 2014 Statement at 3; August 25, 2014 Hearing Transcript at 58 (Dkt. 199)) that Cook and his counsel were directly responsible for the removal of the initial Original Fee Provision from the Settlement.  Thus, HP and rest of the Settling Parties have tacitly admitted that the efforts of Cook and his counsel saved HP (and its shareholders) between $9 million and $39 million.

[4] In *In re Oracle Sec. Litig.,* 829 F. Supp. 1176, 1189 (N.D. Cal. 1993), this Court found that "the derivative settlement reeks of collusion between derivative plaintiffs' counsel and the individual

2
RODNEY J. COOK'S STATEMENT IN RESPONSE TO THE COURT'S JANUARY 23, 2015 ORDER
- C-12-6003-CRB

cured until the Cotchett Firm is removed and replaced with new, conflict-free lead counsel that can prosecute and/or resolve the Action and place the best interests of HP and its shareholders above all else *at all times*.

- The fourth version of the Settlement, like its three rejected and failed predecessors, releases HP's officers and directors from liability for their actions and/or inactions, in exchange for no financial relief whatsoever for HP.[5] As inadequate, unreasonable, and collusive as these releases appeared when the original Settlement was proposed in June 2014, *the releases today look worse than ever* (as does the original version of the Settlement, pursuant to which the Cotchett Firm would have been paid up to $48 million to represent HP in a subsequent action against Autonomy's officers) in light of recent events. Specifically, on January 19, 2015, the United Kingdom's Serious Fraud Office (the "SFO") announced that it closed its nearly two-year-old probe into the conduct of Autonomy's officers, citing "insufficient evidence."[6] As this Court is well-aware, consistent with their repeated claims of "innocence" and their attempts to point their fingers at Autonomy's officers in this Action, HP's directors and officers have all along publicly maintained that the disastrous consequences suffered by HP from the Autonomy Acquisition were exclusively the product of "accounting improprieties, misrepresentations and disclosure failures" on the part of Autonomy's officers. *Id*. Indeed, HP submitted information in support of its claims to the SFO, which the SFO

---

defendants, at the expense of the corporation." In this Action, per the December 19, 2014 Order, this Court cited *Oracle* in concluding that "the Second Amended Settlement 'confers a substantial benefit on the individual defendants and derivative plaintiffs' counsel,' a benefit whose magnitude remains impossible to ascertain, while the 'brunt of the derivative settlement' falls upon HP and its shareholders – the allegedly aggrieved parties."

[5] Cook and his counsel again respectfully submit that in the abstract, a monetary component to HP may not be *necessary* to settle the claims raised in the Action, but that in these highly unique circumstances, the lack of any financial relief to HP is the product of the Settling Parties' fundamentally flawed Settlement process and is just one of many serious problems arising from the Cotchett Firm's conflicted representation and abdication of its duties.

[6] *See UK's Serious Fraud Office ends investigation into HP-Autonomy deal,* REUTERS, Jan. 19, 2015, http://www.reuters.com/article/2015/01/19/hp-autonomy-sfo-idUSL6N0UY26N20150119

3
RODNEY J. COOK'S STATEMENT IN RESPONSE TO THE COURT'S JANUARY 23, 2015 ORDER
- C-12-6003-CRB

apparently concluded were insufficient to warrant further investigation or prosecution.[7] *Id*. As Autonomy founder Michael R. Lynch stated following the SFO's January 19, 2015 announcement: "***Let's remember, HP made allegations of a $5 billion fraud, and presented the case in public as a slam dunk…HP now faces serious questions of its own about its conduct in this case and the false statements it has made***." *Id*. That the Settling Parties had the temerity to submit the Third Amended Settlement to this Court just three days after the SFO's January 19, 2015 announcement is incredible.

- Once more, the only "relief" afforded to HP in the proposed Third Amended Settlement is a set of secret "Governance Revisions" submitted to the Court under seal which have never been disclosed to shareholders and which shareholders would be required to jump through a series of hoops to even review and evaluate in the first place. The submission of secret Settlement terms was inadequate, improper, and reeked of an obvious attempt to reduce the potential number of objections ***before*** this Court issued its December 19, 2014 Order, in which the Court, *inter alia,* concluded: (a) that the Settling Parties abdicated their duties; (b) that "these reforms may have little or no value in relation to the allegations in the complaint"; and (c) that the "'brunt of the derivative settlement' falls upon HP and its shareholders – the allegedly aggrieved parties." Now, especially in light of those stark conclusions (which correctly called into question the entire Settlement process), the Settling Parties' continued efforts to shroud the Settlement in secrecy and keep roadblocks in place specifically designed to make it difficult for all HP shareholders to gain access to all material information necessary to evaluate the fairness and reasonableness of the Settlement is outrageous and completely unacceptable.

