UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HEWLETT-PACKARD COMPANY SHAREHOLDER DERIVATIVE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Case No. 12-cv-06003-CRB (EDL)<br><br>**ORDER RE: PENDING MOTIONS**<br>Re: Dkt. Nos. 271, 307, 308 |

On March 13, 2015, the District Judge granted a motion for preliminary approval of the Third Amended Settlement and referred "[a]ll discovery motions in connection with final approval" to this Court as well as "[a]ll other pending motions" not addressed by the order for a "determination as to whether they must be resolved prior to the hearing on final approval." (Dkt. 319 at 10.) Currently pending are: (1) Demand Refused Plaintiffs' motion for relief from the consolidation order (Dkt. 271); (2) Shareholder Copeland's motion seeking an order requiring the posting of documents (Dkt. 307); and (3) Sushovan Hussain's motion to intervene (Dkt. 308). For the reasons set forth below, this Court recommends that Mr. Hussain's motion be resolved prior to the final approval hearing.

Demand Refused Plaintiffs argue that they are differently situated under Delaware law from the Demand Futile Plaintiffs and move to sever their claims into a separate action. See In re HP Derivative Litig., 2011 WL 5914216, at *1 n.3 (N.D. Cal. Nov. 28, 2011) (Davila, J.). Because the Third Amended Settlement, if approved, would release claims related to the Autonomy acquisition, including those of the Demand Refused Plaintiffs, this motion need not be resolved prior to the final approval hearing.

Shareholder Copeland's motion seeks an order requiring Defendant Hewlett-Packard

1  Company ("HP"), in advance of the hearing on preliminary approval of the Third Amended
2  Settlement, to "place in the record (a) the so-called 'pre-action letters,' and responses thereto, (b)
3  the complaints filed by HP against the Autonomy Parties (to the extent that they have been filed)
4  and responses thereto, and (c) all reports/recommendations of the DRC which are material to the
5  Court's determination of whether the January 22 Proposal should be preliminarily approved."
6  (Dkt. 307 at 1.) The motion is moot as the District Judge already granted preliminary approval, so
7  it need not be resolved. Furthermore, Shareholder Copeland's motion for discovery in connection
8  with the final approval hearing (Dkt. 320) seeks these same documents.
9      Mr. Hussain moves to intervene for the purpose of taking discovery and challenging the
10 settlement on the grounds that final approval of the Third Amended Settlement would prejudice
11 him by precluding him from asserting Autonomy-related claims against HP. (See Dkts. 160, 293,
12 308.) Although HP argues that the settlement would not prejudice Mr. Hussain because it would
13 give him a "judgment credit" worth the full value of his claims (see Dkt. 304), Mr. Hussain's
14 motion bears on whether the Third Amended Settlement is "fundamentally fair, adequate, and
15 reasonable." See In re Mego Fin. Corp. Sec. Litig., 213 F.3d 454, 458 (9th Cir. 2000). Therefore,
16 this Court recommends that Mr. Hussain's motion be resolved prior to the final approval hearing.

**IT IS SO ORDERED.**

Dated: March 31, 2015

ELIZABETH D. LAPORTE
United States Magistrate Judge

2