WACHTELL, LIPTON, ROSEN & KATZ
MARC WOLINSKY (*pro hac vice*)
GEORGE T. CONWAY III (*pro hac vice*)
VINCENT G. LEVY (*pro hac vice*)
51 West 52nd Street
New York, NY  10019
Tel./Fax:  212.403.1000/2000
MWolinsky@wlrk.com
GTConway@wlrk.com
VGLevy@wlrk.com

FARELLA, BRAUN & MARTEL, LLP
NEIL A. GOTEINER, State Bar No. 83524
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Tel./Fax:  415.954.4400/4480
NGoteiner@fbm.com

*Attorneys for Defendant Hewlett-Packard Company*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HWELETT-PACKARD COMPANY SHAREHOLDER DERIVATIVE LITIGATION | Master File No. C-12-6003 CRB <br><br> **HP DEFENDANTS' ADMINISTRATIVE <u>MOTION TO SEAL</u>** |
| This Document Relates to:  All Actions | [Local Rule 7-11] <br><br> Judge:     Hon. Charles R. Breyer |

1  Pursuant to this Court's Civil Local Rule 7-11, Hewlett-Packard Company ("HP") respectfully submits this administrative motion for permission to file portions of HP's opposition brief to Sushovan Hussain's motion to intervene, and documents that are confidential under English law under seal.

On April 10, 2015, Sushovan Hussain filed a renewed motion to intervene in this action. Like his previous filings in this Court, Hussain's motion argues that HP is trying to hide the truth. *See* Dkt. 333 at 1 ("If HP has made one thing clear over the past six months, it's that it cannot stomach the thought of a fair fight. It has tried its case in the press, rather than the courts, waiting two-and-a-half years to begin proceedings against Mr. Hussain").[1] This time, he complains that when "HP finally moved forward with its threat to sue Mr. Hussain in the UK by filing a preliminary claim form," HP filed a plain-vanilla pleading rather than "serv[ing] Mr. Hussain with either the claim form or any of the particulars" — more comprehensive documents setting forth the details of HP's case. Dkt. 333 at 1. Hussain argues that HP has "stifl[ed] Mr. Hussain's ability to prepare and file his defenses, counterclaims and contribution claims." *Id.* In this Court, he seeks discovery allegedly "to show this Court why—and the significant extent to which—his [counter-claims, cross-claims, and contribution claims] against Ms. Whitman and others are meritorious." *See* Dkt. 333 at 4.

There exists good cause to seal Exhibits 1-5. The information requested to be submitted under seal in each exhibit reveals information that is considered confidential under English law.[2] For example, exhibits 3 and 4 are filings that are considered confidential under English procedure. Exhibits 1, 2, and 5 reference the confidential documents and would tend to expose the nature and contents of those materials. The information requested to be sealed will only remain confidential until

---

[1] *Compare, e.g.*, Dkt. 160 at 6 ("by this settlement, HP seeks to forever bury from disclosure the real reason for its 2012 write-down of Autonomy: HP's own destruction of Autonomy's success after the acquisition."); Dkt. 170 at 1 ("This corrupt settlement is part of a larger effort by HP to cover up both its mismanagement of the Autonomy integration and its ploy to falsely accuse others. By his motion, Mr. Hussain seeks to shine a light on what HP wants to keep in the dark.").

[2] Given the confidential nature of the documents to be sealed in which even revealing their existence would tend to undermine English procedure, HP has received agreement from the parties to this action to maintain the confidentiality of the filing and documents under seal until they become public.

1  May 5, 2015.  Given the short duration that the documents will remain under seal and the interests in
2  complying with English procedure, good cause exists for the documents to be sealed.
3       HP asked Mr. Hussain, through his counsel, to consent to allow Exhibit 3 to become public.
4  Mr. Hussain declined.  Thus, although Mr. Hussain previously argued that HP was trying to keep
5  facts from the Court and has been portraying himself as a champion of the truth (*e.g.*, Dkt. 170 at 1),
6  Mr. Hussain suddenly changed his tune when it came time for him to consent to filing Exhibit 3 (and
7  by extension, Exhibit 4) with this Court.  Indeed, Mr. Hussain has made clear that he objected to HP
8  filing the documents in this Court, and even objected to HP filing the documents under seal.  Ex. 5.
9       Out of respect for English Rules of Procedure, HP moves to file portions of its opposition to
10 Hussain's motion to intervene, and corresponding documents, which would be confidential under
11 English procedure, under seal until they otherwise become public on May 5, 2015 or earlier.
12      HP also seeks leave from the Court to file a May 10, 2012 Compromise Agreement between
13 Autonomy Systems Limited and Sushovan Hussain under seal as Exhibit 6 because the agreement
14 has a confidentiality provision.  HP, however, has no objection to making the Compromise Agree-
15 ment public, and Mr. Hussain can object in his response to this motion explaining the basis for any
16 claim that the agreement should remain confidential.

WACHTELL, LIPTON, ROSEN & KATZ

By: _____          Dated:  April 29, 2015
    Marc Wolinsky
    George T. Conway III
    Vincent G. Levy
    51 West 52nd Street
    New York, NY  10019
    Telephone:  (212) 403-1000
    Facsimile:  (212) 403-2000

    FARELLA BRAUN & MARTEL, LLP
    Neil A. Goteiner
    235 Montgomery Street
    San Francisco, CA  94104
    Telephone:  (415) 954-4400
    Facsimile:  (415) 954-4480

*Attorneys for Defendant Hewlett-Packard Company*