KEKER & VAN NEST LLP
JOHN W. KEKER - # 49092
jkeker@kvn.com
JAN NIELSEN LITTLE - # 100029
jlittle@kvn.com
BROOK DOOLEY - # 230423
bdooley@kvn.com
NICHOLAS D. MARAIS - # 277846
nmarais@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Proposed Intervenor
SUSHOVAN HUSSAIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE HEWLETT PACKARD COMPANY SHAREHOLDER DERIVATIVE LITIGATION | Master File No. 3:12-cv-6003-CRB<br><br>**DECLARATION OF NICHOLAS D. MARAIS IN SUPPORT OF HEWLETT-PACKARD'S MOTION TO SEAL**<br><br>Dept.:    Courtroom 6, 17th Floor<br>Judge:   Hon. Charles R. Breyer |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

I, Nicholas D. Marais, declare that:

1. I am an attorney licensed to practice law in the State of California and an associate in the law firm of Keker & Van Nest LLP, located at 633 Battery Street, San Francisco, California 94111, counsel for Proposed Intervenor Sushovan Hussain in the above-captioned action. I have knowledge of the facts set forth herein, and if called to testify as a witness thereto, could do so competently under oath.

2. I submit this declaration under Local Rule 79-5 in support of Hewlett-Packard's Administrative Motion to Seal, which was filed with this Court on April 29. Dkt. 337.

3. As HP explained in its Motion to Seal, its **Exhibits 1–5** are, or reference, "filings that are considered confidential under English procedure." *Id.* at 1:18–21. I am informed by U.K. counsel that HP's April 29 distribution of these filings to the parties in this case—***none*** of whom is currently party to the potential U.K. proceedings—constitutes a breach of English civil procedure. At a minimum, these exhibits (and those sealed documents that reference them) should be sealed and remain confidential until at least May 5, when the U.K. defendants are due to acknowledge service. *Id.* at 1:21–2:2.

4. For reasons that are even less clear, HP has also filed a confidential compromise agreement entered into between two non-parties (**Exhibit 6**).[1] There is good cause for protecting this agreement from public disclosure: it contains personal employment details (including Mr. Hussain's home address and compensation), salary and tax information, and various other confidential settlement terms. Disclosure of this information would not serve the public interest. Indeed, HP has offered no explanation as to why **Exhibit 6** is at all relevant to this dispute, except to support a jurisdictional point that is unchallenged. *See* Dkt. 337-3 at 1:25–28. While HP cavalierly suggests that it has "no objection to making the Compromise Agreement public," Dkt. 337 at 2:14–15, it, too, is under an obligation to keep this information confidential: it received its copy of this agreement from Autonomy Systems Limited, which specifically agreed to keep this document and its terms confidential. Dkt. 337-7 at 6, ¶ 19.

---

[1] Mr. Hussain objects to HP's characterization of this document in its memorandum—but given that HP has offered no explanation to support its latest *ad hominem* attack, there is nothing to refute. *See generally* Dkt. 337-3 at 1:25–27.

1  I declare under penalty of perjury under the laws of the State of California that the
2  foregoing is true and correct and that this declaration was executed on May 4, 2015 in San
3  Francisco, California.

                                              */s/ Nicholas D. Marais*
                                              NICHOLAS D. MARAIS