Ian D. Berg (Bar No. 263586)
**ABRAHAM, FRUCHTER & TWERSKY, LLP**
12526 High Bluff Drive, Suite 300
San Diego, California 92130
Tel:    (858) 792-3448
Fax:   (858) 792-3449
*iberg@aftlaw.com*

*Counsel for Plaintiffs Harriet Steinberg and Edward Vogel*

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HEWLETT-PACKARD COMPANY SHAREHOLDER DERIVATIVE LITIGATION | MASTER DOCKET<br>No. C-12-6003 CRB (EDL) |
| THIS DOCUMENT RELATES TO:<br>HARRIET STEINBERG, et al.,<br>　　　　　　　　Plaintiff,<br>　v.<br>LEO APOTHEKER, et al.,<br>　　　　　　　　Defendants,<br>　and<br>HEWLETT-PACKARD COMPANY, a Delaware corporation,<br>　　　　　　　　Nominal Defendant. | Case No. 3:14-cv-02287 CRB (EDL)<br>**THE DEMAND REFUSED PLAINTIFFS' NOTICE OF JOINDER AND JOINDER WITH MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE FILED BY OBJECTOR A.J. COPELAND**<br>**DEPT.: Courtroom 6, 17TH Floor**<br>**JUDGE: Hon. Charles R. Breyer** |

DEMAND REFUSED PLAINTIFFS' JOINDER IN COPELAND'S MOTION FOR RELIEF - No. C-12-6003 CRB (EDL)

## NOTICE OF JOINDER AND JOINDER

PLEASE TAKE NOTICE that Plaintiffs Harriet Steinberg and Edward Vogel (collectively referred to herein as the "Demand Refused Plaintiffs" or the "Steinberg Plaintiffs"),[1] by their undersigned attorneys, respectfully submit this Notice of Joinder and Joinder with the Motion for Relief From Non-Dispositive Pretrial Order of Magistrate Judge filed by Objector A.J. Copeland ("Copeland") on May 28, 2015 (Docket No. 352), to the Court before the Honorable Charles R. Breyer, United States District Court Judge, United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom 6 - 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102.

This Joinder is based on this Notice of Joinder, the Memorandum of Points and Authorities, and all prior pleadings and proceedings in this action and any other written or oral submissions the Court may require.

## STATEMENT OF ISSUES (Civil L.R. 7-4(a)(3))

Whether the Order of Magistrate Judge Elizabeth D. LaPorte (the "Order") (Docket No. 348) should be vacated and the discovery requested should be provided to Copeland and the Steinberg Plaintiffs.[2]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The Order ruled on an issue that is also the subject of a continuing discovery dispute between the Steinberg Plaintiffs and Hewlett-Packard Company ("HP"), which is that HP (and the Settling Plaintiffs) refuses to produce communications (and other documents) concerning settlement discussions based on an assertion of a settlement privilege.[3] As shown below, a

---

[1] *Steinberg, et al. v. Apotheker, et al.*, No. 3:14-cv-02287 (N.D. Cal.).

[2] The Steinberg Plaintiffs and HP have submitted a Joint Letter to Magistrate Judge LaPorte regarding their discovery disputes. Docket No. 350. The issue of production of settlement communications was presented in that Joint Letter, and that issue is also raised by Mr. Copeland in his motion. Thus, the Steinberg Plaintiffs, in the interest of time and efficiency, submit this Joinder concerning that common issue.

[3] This issue is also the basis for a discovery disagreement between the Steinberg Plaintiffs and Ann Ashton, for whom HP's counsel has submitted similar objections as to the ones asserted on

settlement privilege does not exist to prevent settlement communications from discovery as opposed to their admissibility as evidence. The Order is clearly erroneous and contrary to law on that issue.

## II. ARGUMENT

### Settlement Communications Are Subject to Disclosure

The Order states that it is doubtful whether a mediation privilege exists (*see* Order at 2-3), and recognizes that the Ninth Circuit favors broad discovery, including settlement materials. *Id.* However, the Magistrate, relying on a Seventh Circuit case, found that settlement communications are not discoverable absent evidence that the settlement may be collusive. Order at 3 (citing *Mars Steel Corp. v. Cont'l Illinois Nat. Bank & Trust Co. of Chicago*, 834 F.2d 677, 684 (7th Cir. 1987)). By this ruling, the Order was providing for a new privilege where one was not found to exist and ignored the requirements for determining whether a new privilege applied. The ruling is contrary to the law on this issue and should be vacated.

