1  THE WEISER LAW FIRM, P.C.
   KATHLEEN A. HERKENHOFF (SBN 168562)
2  12707 High Bluff Drive, Suite 200
   San Diego, CA 92130
3  Telephone: 858/794-1441
   Facsimile: 858/794-1450
4  kah@weiserlawfirm.com

5  Attorneys for Movant Rodney J. Cook

6  [Additional counsel appear on signature page.]

7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10                   **SAN FRANCISCO DIVISION**

11  IN RE HEWLETT-PACKARD          )  Case No. 3:12-CV-06003-CRB (EDL)
    SHAREHOLDER DERIVATIVE         )
12  LITIGATION                     )  RODNEY J. COOK'S NOTICE OF MOTION
                                   )  AND MOTION FOR AN AWARD OF
13  _____    )  ATTORNEYS' FEES; MEMORANDUM OF
                                   )  POINTS AND AUTHORITIES IN SUPPORT
14  This Document Relates To:      )  THEREOF
                                   )
15        ALL ACTIONS.             )  DATE:       July 24, 2015
                                   )  TIME:       10:00 a.m.
16                                 )  CTRM:       6, 17th Floor
                                   )  JUDGE:      Hon. Charles R. Breyer
17                                 )
                                   )  Date Action Filed: 11/27/2012
18  _____    )

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION AND MOTION ................................................................................. iv

STATEMENT OF ISSUE TO BE DECIDED.................................................................... iv

MEMORANDUM OF POINTS AND AUTHORITIES ......................................................1

I. INTRODUCTION ...................................................................................................1

II. PROCEDURAL BACKGROUND.........................................................................6

  A. Cook's Efforts on Behalf of HP in Delaware ............................................6

  B. The Settling Parties Seek Approval of the Original Settlement in This Action .......7

  C. Cook Moves to Intervene in the Action.....................................................7

  D. The August 25 Hearing and Cook's Subsequent Submissions................8

  E. The Settling Parties' Second and Third Attempts at Settlement.............9

III. LEGAL ARGUMENT ............................................................................................9

  A. Cook and His Counsel Have Conferred a Large Financial Benefit Upon HP ........9

  B. The Requested Fee is Reasonable in Light of the Benefit Conferred Upon HP....14

IV. CONCLUSION......................................................................................................15

RODNEY J. COOK'S NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – 3:12-CV-06003-CRB (EDL)

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

**CASES**

3

4
*Cook v. Hewlett-Packard Co.*,
  No. Civ. A. 8667-VCG, 2014 WL 311111 (Del. Ch. Jan. 30, 2014)...........................................6

5

6
*Denney v. Jenkens & Gilchrist*,
  No. 03 Civ. 5460(SAS), 2005 WL 388562 (S.D.N.Y. Feb. 18, 2005) ......................................15

7
*Frankenstein v. McCrory Corp.*,
  425 F. Supp. 762 (S.D.N.Y. 1977)..........................................................................................13

8

9
*In re BankAm. Corp. Sec. Litig.*,
  228 F. Supp. 2d 1061 (E.D. Mo. 2002)....................................................................................10

10

11
*In re Bluetooth Headset Prods. Liab. Litig.*,
  654 F.3d 935 (9th Cir. 2011) ....................................................................................................14

12
*In re Domestic Air Transp. Antitrust Litig.*,
  148 F.R.D. 297 (N.D. Ga. 1993) ..............................................................................................10

13

14
*In re Horizon/CMS Healthcare Corp. Sec. Litig.*,
  3 F. Supp. 2d 1208 (D.N.M. 1998) ..........................................................................................10

15

16
*In re Indep. Energy Holdings PLC Sec. Litig.*,
  No. 00 Civ. 6689, 2003 U.S. Dist. LEXIS 21322 (S.D.N.Y. 2003) .........................................12

17
*In re Relafen Antitrust Litig.*,
  231 F.R.D. 52 (D. Mass. 2005) ................................................................................................15

18

19
*In re Westinghouse Sec. Litig.*,
  219 F. Supp. 2d 657 (W.D. Pa. 2002).....................................................................................9, 10

20
*In re Xcel Energy, Inc., Sec., Derivative & "ERISA" Litig.*,
  364 F. Supp. 2d 980 (D. Minn. 2005) ......................................................................................15

21

22
*Paul, Johnson, Alston & Hunt v. Graulty*,
  886 F.2d 268 (9th Cir. 1989) ....................................................................................................14

23

24
*Powers v. Eichen*,
  229 F.3d 1249 (9th Cir. 2000) ..................................................................................................14

25
*Rodriguez v. W. Publ'g Corp.*,
  563 F.3d 948 (9th Cir. 2009) ....................................................................................................11

26

27

28

ii

*Six Mexican Workers v. Ariz. Citrus Growers*,
    904 F.2d 1301 (9th Cir. 1990) ............................................................................. 14

*Torrisi v. Tucson Elec. Power Co.*,
    8 F.3d 1370 (9th Cir. 1993) ............................................................................. 14

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002), *cert. denied,* 537 U.S. 1018, 123 S.Ct. 536, 154
    L.Ed.2d 425 (2002) ............................................................................. 10, 14

**STATUTES, RULES, AND REGULATIONS**

8 Del. C. § 220 ............................................................................. 6, 7

1

### NOTICE OF MOTION AND MOTION

2

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

3

PLEASE TAKE NOTICE that on July 24, 2015, at 10:00 a.m., or as soon thereafter as the

4

matter may be heard, Rodney J. Cook ("Cook") will, and hereby does, move the Honorable Charles

5

R. Breyer, located in the San Francisco Courthouse, Courtroom 6, 17th Floor, 450 Golden Gate

6

Avenue, San Francisco, California 94102, for an award of attorneys' fees for his undersigned

7

counsel ("Cook's Counsel") based on the substantial financial benefits conferred upon Hewlett-

8

Packard Company ("HP" or the "Company") as a result of Cook's motion to intervene (the

9

"Intervention Motion")[1], related submissions, and related court appearances in the above-captioned

10

shareholder derivative action (the "Action").  As discussed herein, as a result (at least in part) of the

11

efforts of Cook and his counsel, HP saved at least $9.1 million, and up to $39.1 million, that it

12

otherwise would have been required to pay to Settlement Counsel (defined below) in connection

13

with its original attempt to settle the Action in June 2014.

14

This Motion for an Award of Attorneys' Fees and Expenses (the "Fee Application") is based

15

upon the accompanying Memorandum of Points and Authorities, and the Declaration of Robert B.

16

Weiser in Support of the Fee Application (the "Weiser Decl.")[2], and such additional evidence or

17

argument as may be required or permitted by the Court.

