# EXHIBIT 8

Ian D. Berg (Bar No. 263586)
**ABRAHAM FRUCHTER,**
 **& TWERSKY, LLP**
11622 El Camino Real, Suite 100
San Diego, California 92130
Tel:   (858) 764-2580
Fax:   (858) 764-2582
*iberg@aftlaw.com*

*Counsel for Harriet Steinberg*

**GREENFIELD & GOODMAN LLC**
Richard D. Greenfield (admitted *Pro Hac Vice*)
250 Hudson Street, 8th Floor
New York, New York 10013
Tel:   (917) 495-4444
*rdg@twowhitehats.com*

*Counsel for A.J. Copeland*

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HEWLETT-PACKARD COMPANY SHAREHOLDER DERIVATIVE LITIGATION | MASTER DOCKET NO. C-12-6003 CRB (EDL) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | SUPPLEMENTAL OBJECTIONS OF HARRIET STEINBERG AND A.J. COPELAND TO THE PROPOSED SETTLEMENT<br><br>[REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED] |

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

RELEVANT SUPPLEMENTAL PROCEDURAL HISTORY ........................................... 1

ARGUMENT ........................................................................................................................ 2

    I.    BENNETT'S TESTIMONY FAILS TO DISPEL THE REASONABLE DOUBT RELATING TO WHETHER THE BOARD CONDUCTED AN INDEPENDENT INVESTIATION OF THE POTENTIAL CLAIMS ................... 2

        A.    A Reasonable Doubt Exists Whether the Committee was Independent ...... 2

        B.    A Reasonable Doubt Exists Whether the Board was Independent .............. 4

        C.    A Reasonable Doubt Exists as to the Independence of Committee Counsel ........................................................................................................ 4

    II.    BENNETT'S TESTIMONY FURTHER DEMONSTRATES A LACK OF GOOD FAITH AND DUE CARE IN HP'S INVESTIGATION OF THE POTENTIAL CLAIMS ......................................................................................... 6

    III.    BENNETT'S TESTIMONY FAILS TO DEMONSTRATE THAT THE POTENTIAL CLAIMS LACK MERIT ........................................................................................ 7

    IV.    BENNETT'S TESTIMONY CONFIRMS THAT HP CONTINUES TO SHIELD THE RESULTS OF THE INVESTIGATION FROM SCRUTINY ...... 10

    V.    BENNETT'S TESTIMONY CONFIRMS THAT THE SETTLING PLAINTIFFS MUST DEMONSTRATE THE FAIRNESS OF THE PROPOSED SETTLEMENT BY CLEAR AND CONVINCING EVIDENCE ... 12

    VI.    HP'S BELATED DOCUMENT PRODUCTION DEMONSTRATES THE INADEQUACY OF SETTLING PLAINTIFF'S PROFFER IN SUPPORT OF THE PROPOSED SETTLEMENT ................................................................ 13

CONCLUSION ................................................................................................................... 14

## TABLE OF AUTHORITIES

**Cases**                                                                                                                                        **Page(s)**

*Brehm v. Eisner (In re Walt Disney Co. Deriv. Litig.)*,
   906 A.2d 27 (Del. 2006) ..................................................................................................8

*Gantler v. Stephens*,
   965 A.2d 695 (Del. 2009) ................................................................................................8

*Grimes v. DCS Communications Corp.*,
   724 A.2d 561 (Del. Ch. 1998) ........................................................................................11

*In re General Motors Corp. Engine Interchange Litigation*,
   594 F.2d 1106 (7th Cir. 1979) .......................................................................................12

*In re KLA-Tencor Corp. S'holder Deriv. Litig.*,
   2008 U.S. Dist. LEXIS 111402 (N.D. Cal. Aug. 13, 2008) ............................................7

*In re Oracle Corp. Deriv. Litig.*,
   824 A.2d 917 (Del. Ch. 2003) .....................................................................................2, 3

*Ironworkers Dist. Council v. Andreotti*,
   C.A. No. 9714-VCG, 2015 Del. Ch. LEXIS 135 (Del. Ch. May 8, 2015) ..................6, 7

