WACHTELL, LIPTON, ROSEN & KATZ
MARC WOLINSKY (*pro hac vice*)
GEORGE T. CONWAY III (*pro hac vice*)
51 West 52nd Street
New York, NY  10019
Tel./Fax:  212.403.1000/2000
MWolinsky@wlrk.com
GTConway@wlrk.com

FARELLA, BRAUN & MARTEL, LLP
NEIL A. GOTEINER, State Bar No. 83524
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Tel./Fax:  415.954.4400/4480
NGoteiner@fbm.com

*Attorneys for Defendant Hewlett-Packard Company*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HEWLETT-PACKARD COMPANY SHAREHOLDER DERIVATIVE LITIGATION<br><br>This Document Relates to:  All Actions | Master File No. C-12-6003 CRB<br><br>**HEWLETT-PACKARD COMPANY'S RESPONSE TO OBJECTORS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULE 79-5(e)**<br><br>Dept.:  Courtroom 6, 17th Floor<br>Judge:  Hon. Charles R. Breyer |

Pursuant to Civil Local Rules 7-11 and 79-5, Hewlett-Packard Company ("HP") respectfully submits this response to Objectors' Administrative Motion to Seal Documents Pursuant to Civil Local Rule 79-5(e) (Docket #390).  There are compelling reasons to seal the redacted portions of the Supplemental Objections of Harriet Steinberg and A.J. Copeland to the Proposed Settlement ("Supplemental Objections") and several of the sealed documents filed as exhibits thereto.  Docket #391.

Consistent with the Court's Order Granting Motion for Preliminary Approval of Third Amended Settlement (Docket #319), HP has produced over 15,000 pages of documents to objectors Steinberg and Copeland to enable them to evaluate the fairness and adequacy of the proposed settlement.[1]  Prior to obtaining this discovery, both Copeland and Steinberg entered into Confidentiality Agreements with HP, which provided that "[t]o the extent Shareholder wishes to rely on Confidential Information in a court filing, including a statement of objections to the Third Amended and Restated Stipulation of Settlement, material reflecting Confidential Information shall be filed under seal."  Wolinsky Decl. Ex. A, B.

In connection with the Supplemental Objections, Steinberg and Copeland filed 6 exhibits under seal and redacted portions of their supplemental brief reflecting information that HP has designated as confidential.  HP has no objection to filing Exhibit 51 (April 29, 2015 Letter from C. Olsen to L. Levitt) or Exhibit 54 (July 7, 2015 Deposition Transcript of Robert Bennett) publicly.

There are, however, compelling reasons to seal the remaining Exhibits and the portions of the Supplemental Objections citing those exhibits.

**1.**     Several of the documents the objectors move to place under seal contain proprietary information about HP's M&A policies and procedures (Ex. 50), due diligence processes (Ex. 52), and insurance policies (Ex. 53).  HP's competitors could use this competitively sensitive information to their advantage, and the detriment to HP and its shareholders is a compelling reason to keep the materials under seal.  *See, e.g.*, *In re Powell*, 1998 WL 800110, at *2 (Bankr. D. Vt. Oct. 19, 1998)

---

[1] Copeland complains that HP's last two productions were "last-minute" because HP produced two documents on June 30 and a handful of documents on July 2.  Docket # 393.  The productions were produced to refute baseless arguments that objectors made in opposition to Court approval of the settlement and in advance of the Bennett deposition so that objectors could use them at the deposition.

HP RESPONSE TO STEINBERG'S MOT. TO SEAL
MASTER FILE NO. C-12-6003 CRB

("'[T]heir potential to do commercial harm and the fact that the information . . . was quite arguably a part of [the company's] efforts to gain a competitive advantage are dispositive of the Court's decision to seal the exhibits." (quoting *Gelb* v. *Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1034 (S.D.N.Y. 1993))); *see also* Order Granting Motion for Preliminary Approval of Third Amended Settlement (Docket #319) (recognizing that the risk of "detriment that HP would suffer" if competitors had access to sensitive corporate information provides "compelling reasons to prevent public disclosure).[2]

**2.**   The remainder of the documents should be sealed because their release could interfere with HP's litigation against the legacy Autonomy officials who orchestrated the fraud against HP, Michael Lynch and Sushovan Hussain (*e.g.*, Exs. 50, 52, 53, and 54-1). Although Lynch and Hussain may ultimately obtain discovery in the U.K. proceedings, they should not be able to use the settlement process here as a backdoor to obtain premature discovery of documents to which they may or may not be entitled.

**3.**   The interests of HP shareholders in disclosure is appropriately accommodated in this case by the fact that any HP shareholder could have obtained access to the confidential documents by requesting access to them and signing a confidentiality agreement, as Steinberg and Copeland did.

