UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE HEWLETT-PACKARD COMPANY SHAREHOLDER DERIVATIVE LITIGATION** | Case No. C-12-6003-CRB |

**[PROPOSED]  ORDER APPROVING SETTLEMENT AND JUDGMENT**

WHEREAS, the Federal Plaintiff in this Federal Action, as well as State Plaintiffs in the State Actions, nominal defendant Hewlett-Packard Company ("HP" or the "Company"), and the defendants named in the consolidated amended complaint filed in this action have entered into a Third Amended and Restated Stipulation of Settlement that would settle Autonomy-Related Claims that were or could have been asserted in this Federal Action (and, through principles of res judicata and release, in other related actions including the parallel State Actions) against any Releasee, as defined in the Third Amended and Restated Stipulation of Settlement; and

WHEREAS, on March 13, 2015, the Court entered an Order Granting Preliminary Approval of Third Amended Settlement, Setting Scheduling, and Addressing Miscellaneous Relief (the "Preliminary Approval Order") in which the Court ordered, among other things, that (*i*) Notice be provided to Securities Holders, (*ii*) a Fairness Hearing be scheduled for July 24, 2015; and (*iii*) Securities Holders be provided with an opportunity to object to the proposed Settlement and to appear at the Fairness Hearing; and

WHEREAS the Court held the Fairness Hearing on July 24, 2015 to determine, among other things, whether to finally approve the Third Amended and Restated Stipulation of Settlement;

NOW, THEREFORE, based on the submissions of the Settling Parties, on objections received from Securities Holders, and on this Court's Findings of Fact and Conclusions of Law, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. ***Incorporation of Agreement*** – To the extent that definitions for any defined terms do not appear in this Order Approving Settlement and Judgment (the "Approval Order"), this Court adopts and incorporates the definitions in the Third Amended and Restated Stipulation of Settlement as supplemented and amended by the Agreements Excluding Sushovan Hussain and Michael Lynch.

2. This Approval Order incorporates and makes a part hereof:

    a. The Third Amended and Restated Stipulation of Settlement entered into on January 21, 2015 and

    b. Exhibits A through D thereto.

The Third Amended and Restated Stipulation of Settlement (dkt. 277-1) as supplemented and amended by the Agreements Excluding Sushovan Hussain and Michael Lynch (dkt. 349-1 and 359-1) and all exhibits thereto shall be referred to collectively as the "Agreement."

3. ***Jurisdiction*** – The Court has personal jurisdiction over all Securities Holders of HP in connection with the claims that were or could have been asserted in this Federal Action, and has subject-matter jurisdiction over this Federal Action, including jurisdiction to, among other things, approve the Agreement and dismiss the claims in this Federal Action with prejudice.

4. ***Adequacy of Federal Plaintiff and Federal Counsel*** – Federal Plaintiff held stock in HP continuously at all times relevant to this Federal Action and otherwise has standing to prosecute this Federal Action on behalf of HP and its Securities Holders.  Federal Plaintiff and

Federal Counsel have fully and adequately represented the other Securities Holders and the Company's interests for purposes of entering into and implementing the Agreement and the proposed Settlement.

5.     *Proof of Notice* – The Settling Parties filed with the Court adequate proof regarding the publication of the Notice materially consistent with directives in the Preliminary Approval Order.

6.     *Notice to Securities Holders* – The Court finds that the Notice provided to Securities Holders regarding the Agreement was simply written and readily understandable and that the Notice and notice methodology (*i*) constituted the best practicable notice, (*ii*) were reasonably calculated, under the circumstances, to apprise Securities Holders of the pendency of this Federal Action and related litigation (including the State Actions), the claims asserted, the terms of the proposed Settlement, and Securities Holders' right to object to the proposed Settlement and to appear at the Fairness Hearing, (*iii*) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice and (*iv*) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

7.     *Final Settlement Approval* – The terms and provisions of the Agreement have been entered into in good faith and under the auspices of an experienced mediator (a retired United States District Judge), who has filed a submission in support of the proposed settlement. The terms and provisions of the Agreement are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, the Company and its Securities Holders, and in full compliance with all applicable requirements of the Federal Rules of Civil

Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court and any other applicable law.

8. ***Implementation of the Agreement*** – The Settling Parties and their counsel are directed to implement and consummate the Agreement according to its terms and conditions.

9. ***Binding Effect*** – The Agreement and this Approval Order shall be forever binding on the Releasors and Releasees as to all Released Securities Holder/Company Claims, and as to all Releasee Claims against the Releasors. As to all such Claims, the Approval Order shall have *res judicata* and other preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of the Company; *provided however*, that this Approval Order shall not affect Non-Released Pending Claims and such Non-Released Preserved Claims as may be brought by the Company or Autonomy except pursuant to the terms of the Agreement.

