**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

---

IN RE HEWLETT-PACKARD COMPANY
SHAREHOLDER DERIVATIVE LITIGATION

Case No.  C-12-6003-CRB

---

## [PROPOSED] FINAL JUDGMENT

1.      Consistent with the terms of the Approval Order entered on July 24, 2015, the

settlement of this Federal Action on the terms set forth in the parties' Third Amended and

Restated Stipulation of Settlement dated as of January 21, 2015, as supplemented and amended

by the Agreements Excluding Michael Lynch and Sushovan Hussain including all exhibits

(collectively, the "Agreement"), is approved as fair, reasonable and adequate and consistent with

and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the

United States Constitution (including the Due Process Clause), the Rules of this Court, and any

other applicable law, and in the best interests of Hewlett-Packard Company ("HP" or the

"Company") and its shareholders.  Unless otherwise defined in this Final Judgment, the

capitalized terms in the Final Judgment have the same meaning as in the Agreement.

2.      The Court finds no reason for delay in entering the Final Judgment as to the

Company, the Settling Individual Defendants, and the Settling Professional Advisor Defendants

in accordance with the terms of the Agreement and the Approval Order.

3.      The Agreement shall be forever binding on the Releasees and Releasors and, as to

all Released Securities Holder/Company Claims, has *res judicata* and other preclusive effect in

all pending and future lawsuits or other proceedings maintained by or on behalf of the Company

(including the two parallel State Actions) in accordance with the terms of the Agreement.

4.      The Release set forth in Subsection III.E.1 of the Agreement and its relevant definitions are expressly incorporated herein in all respects and shall be deemed a part of this order as if fully set forth herein.  The Release shall be effective as of the Final Settlement Date. The Settling Parties agree and acknowledge that the provisions of the Release together constitute essential terms of the Agreement.  Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Agreement or this Final Judgment.

5.      The Court hereby permanently bars and enjoins all Securities Holders, any of their respective representatives, trustees, successors, heirs, agents and assigns, and anyone else purporting to act on behalf of or derivatively for the Company, from filing, commencing, prosecuting, intervening in, participating in or receiving any benefits or other relief from any other lawsuit, arbitration or administrative, regulatory or other proceeding (as well as filing a complaint in intervention in such proceedings in which the person or entity filing such complaint in intervention purports to be acting on behalf of or derivatively for any of the above) or order in any jurisdiction or forum based on or relating to any Autonomy-Related Claim that may be brought in a derivative capacity; *provided however*, that nothing in the permanent injunction granted by the Court shall bar (*i*) the Company or Autonomy (but not a Securities Holder acting on behalf of the Company) from asserting any Non-Released Preserved Claims in any pending or future judicial, administrative, regulatory, arbitration or other proceeding, (*ii*) any appropriate shareholder or the Company from asserting Non-Released Pending Claims in any pending judicial proceeding, or (*iii*) any Securities Holder from asserting Claims that are solely direct Claims (including claims made in the Securities Class Action and/or the ERISA Class Action), and not Claims made on behalf of the Company, in any pending or future judicial,

administrative, regulatory, arbitration or other proceeding; *provided further*, that no part of this permanent injunction shall bar the Company or any defendant from seeking to stay or dismiss any other proceedings.

6.  The Court hereby enters the following bar:

a.  Any and all persons and entities are permanently barred, enjoined and restrained from commencing, prosecuting or asserting any claim against any Releasee arising under state, federal, foreign, or common law, however styled (whether for indemnification or contribution or otherwise denominated, including, without limitation, claims for breach of contract, breach of fiduciary duty or misrepresentation), where the alleged injury of such person or entity is that person's or entity's alleged liability to the Company or Autonomy, as applicable, based upon, arising out of, or relating to either (1) any Released Securities Holder/Company Claim belonging to the Company or (2) any Non-Released Preserved Claim belonging to the Company or Autonomy to the extent such Claims are Autonomy-Related Claims, whether such claim is legal or equitable, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, including, without limitation, any claim in which a person or entity seeks to recover from any of the Releasees (*i*) any amounts such person or entity may become liable to pay to or on behalf of the Company or Autonomy and/or (*ii*) any costs, expenses or attorneys' fees from defending any claim by or on behalf of the Company or Autonomy.  All such claims are hereby extinguished, discharged, satisfied and unenforceable, subject to a hearing to be held by the Court, if necessary; *provided, however,* that, with respect to any judgment against any person or entity on behalf of the Company or Autonomy (including any judgment obtained by a Securities Holder bringing a claim derivatively on behalf of the Company) based upon, arising out of, or relating to any such claims, that person or entity shall be

entitled to a credit of an amount that corresponds to the percentage of responsibility of the applicable Releasee(s) for the loss to the Company or Autonomy, as applicable; *provided further* that, if and to the extent that a court does not enforce the bar and injunction in this subparagraph, then the credit provided in the preceding clause shall not apply.

b.     Each and every Releasee is permanently barred, enjoined and restrained from commencing, prosecuting or asserting any claim against any other person or entity (including any other Releasee) arising under state, federal, foreign, or common law, however styled (whether for indemnification or contribution or otherwise denominated, including, without limitation, claims for breach of contract, breach of fiduciary duty or misrepresentation), where the alleged injury or damage to the Releasee is the Releasee's alleged liability to the Company or Autonomy, as applicable, based upon, arising out of, or relating to any Released Securities Holder/Company Claim belonging to the Company or any Non-Released Preserved Claim belonging to the Company or Autonomy, whether such claim is legal or equitable, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, including, without limitation, any claim in which the Releasee seeks to recover from any person or entity, including another Releasee, (*i*) any amounts such Releasee has or may become liable to pay to or on behalf of the Company or Autonomy and/or (*ii*) any costs, expenses or attorneys' fees from defending any claim by or on behalf of the Company or Autonomy.  Subject to Section III.E.1.e of the Agreement, all such claims are hereby extinguished, discharged, satisfied and unenforceable.

