IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HEWLETT-PACKARD COMPANY SHAREHOLDER DERIVATIVE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS<br>_____/ | No. 3:12-cv-06003-CRB<br><br>**ORDER APPOINTING SPECIAL MASTER FOR REVIEW OF SEALING REQUESTS** |

In a letter filed on August 11, 2015, Hewlett-Packard ("HP") stated that it consents to the appointment of Judge James Larson as Special Master under the terms outlined in this Court's Order Re Appointment of Special Master for Review of Sealing Requests ("Order re Appointment," dkt. 424). See Letter (dkt. 425). Accordingly, and in light of Judge Larson's affidavit stating that he has no ground for disqualification under 28 U.S.C. § 455 (dkt. 426), the Court hereby APPOINTS the Honorable James Larson (Ret.) as Special Master pursuant to Federal Rule of Civil Procedure 53 under the terms and factors outlined in the Order Re Appointment. The Court reiterates and adds that Judge Larson is appointed as Special Master for the limited purpose of preparing a Report and Recommendation on HP's request to seal documents. In preparing his Report and Recommendation, the Special Master is specifically directed to consider all objections filed in this Court in response to the administrative motions to seal. The Special Master is further directed to proceed with all reasonable diligence under Rule 53(b)(2) and shall do all acts and take all measures necessary or proper for the efficient performance of his duties

under this Order. Pursuant to Rule 53(b)(2)(B), the Special Master may communicate ex parte with the Court at any time. The Special Master shall not communicate ex parte with any party or third party or counsel for any party or third party. Pursuant to Rule 53(b)(2)(C), the Special Master shall maintain orderly files consisting of any of his written orders, findings, and recommendations. Filing with the court via the court's Electronic Case Filing ("ECF") system shall fulfill the Special Masters's duty to serve his findings on the parties. Pursuant to Rule 53(a)(3), the Court has considered the fairness of imposing the expenses of the Special Master on the parties. The Court believes that, as the party seeking to maintain its own documents under seal, HP should be and hereby is deemed responsible for bearing the cost of the Special Master and JAMS law clerk as necessary under the customary fees schedules of the JAMS organization. HP has consented to these terms. The Special Master shall prepare an invoice or invoices for his services, which he shall provide to counsel for HP. Such invoices shall be paid promptly.

Any party wishing to file objections to or a motion to adopt or modify the Special Master's Report and Recommendation must file such objections or motion with the Court within ten (10) calendar days from the day the Special Master files the Report and Recommendation via ECF. The Court will review any timely filed objections or motions under the directives of Rule 53.

**IT IS SO ORDERED.**

Dated: August 17, 2015

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

2