- The fourth iteration of the proposed Notice, like all prior iterations of the Notice, is inadequate because it omits fundamental information concerning the factual and procedural

---

[7] This, of course, begs yet another fundamental question – did the Cotchett Firm base its original decision to release HP's officers and directors in exchange for no monetary relief (and agree to represent HP in a subsequent action against Autonomy's officers for up to $48 million) on the very same information that the SFO concluded was insufficient to support continued investigation into or prosecution of Autonomy's officers?

1 background of the Action and the Settlement process. In addition to the many other reasons Cook
2 has previously submitted that the Notice is inadequate, HP shareholders should know that this Court
3 rejected preliminary approval of the Second Amended Settlement, and that in connection with that
4 decision, this Court specifically found: (a) that the Settling Parties abdicated their duties; (b) that the
5 Governance Reforms which are still being kept secret from HP shareholders "may have little or no
6 value in relation to the allegations in the complaint"; and (c) that the "'brunt of the derivative
7 settlement' falls upon HP and its shareholders – the allegedly aggrieved parties." In these
8 circumstances, at the very least, HP shareholders should be made aware of the full procedural
9 history and the Court's conclusions regarding the Second Amended Settlement, so that they can
10 make a rational and fully-informed decision as to whether to object to the Third Amended
11 Settlement.

12 Accordingly, for the reasons discussed herein, Cook respectfully requests that this Court
13 deny preliminary approval of the Settlement and grant his Intervention Motion in its entirety.

Dated:  February 6, 2015　　　　　　　　　THE WEISER LAW FIRM, P.C.

　　　　　　　　　　　　　　　　　　　　　　　/S/ Brett D. Stecker
　　　　　　　　　　　　　　　　　　　　　　BRETT D. STECKER
　　　　　　　　　　　　　　　　　　　　　　22 Cassatt Avenue, First Floor
　　　　　　　　　　　　　　　　　　　　　　Berwyn, PA 19312
　　　　　　　　　　　　　　　　　　　　　　Telephone: (610) 225-2677
　　　　　　　　　　　　　　　　　　　　　　Facsimile:  (610) 408-8062

　　　　　　　　　　　　　　　　　　　　　　THE WEISER LAW FIRM, P.C.
　　　　　　　　　　　　　　　　　　　　　　KATHLEEN A. HERKENHOFF
　　　　　　　　　　　　　　　　　　　　　　12707 High Bluff Drive, Suite 200
　　　　　　　　　　　　　　　　　　　　　　San Diego, CA 92130
　　　　　　　　　　　　　　　　　　　　　　Telephone: (858) 794-1441
　　　　　　　　　　　　　　　　　　　　　　Facsimile: (858) 794-1450

　　　　　　　　　　　　　　　　　　　　　　RYAN & MANISKAS, LLP
　　　　　　　　　　　　　　　　　　　　　　RICHARD A. MANISKAS
　　　　　　　　　　　　　　　　　　　　　　995 Old Eagle School Road, Suite 311
　　　　　　　　　　　　　　　　　　　　　　Wayne, PA 19087
　　　　　　　　　　　　　　　　　　　　　　Telephone: (484) 588-5516
　　　　　　　　　　　　　　　　　　　　　　Facsimile: (484) 450-2582

　　　　　　　　　　　　　　　　　　　　　　Counsel for Rodney J. Cook

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2015, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on February 6, 2015.

    /s/ Brett D. Stecker
BRETT D. STECKER

THE WEISER LAW FIRM, P.C.
22 Cassatt Avenue, First Floor
Berwyn, PA 19312
Telephone: (610) 225-2677
Facsimile:  (610) 408-8062

E-Mail: bds@weiserlawfirm.com

Mailing Information for a Case 3:12-cv-06003-CRB Riccardi v. Lynch et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey S. Abraham**
  jabraham@aftlaw.com

- **Felipe Javier Arroyo**
  farroyo@robbinsarroyo.com,notice@robbinsarroyo.com

- **Andrea Bascheri**
  sammirati@bottinilaw.com

- **Daniel Lawrence Baxter**
  dbaxter@wilkefleury.com,vgarner@wilkefleury.com

- **Ian David Berg**
  iberg@aftlaw.com,tkellar@aftlaw.com

- **Patrice L. Bishop**
  service@ssbla.com

- **Samuel Ethan Bonderoff**
  samuel@zamansky.com

- **Daniel H. Bookin**
  dbookin@omm.com,LitigationCalendar@omm.com,rgonzalez@omm.com

- **Francis A. Bottini , Jr**
  fbottini@bottinilaw.com,sammirati@bottinilaw.com

- **Lisa Chen**
  lisachen@omm.com,kquintanilla@omm.com

- **Jeffrey Joseph Ciarlanto**
  jjc@weiserlawfirm.com

- **Matthew William Close**
  mclose@omm.com

- **George Thomas Conway , III**
  gtconway@wlrk.com,calert@wlrk.com

- **Victoria A. Coyle**
  coylev@sullcrom.com

- **Brendan P. Cullen**
  cullenb@sullcrom.com,s&cmanagingclerk@sullcrom.com,carrejoa@sullcrom.com