Courts in this District have refused to fashion a new settlement privilege extending beyond the contours of Rule 408 of the Federal Rules of Evidence ("FRE"). *See, e.g., Vondersaar v. Starbucks Corp.*, No. C 13-80061 SI, 2013 U.S. Dist. LEXIS 65842, at *7 (N.D. Cal. May 8, 2013) (Illston, J.) ("[T]here is no federal privilege preventing the discovery of settlement discussions.") (citing cases); *see also Matsushita Elec. Industrial Co. v. Mediatek, Inc.*, No. C-05-3148 MMC (JCS), 2007 U.S. Dist. LEXIS 27437, at *15-17 (N.D. Cal. Mar. 30, 2007) (listing several California cases where courts rejected existence of a privilege). The Ninth Circuit has cautioned parties not to "make[ ] too much of the 'policy behind' Rule 408" and observed that "[w]hen statements made during settlement are introduced for a purpose unrelated to liability, the policy underlying the Rule is not injured." *Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1161-62 (9th Cir. 2007).

Thus, in distinguishing a Sixth Circuit case that imposed such a privilege, Magistrate Judge Spero held:

---

behalf of HP, as well as a discovery disagreement between the Steinberg Plaintiffs and Plaintiff Stanley Morrical and his counsel.

DEMAND REFUSED PLAINTIFFS' JOINDER IN COPELAND'S MOTION FOR RELIEF - No. C-12-6003 CRB (EDL)
- 2 -

> [T]his Court disagrees with the *Goodyear* decision. **First, the court in Goodyear did not analyze each of the important factors identified by the United States Supreme Court in order to determine whether a new privilege should be implied under Rule 501.** Second, the court seemed persuaded that many of the "facts" that might be discovered from the examination of settlement negotiations would not be reliable. . . . The court did not even analyze Congress's solution to this problem: permitting the admissibility of settlement discussions only in very limited circumstances. **Nor did the court address the fact that Congress had chosen, by its approval of Federal Rule of Evidence 408, to allow settlement discussions to be admitted in certain circumstances.** The Goodyear court also did not analyze whether or not creation of this new privilege had a foothold in a consensus, or even a majority, of state jurisdictions.

*Matsushita*, 2007 U.S. Dist. LEXIS 27437, at *19-20 (emphasis added). *See also JZ Buckingham Invs. LLC v. United States*, 78 Fed. Cl. 15, 23-24 (Fed. Cl. 2007) (finding that courts recognizing settlement privilege failed to carefully evaluate factors for considering a new privilege); *Vondersaar*, 2013 U.S. Dist. LEXIS 65842, at *6-9 (rejecting *Goodyear* analysis).

Moreover, FRE 408 does not shield settlement discussions from discovery but, instead, only limits the admissibility at trial of settlement negotiations introduced to "prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." FRE 408(a). Accordingly, it is well-settled that Rule 408 may limit admissibility of evidence, but does not limit discovery. *Matsushita*, 2007 U.S. Dist. LEXIS 27437, at *18 ("[I]t is clear that when Congress approved Rule 408 to promote settlements, it chose to do so by limiting admissibility - - and not by limiting discovery.") (citation omitted); *see also West v. Jewelry Innovations, Inc.*, No. C07-01812 JF (HRC), 2009 U.S. Dist. LEXIS 24103, at *4-5 (N.D. Cal. Mar. 13, 2009) ("The rule applies to the admissibility of evidence at trial, not to whether evidence is discoverable.").

The Order relies solely on *Mars Steel* for its ruling regarding conducting discovery of settlement communications. That case, however, is distinguishable for at least the following reasons: (1) here, the Court has specifically determined that discovery is allowed. Therefore, the issue of whether discovery is appropriate has already been resolved in the Steinberg Plaintiffs'

favor, whereas the court's rulings in *Mars Steel* prevented discovery (*see Mars Steel*, 834 F.2d at 683-84); (2) *Mars Steel* did not involve a challenge to the value of the settlement, as is the case here, but only to the reasonableness of the settlement consideration; (3) here, the initial settlement negotiations with the California State Court Plaintiffs (the "State Plaintiffs") violated the pre-trial order appointing the Cotchett firm as lead counsel in this action; and (4) *Mars Steel* is still inconsistent with the relevancy standard under Rule 26 given that settlement discussions are not privileged.