18

### STATEMENT OF ISSUE TO BE DECIDED

19

Whether Cook, through his undersigned counsel, The Weiser Law Firm, P.C. and Ryan &

20

Maniskas, LLP, conferred a benefit on HP through their representation of Cook, whose motion to

21

intervene in this Action in August 2014, following the submission of the original proposed

22

settlement, caused (in part, at the least) a material reduction in the amount of attorneys' fees to be

23

---

24

[1]     The term "Intervention Motion" refers to Rodney J. Cook's Notice Of Motion And Motion to Intervene To Remove Lead Counsel And Lead Plaintiff And For Appointment Of New Lead

25

Counsel And New Lead Plaintiff; Memorandum Of Points And Authorities In Support Thereof, filed August 13, 2014 (ECF Dkt. No. 172).

26

[2]     Citations to the paragraphs of the Weiser Decl. appear in the following format: "Weiser

27

Decl. at __."

28

iv

1    paid to "Settlement Counsel" by HP.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RODNEY J. COOK'S NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – 3:12-CV-06003-CRB (EDL)

## MEMORANDUM OF POINTS AND AUTHORITIES

Cook submits this Memorandum in support of the Fee Application for an award of $2,275,000 to his undersigned counsel as compensation for the benefits their efforts in this Action conferred on HP (the "Fee Award") and an incentive award for Cook personally of $5,000 to be paid out of the Fee Award for his personal efforts on behalf of HP.

## I.    INTRODUCTION

Cook and Cook's Counsel are the only parties to this Action whose efforts conferred a financial benefit upon HP.  Plaintiffs' Counsel that settled the Action, Cotchett, Pitre & McCarthy (the "Cotchett Firm") and Robbins Geller Rudman & Dowd ("Robbins Geller"),[3] agreed to release HP's claims against its officers and directors for corporate governance relief only, while HP's counsel (and counsel to HP's Demand Review Committee ("DRC")) have billed HP tens of millions of dollars in attorneys' fees.  Thus, Cook's Counsel seeks to be reasonably compensated (and have its expenses reimbursed) for creating the only financial benefit conferred upon HP in connection with this Action.

The settlement of this Action that was preliminary approved on March 13, 2015 (the "Third Amended Settlement") is markedly different than the settlement the "Settling Parties" originally agreed upon and submitted for preliminary approval in June 2014 (the "Original Settlement"). Specifically, the Third Amended Settlement differs from the Original Settlement in two material respects: first, the release language has been significantly narrowed; and second, HP will not be required to pay at least $18 million and as much as $48 million in attorneys' fees to Settlement Counsel upon formally engaging Settlement Counsel pursuant to a "retention agreement" (the "Retention Agreement") that would become effective had the Original Settlement been approved. This significant latter change to the settlement terms, which will save HP (and its shareholders) at least $9.1 million and up to $39.1 million,[4] is the result, at least in part, of the efforts of Cook and

---

[3]     The Cotchett Firm and Robbins Geller shall be referred to herein as "Settlement Counsel."

[4]     Pursuant to the terms of the preliminarily approved Third Amended Settlement, the attorneys' fees and reimbursement of expenses to be paid to "Settling Plaintiffs' Counsel" total

1    Cook's Counsel.  Accordingly, Cook's Counsel is entitled to a reasonable award of attorneys' fees

2    based on the considerable financial benefits their efforts conferred on HP.

3       On June 30, 2014, the "Settling Parties" submitted the Original Settlement for preliminary

4    approval.  The Original Settlement included a unique attorneys' fee provision, pursuant to which

5    HP would formally retain Settlement Counsel to serve as HP's counsel in connection with "the

6    pursuit of affirmative claims against those who caused HP's losses related to the Autonomy

7    Acquisition – including certain legacy Autonomy officers and directors, and potentially, other non-

8    released persons and entities under the terms of an engagement letter which will become effective

9    upon Court approval of the Settlement."  (ECF Dkt. No. 149 at Ex. C).  Had the Original Settlement

10   been approved and the Retention Agreement become "effective," HP would have paid Settlement

11   Counsel up to $48 million, including a minimum $18 million "retainer" (the "Original Fee

12   Provision").  As stated in the Intervention Motion, the Original Fee Provision was not only

13   unorthodox; it represented "perhaps one of the largest counsel fees ever sought in the context of

14   corporate litigation where not a single shot has been fired."  (ECF Dkt. No. 172 at n.10).[5]

15      Putting aside the sheer (and shocking) size of the fees sought by Settlement Counsel under

16   the Original Fee Provision, what the papers submitted by the Settling Parties as part of the Original

17   Settlement failed entirely to disclose – including the proposed notice to be disseminated to HP

18   shareholders and the Retention Agreement by which HP would formally engage Settlement Counsel

19   (attached as an exhibit to the stipulation of settlement) – was that the Cotchett Firm was

20   nearly $8.9 million (the "Revised Fee Provision").  (ECF Dkt. No. 277).  Given that the Original
     Settlement provided that HP would pay at least $18 million and as much as $48 million in
21   attorneys' fees to Settlement Counsel per the Retention Agreement, while the Revised Fee Petition
     now provides for the payment of slightly under $8.9 million to Settlement Counsel, the efforts of
22   Cook and Cook's counsel in the Action saved HP (and its shareholders) at least $9.1 million and up
     to $39.1 million.
23

24   [5]   One question Cook and Cook's Counsel repeatedly asked in various submissions in this
     Action was whether Settlement Counsel would have ever agreed to settle HP's claims against its
25   directors and officers for no monetary relief to HP in the first place if they did not stand to be paid
     tens of millions of dollars in attorneys' fees for representing HP in a subsequent action against
26   Autonomy's officers, per the Original Fee Provision.  (ECF Dkt. No. 220 at 3).  Tellingly, Cook's
     question still remains unanswered, nearly a year after the submission of the ill-fated Original
27   Settlement by the Settling Parties.