*La. Mun. Police Emples. Ret. Sys. v. Morgan Stanley & Co.*,
   2011 Del. Ch. LEXIS 42 (Del. Ch. Mar. 4, 2011) ....................................................2, 11

*MCG Capital Corp. v. Maginn*,
   C.A. No. 4521-CC, 2010 Del. Ch. LEXIS 87 (Del. Ch. May 5, 2010) ...........................8

*Scattered Corp. v. Chicago Stock Exch., Inc.*,
   701 A.2d 70 (Del. 1997) ..................................................................................................2

*Smith v. Van Gorkom*,
   488 A.2d 858 (Del. 1985) ............................................................................................8, 9

*Stepak v. Addison*,
   20 F.3d 398 (11th Cir. 1994) ...........................................................................................5

**Statutes and Rules**

8 Del. C. §102(b)(7) ..............................................................................................................7

Harriet Steinberg ("Steinberg") and A.J. Copeland ("Copeland", collectively with Steinberg, the "Objectors"), by their undersigned attorneys, pursuant to this Court's June 30, 2015 Order (Docket No. 374), respectfully submit these joint supplemental objections based upon, *inter alia*, the recent deposition testimony of Robert Bennett ("Bennett") which took place on July 7, 2015. *See* Transcript of Deposition Testimony of Robert Bennett ("Tr.") attached as Exhibit 54 to the Supplemental Declaration of Jeffrey S. Abraham ("Abraham Supp. Decl.").

## RELEVANT SUPPLEMENTAL PROCEDURAL HISTORY

On June 17, 2015, Magistrate Judge Laporte ordered Hewlett-Packard Company ("HP" or the "Company") to produce a member of the Demand Review Committee ("DRC" or the "Committee") to be deposed by June 29, 2015. Dkt. No. 364. HP agreed to produce Robert Bennett ("Bennett"), a member of the DRC, for a deposition on July 7, 2015 in Colorado. Dkt. No. 374.[1] Bennett had only joined the Board on July 18, 2013, six months after the DRC had first been formed. DRC Resolution at 10; §II.A.2.b (Dkt. No. 211-1). In producing Bennett, HP declined a request by Richard D. Greenfield, counsel for Copeland, to produce Ralph Whitworth, who was the most prominent member of the DRC, for a deposition, and the member who invited Bennett to join the DRC following the resignation of defendant Thompson due to a serious conflict of interest. Supplemental Declaration of Richard D. Greenfield ("Greenfield Supp. Decl.") ¶2; Tr. 8:16-18.

Additionally, on the evening of July 2, 2015, HP made a supplemental document production consisting, *inter alia*, ███████████████████████████ This production came on the eve of the Federal Independence Day weekend, the observation of which began on July 3, 2015. This final production followed earlier last-minute productions only days before the due date of the Objections. Greenfield Supp. Decl. ¶3. Objections to the Proposed Settlement were due on July 6, 2015, which was the next business day. Dkt. No. 374.

---

[1] The deposition took place at the location Bennett designated, the Inverness Golf Resort in Englewood, outside of Denver, Colorado. *See* Tr. at 4

# ARGUMENT

## I. BENNETT'S TESTIMONY FAILS TO DISPEL THE REASONABLE DOUBT RELATING TO WHETHER THE BOARD CONDUCTED AN INDEPENDENT INVESTIGATION OF THE POTENTIAL CLAIMS

It is a well-settled principle of Delaware law that:

> It is not correct that a demand concedes independence "conclusively" and *in futuro* for all purposes relevant to the demand. . . . [Instead,] [f]ailure of an otherwise independent-appearing board or committee to act independently is a failure to carry out its fiduciary duties in good faith or to conduct a reasonable investigation. Such failure could constitute wrongful refusal.

*Scattered Corp. v. Chi. Stock Exch., Inc.*, 701 A.2d 70, 74-75 (Del. 1997) (quoted in *La. Mun. Police Emples. Ret. Sys. v. Morgan Stanley & Co.*, 2011 Del. Ch. LEXIS 42 (Del. Ch. Mar. 4, 2011)). Here, a reasonable doubt exists whether the investigation of the Potential Claims was independent at the Committee level, the Board level or even with respect to the retention of counsel.