**4.**   HP's confidentiality concerns are particularly acute given the objectors' proven disregard for their confidentiality commitments. As explained in HP's Response to Steinberg's Administrative Motion to Seal Documents Pursuant to Local Rule 79-5(e) ("Response") (Docket #388), Steinberg filed as an Exhibit to her Objection to the Proposed Settlement (Docket #384) a document — an unredacted copy of the DRC Resolution — that was produced to her outside of the objector

---

[2]   The objectors' cases are not to the contrary. *Kamakana* v. *City of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), simply recognizes that a party seeking to file documents under seal must show compelling reasons to do so. *See id.* at 1782. As explained above, the competitive harm HP would suffer if several of the exhibits were filed publicly constitutes a compelling reason to seal portions of the objectors' Supplemental Objections and certain exhibits thereto. *PNY Techs. Inc.* v. *Sandisk Corp.*, 2013 U.S. Dist. LEXIS 182138 (N.D. Cal. Jan. 2, 2014), simply states that a party seeking to file documents must make a particularized showing that the relevant materials contain confidential information. HP has done so. Likewise, *Positive Techs., Inc.* v. *Sony Elecs., Inc.*, 2013 U.S. Dist. Dist. LEXIS 14187 (N.D. Cal. Feb. 1, 2013), merely notes that the party seeking to keep documents under seal has the burden of demonstrating sufficient grounds to seal. Again, HP has done so.

1  discovery context and pursuant to a confidentiality agreement that restricted the use of that document
2  outside the context of a shareholder books and records demand.  *See* Docket #388; Wolinsky Decl.
3  Exs. C, D.

4  Although HP flagged this breach *before* the objectors filed their Supplemental Objections,
5  the objectors again included an exhibit that was not produced to the objectors as part of objector dis-
6  covery, but again in response to a shareholder books and records demand.  In this case, the objectors
7  cited an unredacted copy of Hewlett-Packard Company Board of Directors' Resolution Regarding
8  Shareholder Derivative Claims and Demands ("January 2014 Board Resolution") (Exhibit 50).

9  HP was willing to produce the unredacted January 2014 Board Resolution in response to
10 shareholders' books and records demands because producing documents in the context of a share-
11 holder's non-adversarial books and records request does not operate as a waiver of privilege.  *See*
12 *Wal-Mart Stores, Inc.* v. *Ind. Elec. Workers Pension Trust Fund IBEW*, 95 A.3d 1264, 1278 (Del.
13 2014) (recognizing a fiduciary exception to the attorney-client privilege in the context of Section 220
14 actions); *see also Grimes* v. *DSC Commc'ns Corp.*, 724 A.2d 561, 568 (Del. Ch. 1998) ("'oft-
15 invoked exception [to a corporation's attorney-client privilege] applies in suits by minority share-
16 holders'").

17 Moreover, there was no need to reproduce the unredacted January 2014 Board Resolution to
18 objectors as part of objector discovery because a redacted version of the document has already been
19 filed with the Court (Docket #211-3).  As Magistrate Judge Laporte found when she denied A.J.
20 Copeland's request for an unredacted copy of the January 2014 Board Resolution, "the redacted por-
21 tions of these documents primarily reflect advice by the DRC's counsel regarding HP's potential
22 claims against Michael Lynch and Sushovan Hussain."  Order Denying Request for Discovery
23 (Docket #348) at 2.  Given that litigation has already commenced against Lynch and Hussain, Mag-
24 istrate Judge Laporte held that the objectors have no "need" to access HP's preliminary thinking on
25 that litigation.  *Id.*  Nonetheless, and without seeking HP's prior consent, the objectors cite the unre-
26 dacted January 2014 Board Resolution.  *See* Supplemental Objections at 4 (citing Exhibit 50).

27 \*       \*       \*

28

1    HP has already begun to work with the objectors to determine whether any of the redacted
2 portions of their initial objections to the proposed settlement can be filed publicly.  HP will also
3 work with the objectors to determine whether any portions of the Supplemental Objections can be
4 made public consistent with HP's compelling confidentiality interests.  For the reasons described
5 above, four of the redacted exhibits and certain portions of the Supplemental Objections should be
6 sealed.

Dated:  July 20, 2015

WACHTELL, LIPTON, ROSEN & KATZ

By: _____
   Marc Wolinsky
   George T. Conway III
   51 West 52nd Street
   New York, NY  10019
   Telephone:  (212) 403-1000
   Facsimile:  (212) 403-2000

FARELLA BRAUN & MARTEL, LLP
   Neil A. Goteiner
   235 Montgomery Street
   San Francisco, CA  94104
   Telephone:  (415) 954-4400
   Facsimile:  (415) 954-4480

*Attorneys for Defendant Hewlett-Packard Company*