10. ***Appellate Review and Termination*** – The Agreement provides certain limited termination rights in the event the Court's judgment is modified on appeal in a material way. If any of the parties exercise their rights of termination under Section IX of the Agreement, then all terms and conditions set out in the Agreement other than those in Subsection IV.B.3, Section VIII, Subsection IX.F, and Subsections X.C through X.T of the Agreement shall become null and void and of no further force and effect. In such event, the Agreement shall not be used or referred to for any purpose whatsoever in this or any other proceeding (other than to enforce Subsection IV.B.3, Section VIII, Subsection IX.F, and Subsections X.C through X.T), and all negotiations and proceedings relating to the Agreement shall be deemed to be withdrawn without prejudice as to the rights of each of the Settling Parties, all of whom shall be restored to their respective positions existing immediately before the Execution Date, except with respect to the

payment of Notice and Administrative Expenses as described in Subsection III.C of the Agreement.

11.     ***Releases and Waivers*** – The Release set forth in Subsection III.E.1 of the Agreement and its relevant definitions are expressly incorporated herein in all respects and shall be deemed a part of this order as if fully set forth herein.  The Release shall be effective as of the Final Settlement Date.  The Settling Parties agree and acknowledge that the provisions of the Release together constitute essential terms of the Agreement.  Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Agreement or this Approval Order.

12.     ***Permanent Injunction*** – The Court hereby permanently bars and enjoins all Securities Holders, any of their respective representatives, trustees, successors, heirs, agents and assigns, and anyone else purporting to act on behalf of or derivatively for the Company, from filing, commencing, prosecuting, intervening in, participating in or receiving any benefits or other relief from any other lawsuit, arbitration or administrative, regulatory or other proceeding (as well as filing a complaint in intervention in such proceedings in which the person or entity filing such complaint in intervention purports to be acting on behalf of or derivatively for any of the above) or order in any jurisdiction or forum based on or relating to any Autonomy-Related Claim that may be brought in a derivative capacity; *provided however,* that nothing in the permanent injunction granted by the Court shall bar (*i*) the Company or Autonomy (but not a Securities Holder acting on behalf of the Company) from asserting any Non-Released Preserved Claims in any pending or future judicial, administrative, regulatory, arbitration or other proceeding, or (*ii*) any appropriate shareholder or the Company from asserting Non-Released Pending Claims in any pending judicial proceeding, or (*iii*) any Securities Holder from asserting

Claims that are solely direct Claims (including claims made in the Securities Class Action and/or the ERISA Class Action), and not Claims made on behalf of the Company, in any pending or future judicial, administrative, regulatory, arbitration or other proceeding; *provided further*, that no part of this permanent injunction shall bar the Company or any defendant from seeking to stay or dismiss any other proceedings.

13.  *Complete Bar Order* – The Court finds that the Agreement represents a good-faith settlement of all Released Securities Holder/Company Claims sufficient to discharge the Releasees from all Releasors' Released Securities Holder/Company Claims.  To effectuate such settlement, the Court hereby enters the following bar:

a.  Any and all persons and entities are permanently barred, enjoined and restrained from commencing, prosecuting or asserting any claim against any Releasee arising under state, federal, foreign, or common law, however styled (whether for indemnification or contribution or otherwise denominated, including, without limitation, claims for breach of contract, breach of fiduciary duty or misrepresentation), where the alleged injury of such person or entity is that person's or entity's alleged liability to the Company or Autonomy, as applicable, based upon, arising out of, or relating to either (1) any Released Securities Holder/Company Claim belonging to the Company or (2) any Non-Released Preserved Claim belonging to the Company or Autonomy to the extent such Claims are Autonomy-Related Claims, whether such claim is legal or equitable, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, including, without limitation, any claim in which a person or entity seeks to recover from any of the Releasees (*i*) any amounts such person or entity may become liable to pay to or on behalf of the Company or Autonomy and/or (*ii*) any costs, expenses or attorneys' fees from defending any claim by or on behalf of the Company or Autonomy.  All such claims

are hereby extinguished, discharged, satisfied and unenforceable, subject to a hearing to be held by the Court, if necessary; *provided, however,* that, with respect to any judgment against any person or entity on behalf of the Company or Autonomy (including any judgment obtained by a Securities Holder bringing a claim derivatively on behalf of the Company) based upon, arising out of, or relating to any such claims, that person or entity shall be entitled to a credit of an amount that corresponds to the percentage of responsibility of the applicable Releasee(s) for the loss to the Company or Autonomy, as applicable; *provided further* that, if and to the extent that a court does not enforce the bar and injunction in this subparagraph, then the credit provided in the preceding clause shall not apply.