c.     Notwithstanding anything stated in this Complete Bar Order or in the Agreement, if any person or entity commences against any Releasee any action asserting a claim that is based upon, arises out of, or relates to any Released Securities Holder/Company

Claim or Non-Released Preserved Claim belonging to the Company or Autonomy, and if such claim is not barred by a court pursuant to paragraph 5 of this Approval Order or is otherwise not barred by the Complete Bar Order, neither the Complete Bar Order nor the Agreement shall bar claims by that Releasee against such person or entity.

        d.        If any provision of this paragraph 6 is subsequently held to be unenforceable, such provision shall be substituted with such other provision as may be necessary to afford all of the Releasees the fullest protection permitted by law from any claim that arises out of or relates to any Released Securities Holder/Company Claim belonging to the Company, or that seeks indemnification or contribution in connection with any such matters or claims.

        e.        Notwithstanding anything herein to the contrary, paragraphs 6(a) and 6(b) of this Final Judgment shall not apply to claims brought by or against Sushovan Hussain or Michael Lynch.

        7.        Notwithstanding the permanent injunction or complete bar set out in paragraphs 5 and 6, respectively, of this Final Judgment:

        a.        Neither the Company nor Autonomy shall be barred or enjoined from asserting any Non-Released Preserved Claims, and neither the Releasees nor the Company shall be barred or enjoined from asserting any defense, against any non-Releasee (including but not limited to Autonomy, Legacy Autonomy Officials, Autonomy Pre-Acquisition Advisors, or Autonomy Business Partners) in any pending or future judicial, administrative, regulatory, arbitration or other proceeding;

        b.        Neither the Company nor any appropriate shareholder shall be barred or enjoined from asserting any Non-Released Pending Claims in any pending judicial proceeding;

c.      No Securities Holder shall be barred or enjoined from asserting Claims that both (i) are made in the capacity of the Securities Holder as a Securities Holder and (ii) are solely direct Claims (including claims made in the Securities Class Action and/or the ERISA Class Action), and not Claims made on behalf of the Company, in any pending or future judicial, administrative, regulatory, arbitration or other proceeding; and

d.      The following Claims shall not be barred or enjoined:

(1)      by any of the Settling Parties, Settling Plaintiffs' Counsel, or Defendants' Settlement Counsel to enforce the terms of the Agreement, the Approval Order or the Judgment;

(2)      by the Company to seek reimbursement for advanced attorneys' fees or expenses from any Releasee who has been determined, or may be determined, to be unindemnifiable with respect to any Released Securities Holder/Company Claims; *provided* that this paragraph 7.d.(2) shall not apply to any Releasee whom the Board (based on the review conducted by the Independent Committee) has found adequately fulfilled his or her fiduciary duties and otherwise acted in the best interests of the Company and its shareholders with respect to Released Securities Holder/Company Claims;

(3)      by Defendants or Defendants' Settlement Counsel seeking reimbursement for fees and expenses incurred in representing any of the Company, Settling Individual Defendants, Settling Professional Advisors or any other Releasee;

(4)      belonging to the Company or any insured Releasee against any of the Company's insurers arising out of or relating to any potentially applicable insurance contracts or other agreements; *provided* that any such Claim must be asserted directly by the Company or the insured Releasee in its, his or her own right;

(5) by any Releasee who is or was employed or associated with the Company, with respect to the rights of any such individual or entity under or to (*i*) pension plans, 401(k) plans, separation agreements, employment agreements, stock options, salary benefits or any other benefit plan, including health plans, in which such Releasee participates as a result of his or her current or former employment or association with the Company or (*ii*) indemnification, advancement or insurance coverage with respect to any claim made as to a Releasee that arises (*x*) by reason of the fact that he or she is or was a director, officer or employee of the Company or (*y*) under a written agreement between the Releasee and the Company or its Affiliates providing for indemnification, advancement, or insurance coverage; or

(6) by Legacy Autonomy Officials, Autonomy Pre-Acquisition Advisors, or Autonomy Business Partners against the Company or Autonomy.

8. The claims asserted against the Releasees in the Federal Action (including in *Steinberg* v. *Apotheker*, No. 14-cv-02287 (N.D. Cal.) and any and all other actions consolidated into the Federal Action) are hereby dismissed on the merits and with prejudice according to the terms (including the Release) set forth in the Agreement and in the Approval Order, without fees and costs to any party except as provided therein.

9. The Court has jurisdiction to enter this Final Judgment. Without in any way affecting the finality of this Final Judgment or the Approval Order, and subject to the dispute-resolution provisions found at Subsection III.D of the Agreement, this Court expressly retains exclusive and continuing jurisdiction over the Agreement, the Settling Parties, all Securities Holders and all Releasees to adjudicate all issues relating to this Agreement, including, without limitation, any issues relating to this Final Judgment; *provided however*, that nothing in this

paragraph 9 shall restrict the ability of the Settling Parties to exercise their rights under paragraph 19 of the Approval Order. Any action arising under or to enforce the Agreement or this Final Judgment shall be commenced and maintained only in this Court.

10. FINAL JUDGMENT in this Federal Action is hereby entered with respect to the Company, the Settling Individual Defendants, and the Settling Professional Advisor Defendants in accordance with Federal Rule of Civil Procedure 58. The Clerk of Court is respectfully directed to mark this case closed.

Entered this 30th day of July, 2015

_____

THE HONORABLE CHARLES R. BREYER