- **Brook Dooley**
  bxd@kvn.com,rthomas@kvn.com,efiling@kvn.com

- **John C. Dwyer**
  dwyerjc@cooley.com,giovannonib@cooley.com

- **Matthew Kendall Edling**
  medling@cpmlegal.com,jhamilton@cpmlegal.com,obacigalupi@cpmlegal.com,pmenzel@cpmlegal.com

- **Bruce A. Ericson**
  bruce.ericson@pillsburylaw.com,docket@pillsburylaw.com

- **Steven M. Farina**
  sfarina@wc.com

- **Brian T. Frawley**
  frawleyb@sullcrom.com

- **Neil A. Goteiner**
  ngoteiner@fbm.com,calendar@fbm.com,karentsen@fbm.com

- **Gary S. Graifman**
  ggraifman@kgglaw.com

- **Richard D. Greenfield**
  whitehatrdg@earthlink.net,ggsec@earthlink.net

- **Kathleen Ann Herkenhoff**
  kah@weiserlawfirm.com,jmf@weiserlawfirm.com,hl@weiserlawfirm.com

- **Vincent Ho**
  wjonckheer@schubertlawfirm.com

- **Richard Stephen Horvath , Jr**
  richard.horvath@skadden.com

- **Laura Christine Hurtado**
  laura.hurtado@pillsburylaw.com,docket@pillsburylaw.com

- **Willem F. Jonckheer**
  wjonckheer@schubertlawfirm.com,kmessinger@schubertlawfirm.com,jzaneri@schubertlawfirm.com

- **Jeffrey Michael Kaban**
  kabanjm@cooley.com,jdwyer@cooley.com,lalmanza@cooley.com

- **John Watkins Keker**
  jwk@kvn.com,efiling@kvn.com

- **Vincent G Levy**
  vglevy@wlrk.com,calert@wlrk.com

- **Aron K. Liang**
  aliang@cpmlegal.com

- **Jan Nielsen Little**
  jnl@kvn.com,srg@kvn.com,efiling@kvn.com,kbringola@kvn.com,bhaugeberg@kvn.com

- **Sarah Lynn Lochner**
  slochner@wc.com

- **Rosemary Farrales Luzon**
  rluzon@sfmslaw.com,pleadings@sfmslaw.com

- **Nicholas David Marais**
  NMarais@kvn.com,srg@kvn.com,kbringola@kvn.com,ccrane@kvn.com

- **Thomas B. Mayhew**
  tmayhew@fbm.com,tbuchanan@fbm.com,calendar@fbm.com

- **Timothy Alan Miller**
  Timothy.Miller@skadden.com,jan.schilling@skadden.com,wayne.campbell@skadden.com,Rita.Meadows@skadden.com,richard.horvath@skadden.com

- **Mark Cotton Molumphy**
  mmolumphy@cpmlegal.com,mkeilo@cpmlegal.com,rbarghi@cpmlegal.com,obacigalupi@cpmlegal.com,jacosta@cpmlegal.com

- **Stephen Cassidy Neal**
  nealsc@cooley.com,wilsonla@cooley.com

- **Matthew Wells Powell**
  mpowell@wilkefleury.com,calendar@wilkefleury.com,sconovitz@wilkefleury.com,ayu@wilkefleury.com,dbaxter@wilkefleury.com

- **Joseph Mark Profy**
  jmp@weiserlawfirm.com

- **Brian J. Robbins**
  notice@robbinsarroyo.com

- **Patrick David Robbins**
  probbins@shearman.com,rcheatham@shearman.com

- **Diana Catherine Rogosa**
  drogosa@omm.com,ascott@omm.com,lschmalz@omm.com

- **Allen Ruby**
  Allen.Ruby@Skadden.com,wayne.campbell@skadden.com,jordan.zim@skadden.com,marilyn.garibaldi@skadden.com

- **Shane Palmesano Sanders**
  ssanders@robbinsarroyo.com

- **Rachelle Silverberg**
  rsilverberg@wlrk.com,calert@wlrk.com

- **Colby A. Smith**
  casmith@debevoise.com,mao-ecf@debevoise.com

- **Brett D. Stecker**
  bds@weiserlawfirm.com,hl@weiserlawfirm.com

- **Jeffrey Michael Walker**
  jwalker@cooley.com,foxl@cooley.com

- **Eric Steven Waxman**
  ewaxman@skadden.com,btravagl@skadden.com

- **Robert Brian Weiser**
  rw@weiserlawfirm.com

- **Christopher C. Wheeler , Esq**
  cwheeler@fbm.com,llaflamme@fbm.com

- **Marc Wolinsky**
  mwolinsky@wlrk.com,calert@wlrk.com

- **Bruce E. Yannett**
  beyannet@debevoise.com,mao-ecf@debevoise.com

- **Shimon Yiftach**
  shimon@yiftachlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`