In any event, there is also ample evidence here of the possibility of collusion in the settlement process. HP moved to stay the action filed in Delaware, but did not move to stay the California state court action and, instead, solicited a settlement proposal from the State Plaintiffs notwithstanding the primary litigation taking place in this Court. The HP Defendants, through Proskauer, then appear to have provided the precise type of governance reforms to the State Plaintiffs that they believed were necessary to resolve this action. Declaration of Ann M. Ashton ("Ashton Decl."), ¶6. Docket No. 233-1.

Ashton (or a colleague from Proskauer) then consulted with HP officials and developed an additional set of reforms to suggest to the Demand Review Committee ("DRC"), which were revised by Proskauer. *Id.*, ¶¶7-8. Ashton states that approximately 20 of the 69 slides reflected reforms proposed by the State Plaintiffs, although only 2 of the proposed reforms are specifically identified, *id.*, ¶¶9-10, but artfully sidesteps whether any of the proposed reforms were, in fact, developed by the State Plaintiffs, or were, instead, developed from suggestions presented by Proskauer or someone at HP. The federal court plaintiffs, in contrast, and without explanation, are absent from this process of proposing governance reforms to the DRC until later in January 2014. *Id.*, ¶13. Thus, given the interactions between the State Plaintiffs, Proskauer and/or HP, there are sufficient reasons for discovery into how the proposed reforms came about.

In addition, this Court has turned down three prior settlement proposals submitted by the settling parties. *See* Docket Nos. 199, 238 and 265. The problems with the prior settlements include an agreement to pay an excessive amount of attorneys' fees of up to $48 million (Docket

No. 199 at 11:10-14), an over broad release (Docket No. 238 at 24:6-25:1) and a failure to demonstrate a causal connection between the purported relief obtained and the underlying litigation. Docket No. 265 at 9. This Court, among other things, found that the release being granted by the plaintiffs was too broad, suggesting that those plaintiffs were willing to provide whatever release Defendants requested without adequately analyzing the consequences of the release or assessing the claims that were being released. This Court plainly expected discovery to occur, specifically referencing the "discovery periods" and referring discovery issues to Magistrate Judge LaPorte. Docket No. 319 at 9-10.

### III. CONCLUSION

Therefore, for the reasons set forth above, as well as in Copeland's motion, the Steinberg Plaintiffs respectfully request that the Court vacate the Order of Magistrate Judge LaPorte as to the issue of production of settlement communications, and order that the discovery requested by the Steinberg Plaintiffs and Copeland on this issue be produced in full.

Dated: June 1, 2015

**ABRAHAM, FRUCHTER & TWERSKY, LLP**
Ian D. Berg (Bar No. 263586)
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel: (858) 792-3448
Fax: (858) 792-3449
*iberg@aftlaw.com*

**ABRAHAM, FRUCHTER & TWERSKY, LLP**

By: /s/ Jeffrey S. Abraham
Jeffrey S. Abraham, *pro hac vice*
Lawrence D. Levit
Philip T. Taylor
One Penn Plaza; Suite 2805
New York, New York 10119
Tel: (212) 279-5050
Fax: (212) 279-3655
*jabraham@aftlaw.com*
*llevit@aftlaw.com*
*ptaylor@aftlaw.com*

**KANTROWITZ, GOLDHAMER**

        **& GRAIFMAN, P.C.**
Gary S. Graifman
Michael L. Braunstein
210 Summit Avenue
Montvale, New Jersey 07645
Tel:   (201) 391-7000
Fax:   (201) 307-1088
*ggraifman@kgglaw.com*

**GREEN & ASSOCIATES, LLC**
Michael S. Green
522 Route 18, Suite 5
East Brunswick, New Jersey 08816
Telephone (732) 390-5900

*Counsel for Plaintiffs Harriet Steinberg and Edward Vogel*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of June, 2015, I caused the foregoing document to be filed and served via the Court's ECF system on all counsel of record.

/s/ Lawrence D. Levit
Lawrence D. Levit, *pro hac vice*

DEMAND REFUSED PLAINTIFFS' JOINDER IN COPELAND'S MOTION FOR RELIEF - No. C-12-6003 CRB (EDL)
- 7 -