28
RODNEY J. COOK'S NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – 3:12-CV-06003-CRB (EDL)

1    simultaneously serving as plaintiffs' lead counsel in a class action against HP in this Court,

2    captioned *In re HP Inkjet Printer Litigation,* Case No. C-05-3580-JF (the "Class Action").  Thus, in

3    the Intervention Motion, filed on August 13, 2014, Cook and Cook's Counsel brought the Cotchett

4    Firm's involvement in the Class Action against HP to this Court's attention, and argued that the

5    Original Fee Provision was outrageous and improper because, *inter alia*, if the Original Fee

6    Provision was approved and the Cotchett Firm was formally engaged as HP's counsel, the Cotchett

7    Firm would simultaneously be in an adversarial posture to HP on behalf of a class (*i.e.*, suing HP),

8    and directly representing HP.  *See* Intervention Motion at 13 ("…the Settlement calls for HP to

9    directly engage the Cotchett Firm to represent HP and assist in the prosecution of HP's claims

10   against Autonomy and certain of its former officers.  Thus, if the Settlement is finally approved, the

11   Cotchett Firm will be simultaneously suing HP on behalf of a class and directly representing HP.").

12   Moreover, before Cook's Counsel raised this issue, it had never been disclosed to the Court or to

13   HP shareholders by the Settling Parties.[6]

14        On August 25, 2014, at the hearing on the motion for preliminary approval of the proposed

15   Original Settlement (the "August 25 Hearing")[7], this Court criticized and questioned the propriety

16   of the Original Fee Provision.  Notably, although the August 25 Hearing was not held in connection

17   with the Intervention Motion, in response to the facts and arguments exclusively raised by Cook's

18   Counsel, this Court acknowledged the possibility that a conflict of interest could "arise[] if, in fact,

19

20   [6]    The Retention Agreement, in the form of a letter from Robert Particelli, HP's Vice
21   President, Commercial and Employment Litigation to Settlement Counsel, contains a section
     entitled "Conflicts of Interest," which states: "At present, neither [the Cotchett Firm] nor Robbins
22   Geller is aware of any conflicts of interest in undertaking this engagement other than those
     disclosed to Lead Counsel.  Following conclusion of this engagement, [the Cotchett Firm] and
23   Robbins Geller shall have the right to undertake representation adverse to HP in accordance with
     applicable rules of professional conduct."  (ECF Dkt. No. 149-2 at Ex. A).  Thus, even assuming,
24   *arguendo,* that the Cotchett Firm disclosed its role in the Class Action ***to HP*** in negotiating the
     Original Settlement, this disclosure was never made ***to HP shareholders***.  Moreover, the "Conflicts
25   of Interest" section of the Retention Agreement makes clear that the Cotchett Firm could not
     simultaneously act as HP's counsel and have a representation that was adverse to HP.

26   [7]    A true and correct copy of the transcript of the August 25 Hearing is attached as Exhibit B to
27   the Weiser Decl.

28                                                    3
     RODNEY J. COOK'S NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES;
     MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – 3:12-CV-06003-CRB (EDL)

1  [the Cotchett Firm] is retained to conduct – to – to – perform legal services for Hewlett-Packard."

2  *See* Weiser Decl., Ex. B at 20:14-20:15.

3          In response to the Court's criticism at the August 25 Hearing, the Settling Parties

4  immediately retreated from requiring inclusion of the Original Fee Provision in any settlement of

5  the Action.  *See id.* at 17:17-18:10.  Cook's Counsel then stated on the record what was abundantly

6  clear – the Intervention Motion had resulted in, or at minimum, contributed to, the removal of the

7  Original Fee Provision from the proposed settlement.  *Id.* at 58:12-58:17 ("It seems to me that, you

8  know, there used to be the $18 million and possibly $48 million [in attorneys' fees] in the

9  settlement.  Seems like that's now out.  You know, it seems that Mr. Cook actually was fairly

10  responsible for that.  I would just note that, in his intervention and bringing that to the Court's

11  attention.").  Tellingly, counsel for the Settling Parties did not dispute that statement by Cook's

12  Counsel (nor did the Court).[8]  Less than a week later, the Original Fee Provision was removed from

13  a second iteration of the Settlement by the Settling Parties, and it was ultimately replaced by the

14  Revised Fee Provision as set forth in the Third Amended Settlement.

15          Thus, the procedural record before the Court is clear:

16          ●     In June 2014, the Settling Parties moved for preliminary Court approval of the

17  Original Settlement, including the Original Fee Provision, by which HP would have been required

18  _____

18  [8]      The reply brief that Cook later filed in support of the Cook Intervention Motion on
19  September 17, 2014 similarly stated: "…Cook and his counsel are very pleased that their efforts
    caused the removal of that outrageous Settlement term (resulting in a benefit to HP worth anywhere
20  between $18-48 million)…".  (ECF Dkt. No. 220 at 2).  Cook's Statement filed on October 24,
    2014 in response to the Court's October 17, 2014 Order likewise provided: "…Cook and his
21  counsel are pleased that they were able to save HP potentially $48 million through their successful
    opposition to the Original Fee Provision…".  (ECF Dkt. No. 258 at 3).  And, since the Settling
22  Parties never once disputed that the efforts of Cook and Cook's Counsel resulted in the removal of
    the Original Fee Provision, Cook's Statement filed on February 6, 2015 in response to the Court's
23  January 23, 2015 Order noted that "HP and the rest of the Settling Parties have tacitly admitted that
    the efforts of Cook and his counsel" resulted in the Court's rejection and removal of the Original
24  Fee Provision.  (ECF Dkt. No. 294 at n.3).  Thus, between August 25, 2014 and February 6, 2015,
    Cook and Cook's Counsel stated on *four separate occasions*, between hearings and written
25  submissions, that their efforts caused the removal of the Original Fee Provision, and the Settling
    Parties *never once* disputed this fact.  Accordingly, Cook respectfully submits that the Settling
26  Parties waived any argument(s) in opposition to the instant Motion, and/or that any opposition they
    may file to this Fee Application is severely undermined by their repeated failure to dispute that the
27  efforts of Cook and Cook's Counsel resulted in the removal of the Original Fee Provision.

RODNEY J. COOK'S NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – 3:12-CV-06003-CRB (EDL)

1  to pay $18 million to $48 million in attorneys' fees and formally retain the Cotchett Firm as HP's

2  counsel via the Retention Agreement, without disclosing to the Court or to HP shareholders that the

3  Cotchett Firm was simultaneously serving as lead counsel in the Class Action against HP;

4  ● In August 2014, Cook's Intervention Motion brought the Cotchett Firm's previously

5  undisclosed role as lead counsel in the Class Action against HP to light.  The Intervention Motion

6  highlighted, *inter alia,* the Settling Parties' failure to disclose this significant issue, particularly "in

7  light of the nature of the Proposed Settlement," whereby in "an unusual circumstance, the Cotchett

8  Firm and another firm are being retained by HP to assist in the prosecution of claims on HP's

9  behalf, and together stand to earn a staggering $48 million in attorneys' fees…"

10  ● At the August 25 Hearing, this Court criticized the Original Fee Provision and,

11  consistent with the arguments raised in the Intervention Motion, acknowledged the potential for a

12  conflict of interest on the part of the Cotchett Firm if the Original Fee Provision was approved, the