### A. A Reasonable Doubt Exists Whether the Committee was Independent

A majority of the DRC suffered from conflicts of interests. There were originally three members of the Committee: Gary Reiner ("Reiner"); Ralph Whitworth ("Whitworth"); and G. Kennedy Thompson ("Thompson"). DRC Resolution at 10; §II.A.2.a. Defendant Reiner had been a member of the Board who served on the Board's Technology Committee at the time of the Acquisition. *Id.* at 23; §XII.A.9. Defendant Thompson also had been a member of the Board at the time of the Acquisition, serving on the Finance and Investment Committee ("FIC"). *Id.* at §XII.A.8. ███████████████████████████████████████████████████████████████████████ Tr. at 33:25-34:5. Thus, at a minimum, two out of three members of the Committee as originally constituted, *i.e.*, defendants Reiner and Thompson, lacked independence or were not disinterested because they were subjects of the investigation into potential personal liability relating to HP's losses in the Acquisition. *See, e.g., In re Oracle Corp. Derivative Litig.*, 824 A.2d 917, 938 (Del. Ch. 2003) ("the question of independence turns on whether a director is, *for any substantial reason*, incapable of making a

1  decision with only the best interests of the corporation in mind.") (citation omitted) (emphasis in
2  original).[2]
3  ███████████████████████████████████████████████████████████████████
4  ███████████████████████████ Tr. at 8:9-9:10. Apparently because of a conflict, he "recused
5  himself from consideration of any claim against Perella [Weinberg]." DRC Resolution at 22;
6  §XII.A.2. ████████████████████████████████████████████████████████████
7  ███████████████████████████████████████████████████████████████████
8  ████████████████ DRC Resolution at 55; §XIX.C.2.j. Thus, replacing defendant Thompson
9  with Bennett still left a majority of the Committee either not independent or not disinterested,
10 which is sufficient to cause the entire Committee to be deemed lacking in independence.
11      In addition, whether Whitworth was or is truly independent remains unexplored inasmuch
12 as he was said to be unable to testify and has resigned from the HP Board. Thus, as the
13 Committee acknowledges, under Delaware law, one area of inquiry relevant to determining
14 whether a person is independent and disinterested is whether there exists:

> [a]ny financial, business, social, public service, or philanthropic relationships that
> Committee Members and Board Members might have with each other or with any
> controlling shareholder, defendant, potential defendant . . . or relevant officer . . .
> or counsel of the Company . . . or with any other person who might have an
> inherent interest in the outcome of the Committee's findings.

DRC Resolution at 21;§XI.A.1. *See also In re Oracle*, 824 A.2d at 938, *supra*. However, the
Committee (or its counsel) failed to explore that issue (or did not like the results of its
exploration and shielded those facts from scrutiny) as it relates to Whitworth, instead focusing
entirely on the investments of the Relational Investors LLC, which he manages. DRC
Resolution at 22; §XII.A.3.

---

[2] This is particularly true where, as here, defendant Thompson was effectively forced to resign from the Board because of his involvement in the Acquisition. *See, e.g.*, Adam Jeffrey, *Expect 'Some Evolution' to HP's Board: Director* (CNBC Mar. 20, 2013) (attached as Exhibit 57 to the Abraham Supp. Decl.)