    b.  Each and every Releasee is permanently barred, enjoined and restrained from commencing, prosecuting or asserting any claim against any other person or entity (including any other Releasee) arising under state, federal, foreign, or common law, however styled (whether for indemnification or contribution or otherwise denominated, including, without limitation, claims for breach of contract, breach of fiduciary duty or misrepresentation), where the alleged injury or damage to the Releasee is the Releasee's alleged liability to the Company or Autonomy, as applicable, based upon, arising out of, or relating to any Released Securities Holder/Company Claim belonging to the Company or any Non-Released Preserved Claim belonging to the Company or Autonomy, whether such claim is legal or equitable, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, including, without limitation, any claim in which the Releasee seeks to recover from any person or entity, including another Releasee, (*i*) any amounts such Releasee has or may become liable to pay to or on behalf of the Company or Autonomy and/or (*ii*) any costs, expenses or attorneys' fees from defending any claim by or on behalf of the Company or Autonomy. Subject to Section III.E.1.e

7

of the Agreement, all such claims are hereby extinguished, discharged, satisfied and unenforceable.

        c.      Notwithstanding anything stated in this Complete Bar Order or in the Agreement, if any person or entity commences against any Releasee any action asserting a claim that is based upon, arises out of, or relates to any Released Securities Holder/Company Claim or Non-Released Preserved Claim belonging to the Company or Autonomy, and if such claim is not barred by a court pursuant to paragraph 12 of this Approval Order or is otherwise not barred by the Complete Bar Order, neither the Complete Bar Order nor the Agreement shall bar claims by that Releasee against such person or entity.

        d.      If any provision of this paragraph 13 is subsequently held to be unenforceable, such provision shall be substituted with such other provision as may be necessary to afford all of the Releasees the fullest protection permitted by law from any claim that arises out of or relates to any Released Securities Holder/Company Claim belonging to the Company, or that seeks indemnification or contribution in connection with any such matters or claims.

        e.      Notwithstanding anything herein to the contrary, paragraphs 13(a) and 13(b) of this Approval Order shall not apply to claims brought by or against Sushovan Hussain or Michael Lynch.

    14.    ***Reservation of Certain Rights*** – Notwithstanding the permanent injunction or complete bar set out in paragraphs 12 and 13, respectively, of this Approval Order:

        a.      Neither the Company nor Autonomy shall be barred or enjoined from asserting any Non-Released Preserved Claims, and neither the Releasees nor the Company shall be barred or enjoined from asserting any defense, against any non-Releasee (including but not limited to Autonomy, Legacy Autonomy Officials, Autonomy Pre-Acquisition Advisors, or

Autonomy Business Partners) in any pending or future judicial, administrative, regulatory, arbitration or other proceeding;

        b.    Neither the Company nor any appropriate shareholder shall be barred or enjoined from asserting any Non-Released Pending Claims in any pending judicial proceeding;

        c.    No Securities Holder shall be barred or enjoined from bringing Claims that both (i) are made in the capacity of the Securities Holder as a Securities Holder and (ii) are solely direct Claims (including claims made in the Securities Class Action and/or the ERISA Class Action), and not Claims made on behalf of the Company or Autonomy, in any pending or future judicial, administrative, regulatory, arbitration or other proceeding; and

        d.    The following Claims shall not be barred or enjoined:

        (1)    by any of the Settling Parties, Settling Plaintiffs' Counsel, or Defendants' Settlement Counsel to enforce the terms of the Agreement, the Approval Order or the Judgment;

        (2)    by the Company to seek reimbursement for advanced attorneys' fees or expenses from any Releasee who has been determined, or may be determined, to be unindemnifiable with respect to any Released Securities Holder/Company Claims; *provided* that this paragraph 14.d.(2) shall not apply to any Releasee whom the Board (based on the review conducted by the Independent Committee) has found adequately fulfilled his or her fiduciary duties and otherwise acted in the best interests of the Company and its shareholders with respect to Released Securities Holder/Company Claims;

        (3)    by Defendants or Defendants' Settlement Counsel seeking reimbursement for fees and expenses incurred in representing any of the Company, Settling Individual Defendants, Settling Professional Advisors or any other Releasee;

(4) belonging to the Company or any insured Releasee against any of the Company's insurers arising out of or relating to any potentially applicable insurance contracts or other agreements; *provided* that any such Claim must be asserted directly by the Company or the insured Releasee in its, his or her own right;

(5) by any Releasee who is or was employed or associated with the Company, with respect to any the rights of any such individual or entity under or to (i) pension plans, 401(k) plans, separation agreements, employment agreements, stock options, salary benefits or any other benefit plan, including health plans, in which such Releasee participates as a result of his or her current or former employment or association with the Company or (ii) indemnification, advancement or insurance coverage with respect to any claim made as to a Releasee that arises (*x*) by reason of the fact that he or she is or was a director, officer or employee of the Company or (*y*) under a written agreement between the Releasee and the Company or its Affiliates providing for indemnification, advancement, or insurance coverage; or

(6) by Legacy Autonomy Officials, Autonomy Pre-Acquisition Advisors, or Autonomy Business Partners against the Company or Autonomy.