13  Retention Agreement became effective, and HP engaged the Cotchett Firm as its counsel;

14  ● At that same August 25 Hearing, Cook's Counsel represented that the Intervention

15  Motion resulted in the removal of the Original Fee Provision from the proposed settlement of the

16  Action, which counsel for the Settling Parties did not attempt to dispute;

17  ● Cook's Counsel similarly noted in three separate written submissions between

18  September 2014 and February 2015 that the Intervention Motion caused the removal of the Original

19  Fee Provision from the proposed settlement, which the Settling Parties did not attempt to dispute;

20  and

21  ● The Original Fee Provision, which provided that HP would formally retain

22  Settlement Counsel at a cost to HP of $18 million at least, and up to $48 million, was replaced by

23  the Revised Fee Provision, pursuant to which HP will pay less than $8.9 million to Settlement

24  Counsel and whereby HP will not formally retain Settlement Counsel as its counsel.

25  In light of this record, Cook's Counsel is entitled to an award of reasonable attorneys' fees,

26  because their efforts resulted in massive savings to HP (and its shareholders) – a financial benefit of

27  at least $9.1 million, and up to $39.1 million.  ***In fact, Cook and Cook's Counsel are the only***

28

RODNEY J. COOK'S NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – 3:12-CV-06003-CRB (EDL)

1    *parties that have caused HP to financially benefit (even if that benefit was indirect)*.[9]

2          Even assuming, *arguendo,* that the efforts of Cook's Counsel did not solely cause the

3    rejection and removal of the Original Fee Provision, Cook's Counsel undoubtedly contributed to the

4    creation of this substantial financial benefit to HP, as Cook exclusively raised with this Court the

5    potential for a conflict of interest if the Retention Agreement became effective and HP formally

6    engaged the Cotchett Firm.  Cook's Counsel respectfully submits that the Intervention Motion was

7    the death knell for the Original Fee Provision, and that because of their efforts and the valuable

8    financial benefits conferred upon HP, this Fee Application should be granted.

9    **II.    PROCEDURAL BACKGROUND**

10         **A.    Cook's Efforts on Behalf of HP in Delaware**

11         Cook is the plaintiff in a parallel derivative proceeding in the Delaware Court of Chancery

12   (the "Delaware Court") captioned *Cook v. Whitman, et al.*, C.A. No. 9458-VCG, which was filed on

13   March 18, 2014 (the "Delaware Action").  The Delaware Action is currently stayed pending the

14   outcome of this Action.  Cook and Cook's Counsel initiated the sequence of events, which

15   eventually led to the filing of the Delaware Action through the issuance of an inspection demand

16   pursuant to 8 Del. C. § 220 ("Section 220") on December 17, 2012 (the "Inspection Demand").

17   During the first half of 2013, Cook's Counsel and HP's counsel negotiated the proper scope of the

18   Inspection Demand, with HP making four productions.  When Cook and HP reached an impasse on

19   additional documents, Cook initiated a Section 220 Action in the Delaware Court on June 20, 2013

20   in an effort to obtain documents HP declined to produce.  *See Cook v. Hewlett-Packard Co.*, No.

21   Civ. A. 8667-VCG, 2014 WL 311111 (Del. Ch. Jan. 30, 2014).  Over the next six months, Cook

22   traveled to Delaware and was deposed by HP's counsel, Cook's Counsel deposed a representative

23   of HP, Cook's Counsel prepared for and litigated a Section 220 trial, Cook returned to Delaware

24   and testified at trial, and Cook's Counsel filed detailed pre- and post-trial briefing.  Ultimately, on

---

[9]    As the Court is well-aware, Settlement Counsel ended up resolving HP's claims against its directors and officers exclusively for corporate governance relief, while HP's counsel and counsel for the DRC have billed HP millions (if not tens of millions) of dollars in attorneys' fees.

RODNEY J. COOK'S NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – 3:12-CV-06003-CRB (EDL)

January 24, 2014, the Delaware Court ruled that Cook was not entitled to further documents. *Id*.

Nonetheless, the documents procured and reviewed by Cook's Counsel, as a result of the Section 220 investigation, permitted Cook to file a detailed and particularized pleading on behalf of HP that set forth unique, strong allegations against HP's directors and officers, among other defendants. On May 15, 2014, HP filed a Motion to Dismiss or Stay the Delaware Action (the "Stay Motion"). Specifically, HP sought to stay the Delaware Action in favor of this Action.

**B.**      **The Settling Parties Seek Approval of the Original Settlement in This Action**

While briefing on the Stay Motion was ongoing in the Delaware Action, the parties to this Action announced a proposed settlement. On June 30, 2014, the "Settling Parties" submitted the Original Settlement for preliminary approval. Per the terms of the Original Settlement, the Settling Parties agreed that Settlement Counsel would be formally retained to serve as HP's counsel in connection with "the pursuit of affirmative claims against those who caused HP's losses related to the Autonomy Acquisition – including certain legacy Autonomy officers and directors and, potentially, other non-released persons and entities under the terms of an engagement letter, which will become effective upon Court approval of the settlement." Under the terms of the Original Settlement, Settlement Counsel would have collectively been paid a minimum of $18 million, and up to $48 million, in accordance with the Original Fee Provision and the Retention Agreement.

**C.**      **Cook Moves to Intervene in the Action**

In light of the submission of the Original Settlement for preliminary approval, Cook's counsel informed the Delaware Court via a letter dated July 16, 2014 of the proposed Original Settlement and requested that a hearing on the Stay Motion occur prior to August 21, 2014. The Delaware Court subsequently held a teleconference to discuss that request on July 17, 2014.[10] During the teleconference, HP's counsel invited Cook to intervene in this Action. *See* Weiser Decl. at Ex. A, p. 9 ("If they think the settlement is not in the best interests of the company and the stockholders, they certainly have the opportunity to go out there and file their objections and litigate

---

[10]      A true and correct copy of the transcript of the July 17, 2014 teleconference with the Delaware Court is attached as Exhibit A to the Weiser Decl.

RODNEY J. COOK'S NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – 3:12-CV-06003-CRB (EDL)

1   them there or ***try to intervene in the California action***...").  On July 22, 2014, Vice Chancellor Sam

2   Glasscock III issued an order denying Cook's request for an expedited hearing on the Stay Motion.

3       On August 13, 2014, Cook's Counsel filed the Intervention Motion and argued therein, *inter*

4   *alia,* that the Original Fee Provision was outrageous and improper, because, if it were approved by

5   the Court and the Retention Agreement became effective, the Cotchett Firm would simultaneously

6   be suing HP on behalf of a class and directly representing HP, and just as importantly, this issue had

7   never been disclosed to the Court or to HP shareholders by the Settling Parties.