### B. A Reasonable Doubt Exists Whether the Board was Independent

The same lack of independence exists with respect to those members of the Board who considered the Committee's evaluation of the Potential Claims including those the allegations contained in the operative complaint in this action, the complaints filed by Objector Copeland and Steinberg and the pre-suit demand letters sent to HP's Board by Objector Copeland. Defendants Raymond Lane ("Lane"), Ann Livermore ("Livermore") and Margaret Whitman ("Whitman") voluntarily recused themselves from the Board's resolution respecting the Potential Claims. DRC Resolution at 22; §XII.A.1. However, defendants Lane, Livermore and Whitman do not constitute the universe of HP directors who were members of the Board at the time of the Acquisition and continued to serve on the Board when a decision was made with respect to the shareholder demands and whether to pursue the Potential Claims. Instead, Board members with potential liability based upon their service on the Board, the Technology Committee and the FIC at the time of the Acquisition took part in the deliberations over the merits of the Potential Claims.[3]

Moreover, even assuming, *arguendo,* that a majority of the Board considering the Potential Claims were, in fact, independent (and no evidence or analysis has been placed before the Court with respect to that issue) it would make no difference. ████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████ *See* HP_DRC_000001 (Abraham Supp. Decl. Ex. 50).

### C. A Reasonable Doubt Exists as to the Independence of Committee Counsel

Lack of independence also impacts Proskauer, which served as primary counsel to the Board, supposedly reporting exclusively to the Committee, in analyzing the potential claims against HP's officers and directors. DRC Resolution at 13; §IV.A.1. As the Committee's resolution makes clear, Proskauer did not evaluate claims against HP's professional advisers ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ *ee* HP_DER3_00009014 (Abraham Supp. Decl. Ex. 52)

including Barclays and Perella Weinberg.[4] *Id.* Presumably this was because of the conflict created by Proskauer's ongoing representation of those entities in different matters. *See, e.g.,* Abraham Supp. Decl. at Ex. 55 (Proskauer lawyers having ongoing professional relationships with, at least, Barclays and likely relationships with Perella Weinberg). ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ DRC Resolution at 53 and 55; §§XIX.C.1.e and C.2.j. This failure to retain fully independent counsel reaches "the level of gross negligence and is incompatible with a board's fiduciary duty to inform itself of all material information prior to making a business decision." *Stepak v. Addison*, 20 F.3d 398, 405 (11th Cir. 1994) (quotations omitted).

In addition, Proskauer was not retained separately by the Committee. Instead, Proskauer was *retained by the Company* to assist the Committee in evaluating the Potential Claims. DRC Resolution at 13; §IV.A.1. Proskauer's precise relationship with HP, the Committee and HP's directors who were defendants in the Potential Claims is unknown because the Company has refused to produce a copy of Proskauer's retention agreement and Mr. Copeland's motion to depose a lawyer from Proskauer was denied. *See* Wachtell Ltr. Dated Apr. 29, 2015 (Abraham Supp. Decl. Ex. 51). In addition, it is noteworthy that Marc Wolinsky, an attorney from Wachtell, represented Bennett at his deposition despite also *de facto* representing the Individual Defendants' interests in this lawsuit and in the negotiation of the proposed settlement. This demonstrates that the precise lines in the representation between Proskauer and Wachtell (which also served as *de facto* counsel to the individual defendants) were often blurred.[5]

---

[4] The laws firms Brown Rudnick LLP and Choate Hall & Stewart LLP undertook separate investigations of those advisors. DRC Resolution at 54; §XIX.C.1.j.

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Tr. 14:8.

SUPPLEMENTAL OBJECTIONS TO THE PROPOSED SETTLEMENT -- 5 --
Master Docket No. C-12-6003 CRB

## II. BENNETT'S TESTIMONY FURTHER DEMONSTRATES A LACK OF GOOD FAITH AND DUE CARE IN HP'S INVESTIGATION OF THE POTENTIAL CLAIMS

A decision to deny a shareholder demand must be "consistent with [the] duty of care to act on an informed basis." *Ironworkers Dist. Council v. Andreotti*, C.A. No. 9714-VCG, 2015 Del. Ch. LEXIS 135, at *83 & n.240 (Del. Ch. May 8, 2015) (citing cases). Here, the Committee was charged by the Board resolution of January 17, 2013 to "investigate, review, and evaluate" the Potential Claims. DRC Resolution at 9; §II.A.1.b.





See, e.g., In re KLA-Tencor Corp. S'holder Deriv. Litig., 2008 U.S. Dist. LEXIS 111402, at *6 (N.D. Cal. Aug. 13, 2008) (special litigation committee reviewed notes of the interviews conducted by committee counsel).