15. *No Admissions* – None of the Agreement, this Approval Order, any of the provisions of the Agreement, the negotiation of the Agreement, the statements or court proceedings relating to the Agreement, any document referred to in this Approval Order, any action taken to carry out this Approval Order, or any prior Orders in this Federal Action shall be (*i*) construed as, offered as, received as, used as or deemed to be evidence of any kind in this Federal Action, the State Actions, or any other judicial, administrative, regulatory or other proceeding or action or (*ii*) construed as, offered as, received as, used as or deemed to be evidence of an admission or concession of any liability or wrongdoing whatsoever on the part of

any person or entity, including, without limitation, the Company and the Individual Defendants; *provided however*, that this Approval Order and the Agreement may be used as evidence of the terms of the Agreement or to enforce the provisions of this Approval Order and Judgment or the Agreement; *provided further* that this Approval Order and the Agreement may be filed in any action against or by the Company or other Releasees to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

16.  ***Enforcement of Settlement*** – Nothing in this Approval Order shall preclude any action to enforce the terms of the Agreement.

17.  ***Payment to Federal and State Counsel*** – Consistent with the substantial benefits conferred upon and expected to be conferred upon HP and its shareholders, HP shall pay $3,061,169 in fees and $72,948.90 in expenses to Federal Counsel and $793,741 in fees and $108,873.80 in expenses to State Counsel.  The payment of such amounts by HP to Cotchett, Pitre and McCarthy, LLP, counsel to Federal Plaintiff in the Federal Action, and Robbins Geller, counsel to State Plaintiffs in the State Actions, shall be the sole aggregate compensation for Federal Counsel and (based on State Counsel's agreement) State Counsel in connection with the Federal Action and the State Actions.  HP shall also pay $550,149.50 in fees and $19,724.22 in expenses to counsel for Intervenor Vincent Ho.  HP shall pay or cause to be paid such amounts within ten (10) Business Days from the date of entry of this Approval Order.

18.  ***Payment of Service Award*** – In consideration of his time and effort in bringing and prosecuting the Federal Action, HP has agreed to pay a service award of up to $25,000, and the Court hereby approves a service award of $5,000 to the Federal Plaintiff and $5,000 to

Invervenor Vincent Ho.  HP shall pay or cause to be paid such amount within ten (10) Business Days from the date of entry of this Approval Order.

19. *Modification of Agreement* – The Settling Parties are hereby authorized, without further notice to or approval by the Court, to agree to and adopt such amendments, modifications and expansions of the Agreement and its implementing documents (including all exhibits to the Agreement) that are not materially inconsistent with this Approval Order and do not limit the rights of Federal Plaintiff, State Plaintiffs, any other Securities Holders, the Company, Settling Individual Defendants, Settling Professional Advisor Defendants or any other Releasees under the Agreement.

20. [omitted as inadvertently included].

21. *Retention of Jurisdiction* – The Court has jurisdiction to enter this Approval Order.  Without in any way affecting the finality of this Approval Order, and subject to the dispute-resolution provisions found at Subsection III.D of the Agreement, this Court expressly retains exclusive and continuing jurisdiction over the Agreement, the Settling Parties, all Securities Holders and all Releasees to adjudicate all issues relating to this Agreement, including, without limitation, any issues relating to this Approval Order; *provided however*, that nothing in this paragraph 21 shall restrict the ability of the Settling Parties to exercise their rights under paragraph 19.  Any action arising under or to enforce the Agreement or this Approval Order shall be commenced and maintained only in this Court.

22. *Findings of Good Faith* – The Court finds that the Federal Complaint was filed as to all defendants (including the Company as a nominal defendant) on a good-faith basis and in accordance with Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information.  The Court finds that all parties to this Federal Action and their counsel

have acted in good faith and have complied with each requirement of Rule 11 with respect to all proceedings herein.

23.     ***Dismissal of Federal Action*** – The claims asserted against the Releasees in this Federal Action (including in *Steinberg* v. *Apotheker*, No. 14-cv-02287 (N.D. Cal.) and any and all other actions consolidated into the Federal Action) are hereby dismissed on the merits and with prejudice, without fees or costs to any party except as otherwise provided in this Approval Order and in the Agreement.

24.     ***Entry of Judgment*** – There is no just reason to delay the entry of this Order and the Judgment, and immediate entry by the Clerk of Court is expressly directed pursuant to Federal Rule of Civil Procedure 54(b).

So ordered this 30th day of July, 2015.

_____
THE HONORABLE CHARLES R. BREYER