8       **D.   <u>The August 25 Hearing and Cook's Subsequent Submissions</u>**

9       At the August 25 Hearing, the Court criticized and questioned the propriety of the Original

10  Fee Provision and the Settling Parties immediately retreated from requiring its inclusion in any

11  settlement.  *See* Weiser Decl., Ex. B at 17:17-18:10.  Notably, in commenting on the propriety of

12  the Original Fee Provision (or lack thereof), the Court recognized the potential for a conflict of

13  interest to "arise[] if, in fact, [the Cotchett Firm] is retained to conduct – to – to – perform legal

14  services for Hewlett-Packard." *See id.* at 20:14-20:15.  Thus, Cook's Counsel then stated on the

15  record that the Intervention Motion had resulted in the removal of the Original Fee Provision from

16  the settlement.  *Id.* at 58:12-58:17 ("It seems to me that, you know, there used to be the $18 million

17  and possibly $48 million [in attorneys' fees] in the settlement.  Seems like that's now out.  You

18  know, it seems that Mr. Cook actually was fairly responsible for that.  I would just note that, in his

19  intervention and bringing that to the Court's attention.").  Counsel for the Settling Parties did not

20  even attempt to dispute this.  Settlement Counsel would later admit that the Court's rejection of the

21  Original Settlement was "absolutely right."[11]  Subsequent to the August 25 Hearing, Cook similarly

22  represented in three separate written submissions between September 2014 and February 2015 that

23  the Intervention Motion caused the removal of the Original Fee Provision from the proposed

24  settlement.  The Settling Parties did not even attempt to dispute this.

25  _____

26  [11]     Quentin Hardy, *Judge Rejects Settlement Proposal in HP's Autonomy Suit,* NEW YORK

27  TIMES, Aug. 25, 2014, available at: http://bits.blogs.nytimes.com/2014/08/25/lawyers-suing-hp-lose-a-payday-gain-a-target/?_php=true&_type=blogs&_r=1.

28
RODNEY J. COOK'S NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – 3:12-CV-06003-CRB (EDL)

E.     **The Settling Parties' Second and Third Attempts at Settlement**

On September 3, 2014, the Settling Parties submitted a proposed First Amended Settlement. Critically, the First Amended Settlement no longer included the Original Fee Provision. After the Court again raised concerns regarding certain proposed settlement terms at a hearing on September 26, 2014 ("September 26 Hearing"),[12] the Settling Parties filed a Second Amended Settlement. The Court subsequently entered an Order on December 19, 2014 denying preliminary approval of the Second Amended Settlement. On January 22, 2015, the Settling Parties submitted the Third Amended Settlement. Pursuant to the terms of the preliminarily approved Third Amended Settlement and the Revised Fee Provision, the attorneys' fees and reimbursement of expenses to be paid to Settlement Counsel amount to nearly $8.9 million.[13] Accordingly, given that the Original Fee Provision provided that HP would pay at least $18 million and as much as $48 million in attorneys' fees, while the Revised Fee Petition now provides for the payment of slightly under $8.9 million in attorneys' fees, the efforts of Cook and Cook's Counsel saved HP (and its shareholders) *at least $9.1 million and up to $39.1 million*.

The Court ultimately granted preliminary approval to the Third Amended Settlement (including the Revised Fee Petition) on March 13, 2015 (ECF Dkt. No. 319).

III.    **LEGAL ARGUMENT**

A.     **Cook and His Counsel Have Conferred a Large Financial Benefit Upon HP**

The efforts of Cook's Counsel resulted in a substantial financial benefit to HP (and its shareholders): the reduction in the amount HP would pay to Settlement Counsel. This is an appropriate basis upon which Cook's Counsel may seek an award of reasonable attorneys' fees, because where objectors or intervenors successfully challenge a proposed award of attorneys' fees

---

[12]     A true and correct copy of the transcript of the September 26 Hearing is attached as Exhibit C to the Weiser Decl.

[13]     Per the terms of the Revised Fee Provision, "Federal Counsel" is to be paid $7,171,998 in attorneys' fees and $72,948.90 in expenses, while "State Counsel" is to be paid $1,528,002 in attorneys' fees and $108,873.80 in expenses. Thus, per the Revised Fee Provision, "Settling Plaintiffs' Counsel" will collectively be paid a total of $8,881,822.70.

9

1   to plaintiffs' counsel, their efforts have conferred a benefit.[14]  *In re Westinghouse Sec. Litig.,* 219 F.

2   Supp. 2d 657, 660 (W.D. Pa. 2002) (citations omitted); *see also Vizcaino v. Microsoft Corp.,* 290

3   F.3d 1043, 1051–52 (9th Cir. 2002), *cert. denied,* 537 U.S. 1018, 123 S.Ct. 536, 154 L.Ed.2d 425

4   (2002); *In re BankAm. Corp. Sec. Litig.,* 228 F. Supp. 2d 1061, 1069–70 (E.D. Mo. 2002); *In re*

5   *Horizon/CMS Healthcare Corp. Sec. Litig.,* 3 F. Supp. 2d 1208, 1215 (D.N.M. 1998).

6       Here, the record demonstrates that the efforts of Cook's Counsel caused the removal of the

7   Original Fee Provision (and the resulting financial benefits to HP).  Cook's Intervention Motion was

8   the **only** submission, amongst a number of submissions made by other HP stockholders challenging

9   the Original Settlement, based on the impropriety of the Original Fee Provision and Retention

10  Agreement in light of the Cotchett Firm's undisclosed role as lead counsel against HP in the Class

11  Action.  The Court immediately addressed the Original Fee Provision at the August 25 Hearing:

12      **THE COURT**: The second part is the agreement to hire highly skilled and respected
        attorneys to serve in a consulting capacity in litigation against the Company, or the
13      former directors, officers of the Company, which was the subject of the acquisition
        to begin with.  And the Court has a great deal of difficulty in ascertaining what is the
14      value of that service because, clearly, a company can go out and hire lawyers, and
        hire very skilled lawyers, and pay a market rate for those lawyers. And that would be
15      independent of any settlement because companies hire lawyers all the time.  This,
        however, is woven into the settlement of the case, and the Court cannot make any
16      determination as to what I call the added value that – that is given to the shareholders
        over and above what the shareholders could receive if they simply went out and
17      hired these attorneys.  So that is the concern of the Court…

18  Weiser Decl., Ex. B. at 10:19 -11:10.

19      The Court went on to quickly dispatch the Original Fee Provision and Retention Agreement:

20      **THE COURT:** I'm not going to approve the fee arrangement, period. That's out;
        okay? And for the reasons I stated. There's no way for me to figure out the – Among
21      other things, there's no way for me figure out the value of it, the add-on value – to
        the shareholders.