This "devil may care" attitude may suit a man who only made himself available for a deposition at a golf resort in Colorado. However, it falls far short of the fiduciary duty of care to be informed of all relevant facts prior to making any decision or recommendation which each of the members of the Committee possessed. *Ironworkers Dist. Council v. Andreotti, supra.*

### III. BENNETT'S TESTIMONY FAILS TO DEMONSTRATE THAT THE



r. at 96:23-97:2 (emphasis added). However, this finding lacks any meaning with respect to defendants Apotheker and Robison who, as *officers* of the Company, may not rely on the exculpatory provisions of 8 *Del. C.*

---

[6] Proskauer is believed to have been paid $30 million or more for the work it performed, but Bennett could not recall a specific amount. Tr. at 14:3-15.

1  §102(b)(7). *See* Steinberg's Objection (Docket No. 384) at 27 (citing *Gantler v. Stephens*, 965
2  A.2d 695, 709, n.37 (Del. 2009)).[7]
3  *Second*, Bennett's testimony demonstrates that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Steinberg
17 Obj. at 19 (citing HP_DER3_00012877 (Abraham Decl. Ex. 1, Dkt. No. 380-3)). Copeland Obj.
18 at 9. Not being informed of relevant and material facts necessarily precludes application of the
19 business judgment rule. Steinberg Obj. at 19 and 24 (citing *Brehm v. Eisner (In re Walt Disney*
20 *Co. Deriv. Litig.)*, 746 A.2d 244, 264 (Del. 2006) and *MCG Capital Corp. v. Maginn*, C.A. No.
21 4521-CC, 2010 Del. Ch. LEXIS 87, at 79 n.129 (Del. Ch. May 5, 2010)). *See also Smith v. Van*
22 *Gorkom*, 488 A.2d 858, 872 (Del. 1985).

---

[7] Even the so-called exculpatory provisions of Delaware law and HP's corporate charter are not absolute. *See* Steinberg Obj. at 20-21.

[8] See Tr. at 21:15-20 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[REDACTED] emonstrates a failure to properly exercise an informed business decision. *See, e.g., Smith v. Van Gorkom*, 488 A.2d at 874 (approving a corporate transaction on two hours' consideration without the exigency of a crisis or emergency constitutes gross negligence).

[Redacted]

## IV. BENNETT'S TESTIMONY CONFIRMS THAT HP CONTINUES TO SHIELD THE RESULTS OF THE INVESTIGATION FROM SCRUTINY

[Redacted]

1
2
3       Customarily committee counsel prepares a report for the committee's review containing
4 conclusions about the merits of potential claims. *See, e.g., La. Mun. Ret. Sys. v. Morgan Stanley
5 & Co.*, 2011 Del. Ch. LEXIS 42, at *22-23 (citing *Grimes v. DCS Communications Corp.*, 724
6 A.2d 561, 567 (Del. Ch. 1998)); Abraham Supp. Decl. at Ex. 56 (attaching copy of committee
7 counsel report for J&J shareholder derivative action case).
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27 *See* Abraham Supp. Decl. Ex. 53.
28

[REDACTED] Thus, there exists a distinct possibility, if not a high degree of likelihood, that there is a whole treasure trove of documents containing the DRC's (i.e. counsel's) evaluation of the Potential Claims, which remain shielded from any scrutiny even in a redacted format.

### V. BENNETT'S TESTIMONY CONFIRMS THAT THE SETTLING PLAINTIFFS MUST DEMONSTRATE THE FAIRNESS OF THE PROPOSED SETTLEMENT BY CLEAR AND CONVINCING EVIDENCE

[REDACTED] a [REDACTED] Tr. at 112:2-19.[9] The reasonable inference is that negotiations over the terms of the settlement were entangled with negotiation of attorneys' fees, requiring the Settling Plaintiffs (and HP) to demonstrate that the Proposed Settlement is fair and reasonable by clear and convincing evidence. *See* Steinberg Obj. at Point I (citing *In re General Motors Corp. Engine Interchange Litigation*, 594 F.2d 1106, 1126 n.30 (7th Cir. 1979).