22  *Id.* at 18:16-21.

23

24  ────────────────────────
    [14]     For purposes of the instant Fee Application, the respective procedural postures occupied by
25  an "objector" on the one hand, and an "intervenor" on the other hand, is a distinction without a
    difference.  While the majority of the authority on this topic is based on the efforts of objectors
26  rather than intervenors, courts have routinely examined counsel fee applications from counsel for
    objectors in parallel with those submitted by counsel for intervenors, and have applied identical
27  standards.  *See In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 359 (N.D. Ga. 1993).

28  ─────────────────────────────────────────────────────────────────────────
                                            10
    RODNEY J. COOK'S NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES;
    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – 3:12-CV-06003-CRB (EDL)

Notably, although the August 25 Hearing was not a hearing on the Intervention Motion, in rejecting the Original Fee Provision the Court acknowledged that a conflict of interest could exist if the Cotchett Firm were formally retained by HP in light of the Cotchett Firm's role as lead counsel in the Class Action against HP, consistent with the arguments previously raised in the Intervention Motion. Indeed, the Court itself raised the issue of the potential conflict posed by the Retention Agreement, without any prodding at the August 25 Hearing from the attorneys for the Settling Parties, who studiously avoided even mentioning the issue:

> **THE COURT**: And the conflict only arises – arguably – only arises if, in fact, he is retained to conduct – to – to perform legal services for Hewlett-Packard.

*Id*. at 20:13-15.

Cook's Counsel attended the August 25 Hearing and stated on the record what was already abundantly clear: that the Intervention Motion was responsible for (or at the very least, contributed to) the Court's decision to reject the Original Fee Provision:

> **MR. PROFY**: It seems to me that, you know, there used to be the $18 million and possibly $48 million [in attorneys' fees] in the settlement. Seems like that's now out. You know, it seems that Mr. Cook actually was fairly responsible for that. I would just note that, in his intervention and bringing that to the Court's attention.

*Id*. at 58:12-58:17.

An award of reasonable attorneys' fees for objectors' or intervenors' efforts that result in a reduction of the amounts to be paid by the company in connection with settlement has a strong precedent. For example, in *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2009), objectors challenged proposed incentive awards amounting to $325,000 to the lead plaintiffs. Following the filing of the objection, the district court denied the proposed incentive awards in its entirety because it concluded that the amounts requested were unreasonable and that the incentive agreements were inappropriate and contrary to public policy. Despite the district court's decision not to award counsel fees to the objectors' attorneys based on their efforts, the Ninth Circuit remanded, noting that it "cannot let stand a ruling that Objectors did nothing that increased the fund or substantially benefitted the class members." *Id*. at 963.

1   Even assuming, *arguendo*, that the unconventional Original Fee Provision would not have

2   escaped this Court's critical eye had Cook not filed the Intervention Motion, the fact that Cook and

3   Cook's Counsel exclusively raised the issues specifically addressed by the Intervention Motion

4   conferred a benefit upon HP.  Notably, in *In re Independent Energy Holdings PLC Securities*

5   *Litigation*, after the fees sought by lead counsel were reduced, U.S. District Judge Shira A.

6   Scheindlin ("Judge Scheindlin") affirmed an award of attorneys' fees to objector's counsel even

7   though Judge Scheindlin concluded that the Court "would likely have reached the same result

8   [reducing lead counsel's sought-after attorneys' fees] with or without the objectors' comments."  *In*

9   *re Indep. Energy Holdings PLC Sec. Litig.*, No. 00 Civ. 6689, 2003 U.S. Dist. LEXIS 21322

10  (S.D.N.Y. 2003).  Indeed, notwithstanding this conclusion, Judge Scheindlin noted that that the

11  "objectors certainly assisted the Court in making an appropriate fee award."  *Id.*

12   The submission of the Original Settlement by the Settling Parties forced this Court to

13  undertake the truly Herculean task of managing not only the voluminous filings associated

14  therewith, but also multiple motions to intervene, a motion to sever, and other submissions by a

15  dozen law firms.[15]  Yet, it was only the Intervention Motion that targeted the Original Fee

16  Provision, the Retention Agreement, and the Cotchett Firm's conflict of interest presented thereby,

17  timely raising the issue prior to the August 25 Hearing.  The Intervention Motion focused on two

18  issues: (1) the Original Fee Provision/Retention Agreement; and (2) the Cotchett Firm's conflict of

19  interest presented thereby in light of its undisclosed role as lead counsel in the Class Action *against*

20  HP, at the same time that the Cotchett Firm sought to be formally engaged as counsel *for* HP.

21   The Intervention Motion cast the Original Fee Provision/Retention Agreement as a "side-

22  deal" between Settlement Counsel and defendants, which tainted the settlement process, as it was

23  unknown whether the governance relief comprising the entirety of the consideration for HP would

24  ever had been agreed to by Settlement Counsel absent the Original Fee Provision.  The Court agreed

25  that these arguments were unique and had not before been submitted to or considered by the Court.

26  _____

[15] To date, there are 355 docket entries in the Action; not even one of them is an adversarial motion
27  between the Cotchett Firm and defense counsel.

28                                    12

RODNEY J. COOK'S NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – 3:12-CV-06003-CRB (EDL)

At the September 26 hearing on the motion for preliminary approval of the first amended Settlement, the Court and Cook's Counsel had the following exchange:

> **MR. WEISER**: …but rather this idea of whether the settlement would have ever been agreed to -- the govern[nance] settlement now before the Court -- whether it would have ever been agreed to, but for the idea that they were negotiating this side deal at the time; this incredibly lucrative side deal. And the problem is -- and here's the real point, Your Honor -- whether there's actually a legal conflict or not, or whether there is a perception of a conflict regarding the other issue, the taint remains even now, because the key question cannot be asked –
>
> **THE COURT**: -- *because this had not actually occurred to me*. Are you saying that if the -- this, quote, "side deal," which is now -- you're saying that this settlement in its present form wouldn't have been negotiated between the parties?
> **MR. WEISER:** What I'm saying is we don't know, Your Honor.

Weiser Decl. at Ex. C at 37:9-24. (emphasis added).