[REDACTED]

216:17-25. As such, this revisionist history testimony is entitled to zero credibility.

SUPPLEMENTAL OBJECTIONS TO THE PROPOSED SETTLEMENT -- 12 --
Master Docket No. C-12-6003 CRB

## VI. HP'S BELATED DOCUMENT PRODUCTION DEMONSTRATES THE INADEQUACY OF SETTLING PLAINTIFF'S PROFFER IN SUPPORT OF THE PROPOSED SETTLEMENT

HP's eleventh-hour document production further highlights the failure of the Settling Plaintiffs to carry their burden of proof in demonstrating to the Court the precise reasons why the Proposed Settlement is, in fact, fair and reasonable to HP.

See HP_DER3_00015202.

In contrast to this well-informed analysis of the likely liability of HP's officers and directors, the Settling Plaintiffs have only placed before the Court a conclusory statement of

generalized risk factors present in almost every shareholder derivative litigation and have made absolutely no effort to make any evidentiary record upon which this Court could base any findings of fact with respect to the merits of the claims to be released. *See* Settling Pl. Memo. (Dkt. No. 365) at 12-14. Settling Plaintiffs' conclusory analysis and boiler-plate generalizations provided to the Court are plainly inadequate.

## CONCLUSION

Therefore, for the reasons set forth above and in the prior submissions made with this Court by Ms. Steinberg and Mr. Copeland, this Court should decline to approve the Proposed Settlement.

Dated: July 14, 2015

              **ABRAHAM, FRUCHTER & TWERSKY, LLP**
              Ian D. Berg  (Bar No. 263586)
              11622 El Camino Real, Suite 100
              San Diego, CA 92130
              Tel:    (858) 764-2580
              Fax:   (858) 764-2582
              *iberg@aftlaw.com*

              **ABRAHAM, FRUCHTER & TWERSKY, LLP**

                  /s/ Jeffrey S. Abraham
              Jeffrey S. Abraham, *pro hac vice*
              Lawrence D. Levit
              Philip T. Taylor
              One Penn Plaza, Suite 2805
              New York, New York 10119
              Tel:    (212) 279-5050
              Fax:   (212) 279-3655
              *jabraham@aftlaw.com*
              *llevit@aftlaw.com*
              *ptaylor@aftlaw.com*

              **KANTROWITZ, GOLDHAMER**
                **& GRAIFMAN, P.C.**
              Gary S. Graifman, *pro hac vice*
              Michael L. Braunstein
              210 Summit Avenue
              Montvale, New Jersey 07645
              Tel:    (201) 391-7000
              Fax:   (201) 307-1088
              *ggraifman@kgglaw.com*

SUPPLEMENTAL OBJECTIONS TO THE PROPOSED SETTLEMENT    -- 14 --
Master Docket No. C-12-6003 CRB

**GREEN & ASSOCIATES, LLC**
Michael S. Green
522 Route 18, Suite 5
East Brunswick, New Jersey 08816
Tel: (732) 390-5900

*Counsel for Harriet Steinberg*

Richard D. Greenfield (admitted Pro Hac Vice)
**GREENFIELD & GOODMAN LLC**
Ann M. Caldwell
Ilene F. Brookler
250 Hudson Street, 8th Floor
New York, New York 10013
Tel: (917) 495-4444
rdg@twowhitehats.com
acaldwell@classactlaw.com
ibrookler@gmail.com

**SHEPARD, FINKELMAN, MILLER & SHAH, LLP**
Scott R. Shepard
35 E. State Street
Media, PA 19063
Tel: (610) 891-9880
ssheperd@sfmslaw.com

**SHEPARD, FINKELMAN, MILLER & SHAH, LLP**
Rose F. Luzon (SBN 221544)
401 West A Street, Suite 2350
San Diego, CA 92101
Tel: (619) 235-2416
rluzon@sfmslaw.com

*Counsel for A.J. Copeland*