The record is clear: Cook and Cook's Counsel raised salient issues in the Intervention Motion that played a role in the Court's analysis of the Original Fee Provision and Retention Agreement, and led to the improper Original Fee Provision's removal from the settlement, to HP's considerable financial benefit.  The fact that Cook's Counsel exclusively raised these issues with the Court is sufficient to warrant an award of reasonable attorneys' fees.  The fact that the Intervention Motion did not achieve one of its objectives − the replacement of the Cotchett Firm as lead derivative counsel and its client as the lead derivative plaintiff in this Action − does not in any way diminish the significant role Cook and Cook's Counsel played in the removal of the Original Fee Provision and creating the substantial financial benefits to HP achieved thereby.  Even objections that are ultimately overruled, when presented in a principled and professional manner, can serve as the proper basis for a fee award:

> The objections raised, although ultimately overruled, were not frivolous, and the presence of an objector represented by competent counsel transformed the settlement hearing into a truly adversary proceeding. The objections to the settlement caused this Court to spend even more hours in analyzing and assessing the complex settlement agreement, and cast in sharp focus the question of the fairness and adequacy of the settlement to all the members of the class.

*Frankenstein v. McCrory Corp.*, 425 F. Supp. 762, 767 (S.D.N.Y. 1977) (awarding fees to objector's counsel based on, *inter alia*, efforts turning the "settlement hearing into a truly adversary proceeding").

13

1    The Intervention Motion alone raised the issue of the potential conflict of interest on the part

2    of the Cotchett Firm, based on its role in the Class Action against HP, and the terms of the Original

3    Fee Provision and Retention Agreement.  The Court clearly took Cook's arguments into account as

4    demonstrated by its comments at the August 25 Hearing, even though that was not a hearing on the

5    Intervention Motion, and the Original Fee Provision was ultimately rejected, resulting in millions of

6    dollars (perhaps tens of millions) in savings for HP.  Accordingly, Cook and his Cook's Counsel

7    conferred a valuable financial benefit to HP, and that benefit warrants an award of reasonable

8    attorneys' fees.

9    **B.**    **The Requested Fee is Reasonable in Light of the Benefit Conferred Upon HP**

10    Cook's Counsel seeks a fee of $2,275,000, inclusive of expenses, for providing the only

11    financial benefit to HP in the Action.  Cook's Counsel respectfully asserts that because the benefit

12    conferred upon HP by their efforts is financial and therefore readily quantifiable, it is analogous to

13    cases involving a "common fund." [16]  As explained herein, the benefit conferred on HP by Cook's

14    Counsel is at least $9.1 million and up to $39.1 million.  Had the Original Fee Provision been

15    approved, it is undisputed that HP would have paid a minimum of $18 million to Settlement

16    Counsel pursuant to the terms of the Retention Agreement.  Therefore, because the Original Fee

17    Provision was rejected, and HP as part of the Third Amended Settlement will pay Settlement

18    Counsel slightly under $8.9 million (and will not retain Settlement Counsel), the benefit to HP is

19    most conservatively quantified as $9.1 million.  Cook's counsel seeks 25% of the benefit conferred,

20    or $2,275,000.

21    Cook's Counsel also seeks an incentive award for Cook in the amount of $5,000.  For over

---

[16] In cases involving a common fund, the prevailing course of action is to award a percentage of the common fund to the counsel that helped create the fund.  That is the standard followed in this Circuit.  In *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268 (9th Cir. 1989), *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301 (9th Cir. 1990), *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370 (9th Cir. 1993), and *Microsoft Corp.*, 290 F.3d 1043, the Ninth Circuit expressly approved the use of the percentage method in common fund cases.  In *Paul, Johnson*, 886 F.2d at 272, the Ninth Circuit established 25% of a common fund as the "benchmark" award for attorneys' fees.  *See also Torrisi*, 8 F.3d at 1376 (reaffirming 25% benchmark); *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000) (same); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 943 (9th Cir. 2011) (reaffirming 25% benchmark in a common fund case).

14

two and half years, Cook has undertaken efforts on behalf of HP both in this Court and in the Delaware Court, without any expectation of personal gain.  Cook has dedicated significant time and energy to his efforts on HP's behalf.  Unlike any plaintiff or HP shareholder in this Action or related proceeding, Cook has twice flown from his home in Nebraska to Delaware to sit for a deposition and testify at trial, as well as turn over personal documents in light of the proceedings.  There is a long history of federal and Delaware common law that authorizes incentive awards for representative plaintiffs in stockholder actions.  *See, e.g, Denney v. Jenkens & Gilchrist*, No. 03 Civ. 5460(SAS), 2005 WL 388562, at *31 (S.D.N.Y. Feb. 18, 2005) (based on the common law's recognition of the important policy role that plaintiffs play in representative actions); *In re Xcel Energy, Inc., Sec., Derivative & "ERISA" Litig.*, 364 F. Supp. 2d 980, 1000 (D. Minn. 2005) ("[s]uch enforcement is vital because if there were no individual shareholders willing to step forward and pursue a claim on behalf of other investors, many violations of law might go unprosecuted.").  These awards become more appropriate when a plaintiff "participated actively in the litigation." *In re Relafen Antitrust Litig.,* 231 F.R.D. 52, 82 (D. Mass. 2005).  In light of Cook's substantial efforts on behalf of HP, a reasonable incentive award in the amount of $5,000 is appropriate.

## IV.   <u>CONCLUSION</u>

For the reasons stated herein, Cook respectfully requests that attorneys' fees be granted to Cook's undersigned counsel in the amount of $2,275,000, and that a $5,000 incentive award, to be paid to Cook out of the Fee Award, be approved.

Dated: June 19, 2015                                Respectfully submitted,

                                                    THE WEISER LAW FIRM, P.C.
                                                    ROBERT B. WEISER

                                                    _____s/ Robert B. Weiser_____
                                                    ROBERT B. WEISER
                                                    (admitted *pro hac vice*)

BRETT D. STECKER
(admitted *pro hac vice*)
Berwyn, PA 19312
Telephone:  (610) 225-2677
Facsimile:  (610) 408-8062
rw@weiserlawfirm.com
bds@weiserlawfirm.com

THE WEISER LAW FIRM, P.C.
KATHLEEN A. HERKENHOFF (SBN 168562)
12707 High Bluff Drive, Suite 200
San Diego, CA 92130
Telephone:  (858) 794-1441
Facsimile:  (858) 794-1450
kah@weiserlawfirm.com

RYAN & MANISKAS, LLP
RICHARD A. MANISKAS
995 Old Eagle School Road, Suite 311
Wayne, PA 19087
Telephone: (484) 588-5516
Facsimile: (484) 450-2582

Counsel for Movant Rodney J. Cook

RODNEY J. COOK'S NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – 3:12-CV-06003-CRB (EDL)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 19, 2015, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on June 19, 2015.

/s/ ROBERT B. WEISER
ROBERT B. WEISER

22 Cassatt Avenue, First Floor
Berwyn, PA 19312
Telephone:  (610) 225-2677
Facsimile:  (610) 408-8062

Email:  rw@weiserlawfirm.com

RODNEY J. COOK'S NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – 3:12-CV-06003-CRB (EDL)

## Mailing Information for a Case 3:12-cv-06003-CRB In re Hewlett-Packard Company Shareholder Derivative Litigation

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey S. Abraham**
  jabraham@aftlaw.com

- **Felipe Javier Arroyo**
  farroyo@robbinsarroyo.com,notice@robbinsarroyo.com

- **Andrea Bascheri**
  sammirati@bottinilaw.com

- **Daniel Lawrence Baxter**
  dbaxter@wilkefleury.com,vgarner@wilkefleury.com

- **Ian David Berg**
  iberg@aftlaw.com,tkellar@aftlaw.com

- **Patrice L. Bishop**
  service@ssbla.com

- **Samuel Ethan Bonderoff**
  samuel@zamansky.com

- **Daniel H. Bookin**
  dbookin@omm.com,LitigationCalendar@omm.com,rgonzalez@omm.com

- **Francis A. Bottini , Jr**
  fbottini@bottinilaw.com,sammirati@bottinilaw.com

- **Lisa Chen**
  lisachen@omm.com,kquintanilla@omm.com

- **Jeffrey Joseph Ciarlanto**
  jjc@weiserlawfirm.com

- **Matthew William Close**
  mclose@omm.com

- **George Thomas Conway , III**
  gtconway@wlrk.com,calert@wlrk.com

- **Victoria A. Coyle**
  coylev@sullcrom.com

- **Brendan P. Cullen**
  cullenb@sullcrom.com,s&cmanagingclerk@sullcrom.com,carrejoa@sullcrom.com

- **Brook Dooley**
  bxd@kvn.com,rthomas@kvn.com,efiling@kvn.com

- **John C. Dwyer**
  dwyerjc@cooley.com,giovannonib@cooley.com

- **Matthew Kendall Edling**
  medling@cpmlegal.com,rbarghi@cpmlegal.com,obacigalupi@cpmlegal.com,jacosta@cpmlegal.com

- **Bruce A. Ericson**
  bruce.ericson@pillsburylaw.com,docket@pillsburylaw.com

- **Steven M. Farina**
  sfarina@wc.com

- **Brian T. Frawley**
  frawleyb@sullcrom.com

- **Neil A. Goteiner**
  ngoteiner@fbm.com,calendar@fbm.com,karentsen@fbm.com

- **Gary S. Graifman**
  ggraifman@kgglaw.com

- **Richard D. Greenfield**
  whitehatrdg@earthlink.net,ggsec@earthlink.net

- **Kathleen Ann Herkenhoff**
  kah@weiserlawfirm.com,jmf@weiserlawfirm.com,hl@weiserlawfirm.com

- **Vincent Ho**
  wjonckheer@schubertlawfirm.com

- **Richard Stephen Horvath , Jr**
  richard.horvath@skadden.com

- **Laura Christine Hurtado**
  laura.hurtado@pillsburylaw.com,docket@pillsburylaw.com

- **Willem F. Jonckheer**
  wjonckheer@schubertlawfirm.com,kmessinger@schubertlawfirm.com,jzaneri@schubertlawfirm.com

- **Jeffrey Michael Kaban**
  kabanjm@cooley.com,jdwyer@cooley.com,lalmanza@cooley.com

- **John Watkins Keker**
  jwk@kvn.com,efiling@kvn.com

- **Lawrence D. Levit**
  llevit@aftlaw.com

- **Vincent G Levy**
  vglevy@wlrk.com,calert@wlrk.com

- **Aron K. Liang**
  aliang@minamitamaki.com

- **Jan Nielsen Little**
  jnl@kvn.com,srg@kvn.com,efiling@kvn.com,kbringola@kvn.com,bhaugeberg@kvn.com

- **Sarah Lynn Lochner**
  slochner@wc.com

- **Rosemary Farrales Luzon**
  rluzon@sfmslaw.com,pleadings@sfmslaw.com

- **Nicholas David Marais**
  NMarais@kvn.com,kbringola@kvn.com,ccrane@kvn.com,sgiminez@kvn.com

- **Thomas B. Mayhew**
  tmayhew@fbm.com,tbuchanan@fbm.com,calendar@fbm.com

- **Timothy Alan Miller**
  Timothy.Miller@skadden.com,jan.schilling@skadden.com,wayne.campbell@skadden.com,Rita.Meadows@skadden.com,richard.horvath@skadden.com

- **Mark Cotton Molumphy**
  mmolumphy@cpmlegal.com,mkeilo@cpmlegal.com,rbarghi@cpmlegal.com,obacigalupi@cpmlegal.com,jacosta@cpmlegal.com

- **Stephen Cassidy Neal**
  nealsc@cooley.com,wilsonla@cooley.com

- **Matthew Wells Powell**
  mpowell@wilkefleury.com,calendar@wilkefleury.com,sconovitz@wilkefleury.com,ayu@wilkefleury.com,dbaxter@wilkefleury.com

- **Joseph Mark Profy**
  jmp@weiserlawfirm.com

- **Brian J. Robbins**
  notice@robbinsarroyo.com

- **Patrick David Robbins**
  probbins@shearman.com,rcheatham@shearman.com

- **Diana Catherine Rogosa**
  drogosa@omm.com,ascott@omm.com

- **Allen Ruby**
  Allen.Ruby@Skadden.com,wayne.campbell@skadden.com,jordan.zim@skadden.com,marilyn.garibaldi@skadden.com

- **Shane Palmesano Sanders**
  ssanders@robbinsarroyo.com

- **Rachelle Silverberg**
  rsilverberg@wlrk.com,calert@wlrk.com

- **Colby A. Smith**
  casmith@debevoise.com,mao-ecf@debevoise.com

- **Brett D. Stecker**
  bds@weiserlawfirm.com,hl@weiserlawfirm.com

- **Jeffrey Michael Walker**
  jwalker@cooley.com,foxl@cooley.com

- **Eric Steven Waxman**
  ewaxman@skadden.com,btravagl@skadden.com

- **Robert Brian Weiser**
  rw@weiserlawfirm.com

- **Christopher C. Wheeler , Esq**
  cwheeler@fbm.com,llaflamme@fbm.com

- **Marc Wolinsky**
  mwolinsky@wlrk.com,calert@wlrk.com

- **Bruce E. Yannett**
  beyannet@debevoise.com,mao-ecf@debevoise.com

- **Shimon Yiftach**
  shimon@yiftachlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)